UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| *In re* FLINT WATER CASES | ) | Case No. 5:17-cv-10444-JEL-MKM |
| | ) | |

_____

| | | |
|---|---|---|
| *LeeAnn Walters et al.* | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 5:17-cv-10164-JRL-MKM |
| | ) | |
| vs. | ) | |
| | ) | |
| Governor Richard Snyder et al., | ) | |
| | ) | |
| Defendants | ) | |

_____

## VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC's ANSWER TO THE AMENDED MASTER LONG FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY

The defendant Veolia Water North America Operating Services, LLC ("VWNAOS") hereby answers the Plaintiffs' Amended Master Long Form Complaint pursuant to Fed. R. Civ. P. 8, 10, 12, and 15.

The first, unnumbered, paragraph of the Amended Master Long Form Complaint (hereafter the "complaint") does not contain any factual allegations of a type contemplated by Federal Rule of Civil Procedure 8 or that are susceptible to any response of the type contemplated by that rule. VWNAOS denies the Flint Water Cases constitute a "consolidated action" but agrees the complaint is just an

administrative device to facilitate individual plaintiffs' assertion of their claims against the defendants and to facilitate defendants' responses to individual plaintiffs' claims.

1.    VWNAOS denies all facts and allegations in the complaint are common to individual plaintiffs whose claims arise from contamination of the City of Flint's drinking water but otherwise agrees with ¶1.

2.    Denied.

3.    Denied.

4.    VWNAOS denies the claims in the complaint are all common ones and denies the complaint presents issues of fact and law that are common to all plaintiffs and all defendants.    Paragraph 4 does not, however, contain allegations of a type contemplated by Federal Rule of Civil Procedure 8 or susceptible to responses of the type contemplated by that rule.    VWNAOS agrees the statements contained in ¶4 after the first sentence are generally accurate statements of the purpose the complaint is intended to serve.

5.    VWNAOS denies the allegations in ¶5 insofar as they pertain to it or to the codefendants Veolia North America, Inc. ("VNA Inc.") or Veolia North America, LLC ("VNA LLC") but does not have enough knowledge or information to form a belief as to their accuracy insofar as they pertain to other defendants.

6.     VWNAOS agrees the Flint Water Cases arise out of alleged contamination of the City of Flint's municipal water beginning on or after the City's April 25, 2014, switch from the Detroit Water and Sewerage Department ("DWSD") to the Flint River as the source for its municipal water.  VWNAOS denies the allegations in ¶6 are true with respect to all individual plaintiffs in the Flint Water Cases.

7.     Denied to the extent, if any, to which "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS agrees some or all of the other defendants caused the alleged contamination of the City of Flint's municipal water that began on or after April 25, 2014.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶7.

8.      VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶8.

9.      VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶9.

10.     Denied to the extent, if any, to which "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶10.

11.     Denied to the extent, if any, to which "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶11.

12.     Denied to the extent, if any, to which "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶12.

13.     Denied to the extent, if any, to which "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶13.

14.     Denied to the extent, if any, to which "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶14.

15.     VWNAOS denies the allegations in ¶15 to the extent the "Defendants" referenced in that paragraph are meant to include it or one or both of VNA Inc. and VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶15 to the extent they pertain solely to

other defendants. VWNAOS notes that all claims  for ordinary negligence have been dismissed against it and the other "Engineering Defendants" so that to the extent ¶15 refers to claims of that kind no response to it is required.

16.    Denied to the extent the phrase "Engineering Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC.  VWNAOS further specifically notes that none of VWNAOS, VNA Inc., and VNA LLC ever assumed responsibility for the administration of placing the Flint Water Treatment Plant ("FWTP") into operation using the Flint River.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶16.

17.    VWNAOS denies the allegations in ¶17 to the extent the "Defendants" referenced in that paragraph are meant to include it or one or both of VNA Inc. and VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶17 to the extent they pertain solely to other defendants. VWNAOS notes that all claims  for ordinary negligence have been dismissed against it and the other "Engineering Defendants" and all claims for fraud have been dismissed against it, so that to the extent ¶17 refers to claims of those kinds no response to it is required.

18.    Denied to the extent the phrase "Engineering Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC.  VWNAOS does

not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶18.

19.    Paragraph 19 does not contain any factual allegation that is susceptible to a response of the type prescribed by Rules 8 and 10, but VWNAOS does  not disagree the plaintiffs have purported to bring claims against governmental defendants based on the statutes and constitutional provisions cited in ¶19.

20.    Paragraph 20 does not contain any factual allegations that are susceptible to a response of the type prescribed by Rules 8 and 10, but VWNAOS agrees the Court has subject matter jurisdiction of the action.

21.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶21.

22.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶22.

23.    Denied.

24.    Denied.

25.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶25.

26.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶26.

27.     Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶27.

28.     VWNAOS denies the allegations in ¶28 to the extent they are meant to pertain to it or to one or both of VNA Inc. and VNA LLC.   VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶28.

29.     Paragraph 29 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.

30.     VWNAOS agrees the City of Flint is a municipal corporation that operates a Department of Public Works and provides water to many of its residents and to many properties located within its boundaries. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶30.

31.     VWNAOS agrees, on information and belief, that Daniel Wyant was Director of MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶31.

33.     VWNAOS agrees, on information and belief, that Andrew "Andy" Dillon was Treasurer for the State of Michigan when at least some of the events giving rise to the

plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶33.

34.    VWNAOS agrees, on information and belief, that Adam Rosenthal was a Water Quality Analyst at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶34.

35.    VWNAOS agrees, on information and belief, that Liane Shekter Smith was Chief of the Office of Drinking Water and Municipal Assistance within MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶35.

36.    VWNAOS agrees, on information and belief, that Stephen Busch was a District Supervisor at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶36.

37.    VWNAOS agrees, on information and belief, that Patrick Cook was a Water Treatment Specialist at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶37.

38.     VWNAOS agrees, on information and belief, that Michael Prysby was an engineer at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶38.

39.     VWNAOS agrees, on information and belief, that Bradley Wurfel was Director of Communications at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶39.

40.     VWNAOS agrees, on information and belief, that Jeffrey "Jeff" Wright was the Genesee County Drain Commissioner when at least some of the events giving rise to the plaintiffs' claims occurred, denies he conspired with VWNAOS, Veolia North America, LLC, or Veolia North America, Inc. for any purpose, but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶40.

41.     VWNAOS agrees, on information and belief, that Darnell Earley was Emergency Manager of the City of Flint for a period of time in 2013, 2014, and early 2015, denies he conspired with VWNAOS, Veolia North America, LLC, or Veolia North America, Inc., but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶41.

42.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶42.

43.     VWNAOS agrees Gerald Ambrose was Emergency Manager of the City of Flint for a period of time in February and March, 2015, and believes on information and belief that he was also Emergency Manager for some time before and after that period.  VWNAOS denies Mr. Ambrose conspired with it, Veolia North America, LLC, or Veolia North America, Inc. for any purpose but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶43.

44.     VWNAOS agrees Dayne Walling was Mayor of the City of Flint for a period of time in February and March, 2015, and believes on information and belief that he was also Mayor for some time before and after that period.  VWNAOS denies Mr. Walling conspired with it, Veolia North America, LLC, or Veolia North America, Inc. for any purpose but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶43.

45.     VWNAOS agrees that at least in February and March, 2015, many employees of the FWTP were inadequately trained for their positions and that higher level City of Flint officials knew of the inadequacy of their training or should have known of it. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶45.

46.     VWNAOS agrees Howard Croft was at some times Director of the City of Flint's Public Works Department.  VWNAOS agrees on information and belief that Mr. Croft knew at some times that the FWTP was not adequately prepared to supply the City of Flint municipal water system with drinking water that complied with all applicable safe drinking water safety standards and caused or allowed such water to be delivered to at least some Flint residents.  VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶46.

47.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶47.

48.     VWNAOS agrees Michael Glasgow was at some times an operator of the FWTP, agrees on information and belief that he knew at some times that the FWTP was not adequately prepared to supply the City of Flint municipal water system with drinking water that complied with all applicable safe drinking water safety standards, and agrees on information and belief that he allowed such water to be delivered to at least some Flint residents.  VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶48.

49.     VWNAOS agrees, on information and belief, that Daugherty Johnson was for a time Utilities Administrator for the City of Flint but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶49.

50.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶50.

51.     Paragraph 51 of the Complaint is blank.

52.     Paragraph 52 of the Complaint is blank.

53.     Paragraph 53 of the Complaint is blank.

54.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶54.

55.     VWNAOS agrees, on information and belief, that LAN Inc. is a Texas corporation. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶54.

56.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶56.

57.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶57.

58.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶58.

59.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶59.

60.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶60.

61.     VWNAOS agrees Veolia North America, LLC is a Delaware limited liability company but otherwise denies the allegations in ¶61.

62.     VWNAOS agrees Veolia North America, Inc. is a Delaware corporation but otherwise denies the allegations in ¶62.

63.     VWNAOS agrees it is a Delaware limited liability company but otherwise denies the allegations in ¶63.

64.     Denied.

65.     VWNAOS is not aware of a company called "Veolia Environment S.A." VWNAOS agrees Veolia Environment S.A. is a French corporation but otherwise denies the allegations in ¶65.

66.     Denied

67.     Denied.

68.     VWNAOS agrees the language in quotation marks appears at page 10 of the 2013 Annual and Sustainability report but otherwise denies the allegations in ¶68.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.    Denied.

76.    WNAOS denies the allegations in ¶76 to the extent they are meant to pertain to it or to one or both of Veolia North America, LLC and Veolia North America, Inc. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶76.

77.    VWNAOS agrees that for a long time before April 25, 2014, the regular water source for the City of Flint's municipal water system was the DWSD, which VWNAOS believes usually drew the raw water it supplied to the City from Lake Huron.  VWNAOS denies the allegations in the last sentence of ¶77 are true with respect to all Flint water users at all times from 1964 to 2014, but believes they are true with respect to some Flint water users at some times during that period. VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶77.

78.    VWNAOS agrees, on information and belief, that for a period of time Dayne Walling served as the Chair of the KWA and that Jeff Wright served as CEO of the KWA, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶78.

79.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶79.

80.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶80.

81.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶81.

82.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶82.

83.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶83.

84.     VWNAOS is aware of a document entitled "Analysis of the Flint River as a Permanent Water Supply for the City of Flint" dated July 2011 on its cover, stating on its cover that it was prepared for the City of Flint, and bearing on its cover what appear to be logos of a LAN entity and a Rowe entity. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶84.

85.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶85.

86.     VWNAOS agrees, on information and belief, that the allegations in the first sentence of ¶86 are true, and that Mr. Kurtz had the authority to sign off on a resolution to obligate Flint to the KWA. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶86.

87.     VWNAOS believes, on information and belief, that the allegations in the

first sentence of ¶87 are true.  VWNAOS does not have enough knowledge or

information to form a belief as to the truth of the allegations in the second sentence

of ¶87.

88.     VWNAOS agrees, on information and belief, that on more than one

occasion in 2012 DWSD argued to one or more of the defendants Kurtz, Wright,

Dillon, Walling, and Snyder that the City of Flint should continue to use DWSD as

the source of water for its municipal water supply rather than switching its source to

KWA.  VWNAOS does not otherwise have enough knowledge or information to

form a belief as to the truth of the allegations in ¶88.

89-90.  VWNAOS is aware of a document entitled State of Michigan Contract No.

271N3200089 City of Flint Water Supply Assessment February 2013 indicating on

its cover that it was prepared by Tucker, Young, Jackson, Tull Inc. for the Michigan

Department of Treasury.  That document states in an introductory section:

> Tucker, Young, Jackson, Tull, Inc. (TYJT), at the request of the State
> Treasurer, performed an analysis of the water supply options being
> considered by the City of Flint.  The City of Flint is presently supplied
> potable water from the Detroit Water and Sewerage Department
> (DWSD). ...
> The Karagnondi Water Authority (KWA) is planning on constructing a
> raw water supply system that could provide Lake Huron water to the
> Flint Water Treatment Plant.  Flint's existing plant would be upgraded
> to treat the new raw water source.
>
> The State Treasurer has appointed an emergency financial manager for
> the City of Flint.  As such the Treasurer has requested TYJT to provide

> an analysis of the water supply options to assist the Treasurer in determining any potential risk and the best course going forward for supplying potable water to the City of Flint.

VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶89-90.

91.     VWNAOS has also seen in connection with this litigation an e-mail dated March 7, 2013, that appears to have been sent by the defendant Dillon to the defendant Snyder that contains the phrase contained in quotation marks in ¶91. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶91.

92.     VWNAOS has, in connection with this litigation, seen an e-mail that appears to correspond to the one referenced in ¶92, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶92.

93.     VWNAOS has seen in connection with this litigation an e-mail dated March 26, 2013, that appears to have been sent by the defendant Busch to the defendants Wyant and Shekter Smith in which certain risks the author believed were associated with use of the Flint River as the source for the City of Flint municipal water supply are mentioned.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶93.

94.     VWNAOS has, in connection with this litigation, seen e-mails that appear to correspond to those quoted in ¶94, and therefore agrees on information and belief that Mr. Muchmore, who was then-Governor Snyder's chief of staff, and Andrew Dillon sent the e-mails attributed to them in that paragraph. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶94.

95.     VWNAOS has, in connection with this litigation, seen an e-mail from Mr. Sygo containing the language quoted in the second sentence of ¶95 and therefore believes the allegations contained in that sentence are true. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶95.

96.     VWNAOS has seen in connection with this litigation an e-mail dated March 28, 2013, that appears to have been sent by the defendant Dillon to the defendants Snyder and Wyant and other persons which contains the language contained in quotation marks in ¶96. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶96.

97.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶97.

98.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶98.

99.     VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶99.

100.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶100.

101.    VWNAOS agrees, on information and belief, that Mr. Wright played an integral role in securing Flint's participation in the KWA, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶101.

102.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶102.

103.    VWNAOS believes, on information and belief, that the first sentence in ¶103 is true.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶103.

104.    VWNAOS has seen in connection with this litigation an e-mail dated April 4, 2013, that appears to have been sent by Dennis Muchmore to the defendant Snyder which contains the language contained in quotation marks in ¶104. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶104.

105.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶105.

106.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶106.

107.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶107.

108.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶108.

109.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶109.

110.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶110.

111.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶111.

112.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶112.

113.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶113.

114.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶114.

115.    VWNAOS agrees, on information and belief, that Mr. Kurtz resigned as Flint's Emergency Manager in mid-2013 and that Mr. Brown was thereafter

appointed as Flint's Emergency Manager, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶115.

116.    VWNAOS agrees, on information and belief, with the allegations in ¶116.

117.    VWNAOS agrees, on information and belief, with the allegations in ¶117.

118.    VWNAOS agrees, on information and belief, with the allegations in ¶118.

119.    VWNAOS has, in the course of this litigation, seen an e-mail that appears to be the one referenced in ¶119 and on that basis agrees, on information and belief, that Mr. Larkin wrote an e-mail containing the language set forth in that paragraph. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶119.

120.    WNAOS agrees, on information and belief, that Ms. Shekter-Smith played in integral role in securing an Administrative Consent Order for the City of Flint to allow for funding of the KWA project and the use of the Flint River as an interim water source. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶120.

121.    VWNAOS agrees, on information and belief, with the allegations in ¶121.

122.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶122.

123.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶123.

124.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶124.

125.    VWNAOS agrees, on information and belief, that in 2014 the defendant Cook signed a permit for use of the Flint Water Treatment Plant but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶125.

126.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶126.  VWNAOS agrees, however, on information and belief that the FWTP switched to the Flint River as its water source on April 25, 2014, and began to treat Flint River water for distribution to City of Flint municipal water users.  When specific municipal water users began to receive Flint River water from their taps would depend on how long it took the water to get from the FWTP to their taps and how long thereafter they drew water from their taps.

127.    VWNAOS agrees the State of Michigan, some of its officials, and some state-appointed Emergency Managers of the City of Flint, as well as other state, county, and municipal employees, contributed to cause contamination of the City of Flint municipal water supply that began on April 25, 2014, by taking steps before that date to cause use of Flint River water as the source for the water supply without

assuring that the Flint Water Treatment Plant and its operators would be adequately equipped and prepared to treat, test, and distribute the Flint River water properly. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶127.

128.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶128.

129.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶129.

130.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶130.

131.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶131.

132.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶132.

133.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶133.

134.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶134.

135.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶135.

136.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶136.

137.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶137.

138.    VWNAOS agrees, on information and belief, that the allegations in ¶138 are true.

139.    VWNAOS agrees, on information and belief, that the allegations in ¶139 are true.

140.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶140.

141.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶141.

142.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶142.

143.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶143.

144.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶144.

145.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶145.

146.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶146.

147.   Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS has seen reports indicating that in October, 2014, General Motors Company announced it would stop using City of Flint municipal water at one of its plants in Flint.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶147, except that VWNAOS believes it is untrue that General Motors "Corporation" made an announcement of the described type on the stated date.

148.   VWNAOS has, in the course of this litigation, seen an e-mail that appears to be the one referenced in ¶148 and on that basis agrees, on information and belief, that Ms. Brader wrote an e-mail containing the language set forth in that paragraph. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶148.

149.   VWNAOS believes Ms. Brader, Mr. Muchmore, Mr. Gadola, and Mr. Agen at some point held the positions described in ¶149.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶149.

150.   VWNAOS agrees, on information and belief, with the allegations in ¶150.

151.   VWNAOS has, in the course of this litigation, seen an e-mail that appears to be the one referenced in ¶151 and on that basis agrees, on information and belief, that Ms. Gadola wrote an e-mail containing the language set forth in that paragraph. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶151.

152.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶152.

153.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶153.

154.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶154.

155.   VWNAOS agrees, on information and belief, that Mr. Earley resigned as Emergency Manager on January 13, 2015.   VWNAOS agrees Mr. Earley was succeeded as Emergency Manager in Flint by Gerald Ambrose, but VWNAOS does not have enough knowledge or information to form a belief as to whether it was the Governor or some other State of Michigan official who appointed Mr. Ambrose.

156.   VWNAOS agrees, on information and belief, that Liane Shekter-Smith expressed concern for the optics of "[t]he decision to provide bottled water [to state employees] when the public notice was not a 'do not drink'" but VWNAOS does not

otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶156.

157. VWNAOS agrees that neither it nor Veolia North America, LLC nor Veolia North America, Inc. did anything on or about January 27, 2015 about an impending health catastrophe but adds that no notice of the type referenced in ¶157 was provided to them, that VWNAOS's contract with the City of Flint was not even signed until February 10, 2015, and that neither Veolia North America, LLC nor Veolia North America, Inc. ever had any agreement with the City of Flint to provide services with respect to the City's municipal water supply. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶157.

158. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶158.

159. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶159.

160. VWNAOS agrees, on information and belief, with the allegations in ¶160 except that VWNAOS does not have enough knowledge or information to form a belief as to whether or not the rates offered by DWSD were "attractive."

161. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶161.

162.   VWNAOS agrees, on information and belief, that early in 2015, Governor Snyder's staff knew of a potential Legionnaires' disease outbreak, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶162.

163.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶163.

164.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶164.

165.   VWNAOS agrees, on information and belief, with the allegations in the first two sentences of ¶165 but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

166.   VWNAOS believes, based on documents disclosed by government agencies during the course of this litigation, that Jennifer Crooks was an EPA employee and that the allegations in ¶166 concerning e-mails Ms. Crooks wrote on February 26, 2015, directed to other EPA employees and to some MDEQ employees are true. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph except that VWNAOS agrees that no one affiliated with it, or with Veolia North America, LLC, or with Veolia North America, Inc., was an addressee of Ms. Crooks' described e-mail.

167.   VWNAOS believes, based on documents disclosed by government agencies during the course of this litigation, that Jennifer Crooks was an EPA employee and that the allegations in ¶167 concerning e-mails Ms. Crooks wrote on February 26, 2015, directed to other EPA employees and to some MDEQ employees are true. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph except that VWNAOS agrees that no one affiliated with it, or with Veolia North America, LLC, or with Veolia North America, Inc., was an addressee of Ms. Crooks' described e-mail.

168.   VWNAOS believes, based on documents disclosed by government agencies during the course of this litigation, that the allegations in ¶168 concerning an e-mail Stephen Busch wrote on February 27, 2015, are true.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶168.

169.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶169.

170.   VWNAOS agrees, on information and belief, that Mr. Johnson undertook efforts to minimize and conceal the alleged public health risks, including hindering GCHD's investigation into the Legionnaires' disease outbreak. VWNAOS agrees, on information and belief, that on February 5, 2015, Mr. Johnson stated that he would "fulfill [the] request as soon as possible" but took no action to provide the results or

to cooperate with the investigation. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶170.

171.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶171.

172.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶172.

173.   VWNAOS denies the allegations in ¶173 to the extent the "Defendants" referenced in that paragraph include VWNAOS, Veolia North America, LLC, and Veolia North America, Inc. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶173.

174.   VWNAOS denies that Ms. Liane Shekter-Smith made any such acknowledgement with respect to what the defendants VWNAOS, Veolia North America, LLC, or Veolia North America, Inc. allegedly knew. VWNAOS has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶174, but VWNAOS agrees no one affiliated with it, or with Veolia North America, LLC, or with Veolia North America, Inc. was an addressee of an e-mail like that described in ¶174.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶174.

175.   VWNAOS has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶175, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶175.

176.   VWNAOS agrees, on information and belief, that the allegations in ¶176 are true.

177.   VWNAOS believes the first sentence in ¶177 is true and also that Emergency Manager Gerald Ambrose rejected the City Council's vote to re-connect to the Detroit water system.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶177.

178.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶178.

179.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶179.

180.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶180.

181.   VWNAOS has, in the course of this litigation, seen a memorandum purportedly prepared by Mr. Del Toral with the referenced title and dated June 24, 2015. Additionally, VWNAOS has, in the course of this litigation, seen an e-mail sent by Mr. Del Toral to some of his EPA colleagues that contains the language contained in quotation marks in the concluding sentence in in ¶181. Therefore, VWNAOS

agrees with the allegations contained in ¶181, except that it denies Mr. Del Toral warned it, Veolia North America, LLC, or Veolia North America, Inc.

182.   VWNAOS denies that Mr. Del Toral warned it, Veolia North America, LLC, or Veolia North America, Inc. as described in ¶182. VWNAOS has, in the course of this litigation, seen an email from Mr. Del Toral to some of his EPA colleagues referring to certain state and local officials that appears to correspond with the description in ¶182.

183.   VWNAOS denies that Mr. Del Toral's report was shared with it, Veolia North America, Inc., or Veolia North America, LLC, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶183.

184.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶184.

185.   VWNAOS has, in the course of this litigation, seen a memorandum purportedly prepared by Mr. Del Toral with the referenced title and dated June 24, 2015. Additionally, VWNAOS has, in the course of this litigation, seen an e-mail sent by Mr. Del Toral to some of his EPA colleagues that contains the language contained in the concluding sentence in ¶185. Therefore, VWNAOS agrees with the allegations contained in ¶185, except that it denies Mr. Del Toral warned it, Veolia North America, LLC, or Veolia North America, Inc.

186.  VWNAOS agrees, on information and belief, that the allegations in ¶186 are true.

187.  VWNAOS has seen an e-mail in the course of this litigation that appears to correspond to the description in ¶187 and, on that basis, agrees on information and belief with the allegations in that paragraph.

188.  VWNAOS has seen information in the course of this litigation that appears to corroborate the allegations in ¶188 reporting statements Mr. Wurfel made and when he made them, so to that extent VWNAOS agrees on information and belief with the allegations in that paragraph. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

189.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶189.

190.  VWNAOS has, in the course of this litigation, seen an e-mail that appears to correspond to the one described in ¶190 and, on that basis, agrees on information and belief with the allegations in that paragraph except for those in the first sentence. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence insofar as it refers indiscriminately to all of the Government Defendants and to undescribed dangers.

191.  VWNAOS denies, on information and belief, that Mr. Muchmore made any statement of the kind described in ¶191 about it, Veolia North America, LLC, or

Veolia North America, Inc. VWNAOS does not, however, otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶191.

192.   VWNAOS agrees, on information and belief, that by July 2015, Governor Snyder knew of reports of elevated lead levels found in homes throughout the city, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶192.

193.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶193, except that VWNAOS denies that it, Veolia North America, LLC, or Veolia North America, Inc. "blatantly ignor[ed] the concerns of Flint residents."

194.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶194.

195.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶195.

196.   VWNAOS agrees the defendants Busch, Prysby, and Rosenthal, who were formerly MDEQ officials, were criminally charged by the Michigan authorities for alleged misconduct related to contamination of the City of Flint municipal water supply, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶196.

197.   VWNAOS agrees, based on information it has obtained in connection with this litigation, that in August 2015, Professor Marc Edwards publicly announced there was significant lead contamination in the City of Flint's municipal water supply. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶197.

198.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶198.

199.   VWNAOS agrees Mr. Lyon did not report to it, Veolia North America, LLC, or Veolia North America, Inc. any of the alleged facts stated in ¶199. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶199.

200.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶200.

201.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶201.

202.   Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶202.

203.   VWNAOS has, in the course of this litigation, seen an email that appears to correspond to the language quoted in ¶203, but VWNAOS does not otherwise have

enough knowledge or information to form a belief as to the truth of the allegations in ¶203.

204.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶204.

205.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶205.

206.   VWNAOS has, in the course of this litigation, become aware of comments made by Mr. Wurfel regarding Dr. Hanna-Attisha's report, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶206.

207.   VWNAOS agrees, on information and belief, that the allegations in ¶207 are true.

208.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶208.

209.   VWNAOS agrees, on information and belief, that on October 8, 2015, Governor Snyder issued an order that required the City of Flint to re-connect to the Detroit water system as the source for its municipal drinking water supply. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶209.

210.   VWNAOS agrees, on information and belief, that on or about October 16, 2015, the City of Flint re-connected to the Detroit water system as the source for its municipal drinking water supply.

211.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶211.

212.   VWNAOS agrees, on information and belief, that on October 18, 2015, MDEQ Director Wyant sent an e-mail to Governor Snyder in which he wrote, in part:

> Simply said, our staff believed that they were constrained by two consecutive six-month tests.  We followed and defended that protocol.  I believe now we made a mistake.  For communities with a population above 50,000, optimized corrosion control should have been required from the beginning.

VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶212.

213.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶213.

214.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶214.

215.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶215.

216.   VWNAOS agrees, on information and belief, that Flint Mayor Karen Weaver declared a state of emergency on December 14, 2015, that the Genesee County

Commissioners declared a state of emergency on January 4, 2016, and that former Michigan Governor Snyder declared a state of emergency on January 5, 2016, but VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶216.

217.   VWNAOS denies, on information and belief, that all of the efforts undertaken by various State of Michigan officials to mitigate the effects of the contamination of the City of Flint water supply that government officials caused have been ineffective. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶217.

218.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶218.

219.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶219.

220.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶220.

221.   VWNAOS has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶221, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶221.

222.   VWNAOS has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶222, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶222.

223.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶223.

224.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶224.

225.   VWNAOS has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶225, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶225.

226.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶226.

227.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶227.

228.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶228.

229.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶229.

230.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶230.

231.   VWNAOS denies, on information and belief, that all of the efforts undertaken by various State of Michigan officials to mitigate the effects of the contamination of the City of Flint water supply that government officials caused have been ineffective. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶231.

232.   VWNAOS denies the allegations in ¶232 to the extent that "the Defendants" referenced in that paragraph include it, Veolia North America, LLC, or Veolia North America, Inc. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶232.

233.   VWNAOS agrees many Flint residents rely on a steady supply of safe, clean water to go about their daily lives and that owners of some commercial and other non-residential properties in Flint also rely on safe, clean water, but VWNAOS denies that is true of all Flint residents or of all owners of commercial and other non-residential properties in Flint.   VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶233.

234.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶234.

235.   VWNAOS agrees, on information and belief, that for a long time before April 25, 2014, the City of Flint ordinarily obtained water for its municipal water supply from the Detroit Water and Sewerage Department and that the water it received from

that source came from Lake Huron. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶235.

236.   VWNAOS agrees, on information and belief, that for a long time before April 25, 2014, the City of Flint ordinarily obtained water for its municipal water supply from the Detroit Water and Sewerage Department and that the water it received from that source came from Lake Huron. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶236.

237.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶237.

238.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶238.

239.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶239.

240.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶240.

241.   VWNAOS agrees, on information and belief, that the allegations in ¶241 are true with respect to many Flint water users at many times during the described period but does not believe they are true for all Flint water users at all times during the described period.   VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶241.

242. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶242.

243. VWNAOS agrees, on information and belief, however, that the allegation in ¶234 is true.

244. VWNAOS is aware of a document entitled "Source Water Assessment Report for the City of Flint Water Supply Flint Emergency Intake February 2004" that states on its cover it was prepared by the U.S. Geological Survey, MDEQ, and the City of Flint Water Utilities Department and that states in the section headed "Summary and Recommendations":

> Sensitivity Analysis: Based on criteria adopted in the Great Lakes Protocol of the Michigan Source Water Assessment Program, the emergency intake for the Flint Water Treatment Plant has a very high degree of sensitivity to potential contaminants.

> Susceptibility Determination: The SWA for the Flint intake includes 8 listed potential contaminant sources within the susceptible area, numerous storm drains discharging upstream of the intake, a railroad crossing plus urban, agricultural, and industrial runoff from the Flint River watershed. Combining these potential contaminant sources with the very sensitive intake yields a very highly susceptible determination for Flint source water.

VWNAOS otherwise, however, does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶244.

245. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶245.

246.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶240.

247-248.     VWNAOS is aware of a document entitled "Analysis of the Flint River as a Permanent Water Supply for the City of Flint" dated July 2011 on its cover, stating on its cover that it was prepared for the City of Flint, and bearing on its cover what appear to be logos of a LAN entity and a Rowe entity.  Beginning on page 7 of that document is a section headed "Source Water Quality" which at page 7 contains the statements:

> Preliminary analysis indicates that water from the river can be treated to meet current regulations; however, additional treatment will be required than for Lake Huron water  This results in higher operating costs than the alternative of a new Lake Huron supply.

> Although water from the river can be treated to meet regulatory requirements, aesthetics of the finished water will be different than that from Lake Huron.  As an example, the temperature of water supplied to customers during the summer will be warmer than the present Lake Huron supply, because of the increased summer temperature in the relatively shallow river.

At page 8 in the same section is the statement, "If used for water supply, a source water protection management plan should be developed to study the watershed, identify potential sources of contamination, and enact safeguards to prevent or control future threats."  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶247-248.

249.   VWNAOS has seen a document, stamped "DRAFT" on the first page and bearing what appears to be the logo of a LAN entity, entitled "Technical Memorandum Cost of Service Study Flint Water Treatment Plant."  On the first page of that document is the statement, "The following describes the required improvements as required for the Flint Water Plant to operate on a continual basis using the Flint River as a water source."  Following pages contain many opinions about probable costs for many things.   On page 10 there is a section headed "Chemicals," one or more of which are chemicals commonly used to assist in corrosion control.   VWNAOS otherwise does not have enough knowledge or information to form a belief as to the allegations in ¶249.

250.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶250.

251.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶251.

252.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶252.

253.   VWNAOS agrees a January 7, 2013, letter from Rowe to Mr. Kurtz contains the quoted language but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶253.

254.   VWNAOS agrees a January 7, 2013, letter from Rowe to Mr. Kurtz contains the quoted language but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶254.

255.   VWNAOS agrees a January 7, 2013, letter from Rowe to Mr. Kurtz contains the quoted language but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶255.

256.   VWNAOS agrees a January 7, 2013, letter from Rowe to Mr. Kurtz contains the quoted language but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶256.

257.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶257.

258.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶258.

259.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶259.

260.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶260.

261.   Agreed on information and belief.

262.   VWNAOS believes, on information and belief, that the allegations in the first sentence of ¶262 are true.   VWNAOS does not have enough knowledge or

information to form a belief as to the truth of the allegations in the second sentence of ¶262.

263.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶263.

264.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶264.

265.   VWNAOS has seen correspondence that appears to be the notice to which reference is made in the last sentence of ¶265, so on that basis VWNAOS agrees on information and belief with the allegations in that paragraph concerning the date on which the DWSD gave notice to the City of Flint that it was terminating their water supply contract.   VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶265.

266.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶266.

267.   VWNAOS agrees, on information and belief, that the City of Flint hired or re-hired one or more of the companies to which the plaintiff refers indiscriminately as "LAN" to advise it with respect, among other things, to using the Flint River as the City's water source.   VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶267.

268. VWNAOS agrees, on information and belief, with the allegations in ¶268, except that it does not believe all of the companies to which the plaintiffs refer collectively as the "LAN Defendants" submitted the referenced proposal.

269. VWNAOS agrees, on information and belief, with the allegations in ¶269, except that it does not believe all of the companies to which the plaintiffs refer collectively as the "LAN Defendants" submitted the referenced proposal or made the referenced claim.

270. VWNAOS agrees, on information and belief, with the allegations in ¶150.a. but does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶150.b.

271. VWNAOS agrees one or more of the LAN Defendants were retained by the City of Flint to provide professional engineering services to the City of Flint related to the Flint Water Treatment Plant. VWNAOS agrees one or more of the LAN Defendants provided such services at least during 2014 and the first three months of 2015, and believes one or more of them also provided such professional services for some substantial period after March, 2015. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶271.

272. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶272.

273.   VWNAOS agrees the City of Flint's transition from DWSD to the Flint River as the source for its municipal water supply presented challenges and dangers but does not have enough knowledge or information to form a belief as to how well-known they were.  VWNAOS agrees, on information and belief, that water supplied by DWSD to the City of Flint had already been treated but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the second sentence of ¶273.  The third and fourth sentences of ¶273 are too vaguely and generally worded to be susceptible to any response of the type contemplated by Rule 8 and, for that reason, VWNAOS does not have enough knowledge or information to form a belief as to their truth or falsity; but VWNAOS agrees a municipality switching to a new source for its drinking water should be aware before the switch occurs of relevant characteristics of the new source water and consider what, if any treatment the new source water characteristics may make necessary. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the fifth sentence of ¶273.  VWNAOS agrees that, as a general proposition, factors specific to particular water sources often make different treatments appropriate and that such treatments often include chemical additives, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the sixth sentence of ¶273.  VWNAOS agrees that raw water the City of Flint began to draw from the Flint River on or about

April 25, 2014, was more considerably more corrosive than the treated water the City had previously received from DWSD, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the seventh sentence of ¶273. The eighth sentence of ¶273 is too vaguely and generally worded to permit any response of the type contemplated by Rule 8 and for that reason VWNAOS does not have enough knowledge or information to form a belief as to the truth or falsity of that sentence. VWNAOS notes that sodium chloride levels in surface water typically fluctuate widely depending on a variety of factors and, on that basis, believes the allegations in ¶273 are untrue; but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the ninth sentence of ¶273. The tenth sentence of ¶273 is too vaguely and generally worded to permit any response of the type contemplated by Rule 8 and for that reason VWNAOS does not have enough knowledge or information to form a belief as to the truth or falsity of that sentence. VWNAOS agrees orthophosphates and polyphosphates are among chemicals that are often added to municipal and other water systems to reduce corrosion of metal pipes in the system.

274. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶274.

275.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶275.

276.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶276.

277.  VWNAOS has seen in connection with this litigation an e-mail that appears to meet the description contained in ¶277, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

278.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶278.

279.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶279.

280.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶280.

281.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶281.

282.  VWNAOS agrees on information and belief that on or about April 9, 2014, the City of Flint received permits from MDEQ purporting to authorize the City to use the Flint River as the primary water source for the City's municipal water system.

VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶282.

283.   VWNAOS agrees the City of Flint municipal water system was not adequately prepared for the switch that occurred in April, 2014 to full-time operation using Flint River water.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶283.

284.   VWNAOS agrees the City of Flint municipal water system was not adequately prepared for the switch that occurred in April, 2014 to full-time operation using Flint River water.  WNAOS agrees there were chlorides in the Flint River water taken into the Flint Water Treatment Plant for distribution through the municipal water distribution system, agrees on information and belief that the level of chlorides in the Flint River water taken into the Flint Water Treatment Plant was higher than the level in water the City of Flint had purchased from DWSD during the years before April 2014, but adds that the level of chlorides in river water often varies over time depending on a variety of factors. VWNAOS agrees that chlorides may be corrosive to some materials under some circumstances.  VWNAOS denies it is universally true that chlorides "must be neutralized with anticorrosive agents, such as phosphates, before entering public water systems."  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶284 because of the extreme generality and abstractness with which they are stated.

285. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶285.

286. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in any of the sentences in ¶286 except for the fourth sentence. VWNAOS agrees, on information and belief, with the allegations in the fourth sentence except that it does not believe all three of the companies to which the plaintiffs refer collectively as the "LAN Defendants" signed and sealed the plans and specifications referenced in that sentence.

287. VWNAOS agrees, on information and belief, with the allegations in ¶287.

288. WNAOS agrees, on information and belief, that some Flint residents expressed complaints to some City of Flint officials within weeks after April 25, 2014, concerning the smell, taste, and color of municipally-supplied drinking water, but denies any such complaints were expressed to VWNAOS, Veolia North America, LLC, or Veolia North America, Inc. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶288.

289. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶289 but agrees that the City of Flint at some times in and before 2014 engaged one or more of the companies which the plaintiffs indiscriminately call "LAN" to provide professional services and advice with respect to the FWTP and the municipal water supply and that on February 10, 2015, the City

engaged VWNAOS to provide certain professional consulting services with respect to the municipal water supply.

290.   VWNAOS agrees, on information and belief, with the allegations in ¶290.

291.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶291.

292.   VWNAOS agrees use of chlorine to disinfect water may produce disinfection byproducts, sometimes including trihalomethanes.   Because of the generality with which it is stated, VWNAOS denies the second sentence of ¶292.

293.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶293 but denies the allegations in the second sentence.

294.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶294.

295.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶295.

296.    WNAOS agrees Legionnaires' Disease is a severe form of pneumonia and agrees on information and belief that one way some people become infected with Legionnaire's Disease is by inhaling into their lungs water droplets that contain the types of legionella bacteria that cause Legionnaires' Disease, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of

the allegations in the first and second sentences of ¶296.  VWNAOS denies, on information and belief, the allegations in the third sentence in ¶296.

297.    VWNAOS agrees, on information and belief, that an MDHHS epidemiologist reported internally at MDHHS that, based on certain data, there appeared to be increase in child blood lead levels in the summer of 2014 that warranted further investigation. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶297.

298.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶298.

299.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶299.  VWNAOS agrees uncoated cast iron pipe, including the interior surfaces of such pipe, may corrode if it is exposed to substances (including, among other things, water)that corrode iron; VWNAOS agrees tuberculation is a kind of corrosion that sometimes occurs on some cast iron pipes; VWNAOS agrees tuberculation on the interior surfaces of cast iron water pipes sometimes causes some water quality issues, sometimes causes reduced flow or reduced pressure, and sometimes causes leakage; VWNAOS also agrees tuberculation sometimes assists development of biofilms on the interior surfaces of some cast iron water pipes. VWNAOS otherwise denies the allegations in ¶299.

300.    VWNAOS has seen reports indicating that in October 2014, General Motors announced it would stop using City of Flint municipal water at one of its plants in Flint.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶300.

301.    VWNAOS denies the official report of results of the City's first round (July 1, 2014 – December 31, 2014) of water lead level testing presented data showing an exceedance of the LCR's action level for lead.  VWNAOS has seen documents in the course of this litigation, however, that indicate that not all of the samples selected by the City for testing during the City's first round of water lead level testing were collected from Tier 1 residences as the LCR required them to be.  To that extent VWNAOS therefore agrees, on information and belief, with the allegations in the second sentence of ¶301. VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶301.

302.    VWNAOS has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶302, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶302.

303.    VWNAOS agrees, on information and belief, that analytical testing of water samples drawn on January 9, 2015, from two of the water fountains at the University of Michigan - Flint was reported to disclose lead levels of 7 µg/L and 29 µg/L in the samples and that analytical testing of water samples drawn at several other locations

was reported to disclose lead levels ranging from none detected to 4 µg/L. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶303.

304.     VWNAOS agrees, on information and belief, with the allegations in ¶304.

305.     VWNAOS agrees that May 2014, August 2014, and October 2014 were before its creation of any reports concerning the City of Flint water supply and that February 2015 was before its creation of some of its reports, but denies May 2015 and August 2015 were before or concurrent with its creation of reports on that subject.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶305.

306.     WNAOS agrees, on information and belief, that during at least part of the time the City of Flint used the Flint River as the source for its municipal water supply the water corroded some metal pipes in the distribution system for the City's municipal water and that at various times it became predictable to some people that such corrosion would occur.  VWNAOS further agrees, on information and belief, hat lead from some of those pipes leached into some of the water.  VWNAOS otherwise denies the allegations of the first two sentences in ¶306.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the third and fourth sentences of that paragraph except that it agrees the information

referenced in the fourth sentence is presently unknown to it, to Veolia North

America, LLC, or to Veolia North America, Inc.

307.   The first sentence of ¶307 is too vague and general to be susceptible to any

response of a type contemplated by Rule 8 and, for that reason, VWNAOS does not

have enough knowledge or information to form a belief as to the truth of what that

sentence may have been intended to allege.   VWNAOS agrees lead is a neurotoxin

which, depending on a wide variety of factors, sometimes has devastating effects on

the development of some children which sometimes are irreversible. VWNAOS

agrees, on information and belief, that there is currently no consensus on a level of

lead ingestion that is harmless for everyone and also that under some circumstances

even low levels of lead ingestion may cause harm to some people.   The vague and

general allegations in the last sentence of ¶307 are sometimes true and often untrue.

308.  VWNAOS denies lead contamination is always a problem caused when

corrosive water is distributed in a public water system but agrees that lead

contamination is not the only problem that may be caused by distribution of corrosive

water in public water systems.  VWNAOS agrees corrosion of iron water pipes may

reduce the effectiveness of chlorine disinfectant in the water in the pipes and that if

the water has not been properly treated and the distribution of the water through the

system is not properly managed such a reduction in effectiveness may sometimes

permit excessive growth of pathogens, including legionella bacteria among many

others. VWNAOS otherwise denies the allegations in the second, third, and fourth sentences of ¶308 because of the generality and oversimplification of those sentences.

309. VNA LLC does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶309.

310. VWNAOS is aware of a 20-page draft Operational Evaluation Report entitled Trihalomethane Formation Concern, dated on its cover November 2014 but dated December 1, 2014, on interior pages, that states it was authored by Lockwood, Andrews & Newnam, Inc. and that was attached as an exhibit to the City's Invitation to Bid with respect to Proposal No. 15-573. VWNAOS does not have enough knowledge or information to form a belief as to whether or not the draft report of which it is aware is the report referenced in ¶310 and does not otherwise have enough knowledge or information to form a belief as to the truth of the remaining allegations in ¶310.

311. VWNAOS agrees, on information and belief, that the City of Flint mailed to some of its water customers a notice dated January 2, 2015, reporting that the City was in violation of SDWA. VWNAOS agrees on information and belief that the notice contained the following language:

Our water system recently violated a drinking water standard. Although   this incident was not an emergency, as our customers, you      have  a  right  to  know  what happened and what we are doing to correct   this situation.

We routinely monitor for the presence of drinking water  contaminants. Samples were collected for total trihalomethanes   (TTHM)  analysis   from   eight

locations on a quarterly basis (May 21,        August 21, and November 20 of 2014).
The average of the results at     ANY of the eight locations must not exceed the
Maximum  Contaminant Level (MCL) for TTHMs, otherwise our water system
       exceeds the Maximum Contaminant Level.  The standard for TTHMs is        80
µg/L.  The location reporting the highest TTHM level was 90    µg/L; thus  or water
system exceeds the TTHM MCL.

**What should I do?**

There is nothing you need to do unless you have a severely        compromised
immune system, have an infant, or are elderly.  These     people may be at increased
risk and should seek advice about drinking   water from their health care providers.

*****

*People who drink water containing trihalomethanes in excess of the    MCL
over many years may experience problems with their liver,        kidneys,  or central
nervous system, and may have an increased risk of getting cancer.*
VWNAOS does not otherwise have enough knowledge or information to form a

belief as to the truth of the allegations in ¶311.

312.   VWNAOS does not have enough knowledge or information to form a belief as

to the truth of the allegations in ¶312.

313.   VWNAOS does not have enough knowledge or information to form a belief as

to the truth of the allegations in ¶313.

314.   VWNAOS does not have enough knowledge or information to form a belief as

to the truth of the allegations in ¶314.

315.   VWNAOS does not have enough knowledge or information to form a belief as

to the truth of the allegations in ¶315.

316.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶316.

317.   VWNAOS agrees, on information and belief, that analytical testing of water samples drawn on January 9, 2015, from two of the water fountains at the University of Michigan - Flint was reported to disclose lead levels of 7 µg/L and 29 µg/L in the samples and that analytical testing of water samples drawn at several other campus locations was reported to disclose lead levels ranging from none detected to 4 µg/L. VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶317.

318.   VWNAOS agrees that on January 29, 2015, it submitted to the City of Flint a Response to Invitation to Bid Water Quality Consultant Proposal No.: 15-573 but adds that the City did not accept VWNAOS's proposal as written.  VWNAOS agrees its response to the Invitation to Bid began:

> In response to your Request for Bid/Proposal (RFP), **Veolia Water North America Operating Services, LLC** (Veolia) is pleased to have the opportunity to provide this letter submittal.  We have prepared a response that is focused on providing the **City of Flint** with a complete solution to address the immediate reliability and operational needs of your water system throughout your continuous operations -- whether under the current draw from Flint River or future draw from Lake Huron.

(Emphasis original.)  VWNAOS otherwise denies the allegations in ¶318.

319.   VWNAOS agrees that beginning on page 12 of the City's Invitation to Bid with respect to Proposal No. 15-573, after reporting the City's recent history of low

chlorine residual levels in its municipal drinking water, excessive total coliform test

results and boil water advisories, and violation of the water quality standard related to

Total Trihalomethanes, the City stated:

### Scope of Services

> The City is seeking a consultant to review and evaluate the water treatment process and distribution system, provide recommendations to maintain compliance with both state and federal agencies, and assist in implementing accepted recommendations.  The City will have the selected vendor provide reports to reflect their findings and provide continual oversight in implementing any approved recommended practices to improve the quality of water until implementation of the KWA project.

### Deliverables

> The City is requesting that the selected vendor provide the following reports in their order of appearance:

> - Evaluation of the City's processes and procedures to maintain and improve water quality;
> - Report that outlines recommendations that will improve the water treatment and distribution system.

> The City is requesting that the selected vendor provide coordination in implementing any selected recommendations that will result in improving the overall process of treating and distributing water until such time that the City is receiving and successfully treating Lake Huron water.

VWNAOS otherwise denies the allegations in ¶319.

320.   VWNAOS agrees it stated at page 4 of its Response to Invitation to Bid Water

Quality Consultant Proposal No.: 15-573:

> We believe that addressing the fundamental issues concerning water quality compliance and operational reliability is much more complex than the recommendations study and advisory services approach outlined in your RFP.

VWNAOS agrees it stated at page 5 of VWNAOS's Response to Invitation to Bid

Water Quality Consultant Proposal No.: 15-573:

> In order to respond to the immediate needs of your defined scope of work, we anticipate mobilizing a team of technical, operations, maintenance and communications SMEs to: calibrate daily water quality samples with the City's hydraulic model; refine the operational strategies for the plant and distribution system; coordinate daily efforts across plant, operations, and maintenance staff; and to alleviate continued concerns from the public through a public communications process.

VWNAOS otherwise denies the allegations in ¶320.

321. Denied. VWNAOS was hired by the City of Flint by a contract entitled City of Flint Contract with Veolia Water North America Operating Services LLC dated February 10, 2015. Neither Veolia North America, LLC nor Veolia North America, Inc. was hired by the City of Flint.

322. WNAOS's obligations under the contract were set forth in City of Flint Contract with Veolia Water North America Operating Services LLC, dated February 10, 2015, subject to that contract's provision that VWNAOS's services would "be utilized as needed and as determined solely by the City of Flint." VWNAOS otherwise denies the allegations in ¶322.

323. VWNAOS denies the allegations in ¶323 but agrees the City of Flint issued a press release on or about February 10, 2015, which, among other things, attributed to

a VWNAOS official a statement that VWNAOS had "extensive experience handling challenging river water sources, reducing leaks and contaminants, and in managing discolored water."

324.   VWNAOS agrees the press release referenced in ¶324 of this answer reported that VWNAOS's then-Vice President of Municipal & Corporate Business, David Gadis, had stated, "We understand the frustration and urgency in Flint," that he had stated, "We are honored to support your community with our technical expertise so that together we can ensure water quality for the people of the City of Flint," and that he had stated, "We have extensive experience handling challenging river water sources, reducing leaks and contaminants, and in managing discolored water." VWNAOS otherwise denies the allegations in ¶324.

325.   VWNAOS agrees a media source reported that on February 12, 2015, Mr. Nicholas made the statement contained in quotation marks in ¶325 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

326.   It is true VWNAOS, in accordance with the requirements of its contract with the City of Flint Contract, issued an interim report on February 18, 2015, to a committee of Flint's City Council.  VWNAOS otherwise denies the allegations in ¶326.

327. VWNAOS agrees that on page 3 of VWNAOS's interim report VWNAOS stated, among other things:

> Safe = compliance with state and federal standards and required testing
>
> - Latest tests show water is in compliance with drinking water standards
> - Monthly report available on web page

VWNAOS otherwise denies the allegations in ¶327.

328. VWNAOS agrees that on page 6 of VWNAOS's interim report VWNAOS stated, among other things:

> Efforts to reducing TTHM didn't help discoloration
>
> - Doesn't mean the water is unsafe but it is not appealing and raises questions
>
> City will test the water at your home - call 787-6537 or email flintwater@cityofflint.com
>
> Tracking customer complaints is important.

VWNAOS also agrees that on page 18 of VWNAOS's interim report, which was headed "Next Steps," VWNAOS identified "Carry out more detailed study of initial findings" and "Make recommendations for improving water quality" as being among subsequent steps it would take. VWNAOS otherwise denies the allegations in ¶328.

329. VWNAOS agrees that on page 21 (headed "More Questions Being Heard") of VWNAOS's interim report VWNAOS stated, among other things:

**Can you test my water** - The city will test your water for free.  But, only 2 of 20 people have taken the city up on the offer since it began offering the service.

**Medical problems** - Some people may be sensitive to any water.  Talk to your doctor.   The City is communicating with the medical community.

VWNAOS otherwise denies the allegations in ¶329.

330.   VWNAOS agrees that on March 12, 2015, it issued a Water Quality Report but otherwise denies the allegations in ¶330.

331.   It is true VWNAOS stated in the Executive Summary of its March 12, 2015, Water Quality Report:

> We are pleased to present this final report to the City of Flint following our experts' 160-hour assessment of the water treatment plant, distribution system, customer service and communications programs, and capital plans and annual budget.

> This report provides recommendations and a roadmap for improvement, though our engagement was limited in scope.  Our assessment included reviewing actions taken by the City to date, validating the City's plans going forward, and making recommendations for ideas not being considered.

> Although a review of water quality records for the time period under our study indicates compliance with State and Federal water quality regulations, Veolia, as an operator and manager of comparable utilities, recommends a variety of actions to address improvements in water quality and related aesthetics including: operational changes and improvements; changes in water treatment processes, procedures, and chemical dosing; adjustments in how current technologies are being used; increased maintenance and capital program activities; increased training; and, an enhanced customer communications program.

VWNAOS denies the remaining allegations in ¶331.

332.    VWNAOS agrees that in the section of VWNAOS's March 12, 2015, Water

Quality Report entitled "Review of Actions Taken to Date" VWNAOS stated:

> Although the primary focus of this review was based on solving the
> TTHM problem, the public has also expressed its frustration over
> discolored and hard water.  Those aesthetic issues have understandably
> increased the level of concern about the safety of the water.

> The review of water quality records during the time of Veolia's study
> shows the water to be in compliance with State and Federal regulations,
> and, based on those standards, the water is considered to meet drinking
> water requirements.

VWNAOS denies the remaining allegations in ¶332.

333.    VWNAOS agrees that at page 5 of VWNAOS's March 12, 2015, Water

Quality Report VWNAOS stated, among other things:

> **Corrosion Control** - The primary focus of this study was to assure
> compliance with the TTHM limits.  That is not the only problem
> facing the city and its customers though.  Many people are frustrated
> and naturally concerned by the discoloration of the water with what
> primarily appears to be iron from the old unlined cast iron pipes.  The
> water system could add a polyphosphate to the water as a way to
> minimize the amount of discolored water.  Polyphosphate addition  will
> not make discolored water issues go away.  The system has been
> experiencing a tremendous number of water line breaks the last two
> winters.  Just last week there were more than 14 in one day.  Any
> break, work on broken valves or hydrant flushing will change the flow
> of water and potentially cause temporary discoloration.

VWNAOS denies the remaining allegations in ¶333.

334.    Denied.

335.    Denied.

336.    Denied.

337.    VWNAOS agrees that on March 12, 2015, it issued its Water Quality Report to the City of Flint, does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶337 insofar as they pertain solely to "the LAN Defendants," but otherwise denies the allegations in ¶337.

338.    VWNAOS denies the allegations in the first sentence of ¶338 but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph about what allegedly is "widely known in the scientific community."

339.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶339 about what had been "highly publicized" before March 12, 2015, but otherwise denies the allegations in that paragraph.

340.    VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶212 to the extent they refer solely to "the LAN Defendants" but otherwise denies them.

341.    VWNAOS agrees a document entitled Source Water Assessment Report for the City of Flint Water Supply Flint River Emergency Intake February 2004 states on its face that it was prepared by the U.S. Geological Survey, Water Resources Division, Michigan District, the Michigan Department of Environmental Quality, Water Division, and the City of Flint Water Utilities Department.  That document

includes at page 15, in the section headed Summary and Recommendations, the

statement:

> The SWA for the Flint intake includes 8 listed potential contaminant
> sources within the susceptible area, numerous storm drains discharging
> upstream from the intake, a railroad crossing plus urban, agricultural,
> and industrial runoff from the Flint River watershed. Combining these
> potential contaminant sources with the very highly sensitive intake
> yields a very highly susceptible determination for Flint source water.

That document, however, does not appear explicitly to discuss contamination of the

Flint River with chlorides or a chloride-to-sulfate mass ratio in Flint River water.

VWNAOS does not otherwise have enough knowledge or information to form a

belief as to the truth of the allegations in the second sentence of ¶341.  VWNAOS

likewise does not have enough knowledge or information to form a belief as to the

truth of the allegations in the fourth sentence of ¶341 or of the allegations elsewhere

in that paragraph to the extent they concern one or more of the three defendants to

which the plaintiffs refer collectively as "LAN."  VWNAOS otherwise denies the

allegations in ¶341.

342.    VWNAOS denies the allegations in ¶342 to the extent they refer to it,

Veolia North America, LLC, and Veolia North America, Inc.  VWNAOS also

denies, on information and belief, that "[o]utbreaks of Legionnaires' disease are rare

unless pipes have been stripped of their bio-film by warm, corrosive water."

VWNAOS otherwise does not have enough knowledge or information to form a

belief as to the truth of the allegations in ¶342.

343.    WNAOS agrees it was well-known in 2014 and 2015 to some scientists as well as to some other people that some pipes, including some old municipal water service lines, contain lead and that some corroded water pipes that contain lead may under some conditions leach lead into drinking water if they are part of a drinking water distribution system or plumbing, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶343.  VWNAOS denies the language contained in quotation marks in the third sentence of ¶343 is a complete and accurate quotation of the paragraph from which it is taken but agrees the language appears in the foreword of the work to which it is ascribed.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of ¶343.  VWNAOS agrees corrosion of iron water mains that began before VWNAOS entered into its contract with the City of Flint was a cause of much of the discoloration of municipally-supplied water about which some Flint residents complained. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶343 concerning what the three defendants to which the plaintiffs collectively refer as LAN should have inferred from the presence of rust in the City's water.  VWNAOS otherwise denies the allegations in ¶343.

344.    VWNAOS denies the allegations in the first sentence of ¶344. VWNAOS

does not have enough knowledge or information to form a belief as to the truth of

the allegations in the second or third sentence of ¶344 concerning the motivations of

those who promulgated the LCR in 1991.  VWNAOS denies that ¶344 accurately

describes the requirements of the LCR.  VWNAOS does not have enough

knowledge or information to form a belief as to the truth of the allegations in ¶344

to the extent that sentence refers to what "Flint's own sampling analysis" may have

"indicated" to the City of Flint, MDEQ, or others who participated in conducting the

analysis or had full knowledge of the way in which it was conducted. VWNAOS

denies the allegations to the extent they refer to what "Flint's own sampling

analysis" indicated to VWNAOS, Veolia North America, LLC, or Veolia North

America, Inc., and VWNAOS otherwise denies the allegations in ¶344. VWNAOS

adds that it does not believe VWNAOS expected the City of Flint or other

government authorities would supply it with inaccurate or otherwise misleading

analytical data.

345.    VWNAOS denies the allegations in ¶345 to the extent they refer to it,

Veolia North America, LLC, and Veolia North America, Inc.

346.    Because they are worded so generally and abstractly, VWNAOS denies the

allegations in ¶346.

347.     VWNAOS agrees ferric chloride is commonly used as a coagulant by many water treatment plants to assist in causing organic particles to settle out of the water during the treatment process; VWNAOS agrees ferric chloride is acidic; VWNAOS agrees adding acidic water treatment chemicals to water can, under some circumstances, lower the pH of water near where the chemical is added.  VWNAOS otherwise denies the allegations in the first sentence of ¶347.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in ¶347.

348.     VWNAOS denies the allegations in the first sentence of ¶348.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the remaining allegations in ¶348.

349.     VWNAOS agrees neither it nor Veolia North America, LLC nor Veolia North America, Inc. recommended that the City of Flint take steps to institute corrosion control "to prevent ... legionella from spreading throughout the City's water supply," and adds that neither the City of Flint nor any other governmental entity provided VWNAOS with any information concerning any increased incidence of Legionnaire's Disease or of legionella bacteria in the water distribution system. VWNAOS agrees VWNAOS included among the recommendations in VWNAOS's Water Quality Report dated March 12, 2015, the following statement:

> The primary focus of this study was to assure compliance with the
> TTHM limits.  That is not the only problem facing the city and its

> customers though. Many people are frustrated and naturally concerned by the discoloration of the water with what primarily appears to be iron from the old unlined cast iron pipes.  The water system could add a polyphosphate to the water as a way to minimize the amount of discolored water.  Polyphosphate addition will not make discolored water issues go away.  The system has been experiencing a tremendous number of water line breaks the last two winters. Just last week there were more than 14 in one day.  Any break, work on broken valves or hydrant flushing will change the flow of water and potentially cause temporary discoloration.

VWNAOS agrees it included in the section of its March 12, 2015, Water Quality

Report entitled "Conclusions and Next Steps" the recommendation to the City:

> Contract with your engineer and initiate discussions with the State on the addition of a corrosion control chemical.  This action can be submitted and discussed with the state at the same time as the other chemical and filter changes saving time and effort.  A target dosage of 0.5 mg/L phosphate is suggested for improved corrosion control.

VWNAOS does not have enough knowledge or information to form a belief as to

the truth of the allegations in the last sentence of ¶349 but otherwise denies the

remaining allegations in that paragraph.

350.    VNA LLC agrees VWNAOS stated in the "Recommendations" section of

VWNAOS's March 12, 2015, Water Quality Report:

> Four coagulants were tested by Veolia -- ferric chloride, ferric sulfate, polyaluminum chloride (PACl) and aluminum chlorhydrate (ACH). Ferric chloride and ACH were found to be the best choice of product for effectiveness in removing TOC, a precursor to TTHM formation. Current ferric chloride dosages are too low and dosages of 100 mg/L or more are recommended. Again, please note, that the amount of chemical needed changes with the nature of the river and as such, water must be tested multiple times a day with corresponding changes in chemical dosages. This increase to 100 mg/L is twice what is currently being fed and much higher

than what had previously been fed last year. The increase in chemical costs could be up to $1,000,000 per year. This change in dosage (using ferric chloride) can be made immediately without state permit review.

VNA LLC otherwise denies the allegations in ¶350.

351.   VNA LLC agrees that in March, 2015, VWNAOS knew significant corrosion of cast iron pipes in the City of Flint's municipal water distribution system had occurred before VWNAOS entered into its contract with the City of Flint and was continuing to occur. VNA LLC otherwise denies the allegations in ¶351.

352.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶352.

353.   VNA LLC does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶353 about what recommendations the three companies to which the plaintiff refers collectively as the "LAN Defendants" did not make to the City of Flint. VNA LLC agrees that neither it nor VWNAOS nor Veolia North America, LLC recommended to the City of Flint that it "add[] phosphate as a pH buffer" or that doing so was mandatory. VNA LLC otherwise denies the allegations in ¶353.

354.   VNA LLC does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶354.

355.   VNA LLC agrees pH is ordinarily measured on a logarithmic scale, denies the meaning of that fact is "that a pH of one whole number, such as 7.0 is ten times

more corrosive than a pH of another whole number, such as 8.0," but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶355.

356.   The graph contained in ¶354 is not punctuated by any quotes from e-mails or other documents of VNA LLC, VWNAOS, or Veolia North America, LLC. VNA LLC does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶356.

357.   VNA LLC denies the indented, single-spaced language in ¶357 reflects a "similar conclusion" to any of those alleged in preceding paragraphs of the complaint, but VNA LLC does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶357.

358.   VNA LLC agrees VWNAOS measured the pH of some water samples collected at the Flint Water Treatment Plant and reviewed records containing analytical information about water collected by others at various other locations. VNA LLC denies it or Veolia North America, LLC did those things. VNA LLC agrees VWNAOS made recommendations to the City of Flint about changes to dosing of water treatment chemicals at the Flint Water Treatment Plant, including addition of some water treatment chemicals that were not already being dosed at the plant, but VNA LLC denies it or Veolia North America, LLC did those things. VNA LLC agrees recommendations VWNAOS made with respect to changes in dosing of

some water treatment chemicals (including beginning to dose some previously unused chemicals) would if implemented likely have affected in one way or another the pH of water in the Flint Water Treatment Plant and some of them would have affected the pH of water being discharged from the plant into the distribution system and might have affected in one way or another the pH of water at various locations in the distribution system. VNA LLC denies the allegations in the third sentence of ¶358 insofar as they refer to it or to VWNAOS or Veolia North America, LLC. VNA LLC otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶358.

359.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶359 insofar as they refer to one or more of the companies to which the plaintiffs refer collectively as "LAN" but otherwise denies them.

360.   VWNAOS agrees that effects of ingesting, inhaling, or otherwise absorbing excessive amounts of lead can sometimes be very serious but otherwise does not have enough knowledge or information to form a belief as to the truth of the assertion in the first sentence of ¶360. VWNAOS does not have enough knowledge or information to form a belief as to whether the language enclosed by quotation marks accurately quotes a statement made by EPA.

361.   VWNAOS does not have enough knowledge or information to form a belief

as to whether or not the language contained in quotation marks in ¶361 is an accurate quotation of a statement by the World Health Organization.

362.   VWNAOS does not agree with the assertion in the first sentence of ¶362. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the second sentence about what the unidentified people to whom the plaintiffs refer in that sentence as "many of the leading researchers" have said on the subject described in that sentence.

363.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegation that the language contained in quotation marks in ¶363 is an accurate quotation of what the EPA has said but agrees, on information and belief, that ingestion of lead may sometimes be harmful and that, depending on the amount of lead ingested, the time during which it is ingested, the form in which it is ingested, and other variables the harm may include one or more of seizures, coma, and death.

364.   VWNAOS agrees, on information and belief, that some effects of ingesting, inhaling, or otherwise absorbing excessive amounts of lead are sometimes long lasting but otherwise denies the allegations in the first sentence of ¶364.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegation that the language contained in quotation marks in ¶364 is an accurate quotation of what EPA has said.

365.   VWNAOS agrees ingestion, inhalation, or other modes of absorption of lead may in some circumstances be harmful to adults.  VWNAOS does not, however, have enough knowledge or information to form a belief as to whether the language contained in quotation marks in ¶365 accurately reports a warning EPA has given.

366.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶366.

367.   VWNAOS does not have enough knowledge or information to form a belief as to whether ¶367 accurately recounts an explanation the World Health Organization has given.

368.   VWNAOS denies the allegations in ¶368 are true as to all of the named plaintiffs but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

369.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the first two sentences of ¶369.  VWNAOS agrees, on information and belief, that there have been some reported cases of Legionnaire's Disease among Flint residents since April 25, 2014, but denies all those reported to have become infected with that disease died from it.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶369.

370.   VWNAOS denies any of the named plaintiffs have suffered extreme emotional distress as a result of conduct by it, by Veolia North America, LLC, or by Veolia North America, Inc.  VWNAOS denies that all of the named plaintiffs have suffered extreme emotional distress as a result of conduct by other defendants. VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶370.

371.   VWNAOS denies all children in the City of Flint have diminished potential over the entire course of their lives as a result of damage from lead exposure, but VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegation that the language contained in quotation marks in ¶371 is an accurate quote of what the World Health Organization has said.

372.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶372.

373.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶373.

374.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶374.

375.   VWNAOS denies any children in the City of Flint have suffered any damages as a result of misconduct by it, by Veolia North America, LLC, or by Veolia North America, Inc. whether of the types referenced in ¶375 or otherwise, but VWNAOS

agrees on information and belief that some children in the City of Flint may have suffered some damages as a result of misconduct by some or all of the other defendants.  VWNAOS denies on information and belief that all children in the City of Flint have suffered damages as a result of misconduct by all other defendants. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶375.

376.   VWNAOS denies conduct by it, by Veolia North America, LLC, or by Veolia North America, Inc., has caused devastating health effects, lost economic productivity caused by lead exposure, significant property damage, or monetary losses.  VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶376.

377.   VWNAOS denies all plaintiffs have sustained property damage or diminution in value of real estate of types described in ¶377 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

378.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶378.

379.   VWNAOS denies the allegations in ¶379 are true as to all of the plaintiffs but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

380.   VWNAOS denies the first sentence of ¶380 is true as a generality.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

381.   VWNAOS does not have enough knowledge or information to form a belief as to whether the language included in quotation marks in ¶381 accurately recounts an explanation given by a Water Research Watershed Center.

382.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶382.

383.   WNAOS agrees, on information and belief, that some residents and property owners have, since the date when the City of Flint decided to switch the source of its municipal drinking water to the Flint River, reported to various people damage to appliances including dishwashers and washing machines but denies all of them have done so or that any of them reported such damage to VWNAOS, Veolia North America, LLC, or Veolia North America, Inc. until 2017 in the context of lawsuits they have brought.

384.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶384.

385.   The generality and vagueness of ¶385 is such that VWNAOS does not have enough knowledge or information to form a belief as to its truth. VWNAOS agrees

that in some circumstances some corroded pipes can create a risk of various types of property damage.

386.   VWNAOS agrees City-owned pipe replacement alone is not sufficient to assure safe water in the City of Flint.  VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶386.

387.   VWNAOS denies any of the plaintiffs have been left to pay for any damage caused by it, by Veolia North America, LLC, or by Veolia North America, Inc. VWNAOS further denies that all of the plaintiffs have been left to pay for damage caused by other defendants, but does not have enough knowledge or information to form a belief as to whether or not some of them have been.  VWNAOS agrees, on information and belief, that many Flint residents do not have much money, denies on information and belief that no Flint residents are financially well-off, but does not have enough knowledge or information to form a belief concerning the extent of financial resources the various plaintiffs have.  VWNAOS does not have enough knowledge or information to form a belief as to whether the language contained in quotation marks in ¶387 accurately recounts something the Washington Post has reported or, if it does, whether the Washington Post's report made matters worse as the plaintiffs allege.

388.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶388.

389.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶389.

390.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶390.

391.   VWNAOS denies the allegations in the second sentence of ¶391 on information and belief.  VWNAOS denies the allegations in the last sentence of ¶391 are true with respect to all plaintiffs or with respect to all residents and property owners in the City of Flint but does not have enough knowledge or information to form a belief as to whether they are true as to some of the plaintiffs or some other residents or property owners in the City Flint.  VWNAOS otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶391.

392.   Agreed.

393.   VWNAOS agrees the Michigan Attorney-General's office filed criminal charges against many former City and State officials alleging misconduct by them in connection with the contamination of the City of Flint municipal water supply that began on or about April 25, 2014.  VWNAOS also agrees at least some of those officials are identified in Table 1 that is included in ¶393.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶393.

394.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶394.

395.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶395.

396.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶396.

397.   VWNAOS agrees health effects of lead poisoning sometimes go undetected for some time but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶397.

398.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶398.

399.   VWNAOS agrees, on information and belief, that the allegations in ¶399 are true.

400.   WNAOS agrees, on information and belief, with the allegations in ¶400 except that it does not have enough knowledge or information to form a belief as to whether or not MDEQ officials failed in the matters described in clauses (3) and (4).

401.   VWNAOS agrees, on information and belief, that the Governor in Michigan has executive power and the duty to supervise the faithful execution of laws by state agencies. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶401.

402.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶402.

403.   WNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶403, but VWNAOS agrees the remainder of ¶403 summarizes some of the many things said in the report referenced in that paragraph.

404.   VWNAOS agrees that 50,803 is just a little less than 200% of 25,650 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶404.

405.   WNAOS agrees the quoted language is contained in the Michigan Civil Rights Commission's report to which reference is made in ¶405.   VWNAOS does not believe the Michigan Civil Rights Commission's conclusion referenced in ¶405 was supported by allegations in this complaint or that those allegations provided any context for that conclusion, which VWNAOS believes was probably reached without reference to this complaint.

406.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶406.

407.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶407.

408.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶408.

409.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶409.

410.  VWNAOS has, in connection with this litigation, seen an e-mail that appears to correspond to the one referenced in ¶410, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶410.

411.  VWNAOS has, in connection with this litigation, seen e-mails that appear to correspond to those quoted in ¶411, and therefore agrees on information and belief that Mr. Muchmore, who was then-Governor Snyder's chief of staff, and Andrew Dillon sent the e-mails attributed to them in that paragraph. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶411.

412.  VWNAOS agrees, on information and belief, that Emergency Manager Kurtz rejected an offer by DWSD of a renewed contract to supply drinking water to the City of Flint and that Andrew Dillon approved such a decision. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶412, except that VWNAOS denies that the offer by DWSD that

Emergency Manager Kurtz rejected was the last offer DWSD made to the City to supply its drinking water.

413. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶413.

414-415. VWNAOS has, in connection with this litigation, seen an e-mail that appears to correspond to the one referenced in ¶414-415, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶414-415.

416. VWNAOS has, in connection with this litigation, seen an e-mail that appears to correspond to the one referenced in ¶416, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶416.

417. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶417.

418. VWNAOS agrees, on information and belief, that Mr. Busch actively coordinated with Flint attorneys to achieve the Administrative Consent Order, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶418.

419. VWNAOS agrees, on information and belief, that Mr. Busch actively coordinated with Flint attorneys to achieve the Administrative Consent Order, but

VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶419.

420.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶420.

421.   VWNAOS agrees, on information and belief, that Mr. Ambrose played an integral role in assuring the success of the KWA through Flint's participation, including involvement in the Administrative Consent Order process, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶421.

422.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶422.

423.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶423.

424.   Paragraph 424 consists entirely of legal discussion.  It contains no factual allegations to which a response of a type contemplated by Rule 8 could be made. VWNAOS agrees the several legal sources cited in ¶424 contain language like that for which those sources are cited but denies ¶424 contains a full account of what those sources provide.

425. VWNAOS agrees, on information and belief, that the City of Flint contemplated in 2013 that the FWTP would withdraw up to 14 million gallons of

water per day from the Flint River but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶425.

426. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶426.

427. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶427.

428. VWNAOS agrees with the first sentence in ¶428 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

429. VWNAOS agrees, on information and belief, that the allegations in ¶429 are true.

430. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶430.

431. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶431.

432. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶432.

433. VWNAOS agrees with the allegations in the second sentence of ¶433 and agrees the FWTP began distributing water drawn from the Flint River on April 25, 2014, which was 16 days after April 9, 2014. VWNAOS does not otherwise have

enough knowledge or information to form a belief as to the truth of the allegations in ¶433.

434. VWNAOS agrees MDEQ did not require the City to implement optimized corrosion control in accordance with the LCR. VWNAOS has learned in the course of this litigation that MDEQ officials also did not require the City of Flint to conduct its LCR sampling in accordance with the requirements of that regulation, and therefore agrees on information and belief with that allegation as well.

435. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶435.

436. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶436.

437. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶437.

438. VWNAOS has seen an e-mail in connection with this litigation that appears to correspond to the one referenced in ¶438 and, on that basis, agrees on information and belief with the allegations in that paragraph.

439. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶439.

440. VWNAOS has seen an e-mail in connection with this litigation that appears to correspond to the one referenced in ¶440, but VWNAOS does not otherwise have

enough knowledge or information to form a belief as to the truth of the allegations in ¶440.

441.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶441.

442.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶442.

443.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶443.

444.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶444.

445.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶445.

446.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶446.

447.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶447.

448.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶448.

449.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶449.

450.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶450.

451.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶451.

452.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶452.

453.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶453.

454.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶454.

455.   VWNAOS agrees, on information and belief, that then-Governor Snyder did not declare a state of emergency in the City of Flint until more than two months after October 15, 2015.   VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶455.

456.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶456.

457.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶457.

458.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶458.

459.   VWNAOS agrees, on information and belief, that the allegations in ¶459 are true.

460.   VWNAOS agrees, on information and belief, that the allegations in ¶460 are true.

461.   VWNAOS agrees that no reasonably complete disclosure of government documents related to the contamination of the City of Flint water supply and the government's response to it has yet been made.  VWNAOS also agrees that some of the documents that have been disclosed by government defendants evidence dismissal by some government officials of concerns expressed by some Flint residents. VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶461, except that if "this litigation" is intended to refer globally to all civil litigation that has arisen out of contamination of the City of Flint water supply VWNAOS denies that the only documents that have been provided are ones selected by defendants.

462.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶462.

463.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶463.

464.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶464.

465.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶465.

466.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶466.

467.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶467.

468.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶468.

469.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶469.

470.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶470.

471.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶471.

472.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶472.

473.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶473.

474.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶474.

475.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶475.

476.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶476.

477.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶477.

478.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶478.

479.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶479.

480.  VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶480.

481.  VWNAOS agrees the Michigan Civil Rights Commission's report contains the conclusion stated in ¶481, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶481.

482.  VWNAOS agrees the Michigan Civil Rights Commission's report contains the statement enclosed in quotation marks in ¶482, but VWNAOS does not otherwise

have enough knowledge or information to form a belief as to the truth of the allegations in ¶482.

483. VWNAOS agrees the Flint Water Advisory Task Force's report contains the statement enclosed in quotation marks in ¶483, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶483.

484. VWNAOS agrees the Flint Water Advisory Task Force's report contains the statements enclosed in quotation marks in ¶484.

485. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶485.

486. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶486.

487. VWNAOS incorporates by reference its responses to ¶¶1 through 486 of the amended master long form complaint.

488-498. Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶488 through 498. VWNAOS agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

499.   VWNAOS incorporates by reference its responses to ¶¶1 through 498 of the amended master long form complaint.

500-506.     Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶500 through 506. VWNAOS agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

507.   VWNAOS incorporates by reference its responses to ¶¶1 through 506 of the amended master long form complaint.

508.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶508.

509.   VWNAOS agrees Section 1 of the 14th Amendment to the United States Constitution contains the quoted language but does not have enough knowledge or information to form a belief as to whether or not the quoted language is all of the pertinent language in that section.

510.   VWNAOS does not agree that ¶510 contains an adequate account of what the Equal Protection Clause of the 14th Amendment provides.

511-522.     Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge

or information to form a belief as to the truth of the allegations in ¶¶508 through 522. VWNAOS agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

523.   VWNAOS incorporates by reference its responses to ¶¶1 through 522 of the amended master long form complaint.

524.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶524.

525.   VWNAOS agrees Section 1 of the 14th Amendment to the United States Constitution contains the quoted language but does not have enough knowledge or information to form a belief as to whether or not the quoted language is all of the pertinent language in that section.

526.   VWNAOS does not agree that ¶526 contains an adequate account of what the Equal Protection Clause of the 14th Amendment provides.

527-541.    Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶508 through 522. VWNAOS agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

542.   VWNAOS incorporates by reference its responses to ¶¶1 through 541 of the amended master long form complaint.

543.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶543.

544.   VWNAOS denies ¶544 contains an adequate account of what 42 U.S.C. §1985(3) provides.

545.   VWNAOS denies ¶545 contains an adequate account of what the Equal Protection Clause of the 14th Amendment provides.

546-560.   Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶508 through 522. VWNAOS agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

561.   VWNAOS incorporates by reference its responses to ¶¶1 through 560 of the amended master long form complaint.

562-577.   Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶562 through 577. VWNAOS agrees, however, that some or all of the Government Defendants engaged

in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

578.   VWNAOS incorporates by reference its responses to ¶¶1 through 577 of the amended master long form complaint.

579-594.     Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶579 through 594. VWNAOS agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

595.   VWNAOS incorporates by reference its responses to ¶¶1 through 594 of the amended master long form complaint.

596-598.     Denied insofar as "Defendants" is intended to include any one or more of VWNAOS, VNA Inc., or VNA LLC. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶596 through 598. VWNAOS agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

599.   VWNAOS incorporates by reference its responses to ¶¶1 through 598 of the amended master long form complaint.

600. VWNAOS agrees, on information and belief, that at least one of the three defendants to which the plaintiffs refer collectively as the "LAN Defendants" entered into one or more contracts with the City of Flint agreeing, in part, to perform certain services, but VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶600.

601. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶601.

602. VWNAOS denies all the plaintiffs are property owners in the City of Flint and, on information and belief, denies they are all residents of Flint, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶602.

603. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶603.

604. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶604.

605. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶605.

606. VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶606.

607.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶607.

608.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶608.

609.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶609.

610.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶610.

611.   If any of the plaintiffs have been injured by conduct of any of the defendants to which the plaintiffs refer collectively as the "LAN Defendants," VWNAOS denies the injuries were "entirely foreseeable" to it or to the defendants Veolia North America, LLC or Veolia North America, Inc.  VWNAOS does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶611.

612.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶612.

613.   VWNAOS denies all of the individual plaintiffs have suffered or will in the future suffer all of the injuries or damages described in ¶613 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

614.   VWNAOS denies all of the individual plaintiffs have suffered or will in the future suffer all of the damages described in ¶614 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

615.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶615.

616.   Plaintiffs' claims for exemplary damages against VWNAOS, Veolia North America, LLC, Veolia North America, Inc., and the "LAN Defendants" have been dismissed. VWNAOS notes that Michigan law prohibits any award of exemplary damages for the purpose of deterrence and that the amended master long form complaint contains no allegations sufficient to support an award of exemplary damages for the purpose for which Michigan law sometimes authorizes them.

617.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶617.

618.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶618.

619.   Paragraph 619 does not contain any factual allegation of the type contemplated by Rules 8 and 10 and therefore is not susceptible to any response in accordance with those rules. Plaintiffs' claims for exemplary damages against VWNAOS, Veolia North America, LLC, Veolia North America, Inc., and the "LAN Defendants" have

been dismissed. VWNAOS notes that Michigan law prohibits any award of exemplary damages for the purpose of deterrence and that the fourth consolidated amended complaint contains no allegations sufficient to support an award of exemplary damages for the purpose for which Michigan law sometimes authorizes them.

620.   VWNAOS incorporates by reference its responses to ¶¶1 through 619 of the amended master long form complaint.

621.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶621.

622.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶623.

624.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶624.

625.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶625.

626.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶626.

627.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶627.

628.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶628.

629.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶629.

630.   VWNAOS denies all of the individual plaintiffs have suffered or will in the future suffer all of the injuries or damages described in ¶630 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

631.   VWNAOS denies all of the individual plaintiffs have suffered or will in the future suffer all of the damages described in ¶631 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

632.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶632.

633.   Plaintiffs' claims for exemplary damages against VWNAOS, Veolia North America, LLC, Veolia North America, Inc. have been dismissed. VWNAOS notes that Michigan law prohibits any award of exemplary damages for the purpose of deterrence and that the fourth consolidated amended complaint contains no allegations sufficient to support an award of exemplary damages for the purpose for which Michigan law sometimes authorizes them.

634.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶634.

635.   VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶635.

636.   Paragraph 636 does not contain any factual allegation of the type contemplated by Rules 8 and 10 and therefore is not susceptible to any response in accordance with those rules. Plaintiffs' claims for exemplary damages against VWNAOS, Veolia North America, LLC, Veolia North America, Inc. have been dismissed. VWNAOS notes that Michigan law prohibits any award of exemplary damages for the purpose of deterrence and that the fourth consolidated amended complaint contains no allegations sufficient to support an award of exemplary damages for the purpose for which Michigan law sometimes authorizes them.

637.   VWNAOS incorporates by reference its responses to ¶¶1 through 636 of the amended master long form complaint.

638.   VWNAOS agrees that on February 10, 2015, it undertook, for consideration, to render certain services to the City of Flint.   VWNAOS otherwise denies the allegations in ¶638.

639.   Denied.

640.   Denied.

641.   Denied.

642.   Denied.

643.   VWNAOS denies VNA Inc., or VNA LLC issued interim or final reports and likewise denies the remaining allegations in ¶643.

644.   VWNAOS denies it, VNA Inc., or VNA LLC declared that Flint's drinking water "met federal and/or state and/or all applicable requirements" and likewise denies the remaining allegations in ¶644.

645.   VWNAOS denies it, VNA Inc., or VNA LLC represented that Flint's drinking water was safe and likewise denies the remaining allegations in ¶645.

646.   VWNAOS denies it, VNA Inc., or VNA LLC "discounted the possibility that problems unique to Flint's water supply were causing medical harms" and likewise denies the remaining allegations in ¶646.

647.   Denied.

648.   Denied.

649.   VWNAOS denies VNA Inc., or VNA LLC "recommended the addition of phosphates to the water" and likewise denies the remaining allegations in ¶649.

650.   Denied.

651.   Denied.

652.   Denied.

653.   Denied.

654.   Denied.

655.   Denied.

656.   Paragraph ¶656 does not contain any allegation of fact of a type contemplated by Rule 8 and therefore is not susceptible to any response of a type contemplated by that rule.   VWNAOS adds, however, that the complaint contains no allegations which, if true, would support a claim for exemplary damages against VWNAOS, VNA Inc. or, VNA LLC and denies that any of those companies engaged in any conduct that might entitle any plaintiff to an award of exemplary damages.

657.   VWNAOS denies it, VNA Inc., or VNA LLC committed professional negligence and likewise denies the remaining allegations in ¶657.

658.   Denied.

659.   Paragraph ¶659 does not contain any allegation of fact of a type contemplated by Rule 8 and therefore is not susceptible to any response of a type contemplated by that rule.   VWNAOS adds, however, that neither it, nor VNA Inc., nor VNA LLC engaged in any morally reprehensible conduct.   VWNAOS adds further that, as a matter of law, exemplary damages are not available under Michigan law for the purpose of deterring conduct of any kind.

660.   VWNAOS incorporates by reference its responses to all allegations in the complaint through ¶659.

661.   Denied.

662.   Denied.

663.   Denied.

664.   Denied.

665.   Denied.

666.   Denied.

667.   Paragraph ¶667 does not contain any allegation of fact of a type contemplated by Rule 8 and therefore is not susceptible to any response of a type contemplated by that rule.   To the extent a response is required, VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶667.

668.   Paragraph ¶668 does not contain any allegation of fact of a type contemplated by Rule 8 and therefore is not susceptible to any response of a type contemplated by that rule.   To the extent a response is required, VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶668.

669.   Paragraph ¶669 does not contain any allegation of fact of a type contemplated by Rule 8 and therefore is not susceptible to any response of a type contemplated by that rule.   To the extent a response is required, VWNAOS does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶669.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against VWNAOS on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Venue of the action is inappropriate because it will be prohibitively difficult to select a disinterested and impartial jury in this district composed of people who themselves have no financial interest in the outcome of the action, who have no close relatives or friends with a financial interest in the outcome of the action, who have no personal knowledge of relevant events involved in the action, and who have not been biased by pervasive and continuing publicity concerning persons and events involved in the action.

## THIRD AFFIRMATIVE DEFENSE

Any recovery by adult plaintiffs, by other individual plaintiffs who by the time of relevant events had achieved a level of maturity where they were capable of exercising reasonable care for their own protection, and by all plaintiffs that are not natural persons must be reduced to the extent of that plaintiff's contributory fault, and non-economic damages may not be recovered at all by any such plaintiff found to be more than 50% at fault in causing his, her, or its own alleged injuries or losses.

## FOURTH AFFIRMATIVE DEFENSE

If any fault by VWNAOS contributed to cause any injury or loss to any plaintiff, which VWNAOS categorically denies is the case, then any liability of VWNAOS must be reduced by the amount of causal fault of other parties and non-parties that contributed to causing that plaintiff's injuries and losses.

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by adult plaintiffs, by other individual plaintiffs who by the time of relevant events had achieved a level of maturity where they were capable of exercising reasonable care for their own well-being, and by all plaintiffs that are not natural persons must be reduced to the extent of that they did not make reasonable efforts to mitigate their alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

VWNAOS at all times complied with all applicable federal, state, and local laws, rules, regulations, and specifications.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' injuries and losses, if they have sustained any, were caused solely by persons and entities for whose conduct VWNAOS bears no responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' alleged injuries and losses were caused by the intervening superseding conduct of persons and entities over whose conduct VWNAOS had no control and for whose conduct VWNAOS bears no responsibility.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against VWNAOS fail because it had no duty to guard against the criminal conduct of others that contributed to cause the plaintiffs' alleged injuries and losses.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against VWNAOS are barred, in whole or in part, by the learned or sophisticated intermediary doctrine.

<u>DEMAND FOR TRIAL BY JURY</u>

VWNAOS demands trial by jury on any and all trialworthy claims against it.

DATED: September 10, 2019

*Respectfully submitted,*

CAMPBELL CONROY & O'NEIL, P.C.    BUSH SEYFERTH PLLC


/s/ James M. Campbell               /s/ Michael R. Williams
James M. Campbell                   Cheryl A. Bush (P37031)
Alaina N. Devine                    Michael R. Williams (P79827)
One Constitution Wharf, Suite 310   100 W. Big Beaver Road, Suite 400
Boston, MA  02129                   Troy, MI  48084
(617) 241-3000                      (248) 822-7800
jmcampbell@campbell-trial-lawyers.com   bush@bsplaw.com
adevine@campbell-trial-lawyers.com   williams@bsplaw.com

*Attorneys for Veolia Water North America Operating Services, LLC*
*Veolia North America, LLC, and Veolia North America, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I, Alaina N. Devine, one of the counsel of record for the defendants Veolia Water North America Operating Services, LLC, Veolia North America, LLC, and Veolia North America, Inc., certify that on September 10, 2019, I caused the within answer to be filed electronically with the Clerk of Courts through the Court's ECF filing system which will cause it to be served automatically by electronic means to counsel of record for all parties.

/s/ Alaina N. Devine
Alaina N. Devine
adevine@campbell-trial-lawyers.com