# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEE-ANN WALTERS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF FLINT, et al.,<br><br>    Defendants.<br>IN RE FLINT WATER CASES | No. 5:17-cv-10164-JEL-MKM<br><br>Hon. Judith E. Levy<br>Magistrate Judge Mona K. Majzoub |

## THE VNA DEFENDANTS' JOINDER IN PLAINTIFFS' MOTION TO CONSOLIDATE

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("the VNA Defendants") join in plaintiffs' request to consolidate *Meeks v. United States*, No. 5:19-cv-13359, and *In re FTCA Flint Water Cases*, No. 4:17-cv-11218, with the above-captioned case. Although the VNA Defendants do not adopt every statement and argument in that motion, they agree with its bottom-line contention that judicial economy and the interests of justice would be best served by consolidating the cases. To avoid unnecessary repetition, the VNA Defendants will not comprehensively brief the issue of joinder, but instead will limit themselves to emphasizing a few salient points.

1

1. As courts in this district and beyond routinely recognize, cases "arising out of the same operative facts"—as these do—generally share common questions of fact and law warranting consolidation. *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005); *see, e.g.*, *Simons v. Liberty Mut. Fire Ins.*, 2012 WL 13123654, at *3 (E.D. Ky. Nov. 21, 2012) (consolidating cases "based on the same accident"); *Eclipse Aesthetics LLC v. RegenLab USA, LLC*, 2016 WL 4800342, at *4 (N.D. Tex. Sept. 12, 2016) (consolidating cases "that arise from the same events"). These cases are no exception.

The common questions include (1) whether a particular plaintiff has been injured and, if so, whether that plaintiff's injuries were proximately caused by the conduct of particular defendants and/or non-parties; (2) what types and amount of damages (if any) are recoverable by a particular plaintiff; and (3) how fault for a particular plaintiff's injuries should be allocated under Michigan's comparative-fault regime.

2. Although there are many issues that vary from plaintiff to plaintiff (including, for example, causation, injury, and damages), consolidation is still justified here. Consolidation would eliminate the inefficiency of having two judges separately resolve identical questions of law and two factfinders separately hear the evidence and resolve identical questions of fact for each plaintiff who has brought claims against both the EPA and city, state, and private defendants. If the cases are

not consolidated, there would need to be duplicative trials involving substantially similar evidence, including witnesses who would have to testify twice anytime a particular plaintiff has filed claims against both the EPA and city, state, and private defendants. Consolidating the cases would conserve judicial resources by eliminating that duplication.

That is so even though FTCA claims are tried to the court and not a jury (*see* 28 U.S.C. §§ 1346(b)(1), 2402). When the same case involves some claims that must be resolved by a jury and other claims that must be resolved by the court, it is common practice to hold a single trial during which both factfinders hear the same evidence and each factfinder then resolves the claim before it based on that evidence. *See, e.g.*, *Innovation Ventures, LLC v. NVE, Inc.*, 2016 WL 266396, at *3-4 (E.D. Mich. Jan. 21, 2016); *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009); *Hamm v. Nasatka Barriers Inc.*, 166 F.R.D. 1 (D.D.C. 1996).

3. Moreover, as plaintiffs emphasize, consolidation will reduce the risk of inconsistent findings regarding the degree of the EPA's responsibility for plaintiffs' injuries. Plaintiffs' counsel forthrightly admits that, in the absence of consolidation, he will "be potentially forced" to argue that the EPA has minimal fault when litigating plaintiffs' claims against city, state, and private defendants, and then turn around and argue that the EPA bears heavy responsibility when litigating his clients' FTCA claims against the EPA. Memo. in Support of Mot. to Consolidate (ECF No.

283-1) at 10. The VNA Defendants have a strong interest in avoiding this kind of gamesmanship. So does the Court. The legitimacy of the legal system rests on its reputation for integrity and procedural fairness.

Consistency is especially important because the EPA is no bit player in this litigation. As Judge Parker noted in denying the EPA's motion to dismiss in one of the other FTCA cases, the complaint plausibly alleges that EPA "fail[ed] to warn Flint residents of the severe health risks the City's water supply posed to them," even though it "was well aware that the Flint River was highly corrosive and posed a significant danger of lead leaching out of the City's lead-based service lines at alarming rates into residents' homes," thereby exposing Flint residents (particularly children and pregnant women) to health risks. *Burgess v. United States*, 375 F. Supp. 3d 796, 815 (E.D. Mich. 2019). Miguel Del Toral, an EPA regional regulations manager who personally visited Flint and engaged in communications with MDEQ officials, "certainly made the risks clear to his Region 5 colleagues within the first half of 2015," yet the EPA dragged its feet. *Id*. at 815-816. To make matters worse, the EPA *knew* that MDEQ and Flint officials "were misleading residents to believe that there was nothing wrong with the water supply." *Id*. at 816. Yet despite this knowledge, the EPA negligently "fail[ed] to timely act in response to the Flint Water Crisis" and "acted negligently by assuring residents that the EPA was providing the

4

required oversight and that Flint and MDEQ were supplying safe drinking water." *Id*.

To be sure, because there will be separate factfinders for the FTCA claims and the claims against the city, state, and private plaintiffs (*see* page 3, *supra*), inconsistent apportionment of fault to the EPA would remain possible. But that possibility is more theoretical than real. When claims that must be tried to a court are combined with claims that must be resolved by a jury, courts often adopt the jury's findings. *See, e.g.*, *Gates v. United States Postal Serv.*, 502 F. App'x 485, 490 (6th Cir. 2012) (noting that district court "explicitly adopted" and "agreed with" advisory jury's findings in Family Medical Leave Act case that was tried to the court). So as a practical matter, it would seem highly unlikely that this Court would deviate from a jury's apportionment of fault when resolving an FTCA claim against the EPA unless it were persuaded that the jury's apportionment of fault is so manifestly at odds with the evidence as to be unsustainable.

4. Finally, the EPA has no legitimate interest in opposing consolidation. Whether the EPA is designated a party-defendant or an alleged non-party-at-fault, its employees who were involved in the Flint Water Crisis will have to participate in discovery and appear at trial. Indeed, the EPA has acknowledged as much by agreeing to discovery coordination. Consolidating the cases, however, would have the added benefit of sparing the EPA from the burden of duplicative trials.

## CONCLUSION

The Court should grant plaintiffs' motion to consolidate.

                                                              Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
|---|---|
| By: /s/ *James M. Campbell* <br> James M. Campbell <br> Alaina N. Devine <br> One Constitution Wharf, Suite 310 <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> adevine@campbell-trial-lawyers.com | By: /s/ *Cheryl A. Bush* <br> Cheryl A. Bush (P37031) <br> Michael R. Williams (P79827) <br> 100 W. Big Beaver Road, Suite 400 <br> Troy, MI 48084 <br> (248) 822-7800 <br> bush@bsplaw.com <br> williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  February 19, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   */s/ James M. Campbell*

        James M. Campbell
        jmcampbell@campbell-trial-lawyers.com