## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

Walters, *et al.* v. Flint, *et al.*
Case No. 17-10164
(consolidated with 19-13359)

_____/

## ORDER GRANTING MOTIONS
## TO CONSOLIDATE [283, 284, 285]

This is one of many cases that are collectively referred to as the Flint Water Cases. *Walters*, filed in January of 2017, involves 166 individual plaintiffs who allege that a combination of public officials and private entities set in motion a chain of events that led to bacteria and lead leaching into the City of Flint's drinking water. On November 13, 2019, another lawsuit, *Meeks*, was filed by individual plaintiffs against the United States Environmental Protection Agency ("EPA") alleging that the EPA negligently failed to follow several agency directives in response to the Flint Water Crisis, which resulted in injuries to the

plaintiffs. (*Meeks v. United States*, Case No. 19-cv-13359, ECF No. 1, 21–22.)

Before the Court are motions filed by Plaintiffs, along with the VNA and LAN Defendants, to consolidate *Meeks* with this case. (ECF Nos. 283, 284, 285.) The United States opposes the motions. (ECF No. 288.) The Court heard oral argument on March 27, 2020, and for the reasons set forth below, the motions to consolidate are granted.[1]

**Legal Standard**

A district court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Rule's objective is "to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and

---

[1] "[A]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case." *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992). The district court "retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) (citing *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir.2007); *Weaver*, 970 F.2d at 1528–29; *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981)). The Court's order denying various Defendants' motions to dismiss in *Walters* is currently on appeal at the Sixth Circuit, but the motions to consolidate do not involve an aspect of the case related to the issues on appeal.

Procedure, § 2381 (1971)). Likewise, the local rules define "companion cases" as those in which "substantially similar evidence will be offered at trial" or "the same or related parties are present and the cases arise out of the same transaction or occurrence." E.D. Mich. L.R. 83.11(b)(7)(A).

The party moving for consolidation bears the initial burden to demonstrate a common question of law or fact. *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019). But, "[o]nce the threshold requirement of establishing a common question of law or fact is met, the decision to consolidate rests in the sound discretion of the district court." *Id.* (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)). The trial court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

**Analysis**

The threshold requirement for granting a motion to consolidate—that the two cases involve a "common question of law *or* fact"—is met here. *Gamboa*, 381 F. Supp. 3d at 866 (emphasis added). Although questions of law differ between the two cases, *Meeks* and *Walters* both arise out of the same set of operative facts: the Flint Water Crisis. Virtually all of the evidence regarding the causes of lead and bacteria in Flint's drinking water following the April 2014 switch to the Flint River as the source of the City's municipal water and subsequent alleged inaction following the Crisis will be the same in these two cases. Evidence of Plaintiffs' damages will undoubtedly be the same as well.

The United States argues that common issues of law or fact "do not predominate," and that the *Meeks* case, which was brought under the Federal Torts Claims Act ("FTCA"), involves issues that non-FTCA cases like *Walters* do not. (ECF No. 288, PageID.8427.) The standard for consolidation does not require common issues of fact or law to "predominate," but rather that there are common issues. *See Gamboa*, 381 F. Supp. 3d at 866. Because of the many common questions of fact

shared between the two cases, the Court finds that Plaintiffs have met this threshold.

The United States also argues that it will be prejudiced because it was not able to participate in the bellwether selection process for the first set of trials scheduled to start in November 2020. (ECF No. 288, PageID.8444.) The United States argues that to consolidate now would give it less time than the other parties have had to prepare for trial. These concerns do not amount to "insurmountable prejudice" to the United States. There are many options available to ensure that the United States has time to fully develop its defenses. Moreover, at the hearing on these motions, the United States indicated that it planned to file a motion to dismiss in lieu of an answer in *Meeks*. As a result of the time required to adjudicate such a motion, and potentially permit interlocutory appeal if the motion is denied, the United States is unlikely to be a defendant in the first round of bellwether trials. The United States can be fully involved in the bellwether selection process for the second round of trials and beyond.

The Court also finds that any risk of prejudice or confusion is outweighed by the burden on parties, witnesses, and available judicial

resources posed by multiple lawsuits with the same plaintiffs. Ideally, all of the Flint water cases in which plaintiffs allege personal injury, property damage, or commercial loss, would be handled together with one case management order. But due to a variety of factors, including when the cases were filed, this is not possible. Consolidating these two cases will assist in streamlining the litigation. Further, the VNA Defendants have already alleged that the EPA is a Non-Party at Fault in this case. (ECF No. 278, PageID.8233.) So, whether the United States EPA is designated a Defendant or an alleged Non-Party at Fault, its employees who were involved in the Flint Water Crisis will still be required to participate in discovery and appear at trial. Likewise, in another FTCA Flint water case pending before the Honorable Linda V. Parker, the United States filed a Notice alleging that all of the Defendants in the *In re* Flint Water Cases are Non-Parties at Fault. (*In re* FTCA Flint Water Cases, Case No. 17-cv-11218, ECF No. 115) (naming Defendants from the State of Michigan, City of Flint, Michigan Department of Environmental

Quality, Veolia North America, Lockwood, Andrews & Newman, Rowe, and McLaren Medical Center as Non-Parties at Fault).[2]

The motions to consolidate are therefore GRANTED. A briefing schedule for any responsive pleadings or answers in *Meeks* will be set forth during the next conference call in the *In re* Flint Water Cases on **Wednesday, April 29, 2020** at **2:00pm**. The Court also exempts the plaintiffs in *Meeks* from filing a Short-Form Complaint as otherwise required of individual non-class-action cases. (*Waid v. Snyder*, Case No. 16-cv-10444, ECF No. 347.)

IT IS THEREFORE ORDERED that the following case 19-13359 is consolidated with civil number 17-10164 for all purposes, including trial.

IT IS FURTHER ORDERED that all subsequent papers filed after the date of this order shall be entered on civil number 17-10164.

IT IS FURTHER ORDERED that civil number 19-13359 is hereby closed for administrative purposes.

Dated: April 29, 2020                    s/Judith E. Levy

---

[2] The United States sought to consolidate *Meeks* with *In re* FTCA Flint Water Cases before Judge Parker to conserve judicial resources and avoid inconsistent rulings. (*In re* FTCA Flint Water Cases, Case No. 17-cv-11218, ECF No. 95, 2842–2844.) But because the United States is alleged to be a Non-Party at Fault in this Court's *In re* Flint Water Cases, it will save judicial resources to consolidate these matters where possible.

Ann Arbor, Michigan                           JUDITH E. LEVY
                                              United States District Judge


## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2020.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager