# EXHIBIT 33

Highly Confidential - Daugherty Johnson

1                UNITED STATES DISTRICT COURT

                EASTERN DISTRICT OF MICHIGAN

2                    SOUTHERN DIVISION

3    _____

4                                 No. 5:16-cv-10444

     IN RE:  FLINT WATER CASES     Hon. Judith E. Levy

5                                 Mag. Mona K. Majzoub

     _____

6

     Elnora Carthan, et al.,

7

         Plaintiffs,

8

         vs.                      Civil Action No.

9                                 5:16-cv-10444-JEL-MKM

     Governor Rick Snyder,

10   et al.,

11       Defendants.

     _____

12

13

14

15

                    HIGHLY CONFIDENTIAL

16     VIDEOTAPED DEPOSITION OF DAUGHERTY JOHNSON

17                      VOLUME I

18            Tuesday, December 17, 2019

                    at 9:09 a.m.

19

20   Taken at:  Butzel Long

               41000 Woodward Avenue

21             Bloomfield Hills, Michigan  48304

22   REPORTED BY:  CAROL A. KIRK, RMR/CSR-9139

23           GOLKOW LITIGATION SERVICES

        877.370.3377 ph | 917.591.5672 fax

24                deps@golkow.com

Highly Confidential - Daugherty Johnson

```
 1              A P P E A R A N C E S
 2                    - - -
 3   On behalf of the Class Plaintiffs:
          PAUL F. NOVAK, ESQUIRE
 4        WEITZ & LUXENBERG, P.C.
          3011 West Grand Boulevard, Suite 2150
 5        Detroit, Michigan  48202
          313-800-4170
 6        pnovak@weitzlux.com
 7   On behalf of Individual Plaintiffs:
          COREY M. STERN, ESQUIRE
 8        LEVY KONIGSBERG LLP
          800 3rd Avenue, 11th floor
 9        New York, New York  10022
          212-605-6200
10        cstern@levylaw.com
11   On behalf of the Mason State Court Plaintiffs:
          ADAM T. SCHNATZ, ESQUIRE
12        MCALPINE PC
          3201 University Drive, Suite 200
13        Auburn Hills, Michigan  48326
          248-373-3700
14        atschnatz@mcalpinepc.com
15   On behalf of the People of the State of Michigan:
          RICHARD KUHL, ASSISTANT ATTORNEY GENERAL
16        DANA NESSEL, ATTORNEY GENERAL
          525 West Ottawa Street, 6th Floor
17        Lansing, Michigan  48909
          517-335-7664
18        kuhlr@michigan.gov
19   On behalf of Defendant City of Flint:
          WILLIAM KIM, ASSISTANT CITY ATTORNEY
20        CITY OF FLINT LEGAL DEPARTMENT
          1101 South Saginaw Street, 3rd Floor
21        Flint, Michigan  48502
          810-766-7146
22        wkim@cityofflint.com
23
24
```

Highly Confidential - Daugherty Johnson

```
 1          A P P E A R A N C E S (CONT'D)
 2                    - - -
 3   On behalf of Defendants Veolia Water North America
     Operating Services, LLC, Veolia North America, LLC, and
 4   Veolia North America, Inc.:
           DAVID M. ROGERS, ESQUIRE
 5         ALAINA N. DEVINE, ESQUIRE
           CAMPBELL CONROY & O'NEIL, P.C.
 6         1 Constitution Wharf, Suite 310
           Boston, Massachusetts  02129
 7         617-241-3063
           drogers@campbelltriallawyers.com
 8         adevine@campbelltriallawyers.com
 9   On behalf of Defendants Leo A. Daly Company and
     Lockwood, Andrews & Newnam, Inc.:
10         PHILIP A. ERICKSON, ESQUIRE
           PLUNKETT COONEY, P.C.
11         325 East Grand River
           City Center, Suite 250
12         East Lansing, Michigan  48823
           517-333-6598
13         perickson@plunketcooney.com
                 and
14         TRAVIS S. GAMBLE, ESQUIRE
           DRINKER BIDDLE & REATH LLP
15         1717 Main Street, Suite 5400
           Dallas, Texas  75201
16         469-357-2534
           travis.gamble@dbr.com
17
     On behalf of Defendant Rowe Professional Services
18   Company:
           CRAIG S. THOMPSON, ESQUIRE
19         SULLIVAN, WARD, ASHER & PATTON, PC
           25800 Northwestern Highway, Suite 1000
20         Southfield, Michigan  48075
           248-746-0700
21         cthompson@swappc.com
22
23
24
```

```
 1              A P P E A R A N C E S (CONT'D)
 2                        - - -
 3    On behalf of Defendant Howard Croft:
           ALEXANDER S. RUSEK, ESQUIRE
 4         WHITE LAW PLLC
           2549 Jolly Road, Suite 340
 5         Okemos, Michigan  48864
           517-316-1195
 6         alexrusek@whitelawpllc.com
 7    On behalf of Defendant Daugherty Johnson:
           EDWAR A. ZEINEH, ESQUIRE
 8         2800 East Grand River Avenue, Suite B
           Lansing, Michigan  48912
 9         517-292-7000
           zeinehlaw@gmail.com
10             and
           LAUREN SAMONA, ESQUIRE
11         BAJOKA LAW GROUP PLLC
           500 Griswold, Suite 2320
12         Detroit, Michigan  48226
           313-462-0537
13         laurensamona@bajokalaw.com
14    On behalf of McLaren Regional Medical Center (via
      teleconference):
15         SUSAN E. SMITH, ESQUIRE
           BEVERIDGE & DIAMOND, P.C.
16         456 Montgomery Street, Suite 1800
           San Francisco, California  94104
17         1-415-262-4000
           ssmith@bdlaw.com
18
      On behalf of Defendants Bradley Wurfel and Daniel Wyant
19    (via teleconference):
           CHRISTOPHER B. CLARE, ESQUIRE
20         CLARK HILL PLC
           1001 Pennsylvania Avenue NW, Suite 1300 South
21         Washington, DC  20004
           202-572-8671
22         cclare@clarkhill.com
23
24
```

Highly Confidential - Daugherty Johnson

```
 1           A P P E A R A N C E S (CONT'D)
 2                      - - -
 3   On behalf of Defendant Jeffrey Wright (via
     teleconference):
 4         MATTHEW T. WISE, ESQUIRE
           FOLEY MANSFIELD, PLLP
 5         130 East 9 Mile Road
           Ferndale, Michigan  48220
 6         248-721-4200
           mwise@foleymansfield.com
 7
     On behalf of Individual Plaintiffs (via teleconference):
 8         RAQUEL MUÑOZ, ESQUIRE
           FIEGER LAW
 9         19390 West Ten Mile Road
           Southfield, Michigan  48075-2463
10         248-355-5555
           r.munoz@fiegerlaw.com
11
     On behalf of the DEQ Employee Defendants (via
12   teleconference):
           JARED A. ROBERTS, ESQUIRE
13         FRASER TREBILCOCK
           124 West Allegan Street, Suite 1000
14         Lansing, Michigan  48933
           517-482-5800
15         jroberts@fraserlawfirm.com
16
17   ALSO PRESENT:
18         Jeff Gudme, Videographer
19                      - - -
20
21
22
23
24
```

Highly Confidential - Daugherty Johnson

1          foundation.

2          Q.    What do you mean "no"?  You didn't

3     have that understanding?  That was --

4          A.    I did not have that understanding,

5     no.

6          Q.    Who was the person -- since you

7     didn't have the technical or engineering

8     expertise -- that would have made the decision

9     about whether or not to do the testing of the

10    water and the pipes before the system was turned

11    on to use the Flint River?  Who in your

12    administration was the person with the technical

13    expertise for that?

14         A.    That would have been Mike Glasgow.

15              MR. ZEINEH:  Objection.

16         Q.    Mike Glasgow?  Is that what you

17    said?

18              MR. ZEINEH:  I'm going to object

19         on form.

20         A.    Yeah.

21         Q.    Is that what you said?  I just

22    need to make sure I heard your answer correctly,

23    sir.  Was it Mike Glasgow?

24         A.    That is -- yes.

Highly Confidential - Daugherty Johnson

1             MR. ZEINEH:  I might need an

2         opportunity to make my objections,

3         please.  I'll give you an opportunity to

4         ask your question.  Let me object.  He

5         can answer them and go forward, but give

6         me that platform at least.

7             MR. ROGERS:  You're right, Ed.  I

8         apologize.

9             MR. ZEINEH:  Thank you.

10             MR. ROGERS:  I should have given

11         you more time there.

12  BY MR. ROGERS:

13        Q.   Is it also true, Mr. Johnson, that

14  before the Flint River water was used for the

15  water supply and the treatment plant was up and

16  running, that LAN, the city's consultant, had

17  recommended that corrosion control measures be

18  instituted?  Was that true?  Did they recommend

19  that?

20        A.   That's my understanding, yes.

21        Q.   Why wasn't that done?

22        A.   We weren't required to do so.

23        Q.   By whom?

24        A.   By the DEQ.

Highly Confidential - Daugherty Johnson

1    Q.    So, again, a recommendation by the

2  engineering consultant for corrosion control was

3  not done because it wasn't required by the MDEQ;

4  is that your testimony?

5    A.    That is correct.

6    Q.    Leading up to the time when the

7  water switchover was made in April 2014 from

8  Detroit water to Flint water, Mr. Glasgow had

9  serious concerns about starting up the plant and

10  beginning to pump Flint River water into the

11  pipes to the citizens of Flint; is that true?

12           MR. ZEINEH:  Objection.

13    Q.    Do you remember that?

14           MR. ZEINEH:  Sorry.  Objection;

15      form, foundation.

16    A.    I remember that coming up, yes.

17    Q.    In fact, he reported that in an

18  e-mail.  He said -- that you were copied on.  He

19  said, "If the plant is started up to use the

20  Flint River water, it will be against my

21  recommendation" or "I will not be in favor of

22  doing that."

23           MR. ZEINEH:  Objection.

24    Q.    Right?

Highly Confidential - Daugherty Johnson

```
 1                    MR. ZEINEH:  Objection; form,

 2         foundation.

 3         A.    I remember reading an e-mail to

 4    that.

 5                    MR. ZEINEH:  I apologize,

 6         Mr. Johnson.

 7              (Reporter admonishment.)

 8                       - - -

 9      (Johnson Deposition Exhibit 86 marked.)

10                       - - -

11    BY MR. ROGERS:

12         Q.    Could you turn to Exhibit 86,

13    please, sir.  We'll get the exact language.  I

14    may have misquoted Mr. Glasgow's e-mail.  So

15    let's get the exact language.  86.

16              So this is an e-mail from

17    Mr. Glasgow, who was the chief operations

18    officer for the water treatment plant, right,

19    sir?

20         A.    Yes.

21         Q.    And it's dated April 17, 2014.

22    It's on the Elmo now.  I'm showing it.

23                    MR. ROGERS:  Is that coming

24         through okay, Jeff?
```

Highly Confidential - Daugherty Johnson

 1    time -- we're referring to Mr. Jerry Ambrose,

 2    right?

 3          A.    Correct.

 4          Q.    For some period of time

 5    Mr. Ambrose served in the role as financial

 6    manager for the city of Flint, true?

 7          A.    Yes.

 8          Q.    And then as of a certain point in

 9    time, he actually became the emergency manager

10    for the city, too, right?

11          A.    Correct.

12          Q.    And isn't it true, Mr. Johnson,

13    that Mr. Ambrose overruled your recommendation

14    or your direction to your staff to get ready to

15    switch from the Flint River water back to

16    Detroit?

17          A.    Yes, he did.

18          Q.    And you weren't happy about that,

19    were you?

20          A.    I was not.

21          Q.    Is that the reason that you left

22    the employ of the city shortly thereafter in

23    April 2015, in part anyway?

24          A.    That is certainly part of it.

Highly Confidential - Daugherty Johnson

1    Q.    And the reason for that was you

2    were upset about the fact that Mr. Ambrose

3    overruled a direction that you gave to your

4    staff to get ready to switch from Flint River

5    water back to Detroit water, right?

6                MR. ZEINEH:  Objection.

7         A.    Yes.

8                MR. ZEINEH:  Form, foundation.

9         Q.    And you were angry about that,

10   right?

11        A.    I was concerned about it, yes.

12        Q.    And you left.  You left your

13   employment with the city where you had been

14   employed for how long?

15        A.    Twenty-four years.

16        Q.    And --

17        A.    Twenty-three years, something like

18   that, yes.

19        Q.    To what percent or what extent was

20   that the reason that you left as opposed to

21   something else?  Was that a major part of the

22   reason that you left?

23        A.    Yes, it was.

24        Q.    And at the time, sir -- and you

Highly Confidential - Daugherty Johnson

```
 1   testified in the criminal hearing, I'll remind

 2   you, but you believe that Flint had the money

 3   available to pay for the water from Detroit at

 4   that time, right?  There was money available to

 5   do that, right?

 6           A.    We could have charged more for the

 7   service, yes.

 8           Q.    So it would have cost more, but

 9   you thought the city of Flint had the financial

10   wherewithal to do that, to return to Detroit

11   water in February of 2015, right?

12           A.    Yes.

13           Q.    And you directed your staff to

14   make plans to do that, and you were overruled by

15   Mr. Ambrose, right?

16           A.    Yes.

17           Q.    And the decision was made by

18   Mr. Ambrose not to go to Detroit water to save

19   money; isn't that true?

20           A.    Yes.

21                 MR. KIM:  Objection; foundation.

22                       - - -

23       (Johnson Deposition Exhibit 87 marked.)

24                       - - -
```

Highly Confidential - Daugherty Johnson

```
 1            UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
 2                  SOUTHERN DIVISION
 3   _____
 4                                No. 5:16-cv-10444
     IN RE:  FLINT WATER CASES     Hon. Judith E. Levy
 5                                 Mag. Mona K. Majzoub

     _____
 6

     Elnora Carthan, et al.,
 7
         Plaintiffs,
 8
         vs.                       Civil Action No.
 9                                 5:16-cv-10444-JEL-MKM
     Governor Rick Snyder,
10   et al.,
11       Defendants.
     _____
12
13
                    HIGHLY CONFIDENTIAL
14        CONTINUED VIDEOTAPED DEPOSITION OF
                    DAUGHERTY JOHNSON
15
                       VOLUME II
16
             Wednesday, December 18, 2019
17                  at 9:07 a.m.
18
     Taken at:  Butzel Long
19               41000 Woodward Avenue
                 Bloomfield Hills, Michigan  48304
20
21
     REPORTED BY:  CAROL A. KIRK, RMR/CSR-9139
22
                GOLKOW LITIGATION SERVICES
23        877.370.3377 ph | 917.591.5672 fax
                    deps@golkow.com
24
```

Highly Confidential - Daugherty Johnson

```
 1              A P P E A R A N C E S
 2                   - - -
 3   On behalf of the Class Plaintiffs:
          PAUL F. NOVAK, ESQUIRE
 4        WEITZ & LUXENBERG, P.C.
          3011 West Grand Boulevard, Suite 2150
 5        Detroit, Michigan  48202
          313-800-4170
 6        pnovak@weitzlux.com
 7   On behalf of Individual Plaintiffs (via teleconference):
          COREY M. STERN, ESQUIRE
 8        LEVY KONIGSBERG LLP
          800 3rd Avenue, 11th floor
 9        New York, New York  10022
          212-605-6200
10        cstern@levylaw.com
11   On behalf of the Mason State Court Plaintiffs:
          ADAM T. SCHNATZ, ESQUIRE
12        MCALPINE PC
          3201 University Drive, Suite 200
13        Auburn Hills, Michigan  48326
          248-373-3700
14        atschnatz@mcalpinepc.com
15   On behalf of the People of the State of Michigan:
          RICHARD KUHL, ASSISTANT ATTORNEY GENERAL
16        DANA NESSEL, ATTORNEY GENERAL
          525 West Ottawa Street, 6th Floor
17        Lansing, Michigan  48909
          517-335-7664
18        kuhlr@michigan.gov
19   On behalf of Defendant Howard Croft:
          ALEXANDER S. RUSEK, ESQUIRE
20        WHITE LAW PLLC
          2549 Jolly Road, Suite 340
21        Okemos, Michigan  48864
          517-316-1195
22        alexrusek@whitelawpllc.com
23
24
```

Highly Confidential - Daugherty Johnson

```
 1            A P P E A R A N C E S (CONT'D)
 2                    - - -
 3   On behalf of Defendant City of Flint:
             WILLIAM KIM, ASSISTANT CITY ATTORNEY
 4           CITY OF FLINT LEGAL DEPARTMENT
             1101 South Saginaw Street, 3rd Floor
 5           Flint, Michigan  48502
             810-766-7146
 6           wkim@cityofflint.com
                 and
 7           SHELDON H. KLEIN, ESQUIRE
             BUTZEL LONG
 8           41000 Woodward Avenue
             Bloomfield Hills, Michigan  48304
 9           248-258-1616
             kleins@butzel.com
10
     On behalf of Defendants Veolia Water North America
11   Operating Services, LLC, Veolia North America, LLC, and
     Veolia North America, Inc.:
12           DAVID M. ROGERS, ESQUIRE
             ALAINA N. DEVINE, ESQUIRE
13           CAMPBELL CONROY & O'NEIL, P.C.
             1 Constitution Wharf, Suite 310
14           Boston, Massachusetts  02129
             617-241-3063
15           drogers@campbelltriallawyers.com
             adevine@campbelltriallawyers.com
16
     On behalf of Defendants Leo A. Daly Company and
17   Lockwood, Andrews & Newnam, Inc.:
             TRAVIS S. GAMBLE, ESQUIRE
18           DRINKER BIDDLE & REATH LLP
             1717 Main Street, Suite 5400
19           Dallas, Texas  75201
             469-357-2534
20           travis.gamble@dbr.com
     On behalf of Defendant Rowe Professional Services
21   Company (via teleconference):
             CRAIG S. THOMPSON, ESQUIRE
22           SULLIVAN, WARD, ASHER & PATTON, PC
             25800 Northwestern Highway, Suite 1000
23           Southfield, Michigan  48075
             248-746-0700
24           cthompson@swappc.com
```

Highly Confidential - Daugherty Johnson

```
 1            A P P E A R A N C E S (CONT'D)
 2                     - - -
 3   On behalf of Defendant Daugherty Johnson:
             EDWAR A. ZEINEH, ESQUIRE
 4           2800 East Grand River Avenue, Suite B
             Lansing, Michigan  48912
 5           517-292-7000
             zeinehlaw@gmail.com
 6               and
             LAUREN SAMONA, ESQUIRE
 7           BAJOKA LAW GROUP PLLC
             500 Griswold, Suite 2320
 8           Detroit, Michigan  48226
             313-462-0537
 9           laurensamona@bajokalaw.com
10   On behalf of McLaren Regional Medical Center (via
     teleconference):
11           SUSAN E. SMITH, ESQUIRE
             BEVERIDGE & DIAMOND, P.C.
12           456 Montgomery Street, Suite 1800
             San Francisco, California  94104
13           1-415-262-4000
             ssmith@bdlaw.com
14
     On behalf of Defendants Bradley Wurfel and Daniel Wyant
15   (via teleconference):
             CHRISTOPHER B. CLARE, ESQUIRE
16           CLARK HILL PLC
             1001 Pennsylvania Avenue NW, Suite 1300 South
17           Washington, DC  20004
             202-572-8671
18           cclare@clarkhill.com
19   On behalf of Defendant Jeffrey Wright (via
     teleconference):
20           MATTHEW T. WISE, ESQUIRE
             FOLEY MANSFIELD, PLLP
21           130 East 9 Mile Road
             Ferndale, Michigan  48220
22           248-721-4200
             mwise@foleymansfield.com
23
24
```

Highly Confidential - Daugherty Johnson

```
 1            A P P E A R A N C E S (CONT'D)
 2                    - - -
 3   On behalf of Individual Plaintiffs (via teleconference):
          RAQUEL MUÑOZ, ESQUIRE
 4        FIEGER LAW
          19390 West Ten Mile Road
 5        Southfield, Michigan  48075-2463
          248-355-5555
 6        r.munoz@fiegerlaw.com
 7   On behalf of the DEQ Employee Defendants (via
     teleconference):
 8        JARED A. ROBERTS, ESQUIRE
          FRASER TREBILCOCK
 9        124 West Allegan Street, Suite 1000
          Lansing, Michigan  48933
10        517-482-5800
          jroberts@fraserlawfirm.com
11
     On behalf of Defendant Adam Rosenthal (via
12   teleconference):
13        JAMES A. FAJEN, ESQUIRE
          FAJEN & MILLER, PLLC
14        3646 West Liberty Road
          Ann Arbor, Michigan  48103
15        734-995-0181
          fajenlaw@fajenmiller.com
16
     On behalf of Defendant Michael Glasgow (via
17   teleconference):
          CHRISTOPHER J. MARKER, ESQUIRE
18        O'NEILL, WALLACE & DOYLE P.C.
          300 St. Andrews Road, Suite 302
19        Saginaw, Michigan  48638
          989-790-0960
20        cmarker@owdpc.com
21
22   ALSO PRESENT:
23        Jeff Gudme, Videographer
24                    - - -
```

Highly Confidential - Daugherty Johnson

```
1    corrosion control equipment?

2         A.    I don't believe it did, but ...

3         Q.    Okay.  If the use of

4    orthophosphates were to be used for

5    implementation of corrosion control at the

6    plant, would the equipment necessary to utilize

7    orthophosphates for that purpose have to be

8    included in the permit application?

9         A.    That's my understanding of it,

10   yes.

11        Q.    So the fact that corrosion control

12   equipment was not in the permit application

13   means that the DEQ authorized operations at the

14   facility without use of orthophosphates for

15   corrosion control?

16             MR. KIM:  Objection; form.

17        A.    That's my understanding, yes.

18        Q.    Do you know what a bench scale jar

19   test is?

20        A.    I could not explain it, no.

21        Q.    Do you know whether bench scale

22   jar testing for TTHMs were performed at the

23   plant?

24        A.    Yes, they were.
```

Highly Confidential - Daugherty Johnson

1          Q.    Do you know when bench scale jar

2    testing was done for TTHMs?

3          A.    As I recall, it was part of our --

4    the response plan when we had the TTHM

5    violation.

6          Q.    Okay.  So that was done at a

7    subsequent point in time?

8          A.    That's my recollection, yes.

9          Q.    All right.  Now, when the plant

10   was first operational, did complaints come in

11   from city residents at a higher rate of

12   frequency than before the use of Flint River

13   water?

14         A.    Yes.

15         Q.    And those early complaints, what

16   types of issues did they relate to?

17         A.    Discoloration and odor.

18         Q.    Did anyone complain in those early

19   days about lead?

20         A.    Not that I know of.

21         Q.    What is the process by which

22   complaints with respect to water quality are

23   lodged with the city of Flint?

24         A.    I don't know all the processes.

Highly Confidential - Daugherty Johnson

1    People would call the water plant or the water

2    distribution center.

3           Q.    Okay.  And are there individuals

4    at the water plant or the water distribution

5    center that have the responsibility to record

6    any incoming complaints?

7           A.    Yes.

8           Q.    Are those maintained in any kind

9    of log or official place where they're at least

10   kept?

11          A.    I believe there's a log, yes.

12          Q.    And did you review that log from

13   time to time?

14          A.    I don't recall so.

15          MR. NOVAK:  Take a five-minute

16          break.

17          THE VIDEOGRAPHER:  We're going off

18          the record.  The time is 3:07.

19          (Recess taken.)

20          THE VIDEOGRAPHER:  Back on the

21          record at 3:14.

22   BY MR. NOVAK:

23          Q.    Mr. Johnson, starting in the

24   January through March of 2015 period, you