UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

# ORDER FOR SUPPLEMENTAL BRIEFING ON LAN DEFENDANTS' MOTIONS TO SEAL [326, 347]

On May 10, 2021, Defendants Lockwood, Andrews & Newnam, Inc., and Lockwood Andrews & Newnam, PC (the LAN Defendants) filed a motion to seal portions of their motion for summary judgment (ECF No. 326), and on May 11, 2021 a motion was filed to seal portions of their brief in support of their motion to exclude or limit bellwether Plaintiffs' expert (hereinafter, "LAN Defendants' *Daubert* motion") (ECF No. 347). LAN Defendants indicate that their motions are unopposed. (ECF No. 326, PageID.13048–13049; ECF No. 347, PageID.21977.) For the reasons set forth below, LAN Defendants are ordered to supplement their motions no later than Friday May 14, 2021.

## I. Legal Standard

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson,* 710 F.2d at 1176).

## II. Analysis

LAN Defendants seek an order sealing portions of their motion for summary judgment and four exhibits to that motion. (ECF No. 326, PageID.13040–13041.) Specifically, they seek to file under seal: (1) the transcript of Brent Wright's testimony pursuant to a criminal investigative subpoena; (2) two reports prepared by experts; and (3) an expert's deposition transcript. (*Id*.) They also seek an order sealing parts of LAN Defendants' *Daubert* motion and exhibits to that motion. (ECF No. 347, PageID.21976.) Specifically, in LAN Defendants' *Daubert* motion, they seek to seal, "the report and deposition testimony of Class Plaintiffs' expert witness." (*Id.* at PageID.21976–77.) The parties have designated all four of these items as subject to confidentiality orders, and they are marked "confidential," or "highly confidential."

As to the deposition transcript of Brent Wright, the parties entered into a stipulated protective order on June 8, 2020, which related to the production of certain documents from the Michigan Solicitor General's office. The Solicitor General's office produced investigative subpoena transcripts, which were disclosed to criminal defense counsel by the Office of Special Counsel of the State of Michigan for numerous

individuals, including Brent Wright. (*Carthan*, No. 16-10444, ECF No. 1159, PageID.28331.) The parties and the Solicitor General's office stipulated in that order:

> All transcripts, documents, lists and other materials exchanged shall be designated as "Highly Confidential – Attorney's Eyes Only" and subject to the Confidentiality Order in place in the In Re Flint Water Cases [DE 998-3]. The transcripts, documents, lists and other materials exchanged shall not be disclosed by anyone to any person or entity not covered by the Court's confidentiality order for "Highly Confidential" materials.

(*Id.* at PageID.28332.)

LAN Defendants rely upon the Confidentiality Order related to the Fifth Amended Case Management Order for the remaining items they seek to have sealed. (*Carthan*, No. 16-10444, ECF No. 1255-3, PageID.39383.) That Order, among other things, limits the parties' ability to disclose any documents designated as Protected Material. (*Id.*)

The Confidentiality Order also addresses motions to seal documents and information designated as Protected Material, where it states:

> This Order does not itself authorize the filing of any documents under seal. Documents may be sealed only if authorized by a separate order of the Court. A party seeking to file under seal any paper or other matter must file and

serve a motion that sets forth: (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. See E.D. Mich. L.R. 5.3.

(*Id.* at PageID.39296–39397.)

In order for the Court to properly evaluate LAN Defendants' requests to seal, they are ordered to supplement their motions with a memorandum of law that sets forth how the *Shane Group* factors apply to the items that LAN seeks to have sealed or whether another party designated the documents as confidential under the Confidentiality Order.[1] (*Carthan*, No. 16-10444, ECF No. 1255-3.)

The Court now orders that the LAN Defendants file their supplemental memorandum in support of their motions to seal no later than **Friday May 14, 2021.**

IT IS SO ORDERED.

Dated: May 12, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY

---

[1] To the extent that the "producing party" (as defined in the Confidentiality Agreement) has not appeared in *Walters*, No. 17-10164, LAN Defendants remain obligated to serve that party's counsel under the terms of the Confidentiality Order. (*See Carthan*, No. 16-10444, ECF No. 1255-3.)

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager