# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.       Judith E. Levy
                                    United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

**ORDER GRANTING IN PART DEFENDANT LAN'S TWO MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [326, 347], GRANTING IN PART VNA'S MOTION TO SEAL PORTIONS OF THEIR MOTION FOR SUMMARY JUDGMENT AND *DAUBERT* FILINGS [329], AND ORDERING SUPPLEMENTAL BRIEFING FROM PLAINTIFFS AS TO CERTAIN ITEMS THEY REQUESTED BE SEALED AND/OR REDACTED**

On May 11, 2021, Defendants LAN and VNA filed motions to seal certain portions of their summary judgment and *Daubert* motions in the Bellwether cases. (ECF Nos. 326, 347 (LAN's two motions); ECF No. 329 (VNA's motion).) Plaintiffs do not object to sealing these documents; in fact, Plaintiffs are the party that designated the documents as

confidential during discovery,[1] and Defendants' motions were made in order to preserve Plaintiffs' claim to confidentiality. (*Id.*)

As background, the parties entered into a Confidentiality Order, which was entered as an attachment to the Fifth Amended Case Management Order ("Fifth CMO"). (*Carthan v. Snyder*, No. 16-10444, ECF No. 1255-3.) That document provides that, when a motion to seal material that is defined in that agreement as "Protected Material" is filed, the parties "will have seven (7) days from the date of the sealing motion is served to file a response." (*Id.* at PageID.39395.)

For the reasons set forth below, LAN and VNA's motions are granted in part, and Plaintiffs are ordered to provide a supplemental brief as to why the Court should seal the remainder of the items, as set forth below.

## I. Legal Standard

---

[1] Except as to one item, which VNA indicates was "obtained pursuant to an investigative subpoena". It is unclear whether Plaintiffs or a third party sought to have that document sealed. (ECF No. 329, PageID.13506.) The Court presumes that VNA gave the designating party notice of its filing, and, to the extent that party is someone other than Plaintiffs, they, too, may file a supplemental brief as set forth herein.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

**II.   Analysis**

The Court finds that, for many of the items that VNA moves to seal, VNA has set forth sufficient reasons to grant its motion. (ECF No. 329.) As to *Shane Group* factors one and two – why the interests in nondisclosure are compelling and why the interests supporting access are less so, *Shane Grp.*, 925 F.3d at 306 – VNA indicates that Plaintiffs deemed some of the information personal and confidential because it contains "medical, personal contact, and other sensitive information" about minor Plaintiffs.[2] (ECF No. 329.) VNA indicates that the Court has granted motions to seal similar information in other Flint Water Cases. (*See Carthan v. Snyder*, No. 16-10444, ECF No. 1395, PageID.54349–52.)

VNA sets forth a chart with a description of the item sought to be redacted or sealed, the page and line numbers where the item is found in VNA's filings, and a description of the confidential nature of the documents. (ECF No. 329, PageID.13501–16.) For those items that are described as "Minors' identifying information and medical information," and "Minors' addresses," the interests in nondisclosure outweigh and the information supporting a seal are less so. The Federal Rules of Civil

---

[2] VNA indicates that it does not concede to any part of Plaintiffs' position that the documents are confidential, and correctly notes that filing items under seal at this stage in the litigation does not establish that those items will be sealed at trial.

Procedure recognize the privacy interests that minor children have in keeping their names and identifying information from being revealed in court documents. Specifically Federal Rule of Civil Procedure 5.2(a) "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains. . . the name of an individual known to be a minor. . . a party or nonparty making the filing may include only, . . . (3) the minor's initials." Additionally, at this stage in the litigation, minor Plaintiffs' medical information need not be made available to the public. Accordingly, the first two *Shane Group* factors are met.

The third *Shane Group* factor—why the seal itself is no broader than necessary—is also satisfied. *Shane Grp.*, 925 F.3d at 306. VNA specifically seals certain lines in their brief, and in only a few instances, entire exhibits. However, the remainder of the briefs and exhibits are unsealed and open to the public. Accordingly, the third *Shane Group* factor is met.

For those items on VNA's chart that are designated as "Minors' identifying information and medical information," and "Minors' addresses" VNA's motion to seal is granted. As to the remaining items, which are designated "Redacted at Plaintiffs' request," the Court orders

5

Plaintiffs to file a response indicating the reasons why they request to seal and/or redact these items under *Shane Group*, if that remains their position.

The Court issued an order for LAN to set forth the reasons they were seeking to have certain material in their brief sealed or redacted or to clarify who was seeking to redact the information in their brief. (ECF No. 350.) In response, LAN indicated that it was Plaintiffs who wished to have the portions of its filing sealed. (ECF NO. 356, PageID.22362.)

Plaintiffs filed a notice that they requested that the material in LAN's brief be sealed because it is "protected health information of Bellwether Plaintiffs." (*Id.* at PageID.22365.) Since LAN provided provisionally-sealed unredacted copies of the information sought to be sealed, the Court has reviewed these items and now knows that most of the items sought to be sealed by LAN consists of private medical information of the Bellwether Plaintiffs, identifying information of minors, and addresses of minor Plaintiffs, all of which is appropriate to redact and/or seal. For the same reasons set forth above as to VNA's motion, the Court finds that the *Shane Group* factors are met as to this information. As to the remainder, the Court orders Plaintiffs to file a

6

short supplemental brief indicating the reasons why they request a seal and/or redaction on these items under *Shane Group*, if that remains their position.

### III. Conclusion

In conclusion, VNA's motion is granted in part (ECF No. 329), and LAN's motions are also granted in part (ECF Nos. 326, 347.)

Plaintiffs may submit a combined supplement as to both VNA and LAN's designated materials, as set forth above. Plaintiffs have 21 days from the date of this Order to submit their supplement.

Eastern District of Michigan Local Rule 5.3(b)(3)(C)(ii) indicates that, once a motion to seal has been granted in whole or in part, the moving party "shall promptly file each document authorized for sealing in lieu of or as an exhibit to the underlying filing." The Court orders that, for docket management and clarity purposes, rather than VNA or LAN doing so at this time, they wait on further order of the Court.

IT IS SO ORDERED.

Dated: May 20, 2021   s/Judith E. Levy
Ann Arbor, Michigan   JUDITH E. LEVY
                      United States District Judge

7

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager