UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases*

No. 5:16-cv-10444

HON. JUDITH E. LEVY

_____

### SUPPLEMENTAL BRIEF OF THIRD-PARTY MICHIGAN DEPARTMENT OF ATTORNEY GENERAL IN SUPPORT OF DEFENDANT VNA'S MOTION TO SEAL

On May 11, 2021, Defendant VNA filed a motion to seal portions of its motion for summary judgment and *Daubert* filings. (ECF No. 329.) One of the documents that VNA sought to file under seal was "Exhibit 63 to VNA's motion for summary judgment: Excerpts of the transcript of the investigative subpoena of B.W." (*Id.* at PageID.13506.) On May 20, 2021, this Court issued an order granting VNA's motion in part and ordering supplemental briefing from Plaintiffs as to why certain items should be sealed. (ECF No. 358.) In its order, this Court also noted that VNA sought to seal an item "which VNA indicates was 'obtained pursuant to an investigative subpoena'" and that it was "unclear whether Plaintiffs or a third party sought to have that document sealed." (*Id.* at PageID.22368.) The Court provided that "to

1

the extent that party is someone other than Plaintiffs, they, too, may file a supplemental brief as set forth herein." (*Id.*)

As the party interested in the document at issue remaining confidential, the criminal side of the of Michigan Department of Attorney's conflict wall ("AG criminal") files this supplemental brief respectfully requesting that this Court grant VNA's motion to seal as to "Exhibit 63 to VNA's motion for summary judgment: Excerpts of the transcript of the investigative subpoena of B.W." (ECF No. 329, PageID.13506.) AG criminal produced the transcript at issue to VNA pursuant to a stipulated order entered by this Court. (*See Carthan v. Snyder*, No. 16-10444, ECF No. 1159.) That order directed AG criminal to produce to the parties, including VNA, investigative subpoena transcripts that AG criminal received from the Office of Special Counsel, including the transcript that VNA now seeks to file under seal. (*Id.* at PageID.28329–28330.) The order provided that the transcripts produced by AG criminal "shall be designated at 'Highly Confidential – Attorney's Eyes Only' and subject to the Confidentiality Order in place in the *In re Flint Water Cases* [DE 998-3]." (*Id.* at PageID.28332.)

2

The Court's Confidentiality Order provides that, before any party may file confidential material with the Court, the party that produced the confidential material must be given an opportunity to file a motion to seal. (*Carthan v. Snyder*, No. 16-10444, ECF No. 998-3, PageID.26006–26008.) Here, while AG criminal was the producing party of the investigative subpoena transcript at issue, VNA itself filed a motion to seal. The Confidentiality Order further provides that, if a producing party files a motion to seal, no public filing of the confidential material is permitted apart from an order of this Court. (*Id.* at PageID.26008.) Finally, the Confidentiality Order provides that a motion to seal must be accompanied by an explanation as to why sealing is warranted. (*Id.* at PageID.26008–26009.)

Consideration of the three factors set forth in *Shane Grp.*—"why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary"—supports the sealing of the investigative subpoena transcript. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016). A compelling interest supports nondisclosure—namely, a statute requiring confidentiality. As

3

recognized in *Shane Grp.*, a statute requiring confidentiality is one of the few compelling interests that warrants nondisclosure to the public. *Id.* at 308 ("'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access.") (quoting *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002)). Such is the case here. Pursuant to Michigan statute, transcripts of investigative subpoena testimony are to remain confidential and are not available for public inspection. Mich. Comp. Laws § 767a.8; see also *Truel v. City of Dearborn*, 291 Mich. App. 125, 131–135 (2010). Accordingly, a compelling interest supports nondisclosure.

The two remaining factors also support sealing the transcript. The interests supporting access to the transcript are not compelling, given that the statute withholds investigative subpoena transcripts from public inspection. And the seal itself—covering only the portions of the transcript attached as an exhibit, rather than the entirety of

4

VNA's motion—is not broader than necessary. Thus, each factor set forth in *Shane Grp.* supports the sealing of the transcript at issue.

Because a compelling interest supports nondisclosure, as required by E.D. Mich. LR 5.3(b)(3)(B)(i) and *Shane Grp.*, AG criminal respectfully requests that this Court grant VNA's motion to seal as to "Exhibit 63 to VNA's motion for summary judgment: Excerpts of the transcript of the investigative subpoena of B.W." (ECF No. 329, PageID.13506.)

DATED: June 10, 2021

Respectfully submitted,

Fadwa Hammoud (P74185)
Solicitor General

*/s/* Gallant Fish
Assistant Attorney General
Michigan Department of Attorney General
G. Mennen Williams Building
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI 48909
(517) 335-7622
FishG2@michigan.gov
P82196

5

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on June 10, 2021, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Gallant Fish
Assistant Attorney General
Michigan Department of
Attorney General
525 W. Ottawa Street
P.O. Box 30212
Lansing, MI 48909
(517) 335-7622
FishG2@michigan.gov
P82196

SG Flint Water Case (civil side)/Supplemental Brief Supporting Motion to Seal 2021.06.10