UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*Walters v. City of Flint* et al.,

No. 5:17-cv-10164

Hon. Judith E. Levy
Mag. Mona K. Majzoub

---

**BELLWETHER PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S MAY 20, 2021 ORDER (ECF DOC. 358) REGARDING THE LAN AND VNA DEFENDANTS' MOTIONS TO SEAL PORTIONS OF THEIR SUMMARY JUDGMENT AND DAUBERT MOTIONS**

---

## INTRODUCTION

Bellwether Plaintiffs ("Plaintiffs") respectfully submit this supplemental brief in response to the Court's May 20, 2021 Order (ECF Doc. 358) regarding the motions to seal filed by Defendants Lockwood, Andrews & Newnam, Inc., Lockwood, Andrews & Newnam, P.C., and Leo A. Daly Company (collectively, "LAN" or "the LAN Defendants") and Veolia North America, Inc., Veolia North America, LLC, Veolia Water North America Operating Services, LLC (collectively "VNA" or "the VNA Defendants").

Regarding the documents that the VNA Defendants moved to seal, Plaintiffs have reviewed the documents and, generally speaking, adhere to their position that those documents contain the protected identifying and medical of minor Plaintiffs. Many documents that were the subject of VNA's motion to seal contain significant

1

amounts of confidential information pertaining to the identity, medical diagnoses, and medical conditions of the minor Bellwether Plaintiffs. Those documents should be sealed, and VNA's motion should be granted.

Candidly, however, a review of other documents the VNA Defendants included in its motion at Plaintiffs' request shows that they do not contain minors' identifying or medical information, or minors' addresses. Those documents can and should be filed without redactions and not under seal.

Additionally, some of the documents VNA moved to seal contain the protected information of minors, but the document as a whole could be filed not under seal. For those documents, Plaintiffs respectfully request two additional weeks to work with VNA to identify appropriate redactions.

As to LAN's motion, Plaintiffs have reviewed the documents and agree with the Court's assessment in its May 20 Order. While LAN's summary judgment motion does contain some Plaintiff identifying and medical information, Plaintiffs acknowledge that LAN's motion to preclude Plaintiffs' expert (ECF Doc. 347; *see also* ECF Doc. 347-1), as well as portions of LAN's summary judgment motion referring to that expert, do not contain protected information and accordingly do not need to be filed under seal or with redactions. To the extent necessary, Plaintiffs respectfully request an opportunity to confer with LAN over the next two weeks to remove any unnecessary redactions.

# ARGUMENT

I. **Some of the documents labeled "Redacted at Plaintiffs' request" actually contain significant amounts of "Minors' identifying information and medical information" and should therefore be filed under seal.**

"There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court considers three factors to determine whether a document or a portion thereof should be filed under seal. *See Shane Grp.*, 925 F.3d at 306 (directing courts to consider "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary").

Plaintiffs agree that the appropriate basis for sealing any of the documents identified is limited to the extent that the documents contain minors' identifying information and medical information. *See* ECF Doc. 358, at 4–5.

A. **VNA's Documents.**

There are about 60 documents the VNA Defendants have designated as "Redacted at Plaintiffs' request." VNA moved to seal each document in full. In other words, no document labeled "Redacted at Plaintiffs' request" was submitted not under seal but with redactions.

3

In Plaintiffs' view, the documents fall into three categories. Some should be sealed in their entirety because they heavily contain minor's identifying and medical information. Some, to be sure, do not contain that kind of information, and should filed without seal and without redaction. And yet another category of documents should be redacted, but do not need to be sealed. For the final category, Plaintiffs respectfully request the Court grant Plaintiffs a brief period of time—two weeks—to work with VNA to designate appropriate redactions.

### 1. The Court should seal some documents in their entirety.

Some of the documents, though labeled by VNA as "Redacted at Plaintiffs' request," actually contain significant amounts of information that is "Minors' identifying information and medical information."

For example, the expert reports of Dr. Mira Krishnan, Dr. William Bithony, Dr. Robert Michaels, Dr. John Gaitanis, and Dr. Steven Putnam all contain significant amounts of minors' identifying information and medical information. Indeed, the vast majority of each witness's report is composed precisely of minor's identifying and medical information. Plaintiffs note that VNA sought to seal the expert report of Brent Finley in its entirety for that reason, and the Court agreed. Accordingly, Plaintiffs respectfully submit that those materials should be sealed in their entirety. Correspondingly, the deposition excerpts of those experts should be sealed in their entirety. Any limited amount of material in those depositions that does

4

not contain the identifying and medical information of minors is heavily outweighed by the confidential material.

In a largely similar vein, Plaintiffs believe that the depositions of the Bellwether Plaintiffs' parents generally contain significant amounts of identifying and medical information about the Bellwether Children, and that therefore those depositions should be sealed in their entirety. While some portions of the testimony may not contain identifying or medical information, they are greatly outweighed by the portions that do contain that information. Plaintiffs respectfully submit that an entire seal of these documents would be "narrowly tailored." E.D. Mich. LR 5.3(b)(2).

### 2. Some documents can and should be unsealed and filed without redactions.

Other documents, however, do not justify sealing or redaction in light of the *Shane Group* factors. For instance, the expert reports of Richard Humann, Dr. Larry Hoagland, Steven Hubbs, Dr. David Duquette, Dr. Graham Gagnon, and Dr. Joseph Graziano—as well as their depositions—do not contain the identifying or medical information of any minor. Plaintiffs believe that these documents can all be filed unredacted and not under seal without delay. *See* E.D. Mich. LR 5.3(b)(3)(B)(i).

### 3. Some documents should be unsealed and filed without redactions.

And there are certainly documents that are somewhere in the middle. For example, the expert report of Dr. Aaron Specht contains several pages of minors' identifying information and medical information. However, it also clearly contains several pages of general information about lead poisoning and bone lead measurement that do not contain any identifying or medical information, as well as several pages of materials Dr. Specht's qualifications and materials he relied upon. Dr. Specht's deposition is similar: It contains some portions which do not contain identifying and medical information, but also some that do.

The expert reports of Dr. Stacey Benson and Dr. Robert McCaffrey are comparable to Dr. Specht's report in this regard. Dr. Douglas Weed's report has fewer identifications of minors or mentions of their medical information, but does contain some information that Plaintiffs believe should be redacted because it contains identifying or medical information of minors. The reports and deposition of Dr. Gary Crakes are likewise somewhere in the middle: Those reports are Plaintiff-specific, and they contain the identifying and medical information of minors; however, Dr. Crake's reports also contain some economic information without identifying or medical information and could certainly be filed unsealed with appropriate redactions. The same is true of the report of Dr. Malcom S. Cohen.

For all these documents, Plaintiffs submit that the most appropriate course of action is to redact the portions that contain protected identifying and medical information of minors, but to file the document in an otherwise unsealed manner. Plaintiffs respectfully request three additional weeks to work with VNA identify appropriate redactions to this class of documents.[1]

### B. LAN's Documents.

LAN submitted redacted versions of the documents it moved to seal (*see* ECF Doc. 326-1; ECF Doc. 347-1). In the Court's May 20, 2021Order (ECF Doc. 358), the Court noted:

> Since LAN provided provisionally-sealed unredacted copies of the information sought to be sealed, the Court has reviewed these items and now knows that most of the items sought to be sealed by LAN consists of private medical information of the Bellwether Plaintiffs, identifying information of minors, and addresses of minor Plaintiffs, all of which is appropriate to redact and/or seal.

ECF Doc. 358, at 6.

Upon a review of the documents LAN identified (*see* ECF Doc. 326-1; ECF Doc. 347-1), Plaintiffs agrees with the Court's assessment. First, upon a review of ECF Doc 347-1, Plaintiffs do not believe any redactions are necessary. Second, upon a review of ECF Doc. 326-1, Plaintiffs believe that the Court was referring to LAN's

---

[1] To the extent the Court disagrees with Plaintiffs regarding the documents Plaintiffs believe should be sealed in their entirety, Plaintiffs respectfully request an opportunity to identify appropriate redactions in those documents as well.

7

therein when it stated that "most of the items sought to be sealed by LAN consists of private medical information of the Bellwether Plaintiffs, identifying information of minors, and addresses of minor Plaintiffs, all of which is appropriate to redact and/or seal."

Accordingly, Plaintiffs believe that some of LAN's redactions are unnecessary, and respectfully request an opportunity over the next two weeks to confer with LAN regarding removing those unnecessary redactions.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court grant them two additional weeks to designate appropriate redactions in the documents VNA moved to seal.

Dated: June 17, 2021

Respectfully submitted,

**LEVY KONIGSBERG LLP**

*/s/ Renner K. Walker*
Renner K. Walker
Corey M. Stern
605 Third Ave., 33rd Fl.
New York, New York 10158
T: (212) 605-6200
rwalker@levylaw.com
cstern@levylaw.com

8

## CERTIFICATE OF SERVICE

I, Renner K. Walker, hereby certify that on June 17, 2021, the foregoing Motion and attached exhibits were served on all counsel of record via the court's ECF system.

/s/ Renner K. Walker
Renner K. Walker
