UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*
Case No. 17-10164

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO STRIKE THE AFFIDAVIT OF RICHARD HUMANN (415)**

Before the Court is the VNA Defendants' motion to strike the affidavit of Richard Humann. (ECF No. 415.) The LAN and LAD Defendants join VNA's motion. (ECF No. 416.)

On October 28, 2021, the Court sent an e-mail to counsel for all parties involved in the pending *Daubert* motions that were set for a hearing on November 2-3, 2021. That e-mail was meant to alert counsel to issues the Court would be focused on during the oral argument on those motions. In part, it asked counsel to consider whether it would be

appropriate to permit one of Plaintiffs' experts, Mr. Humann, to submit a supplemental affidavit to clarify his understanding of the standard of care required of a professional engineer.

The next day, Plaintiffs responded by filing a supplemental affidavit from Mr. Humann. (ECF No. 414.) That affidavit was meant to (1) clarify Mr. Humann's understanding of the applicable standard of care, and (2) clarify Mr. Humann's reasons for the conclusion that VNA knew or should have known of a threat to public health in Flint's water in 2014. (ECF No. 414-1, PageID.31276.) Defendants promptly moved to strike Plaintiffs' supplemental affidavit as an untimely filing under Fed. R. Civ. P. 37(c)(1). (ECF No. 415.)

The Court heard oral argument on the motion to strike on November 2, 2021. For the reasons stated on the record and further elaborated below, Defendants' motion is GRANTED in part and DENIED in part.

I. **Standard**

Federal Rule of Civil Procedure 26(a)(2)(D)(i) requires all expert disclosures to be made no later than 90 days before the date set for trial unless the Court sets forth other deadlines. In any event, Rule 26(a)(2)(E)

2

requires that expert disclosures be supplemented when doing so would be appropriate under Fed. R. Civ. P. 26(e). Rule 26(e) in turn contemplates supplemental disclosures when (1) a party learns that an initial disclosure was incomplete or incorrect, or (2) as ordered by the court. Fed. R. Civ. P. 26(e)(1)(A)-(B).

Federal Rule of Civil Procedure 37(c)(1) governs sanctions for certain noncompliant filings, including a party's failure to timely submit supplemental filings required by Rule 26(e). Unless such a failure is "substantially justified" or "harmless," the Court may order sanctions, including the exclusion of the evidence or any other appropriate sanctions. Fed. R. Civ. P. 37(c)(1)(C). Rule 37(c)(1) does not mandate the total exclusion of evidence filed in violation of the rules. *Roberts ex. rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) (collecting cases).

In applying these rules, district courts retain "broad discretion to supervise discovery." *Brainard v. American Skandia Life Assur. Corp.* 432 F.3d 655, 664 (6th Cir. 2005) (applying rule 26(e)(1)) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

II. **Analysis**

3

As an initial matter, the Court notes that although a case management order currently governs discovery in this case, that order is silent on supplemental expert reports. (*See* Fifth Amended CMO, 5:16-cv-10444, ECF No. 1255, PageID.39331-32.) Moreover, the Court has previously held that the CMO "doesn't apply to supplemental reports." (5:16-cv-10444, ECF No. 1709, PageID.62253.)[1]

Accordingly, the Court looks to the governing Federal Rules of Civil Procedure in considering whether to exercise its discretion to admit the proffered affidavit. Those rules plainly permit (indeed, require) supplementation of an expert report in response to a court order. Fed. R. Civ. P. 26(e)(1)(B). While Plaintiffs' supplemental affidavit was not provided in response to a court order, it was submitted in direct response to an inquiry by the Court. Moreover, in considering the parties' *Daubert* briefing, the Court determined it would benefit from clarification on the points addressed in the supplemental affidavit. Accordingly, the Court construes Plaintiffs' supplemental affidavit as a supplemental filing under Fed. R. Civ. P. 26(e)(1)(B). So construed, the filing does not violate

---

[1] Defendants cite to cases affirming the striking of filings not contemplated in a governing CMO (ECF No. 415, PageID.31353.) That law establishes that the Court has the discretion to strike such filings; it does not show that the Court must exercise that discretion.

4

the provisions of Rule 26. Accordingly, it does not fall within the ambit of Rule 37(c)(1), which deals with noncompliant or late filings.

Nevertheless, Defendants reasonably point out that permitting Plaintiffs to cure deficiencies in their expert's report or testimony by supplemental affidavit could be prejudicial. That is especially true when a supplemental filing seeks to add a new basis for the opinions originally provided. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (requiring the initial expert report to contain "all the opinions the witness will express and the basis and reasons for them"). Paragraphs 15, 16, 17, 18, and 20 of the supplemental affidavit rely on the depositions of witnesses Mr. Humann had not previously considered. (*See* ECF No. 330-26.) Because Mr. Humann had ample opportunity to review those depositions prior to filing his initial report, these paragraphs are stricken.

The remainder of Mr. Humann's affidavit relies only on sources already listed in his report and deposition. Its primary purpose is to clarify what was already implicit in earlier testimony, in response to the Court's request for clarification. (ECF No. 414-1, PageID.31276). Nothing in what remains of the affidavit in any way contradicts the conclusions

5

Mr. Humann draws in his report. For these reasons the Court declines to strike the remainder of Mr. Humann's affidavit.[2]

As noted on the record during oral argument on this motion, the Court will consider a request from Defendants to re-depose Mr. Humann based on the additional testimony contained in his supplemental affidavit. Such a request must be filed by November 9, 2021. Plaintiffs' response will be due by November 16, 2021.

## III. Conclusion

For the reasons set forth on the record and supplemented above, the Court GRANTS in part and DENIES in part the Defendant's motion to strike. Paragraphs 15, 16, 17, 18, and 20 are stricken, and the remainder of the affidavit is admitted.

IT IS SO ORDERED.

Dated: November 4, 2021      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

---

[2] Even if, as Defendants contend, Rule 37(c)(1) did govern the disposition of this motion, it would be within the Court's discretion to exclude only contradictory evidence and admit supplemental evidence consistent with the report. *See Roberts ex rel. Johnson*, 325 F.3d at 784 (affirming sanction under 37(c)(1) that excluded only contradictory evidence) (citing the advisory committee's note to rule 37(c)(1), which specifically lists "preventing contradictory evidence" as an alternative sanction).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2021.

s/William Barkholz<br>
WILLIAM BARKHOLZ<br>
Case Manager