# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| | |
| This Document Relates To: | Case No. 5:17-cv-11166-JEL-MKM |
| *Gaddy et al. v. Flint et al.* | Case No. 5:17-cv-11165-JEL-MKM |
| *Meeks et al. v. Flint et al.* | |

---

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE, TESTIMONY, OR REFERENCE TO CONVICTIONS, INDICTMENTS, OR CHARGES OF CITY OF FLINT AND/OR STATE OF MICHIGAN OFFICIALS OR EMPLOYEES**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court admit evidence and argument regarding the criminal charges pending against nine former City of Flint and State of Michigan officials if the officials testify at trial because the criminal charges are evidence of bias?

    **VNA answers:**  "Yes."

    **Plaintiffs answer:**  "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Majestic v. Louisville & N.R. Co.*, 147 F.2d 621 (6th Cir. 1945)

*NLRB v. Jacob E. Decker & Sons*, 569 F.2d 357 (6th Cir. 1978)

*United States v. Abel*, 469 U.S. 45 (1984)

*United States v. Musgrave*, 483 F.2d 327 (5th Cir. 1973)

*United States v. Robinson*, 530 F.2d 1076 (D.C. Cir. 1976)

Fed. R. Evid. 401

Fed. R. Evid. 402

McCormick on Evidence § 39 (8th ed. 2020)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................2

LEGAL STANDARD ........................................................................................6

ARGUMENT .....................................................................................................7

If Indicted State Or City Officials Testify At Trial, The Court Should Admit
Evidence Of The Officials' Pending Criminal Charges Because The Charges
Are Evidence Of The Witnesses' Bias .............................................................7

    A.   The Pending Criminal Charges Are Highly Relevant .............................8

    B.   The Pending Criminal Charges Are Not Substantially More
        Prejudicial Than Probative .....................................................................13

    C.   The Pending Criminal Charges Are Not Hearsay .................................14

    D.   Federal Rule Of Evidence 609 Is Inapplicable Here..............................15

CONCLUSION .................................................................................................17

## INTRODUCTION

While Governor Rick Snyder was in office, seven former officials of the State of Michigan and City of Flint pleaded "no contest" to criminal charges arising out of the Flint water crisis.  Since Governor Gretchen Whitmer took office, nine more former city and state officials have been indicted, and those criminal charges remain pending.  Plaintiffs now seek to exclude evidence of the no-contest pleas and the pending charges, even though some of the former officials are expected to testify at the bellwether trial while under the cloud of indictment.

VNA does not seek to introduce evidence of the no-contest pleas to show that the officials who entered the pleas committed the charged crimes.  But if any official with pending criminal charges testifies at trial, VNA would like to introduce that official's indictment into evidence to show that the person has a strong incentive to alter his or her testimony to shift the blame for the Flint water crisis.

As the Supreme Court has explained, a "witness's self-interest" is indicative of bias, and evidence of bias is admissible because "the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."  *United States v. Abel*, 469 U.S. 45, 52 (1984).  If any official under indictment testifies, his or her indictment is relevant and highly probative of potential bias.  Further, the evidence is not hearsay, because the indictment is offered to show bias (the indictment's effect

1

on the testifying official) rather than its truth.  Regardless of whether the official committed the charged crimes, he or she has the same incentive to make it appear that someone else—such as VNA—caused the water crisis.  Further, because VNA seeks to introduce the indictment to show the witness's bias, and is not seeking to introduce a conviction to show the witness's propensity for truthfulness, Rule 609 is inapplicable.

The Court should deny Plaintiffs' motion and hold that if any official who is under indictment testifies at trial, VNA may introduce evidence of the official's pending charges to demonstrate that person's bias.

## BACKGROUND

Michigan has spent years investigating city and state officials for possible criminal conduct that contributed to the Flint water crisis.  While Governor Snyder was in office, fifteen individuals were charged with crimes arising out of the water crisis.  Paul Egan, *These Are the 15 People Criminally Charged in the Flint Water Crisis*, Detroit Free Press (June 14, 2017), https://bit.ly/3JfJ6Iy.  Seven of those individuals entered no-contest pleas to misdemeanors; none of them received a prison sentence.  *See* Steve Carmody, *Case Dismissed Against Last Flint Water Crisis Defendant*, Mich. Pub. Radio (Jan. 8, 2020), https://bit.ly/3pgjhzX.  In fact, the court dismissed all charges against six of the seven individuals who entered no-

contest pleas, resulting in only one conviction with a sentence of probation.  Here is

what happened to each of the seven officials who entered no-contest pleas:

- Michael Prysby, a former Michigan Department of Environmental Quality (MDEQ) employee, pleaded no contest to a misdemeanor violation of the Safe Drinking Water Act.  *See* Beth LeBlanc, *State Officials Plead No Contest in Flint Crisis*, Detroit News (Dec. 26, 2018) (LeBlanc), https://bit.ly/3pgpVX2.  That charge was later dismissed pursuant to his plea agreement.  *See* Zahra Ahmad, *Former State Officials Charged in Flint Water Crisis Have Criminal Cases Dismissed*, mLive (Dec. 18, 2019) (Ahmad), https://bit.ly/33EJeks.

- Stephen Busch, a former MDEQ employee, pleaded no contest to disturbance of a lawful meeting.  *See* LeBlanc.  That charge was later dismissed pursuant to his plea agreement.  *See* Ahmad.

- Adam Rosenthal, a MDEQ employee, pleaded no contest to a public-records charge.  *See* Ron Fonger, *Fourth Flint Water Defendant Takes Misdemeanor Plea Deal With Prosecutors*, mLive (Dec. 20, 2017), https://bit.ly/3Ek8N7c.  That charge was later dismissed pursuant to his plea agreement.  *See* Ron Fonger, *Flint Water Charge Dismissed Against DEQ Analyst Who Took Plea Deal*, mLive (Sept. 27, 2018), https://bit.ly/3JbHzD8.

- Daugherty Johnson, Flint's former utilities director, pleaded no contest to a public-records charge.  *See* Paul Egan, *Water Crisis Charges Dismissed Against Former Flint Utilities Director*, Detroit Free Press (Nov. 30, 2018), https://bit.ly/3yQPvoB.  That charge was later dismissed pursuant to his plea agreement.  *Id.*

- Michael Glasgow, the former water treatment plant operator, pleaded no contest to willful neglect of duty.  *See* Ralph Ellis & Kristina Sgueglia, *Flint City Employee Reaches Plea Agreement in Water Crisis Investigation*, CNN (May 4, 2016), https://cnn.it/3ed8BMa.  That charge was later dismissed pursuant to his plea agreement. *See* Leonard N. Fleming, *Charges Dismissed Against Flint Water Official*, Detroit News (May 4, 2017), https://bit.ly/3H2I3K1.

- Liane Shekter Smith, former chief of the Office of Drinking Water and Municipal Assistance at the MDEQ, pleaded no contest to

3

misdemeanor disturbance of a lawful meeting.  *See* Ron Fonger, *Case Closed, But Flint Water Defendant Could Return as Witness, State Prosecutor Says*, mLive (Jan. 8, 2020), https://bit.ly/3pjUM5i.  That charge was later dismissed pursuant to her plea agreement.  *Id.*

- Corinne Miller, the former Director of the Michigan Bureau of Disease Control, Prevention, and Epidemiology and State Epidemiologist, pleaded no contest to neglect of duty.  *See* Elisha Anderson, *State Official Pleads to Misdemeanor Charge in Flint Water Probe*, Detroit Free Press (Sept. 14, 2016), https://bit.ly/3mow1mz.  Miller is the only individual who was convicted and sentenced based on her plea.  *See* Steve Carmody, *Former State Epidemiologist Sentenced in Flint Water Crisis Criminal Probe*, Mich. Pub. Radio (Mar. 13, 2017), https://bit.ly/3H4woKY.

After Governor Whitmer took office in 2019, a new criminal investigation into the water crisis began and continues today.  Solicitor General Fadwa Hammoud and Wayne County Prosecutor Kym L. Worthy are leading the effort.  *See* Press Release, Mich. Dep't of Attorney General, *Flint Water Prosecution Team Expands Investigation Based on New Evidence, Dismisses Cases Brought by Former Special Counsel* (June 13, 2019) (Press Release), https://bit.ly/3qiA5FP.  Ms. Hammoud and Ms. Worthy dismissed without prejudice the pending charges against the eight remaining individuals who had been indicted during the Snyder administration, so that prosecutors could bring charges based on the new investigation.  *Id.*  They also expressed frustration with the plea deals negotiated by past prosecutors, which have allowed the former officials to avoid serious penalties.  *See* Steve Carmody, *Flint*

*Water Crisis Prosecutors Meet with Frustrated City Residents*, Mich. Pub. Radio (June 28, 2019), https://bit.ly/3FzR8cW.[1]

To date, Ms. Hammoud and Ms. Worthy have charged nine officials, six for the second time. A list of the charged officials follows, with an asterisk noting the individuals who were defendants in the Flint Water Cases and who joined the global settlement with the class and individual Plaintiffs. *See* Opinion & Order Granting Preliminary Approval of Settlement 4, No. 16-cv-10444 ECF No. 1399, PageID.54401 (listing settling defendants).

- Former Governor Rick Snyder* has been charged with two misdemeanor counts of willful neglect of duty. *See* Ex. 2, Indictment of Richard Dale Snyder.

- Former Health Director Nick Lyon* has been charged with nine felony counts of involuntary manslaughter and one misdemeanor count of willful neglect of duty. *See* Ex. 3, Indictment of Nicolas Lyon.

- Former Michigan Chief Medical Executive Dr. Eden Wells* has been charged with nine felony counts of involuntary manslaughter, two counts of felony misconduct in office, and one misdemeanor count of willful neglect of duty. *See* Ex. 4, Indictment of Eden Wells.

- Richard Baird, a senior advisor to Governor Snyder, has been charged with one count of felony perjury, one count of felony misconduct in office, one count of felony obstruction of justice, and one count of felony extortion. *See* Ex. 5, Indictment of Richard Louis Baird.

---

[1]   Some of the plea agreements provide that the officials will not face additional state criminal charges for the water crisis. At this point, Michigan's six-year statute of limitations for misdemeanors also precludes state prosecution for other non-felony offenses. *See* Mich. Comp. Laws § 767.24(10).

- Jarrod Agen, Governor Snyder's communications director, has been charged with one count of felony perjury. *See* Ex. 6, Indictment of Jarrod Peter Agen.

- Darnell Earley,* a former Flint emergency manager, has been charged with two counts of felony misconduct in office. *See* Ex. 7, Indictment of Darnell Earley.

- Gerald Ambrose,* another former Flint emergency manager, has been charged with three counts of felony misconduct in office. *See* Ex. 8, Indictment of Gerald Ambrose.

- Howard Croft,* Flint's former Director of Public Works, has been charged with two misdemeanor counts of willful neglect of duty. *See* Ex. 9, Indictment of Howard Croft.

- Nancy Peeler,* the former manager for the early childhood section within Michigan's Department of Health and Human Services, has been charged with two counts of felony misconduct in office and one count of misdemeanor willful neglect of duty. *See* Ex. 10, Indictment of Nancy Peeler.

All of those officials have pleaded not guilty. *See* Sarah Childress & Abby Ellis, *Nine Former Michigan Officials, Including Ex-Gov. Rick Snyder, Charged in Flint Water Crisis*, Frontline (Jan. 14, 2021), https://to.pbs.org/3ecqJpJ. Of those officials, Nick Lyon, Eden Wells, Darnell Earley, Gerald Ambrose, Howard Croft, and Nancy Peeler are now facing prosecution for a second time. *See* Press Release.

## LEGAL STANDARD

Relevant evidence is generally admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. District courts should "grant a motion to exclude evidence *in*

6

*limine* 'only when [that] evidence is clearly inadmissible on all potential grounds.'"

*Lefebvre v. Citizens Ins. Co. of the Midwest*, No. 14-cv-13312, 2015 WL 6694030,

at *1 (E.D. Mich. Nov. 3, 2015) (quoting *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp.

2d 844, 846 (N.D. Ohio 2004)).

## ARGUMENT

**If Indicted State Or City Officials Testify At Trial, The Court Should Admit Evidence Of The Officials' Pending Criminal Charges Because The Charges Are Evidence Of The Witnesses' Bias**

At this point, VNA does not intend to introduce evidence of the no-contest

pleas made by the seven former officials during the Snyder administration in order

to show that the officials committed the crimes to which they pleaded no contest.[2]

But VNA does intend to introduce evidence about the pending charges against the

nine former officials charged by the Whitmer administration.  Each still faces the

imminent possibility of criminal sanctions, each has pleaded not guilty, and each has

a significant personal interest in testifying that someone else is responsible for the

Flint water crisis.  The jury should have the opportunity to evaluate the officials'

bias and motivation to alter their testimony as it weighs the officials' credibility.

Evidence of the officials' pending criminal charges is thus highly relevant, is more

---

[2]   If the evidence at trial shows that the charges against the seven officials or the officials' no-contest pleas are admissible for some other purpose, VNA may seek to introduce the charges or pleas for that purpose.  The Court should rule on those questions of admissibility if and when they occur at trial.

probative than prejudicial, and is not hearsay.  Further, Plaintiffs are wrong to say that Rule 609 bars use of this evidence to show bias.

### A.    The Pending Criminal Charges Are Highly Relevant

It is black-letter law that the Federal Rules of Evidence permit a party "to impeach a witness by showing his bias." *Abel*, 469 U.S. at 51.  That is because bias evidence is highly relevant:  "A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony." *Id.*  Indeed, because "evidence showing the 'emotional partiality' of a witness 'is always significant in assessing credibility,'" the trier of fact "'must be sufficiently informed of the underlying relationships, circumstances and influences operating on the witness so that, in light of his experience, he can determine whether a mutation in testimony could reasonably be expected as a probable human reaction.'" *United States v. Robinson*, 530 F.2d 1076, 1079 (D.C. Cir. 1976) (quoting 3A Wigmore, *Evidence* § 948 (1972)).

The Supreme Court has made clear that "[t]he partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska*, 415 U.S. 308, 316 (1974) (internal quotation marks omitted).

Because a witness's possible biases are highly relevant, courts are "very liberal in accepting testimony relevant to a showing of bias." *Robinson*, 530 F.2d at 1079 (quoting 3A Wigmore, *Evidence* § 948); *see McCormick on Evidence* § 39 (8th ed. 2020) ("[T]he courts generally tend to permit the impeachment whenever the underlying facts 'support a reasonable inference of bias that relates to a witness's credibility.'" (citation omitted)).

Bias evidence may take a variety of forms. As the Sixth Circuit has explained, "Extrinsic testimony, or that elicited by cross examination to show the bias or interest of a witness in a cause, covers a wide range and the field of external circumstances from which probable bias or interest may be inferred is infinite. The rule encompasses all facts and circumstances which, when tested by human experience, tend to show that a witness may shade his testimony for the purpose of helping to establish one side of a cause only." *Majestic v. Louisville & N.R. Co.*, 147 F.2d 621, 627 (6th Cir. 1945) (citation omitted).

Courts have recognized that evidence of bias may include evidence that the witness has been indicted. For instance, although "the mere fact of an arrest or indictment of a witness is not normally admissible for impeachment purposes," that analysis changes when "the evidence of an arrest or accusation arises out of the transaction from which the trial arose." *United States v. Musgrave*, 483 F.2d 327, 338 (5th Cir. 1973). At that point, because the witness has a competing interest in

9

not being blamed for the events at issue, the witness's indictment "is admissible to show interest or bias on the part of the witness." *Id.*; *see McCormick on Evidence* § 39 ("Partiality may be established by evidence of the witness's situation, making it 'a priori' probable that he has some partiality of emotion for one party's cause."). Multiple courts have agreed that a pending indictment can provide witnesses with a powerful incentive to alter their testimony. *See NLRB v. Jacob E. Decker & Sons*, 569 F.2d 357, 364 n.7 (6th Cir. 1978) ("Under appropriate circumstances an . . . indictment may be introduced to show the bias of the witness."); *United States v. Maynard,* 476 F.2d 1170, 1174 (D.C. Cir. 1973) ("the pendency of an indictment against a witness" may "produce[] a discernable motivation to falsify testimony").

The indictments at issue here are evidence of bias.  The nine city and state officials indicted during the Whitmer administration face criminal penalties for the very events at issue in the bellwether trial—the actions that led to the Flint water crisis.  Several of the officials face serious felony changes, which could result in significant jail time.  The indicted officials therefore are highly motivated to portray anyone but themselves as the true culprit, as VNA explained in its opening and reply briefs in support of its motion for summary judgment.  *See* Br. in Supp. of VNA Mot. for Summ. J. 67, ECF No. 331, PageID.16809; Reply Br. in Supp. of VNA Mot. for Summ. J. 72, ECF No. 389, PageID.29918.

In fact, the officials already have provided deposition testimony pointing the finger at VNA.  For instance, during Gerald Ambrose's deposition, he was asked what he "hypothetically" would have done if a VNA executive had "said to [him], Jerry, I know you've paid us 40 grand, [and] I understand what we were hired to do," but "you are better served to go back to Detroit [water]."  Ex. 11, Ambrose Dep. 473:12-474:19.  Mr. Ambrose replied that he "would have had to . . . take that seriously" and "we would have had to look at how to achieve that."  *Id*.  Similarly, Flint utilities administrator Howard Croft testified that he "would have recommended that the city switch back to the Detroit water source" if only VNA had made the health and safety risks of using Flint water clearer.  Ex. 12, Croft Dep. 403:9-14.  And former Governor Snyder has testified that if VNA had advised him to switch Flint back to Detroit water, he would have "listened," Ex. 13, Snyder Dep. 358:16-23, and "considered taking action," *id.* at 357:21-358:1.

VNA has separately argued that city and state officials should not be allowed to testify about what they would have done in a hypothetical situation.  *See* Br. in Supp. of VNA Mot. to Exclude Hypothetical Questions, ECF No. 497, PageID.37280-37302.  But regardless of whether the Court permits that testimony, the Court should allow VNA to use the indictments to show bias.  The jury should have the complete picture when it evaluates the credibility of the officials'

11

testimony, and that includes understanding that those officials face serious repercussions if they are found responsible for the water crisis.

Plaintiffs contend that "any evidence of [the officials'] criminal charges . . . is irrelevant." Br. in Supp. of Pls. Mot. to Exclude Evidence of Criminal Charges (Pls. Br.) 13, ECF No. 507, PageID.37780. That is mistaken. Plaintiffs rely on a single decision—*Cook v. Greenleaf Township*, No. 16-cv-14060, 2018 WL 8803937 (E.D. Mich. Dec. 10, 2018)—that does not support their argument. In *Cook*, the defendants in a civil suit sought to introduce evidence that they were *not* criminally charged for the incident that gave rise to the suit. *Id*. at *2-3. In excluding the evidence, Judge Goldsmith stated that "[a] failure to file criminal charges, much like an acquittal in a criminal case, has no probative value in a civil case involving the same event." *Id*. That makes sense, because a prosecutor's decision not to bring criminal charges against an individual is not proof that the individual is innocent. But that is not the situation here: VNA seeks to introduce evidence that charges *were* filed in order to show the effect those charges have on the witness's testimony. VNA is not offering the indictments for their truth, but to show that the indictments incentivize the former city and state officials to point the finger at someone else (regardless of whether they are guilty or innocent).

Because the "[b]ias of a witness is always relevant," *United Sates v. Anderson*, 881 F.2d 1128, 1136 (D.C. Cir. 1989) (citation omitted), the Court should allow the

12

jury to evaluate the indicted officials' testimony in light of the serious criminal sanctions that they face for the Flint water crisis.

### B.   The Pending Criminal Charges Are Not Substantially More Prejudicial Than Probative

Plaintiffs also contend that the indictments are inadmissible under Rule 403, which states that a court "may exclude relevant evidence only if 'its probative value is substantially outweighed by a danger of . . . unfair prejudice.'" *United States v. Hazelwood*, 979 F.3d 398, 411-12 (6th Cir. 2020) (quoting Fed. R. Evid. 403); *see* Pls. Br. 13-14, PageID.37780-37781.  They are mistaken.

The Sixth Circuit has made clear that the Rule 403 "[t]est is strongly weighted toward admission" of evidence.  *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018).  The "unfair prejudice" that Rule 403 is designed to prevent "mean[s] the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a [party's] case that results from legitimate probative force of the evidence." *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999).  In fact, "relevant evidence is inherently prejudicial." *United States v. Mills*, 704 F.2d 1553, 1559-60 (11th Cir. 1983).  Thus, the "major function [of Rule 403] is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id*.

Evidence that the indicted former officials may have a motive to distort their testimony to make VNA look more culpable is extremely probative and crucial to

13

the jury's ability to weigh the witnesses' credibility.  Any prejudice to Plaintiffs from this evidence is not unfair at all, because its purpose is not to encourage the jury to decide the case on an improper basis.  Rather, evaluating the effect of the indictments is part and parcel of the jury's task, because juries have "historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."  *Abel*, 469 U.S. at 52.  The officials' indictments are therefore not inadmissible under Rule 403.

### C.    The Pending Criminal Charges Are Not Hearsay

Plaintiffs argue that the officials' indictments are inadmissible hearsay, but they are wrong.  Pls. Br. 9-12, PageID.37776-37779.

Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c)(2).  Here, VNA does not offer the officials' indictments to show the truth of the matters asserted in those indictments— *i.e.*, that the officials committed the alleged crimes.  Instead, VNA offers the indictments to show the officials' bias.  The officials have a motive to change their testimony to make others look responsible for the water crisis because, given the indictments, the officials face possible criminal sanctions for the conduct that gave rise to Plaintiffs' alleged injuries.  This motive exists regardless of whether the officials are guilty; as long as the indictments remain outstanding, the officials will

14

be subject to the all-too-human fear that they will be convicted and sentenced for what happened in Flint.

The indictments therefore are not hearsay because they are being offered to show the effect the indictments have had on the officials. *See, e.g.*, *United States v. Gentle*, 361 F. App'x 575, 580 (5th Cir. 2010) ("showing bias" is "an impeachment method *which is not hearsay*"); *EEOC v. Performance Food Grp., Inc.*, No. 13-cv-1712, 2020 WL 1287974, at *3 (D. Md. Mar. 18, 2020) (admitting statements "offered to show bias" because they were not offered for the truth of the matter asserted); *Flynn v. Mid-Atl. Maritime Acad., LLC*, No. 18-cv-0502, 2020 WL 247488, at *2 (E.D. Va. Jan. 16, 2020) (same).

### D. Federal Rule Of Evidence 609 Is Inapplicable Here

Finally, Plaintiffs argue that the indictments are not admissible under Rule 609. *See* Pls. Br. 12, 15-16, PageID.37779, 37782-37783. That argument is beside the point, because bias evidence is addressed under Rule 402, not Rule 609.

Rule 609 describes how certain types of convictions may be admitted "to attack[] a witness's character for truthfulness." Fed. R. Evid. 609(a). Plaintiffs note that indictments are not convictions and therefore do not fall under Rule 609's purview. *See* Pls. Br. 15-16, PageID.37782-37783. VNA agrees—Rule 609 does not provide a basis for admitting the indictments. But (as explained above) Rule 402 does. And VNA is not trying to use the indictments for the purpose addressed by

Rule 609—to show that a witness has a propensity to lie.  Instead, VNA is trying to show that the witness is biased, in that he or she has a strong motivation to alter his or her testimony about the water crisis to make it appear that anyone else is responsible for what happened in Flint.  Plaintiffs' argument fails to "recognize the difference between bias and a character for truthfulness or mendacity."  *In re Davol, Inc./C.R. Bard, Inc., Polyprophylene Hernia Mesh Prods. Prods. Liab. Litig.*, No. 18-md-2846, 2021 WL 5881775, at *3 (S.D. Ohio Dec. 13, 2021).  Because VNA seeks to use the indictments only so the jury can consider the witnesses' bias, the indictments are relevant evidence that is admissible under Rule 402.  *See Abel*, 469 U.S. at 50-51 (explaining that evidence of a witness's bias is relevant because it has "a tendency to make the facts to which [the witness] testified less probable in the eyes of the jury").

Plaintiffs' cited cases are inapposite because none addresses introducing an indictment to show a witness's bias.  *See* Pls. Br. 15-16, PageID.37782-37783.  In *Pearson v. United States*, 192 F.2d 681 (6th Cir. 1951), a prosecutor questioned a criminal defendant about an indictment that was later dismissed and that arose out of a completely separate incident.  *Id*. at 698-99.  Because there was no appropriate justification for this line of questioning—it demonstrated only that the defendant had gotten in trouble with the law once in the past—the court concluded that questions about a wholly irrelevant and dismissed indictment were "prejudicial to the right of

the defendant to a fair trial." *Id*. In *United States v. Chance*, 306 F.3d 356 (6th Cir. 2002), the Sixth Circuit *upheld* the trial court's decision to allow a prosecutor to inquire about an indictment because the defendant admitted that the facts underlying the indictment were true. *Id*. at 387 (explaining that, because the defendant "admitted that the facts underlying the indictment were true," "the typical reason for excluding indictment evidence (the indictment is only an accusation, not fact) is not implicated"). And *United States v. Soler-Norona*, No. 08-cr-20669-4 & No. 13-cv-14343, 2014 WL 3689644 (E.D. Mich. July 23, 2014), is an ineffective-assistance-of-counsel case, in which the court held that the defendant's counsel had otherwise adequately shown that the government's witnesses were "self-interested and therefore untrustworthy" without introducing an indictment in another state that was unrelated to the matter at hand. *Id*. at *5.

In sum, Plaintiffs' arguments regarding Rule 609 are irrelevant. The indictments are admissible as evidence of bias under Rule 402.

## CONCLUSION

The Court should deny Plaintiffs' motion and make clear that if any indicted official who still faces the possibility of criminal punishment testifies at trial, VNA may introduce evidence of the official's pending charges to demonstrate the official's bias.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

**BUSH SEYFERTH PLLC**

By: */s/ James M. Campbell*
James M. Campbell
Alaina M. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

By: */s/ Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road,
Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  December 28, 2021

18

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   _/s/ James M. Campbell_
      James M. Campbell
      jmcampbell@campbell-trial-lawyers.com