UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*Walters v. City of Flint* et al.     No. 5:17-cv-10164

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

_____

**PLAINTIFFS' OPPOSITION TO THE LAN DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE HOWARD CROFT'S SEPTEMBER 3, 2015 EMAIL FROM EVIDENCE**

**INTRODUCTION**

Defendants Lockwood, Andrews & Newnam, P.C., Lockwood, Andrews & Newnam, Inc., and Leo A. Daly Company (collectively, "the LAN Defendants" or "LAN") seek to exclude from evidence a September 3, 2015 email written by Howard Croft.

The LAN Defendants argue that the Croft email is unreliable because it was drafted after the events it describes. But LAN ignores that Croft was the City of Flint Director of Public Works at the time he authored the email, and that he held the same position at all relevant times, including the period of time addressed in the email. LAN simply does not like Croft's conclusions, so it seeks to place the email (a square beg), into a pre-trial *In Limine* category (a round hole).

*In Limine* motions are not intended for this purpose. Trials are. Testimony is. Cross examination is. Eliciting evidence is. Persuading a jury is. These are the appropriate mechanisms available for addressing issues of time and space, in connection with memories and the memorialization of recollections.

Croft's email, his remembrance of the events leading to, during and subsequent to the water crisis, and the accuracy of his account are all relevant, and subject to cross-examination. It is LAN and VNA that have blamed the City of Flint for the Crisis. *See* LAN's Amended Master Notice of Nonparties at Fault (ECF No. 380), at 2–90; *see also* VNA's Notice of Nonparties at Fault (ECF No. 324), at 66–212. Indeed, they have particularly pointed to Croft as a culpable party. *See* LAN's Amended Master Notice of Nonparties at Fault (ECF No. 380), at 86–88; VNA's Notice of Nonparties at Fault (ECF No. 324), at 203–06. Ironically, LAN and VNA—the technical consultants blaming Croft and the City for the Water Crisis (because of technical decisions they made)—acknowledge he lacked technical experience in in an effort to persuade the Court to exclude the email:

> Q. Given your lack of a technical background, isn't it also possible that there were discussions regarding technical issues, such as use of the orthophosphates or something like that you may have heard but didn't understand the significance of at the time, and if so you didn't recall it because you don't have [a] technical background?

Nonetheless, this is another example of LAN blaming someone else for its failure, while simultaneously attempting to mute that someone, in an effort to

prevent that someone from defending themselves from false and misleading attacks. LAN and VNA were the experts, hired by non-technical officials, and both could have prevented the crisis. LAN wants to blame Croft, while simultaneously muzzling him, like a dog.

Plaintiffs have every right to examine those defenses before the jury.

## ARGUMENT

"The court has the power to exclude evidence in limine *only* when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (emphasis added); *see also Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that a motion *In Limine* is appropriate when it can "eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose").

"Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "[W]ithout the context of trial," the court may be "unable to determine whether the evidence in question should be excluded." *Id.*; *see also Jonasson*, 115 F.3d at 440 ("Some evidentiary submissions . . . cannot be evaluated accurately or sufficiently by the trial judge in such a [pretrial] procedural environment. In these instances, it is

3

necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury"). Courts are "almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).[1]

Here, context would be highly important, and so the better approach is to deny the Motion *In Limine*, and LAN (and VNA for that matter) can seek to exclude any evidence it deems improper as the evidence is proffered. Consider: LAN has sought exclusion of an email solely on hearsay grounds, but not challenged its relevance *at all*. What's more, the Sixth Circuit has made clear that an email might or might not be a business record under Rule 803(6), depending on the facts. *See United States v. Daneshvar*, 925 F.3d 766, 777 (6th Cir. 2019). If Croft is questioned about the September 3, 2015 email, the parties can *voir dire* the witness to determine whether the foundational requirements of Rule 803(6) can be met.

As for the asserted hearsay within hearsay, LAN ignores that a statement is not hearsay when offered to prove something other than the matter asserted—notice

---

[1] This approach is consistent with the Sixth Circuit's recognition that an order on a motion *In Limine* is no more than "a preliminary, or advisory, opinion." *See United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Consequently, an *In Limine* ruling is subject to change throughout trial, even if there is no change in circumstances, such that a party will have to continue to make objections even after the Court's decision on the motion. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Luce v. United States*, 469 U.S. 38, 41 (1984) ("Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

or knowledge, for example. *See United States v. Boyd*, 640 F.3d 657, 664 (6th Cir. 2011). Here, the statement from Glasgow helps show that LAN (as well as the City and State Defendants they blame) had knowledge of potential lead issues at around the time of the switch.

Plaintiffs add that it is LAN and VNA who are most likely to call Croft (or others involved in this email, like Michael Glasgow). The circumstances surrounding Flint's water switch are highly relevant. But Croft will be subject to cross-examination, and that cross-examination will be justifiably geared to probing the full extent of LAN's involvement at the time of the switch. There are thus purposes (which LAN did not consider or discuss in its motion) under which use of the September 3, 2015 email would be permissible. For example, if Croft testifies inconsistently with the email, it would be fair to impeach him with it. *See Adams v. Holland*, 168 Fed. Appx. 17, 19 (6th Cir. 2005).

Under these circumstances, the motion should be denied.

## **CONCLUSION**

Therefore, Plaintiffs respectfully request that the Court deny the LAN Defendants' Motion *In Limine*.

Dated: December 28, 2021

                                        Respectfully submitted,

                                        /s/ Corey M. Stern
                                        Corey M. Stern
                                        Renner Walker
                                        LEVY KONIGSBERG LLP
                                        605 Third Ave., 33rd Fl.
                                        New York, New York 10158
                                        (212) 605-6200
                                        cstern@levylaw.com
                                        rwalker@levylaw.com

## CERTIFICATE OF SERVICE

I, Renner K. Walker, hereby certify that on December 28, 2021, the foregoing brief was served on all counsel of record via the Court's ECF filing system.

/s/ Renner K. Walker
Renner K. Walker
