## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*Walters v. City of Flint* et al.                    No. 5:17-cv-10164

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

_____

## BELLWETHER PLAINTIFFS' OPPOSITION TO THE VNA DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY FROM NON-RETAINED EXPERTS

## INTRODUCTION

As this Court clearly ruled in response to the defendants' objections to Plaintiffs calling Edward Hoffman, M.D. as an expert witness in their case-in-chief, the time for designating experts and serving Rule 26 disclosure for their opinions has passed. In that regard, to the extent VNA argues in the instant motion that opinion testimony should be precluded at trial from experts for whom proper and timely disclosure was not made, Plaintiffs agree. We fear, however, that VNA envisions an uneven playing field; with one set of rules for Plaintiffs (precluding testimony/evidence as per the instant Motion *In Limine*), but a completely different set for itself (allowing virtually the same evidence).

In that regard, VNA has itself – and contrary to the position advocated in its motion – broadly designated expert opinion testimony from fact witness depositions.

For example, VNA has designated opinion testimony from Dr. Marc Edwards' deposition (which was expressly taken as a "fact witness," *see* Exhibit 1, Relevant Excerpts of the Deposition of Dr. Marc Edwards, at 19:3–6) on topics including but not limited to: (1) the standard of care and scope of work for the engineering defendants;[1] (2) the purposes of the Lead and Copper Rule;[2] (3) the extent of exposure to lead and injury therefrom by the children in Flint;[3] (4) the criminality and regulatory violations of governmental entities;[4] (5) the lack of veracity and deceptiveness of various individuals;[5] (6) water distribution systems;[6] and (7) water chemistry and the proper treatment of drinking water.[7] *See* Exhibit 2, VNA Defendants' Designation of Testimony.[8]

---

[1] *See* Exhibit 1, Edwards Dep. Excerpts, at 284:9–285:1 (opining about "ethical responsibilities" and "scope of [LAN's] work").

[2] *See id.* at 195:11–196:9 (opining about "the whole intent and purpose of the Lead and Copper law").

[3] *See id.* at 315:1–316:24 (opining about Flint children's "exposure" to lead and "the blood lead elevations of the children which were taken in real-time").

[4] *See id.* at 344:4–345:24, 490:20–491:9 (opining that the failure to implement proper corrosion control was "illegal," calling certain government official's conduct criminal, and assigning "primary blame" to MDEQ and also to "EPA for creating the culture in which this was allowed to occur").

[5] *See id.* at 196:10–197:3 (opining that an argument that there was no lead and copper contamination at the Flint Water Treatment Plant itself was "highly misleading").

[6] *See id.* at 197:5–198:19 (opining about water treatment systems and lack of importance of who owns a particular segment of piping).

[7] *See id.* at 300:7–301:18 (opining as to whether untreated Flint River water "could … possibly meet all EPA federal regulations").

[8] These are hardly the only examples; VNA's designations of Edwards's testimony are rife with exactly the kind of undisclosed expert testimony cited above.

Had Dr. Edwards been properly named as an expert witness – with proper disclosure served for his expert opinions pursuant to Rule 26 giving Plaintiffs a full and fair opportunity to depose him on those opinions – his opinions (at least those that survived a *Daubert* challenge) might have been admissible.[9] And even then, Dr. Edwards' fact witness deposition would not be admissible – as he would have to appear live or through a properly noticed trial preservation deposition.[10]

That is not to say that all opinions expressed by fact witnesses are inadmissible. For instance, a witness's opinions that explain why they took the actions they did can be admissible – especially when a party (like VNA) is claiming at trial that those actions were unreasonable and blaming that witness as a non-party at fault. *See Area Reno Hotel, LLC v. Bonthala*, Case No. 2:11-CV-00617-KJD-CWH, 2013 U.S. Dist. LEXIS 168738, at *9 (D. Nev. Nov. 26, 2013); *see also*

---

[9] By designating this expert opinion testimony by Dr. Edwards without having served proper and timely Rule 26 disclosure for it (*see* Exhibit 3, VNA Defendants' One-Page Memorandum Concerning Its Bellwether Experts (Dec. 14, 2020)), VNA seeks to deny Plaintiffs the opportunity to challenge Dr. Edwards' qualifications and the foundation and reliability of his expressed opinions on the very topics it filed *Daubert* challenges against every one of Plaintiffs' experts.

[10] But for VNA filing the instant motion, Plaintiffs would have raised the issue of the improper deposition designations of expert opinion testimony pursuant to the Court's Scheduling Order. However, since VNA has chosen to raise it *In Limine* – and do so in a one-sided way – we discuss it here, lest VNA claim later that we have waived our objections. We cite specifically to the deposition designations from Dr. Edwards' deposition because they are the most flagrant; but will raise all such objections to all of the expert opinion testimony in deposition designations, as provided for in the Court's Scheduling Order.

*United States v. Kozlowski*, 647 F. Supp. 2d 1045, 1052 (W.D. Wis. 2009). This is exactly the case with Michael Prysby: VNA has devoted several pages of its 231-page notice of nonparties at fault to blaming Prysby for his actions. *See* VNA's Notice of Nonparties at Fault (ECF No. 324), at 147–51. And, during Prysby's deposition, VNA asked him the kinds of questions it now claims are impermissible. *See* Exhibit 4, Relevant Excerpts of the Deposition of Michael Prysby, at 61:19–62:14, 71:16–72:11, 77:5–79:6, 81:19–83:4, 94:11–24.[11] To be sure, those questions (like the ones Plaintiffs may ask him) focused on Prysby's actions and his reasons for taking them. *See id.* None of that is improper expert testimony.

Likewise, the testimony VNA complains of from Michael Schock of the EPA is of the same kind. VNA claims (through its notice of non-party fault) that the EPA is partly responsible for Plaintiffs' injuries. *See* ECF No. 324, at 62–64. The reasonableness of Mr. Schock's actions can only be measured against what he believed (*i.e.*, what his opinions were) at the time he took them. Again, there is nothing improper about such testimony.[12]

All of this goes to show how misplaced VNA's motion is, as it denies the Court a full view of the testimony offered and its context – asking for a broad-brush

---

[11] Again, these are just a handful of examples. VNA's questioning of Mr. Prysby is permeated with questions that are indistinguishable from the ones it seeks to bar Plaintiffs from asking now.

[12] In sharp contrast is Dr. Marc Edwards' expert opinion testimony designated by VNA.

ruling in the abstract. Sixth Circuit courts are clear that *In Limine* motions such as this are disfavored. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

## ARGUMENT

VNA's motion is an effort to keep Plaintiffs from offering *precisely* the same kind of evidence that VNA will repeatedly attempt to offer at trial. Most prominently, VNA has designated the deposition testimony of Dr. Marc Edwards. But Dr. Edwards was explicitly deposed as a "fact witness," Exhibit 3, Edwards Dep. Excerpts, at 19:3–6, and VNA never designated him as providing expert testimony, *see* Exhibit 1, VNA Defendants' One-Page Memorandum Concerning Its Bellwether Experts (Dec. 14, 2020). What VNA wants this Court to do is tie Plaintiffs' hands and force them to litigate on VNA's terms, all while giving VNA free rein to ask the very same questions it seeks to prevent Plaintiffs from asking.

In this regard, it should also be noted that on December 23, 2020, the VNA Defendants filed a 231-page Notice of Nonparties at Fault. *See* ECF No. 324. As indicated above, Mike Prysby provides a good example: The VNA Defendants dedicate five pages just to their claims that Prysby is at fault for Plaintiffs' injuries.[13] *See id.* at 147–51. It appears that everything for which the VNA Defendants blame

---

[13] References to Prysby's conduct appear on 15 of the 231 pages, but 1/3 of those references are solely dedicated to Prysby's conduct.

Prysby centers on his experience as an engineer,[14] yet, according to the VNA Defendants, Plaintiffs should not be able to examine Mr. Prysby on evidence these Defendants deem to be "expert testimony." What's more, it was primarily counsel for the VNA Defendants that elicited this testimony. *See* Exhibit 4, Prysby Dep. Excerpts, at 61:19–62:14, 71:16–72:11, 77:5–79:6, 81:19–83:4, 94:11–24.

But there is a fundamental difference between examining a witness (let alone an alleged "nonparty at fault") regarding his decisions, the basis for those decisions, the rationale for those decisions, and the context of those decisions, and offering the witness as an expert. *See Bonthala*, 2013 U.S. Dist. LEXIS 168738, at *9; *Kozlowski*, 647 F. Supp. 2d at 1052. Here, it is the VNA Defendants that seemingly will seek to prove (by a preponderance of the evidence) that Prysby (and Schock and others) are responsible for the water crisis. Indeed, VNA has designated the deposition of Schock for trial (*see* ECF No. 464) and Plaintiffs anticipate that VNA will call Prysby at trial; suffice to say, VNA does not contend that neither Prysby nor Schock can testify *at all*.

And, importantly, at all material times, Prysby and Schock were acting in their capacity as engineers. Consequently, VNA's Motion *In Limine* is fatally overbroad,

---

[14] The same is true of Schock, as well as other witnesses Plaintiffs may call. *See* ECF No. 324, at 62–64. Ironically, in light of the present motion, the VNA Defendants themselves identify Schock as an "expert on drinking water treatment" who "routinely provides technical consultation to other EPA offices and state agencies with respect to drinking water treatment issues." *Id.* at 63.

because seemingly any testimony VNA does not like may be, in its view, inadmissible, undisclosed expert testimony. *See Bowden v. Wal-Mart Stores, Inc.*, Civ. No. 99-D-880-E, 2001 U.S. Dist. LEXIS 7213, at *3 (M.D. Ala. Feb. 20, 2001) ("The court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" (quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)).

At a minimum, the motion is also "premature," *see Catipovic v. Turley*, 68 F. Supp. 3d 983, 1013 (N.D. Iowa 2014), since the Court will be better situated to resolve challenges to specific questions posed to witnesses like Prysby and Schock at trial, *see Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *Wilkins v. Kmart Corp.,* 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). To be sure, while now is not the appropriate time for the Court to rule on how Plaintiffs can examine Prysby or Schock under these circumstances, surely Plaintiffs will be given wide latitude in its examination of an alleged nonparty at fault.

Accordingly, the testimony Plaintiffs may elicit is proper, and the Court should deny the VNA Defendants' Motion *In Limine*.

## **CONCLUSION**

Therefore, Plaintiffs respectfully request that the Court deny the VNA Defendants' Motion *In Limine* to exclude expert allegedly undisclosed expert testimony.

Dated: December 28, 2021

Respectfully submitted,

/s/ Corey M. Stern
Corey M. Stern
Renner Walker
LEVY KONIGSBERG LLP
605 Third Ave., 33rd Fl.
New York, New York 10158
(212) 605-6200
cstern@levylaw.com
rwalker@levylaw.com

## CERTIFICATE OF SERVICE

I, Renner K. Walker, hereby certify that on December 28, 2021, the foregoing brief, and the exhibits attached thereto, were served on all counsel of record via the Court's ECF filing system.

/s/ Renner K. Walker
Renner K. Walker