## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Gaddy et al. v. Flint et al.*<br>*Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE IMPROPER JURY ARGUMENT

## INTRODUCTION

VNA filed this motion *in limine* in order to set ground rules for the trial. As the Court recognized in a recent conference, several of the categories of argument at issue in this motion are obviously improper. But when VNA sought a stipulation to that effect, Plaintiffs refused, saying that they would not stipulate and would oppose almost all of this motion (and all of VNA's other motions *in limine*). VNA therefore asks the Court to enter an order barring the improper argument and evidence, so that it does not come up in opening statements or in questioning and does not irrevocably taint the trial.

## ARGUMENT

### I.     Arguments That Incite Local Or Anti-Corporate Bias

Plaintiffs "agree that arguments designed to incite regional bias or anti-corporate bias are improper." Pls. Opp. to VNA Mot. to Exclude Improper Jury Argument (Pls. Opp.) 4, ECF No. 553, PageID.42133. Yet when the parties met and conferred at the Court's suggestion, Plaintiffs would not stipulate to exclusion of those arguments. Instead, Plaintiffs oppose VNA's motion, asserting that a ruling on the issue will result in "another layer of argument during trial when accusations fly about one party or the other violating it." *Id.* at 5, PageID.42134.

The Court should enter an order barring statements of this sort so the parties have clear direction about what is off limits at trial. Plaintiffs suggest that the jury will know that VNA is a corporation, and they point out that VNA has argued that

1

many of its employees are outside the subpoena power of the court because VNA is located out of state.  But that is not responsive.  Of course, the jury will know that VNA is a corporation; the point of the motion is to prevent Plaintiffs from trying to tap into anti-corporate bias.  And the fact that many of VNA's employees are outside the subpoena power of the court hardly means that it is okay to make appeals to regional bias.

## II.     References To VNA's Size Or Wealth Or Plaintiffs' Financial Condition

VNA seeks to exclude "any references to VNA's size, finances, or net worth" because those topics are irrelevant to questions of liability and damages and, as numerous courts have recognized, are extremely prejudicial.  Br. in Supp. of VNA Mot. to Exclude Improper Jury Argument (VNA Br.) 5-7, ECF No. 489, PageID.36914-36916.  Plaintiffs concede that "statements and comments about a defendants' size or financial condition designed to incite a bias against it—or in favor of the plaintiff—are improper."  Pls. Opp. 6 n.4, PageID.42135.  They nevertheless argue that VNA's statements to the City of Flint touting its size when bidding for the work are relevant to show that the City relied on VNA's size.  That, according to Plaintiffs, makes the City less culpable.  Pls. Opp. 5-7, PageID.42134-42136.

Plaintiffs' argument is contrary to binding Michigan law.  "'The rule is firmly established that defendant[s] [are] bound to use the degree of diligence and skill

2

which is ordinarily possessed by the average of the members of the profession in similar localities.'" *Cox ex rel. Cox v. Bd. of Hosp. Managers for City of Flint*, 467 Mich. 1, 21 (2002) (quoting *Rytkonen v. Lojacono*, 269 Mich. 270, 274-75 (1934)). Plaintiffs' argument—that when apportioning fault among the parties the jury should consider the heightened expectations that the City allegedly had for VNA—seeks to circumvent that rule by assigning fault according to the City's alleged subjective, heightened expectations rather than the objective standard that applies under Michigan law.  And lowering the City's share of fault because it had heightened expectations for VNA would expose VNA to a greater share of fault because of those expectations.  That is not consistent with Michigan law.  Even when assigning fault to the City, the jury may consider only the City's expectation that VNA would "use the degree of diligence and skill which is ordinarily possessed by the average of the members of the profession in similar localities."  *Id.*

Even if the jury could consider the City's supposedly heightened expectations for VNA when apportioning fault under Michigan law, Plaintiffs have not explained why VNA's finances would have played any meaningful role in what the City expected of VNA.  And allowing Plaintiffs to make this argument would risk the jury judging VNA's conduct according to some special expectations of the City rather than the objective standard of care under Michigan law, and/or assigning fault based on VNA's financial condition rather than its conduct.  That risk—which goes

to the central issues for trial—dwarfs any potential probative value of the tangential point that the City allegedly relied on VNA, in part, because of its finances.

VNA also seeks to exclude evidence of Plaintiffs' financial conditions. VNA Br. 7-8, PageID.36916-36917. Plaintiffs concede that "references to Plaintiffs' financial conditions in order to evoke sympathy or the financial disparity between the parties are improper." Pls. Opp. 6, PageID.42135. But they suggest that their families' financial conditions are relevant for two other purposes. They are wrong on both counts.

First, Plaintiffs argue that "VNA's summary judgment arguments regarding when each Plaintiff stopped ingesting Flint River sourced drinking water" raise questions about "their abilities to completely avoid the water sourced from the Flint River." Pls. Opp. 6, PageID.42135. But VNA's argument turns only on the historical fact of *when* Plaintiffs stopped ingesting the water—specifically, whether they stopped before VNA could have affected the water. *Why* Plaintiffs stopped is irrelevant, as is whether they had the financial resources to stop earlier.

Second, Plaintiffs suggest that their financial resources are relevant to "their abilities to mitigate . . . damages" caused by their allegedly reduced earning capacities. Pls. Opp. 6-7, PageID.42135-42136. But VNA is not aware of any authority holding that damages for lost earning capacity should be reduced by Plaintiffs' ability to "mitigate" their damages with existing financial resources. And

4

Plaintiffs' damages experts have not offered any opinions related to "mitigation" of lost earnings. Anyway, VNA does not intend to make such an argument at trial. Finally, whatever minimal relevance that arguments about Plaintiffs' financial condition might have would be swamped by the risk that the jury might improperly base its verdict on sympathy rather than the evidence. *See, e.g.*, *United States v. Poindexter*, 942 F.2d 354, 360 (6th Cir. 1991) ("The district court has discretionary control over opening statements, including the power to exclude irrelevant matters."); *Taulbee v. Wal-Mart Stores, Inc.*, 5 F. App'x 361, 365 (6th Cir. 2001) (affirming limitation on closing argument to cut off time-consuming argument "of little clear value").

## III. Suggestions That VNA Owed A Heightened Duty Because Of Its Size Or Sophistication

VNA asked the Court to bar arguments and statements suggesting that VNA should be held to a higher standard because it is a large and sophisticated company. VNA Br. 8-12, PageID.36917-36921. Plaintiffs do not join issue with this argument. Instead, they say that VNA's size and sophistication are relevant to apportionment of fault because VNA emphasized those facts to win the engagement. Pls. Opp. 7-8, PageID.42136-42137. As explained above, that argument is inconsistent with Michigan law. In any event, whether the City relied on VNA's statements about its size and sophistication in deciding to retain VNA, those statements do not alter the standard of care. *See Cox*, 467 Mich. at 21; *City of Cleveland v. Peter Kiewit Sons'*

*Co.*, 624 F.2d 749, 757-59 (6th Cir. 1980); VNA Br. 9-12, PageID.36918-36921 (citing cases).  Plaintiffs should be barred from arguing that VNA should be held to a higher standard because of its size and sophistication.

## IV.    Arguments That The Jury Should "Send A Message" To VNA Or Other Corporations

Plaintiffs concede that an "argument that a jury should use its compensatory verdict to 'send a message' to the defendant is improper."   Pls. Opp. 8, PageID.42137.  Their only argument is that VNA's motion is too broad because it seeks an order barring arguments "implying" that the jury should do this.  *Id.*  But the point is that it simply is not permissible to make this argument, whether directly or by implication.  Since everyone seems to agree that such arguments are improper, the Court should bar any argument stating or implying that the jury should return a verdict that "sends a message" to VNA or to other companies.

## V.    Statements To The Effect That The Jury Is The Only Entity With The Power To Regulate Or Change VNA's Conduct

Plaintiffs do not dispute that it would be improper for them to argue that the jury is the only entity with the power to alter VNA's conduct or the conduct of others.  Pls. Opp. 9, PageID.42138.  They simply rely on their argument about why they should be able to make statements implying that the jury should "send a message" to VNA—which is wrong for the reasons just provided.  The Court should bar Plaintiffs from making this argument because it is factually incorrect, irrelevant, and

impermissibly seeks a punitive verdict intended to change Defendants' conduct rather than compensate Plaintiffs.  VNA Br. 14, PageID36923.

## VI.     Statements That VNA Acted "Unethically," "Put Profits Over Safety," Or Violated Some Normative Criteria Other Than The Standard Of Care

As the Court has held, testimony about standards of conduct other than the legal standard of care—including ethical standards—are not admissible because "the morality of Defendants' conduct is not at issue in this case."  Opinion and Order on VNA Mot. to Exclude Testimony by Mr. Richard Humann 30, ECF No. 523, PageID.40071.  Argument about whether VNA violated some norm other than the standard of professional care should be barred for the same reason.

VNA also seeks to exclude argument about the alleged motives or intent of its employees, including whether they were motivated by financial considerations. VNA Br. 15-16, PageID.36924-36925.  Plaintiffs "incorporate by reference" their opposition to VNA's motion to exclude *evidence* on that topic.  Pls. Opp. 9 n.7, PageID.42138.  VNA agrees that the Court's ruling on whether that evidence is admissible also should control whether argument on these topics is allowed.  As VNA explains in its reply in support of the evidentiary motion, it has no plan to make an issue of "intent" or "motive" at trial (including arguing that it "took the Flint contract 'to do the right thing'"), unless Plaintiffs somehow inject those issues into the trial.  Pls. Opp. 9, PageID.42138.

## VII.   Mention Of Pending Claims Of Other Plaintiffs

Plaintiffs argue that some of the evidence that the parties will present in this case implies the existence of other claims or other lawsuits.  Pls. Opp. 10-11, PageID.42139-42140.  VNA does not seek the exclusion of that evidence.  Instead, it seeks an order preventing Plaintiffs from affirmatively focusing the jury's attention on other lawsuits filed against VNA during opening statements, closing arguments, or remarks in open court (*e.g.*, explicitly referring to other claims or the broader litigation arising out of the Flint water crisis or alleging that other individuals were exposed to contaminated water because of VNA or were injured by VNA's actions).  Plaintiffs do not argue that those comments or arguments would be appropriate, and the Court should prohibit them.

## VIII. Mention Of Counsel's Representation Of Other Plaintiffs Or Appointment As Lead Or Liaison Counsel

Plaintiffs argue that "there may be instances where the questioning of a witness will reveal the existence and representation of other plaintiffs."  Pls. Opp. 11, PageID.42140.  The only example they provide, however, is that LeeAnn Walters may be called as a witness.  *Id.* at 11 n.10, PageID.42140.  If Ms. Walters is called, there is no legitimate reason for Plaintiffs' counsel to mention that they represent her.  Those comments would be irrelevant and prejudicial to VNA.  *See* VNA Br. 17-18, PageID.36926-36927.  More importantly, there is no cause for telling the jury about any of counsel's other representations or their role as co-liaison

counsel, and Plaintiffs do not contend otherwise. The Court accordingly should instruct Plaintiffs' counsel not to refer to their representation of other plaintiffs or their appointment as co-liaison counsel.

## IX. Comments About Opposing Counsel And Other Distracting Tactics

Plaintiffs concede that "there should be no personal attacks on opposing counsel." Pls. Opp. 12, PageID.42141. But they say that the other conduct identified in VNA's motion is "so vague and undefined" that it is inappropriate for resolution in a motion *in limine*. *Id.* On the contrary, VNA's motion identified the following specific categories of misconduct: "(1) mak[ing] personal comments about opposing counsel or their arguments; (2) rais[ing] "irony" objections; (3) ask[ing] witnesses to assume that they are having a drink at a bar; (4) draw[ing] comparisons to counsel's personal life; or (5) engag[ing] in any similar improper and distracting tactics." VNA Br. 25-26, PageID.36928-36929. VNA did not make up these categories; they come from questions Plaintiffs asked during depositions in this case. *Id.* VNA filed the motion *in limine* so that the Court could set some ground rules so the same things do not happen at trial.

## X. References To VNA And LAN Collectively

Plaintiffs do not identify any substantive reason why they should be allowed to refer to VNA and LAN collectively. Instead, they argue only that collective terms are a common way of speaking and appear in legal sources like pattern jury

instructions.  Pls. Opp. 12-13, PageID.42141-42142.  Pattern instructions, however, can (and should) be modified to refer to each defendant by name.  Here, VNA and LAN are separate companies, with very different roles in the events at issue. Plaintiffs would suffer no prejudice by referring to VNA and LAN separately, while VNA would be greatly prejudiced if Plaintiffs were allowed to blur distinctions between VNA and LAN so as to deemphasize the unique facts about VNA's limited engagement with the City.  VNA Br. 20-22, PageID.36929-36931.  The Court therefore should set the baseline rule that the parties will refer to VNA and LAN separately rather than collectively.

## XI.   "Golden Rule" Arguments

Plaintiffs concede that "Golden Rule arguments are improper."  Pls. Opp. 13, PageID.42142.  They say that no order barring such arguments "is necessary for 'black-letter law' to apply," *id.*, yet they have declined to stipulate that they would voluntarily comply with the limitation VNA has requested.  Accordingly, the Court should issue an order prohibiting Golden Rule arguments.  Alternatively, VNA stands ready to enter into a stipulation with Plaintiffs on this point.

## XII.   Statements To The Effect That The Compensation That Plaintiffs May Receive From Non-Party Defendants Is Inadequate

Plaintiffs assert that it is "absolutely and undeniably proper" for them to argue that a particular allocation of fault to non-parties "is not fair" because "the compensation Plaintiffs will receive from settling defendants [is] insufficient."  Pls.

Opp. 14, PageID.42143.  That is incorrect as a matter of Michigan law.  Under Michigan law, fault must be based on the facts about each actor's role in the Flint water crisis, and "the allocation of fault is not dependent on whether a plaintiff can recover damages from the nonparty."  *Goodwin v. Nw. Mich. Fair Assoc.*, 325 Mich. App. 129, 145-46 (2018).  The "inability to recover damages against a [non-party] in no way precludes an assessment of [the non-party's] fault for purposes of accurately determining a defendant's liability and ensuring that a defendant only pays his or her fair share."  *Id.*

Plaintiffs also say that this aspect of VNA's motion "should be denied on its face" because it uses the term "statement to the effect" and is thus impermissibly "vague, abstract or hypothetical."  Pls. Opp. 13, PageID.42142.  VNA's point is that it is the content of the argument that is improper, not any specific combination of words.  The Court therefore should bar arguments, directly or by implication, that the compensation Plaintiffs may receive from potential non-parties at fault is inadequate or that this trial is their only opportunity to be compensated for their injuries.

## XIII.  References To Settlements By Nonparties Or VNA's Decision To Litigate Claims

As explained in VNA's motion to exclude evidence of settlements by non-parties, the Court should exclude such evidence because it is prohibited by substantive Michigan law, irrelevant, and prejudicial.  Br. in Supp. of VNA Mot. to

Exclude Settlement 5-13, ECF No. 490, PageID.37022-37030.   For the same reasons, the Court should bar any mention of those settlements or of VNA's decision to litigate instead of settle during opening statements or closing arguments.

Plaintiffs point out that the jury will know that VNA decided to litigate from the very fact that the trial involves VNA.  Pls. Opp. 14, PageID.42143.  That misses the point.  VNA is not attempting to prevent the jury from knowing that it decided to defend itself.  Instead, VNA is seeking to "bar Plaintiffs from commenting on VNA's decision to litigate rather than settle Plaintiffs' claims," because statements of that sort are irrelevant and prejudicial to VNA.  VNA Br. 26, PageID.36935.  As Plaintiffs' admit, "VNA has every right not to settle and to try this case."  Pls. Opp. 14, PageID.42143.

## XIV.   Comments Implying A Conspiracy Between The City And VNA

Plaintiffs contend that "[t]he evidence at trial either will or will not support a fair inference that VNA did not act independent of the City of Flint."  Pls. Opp. 15, PageID.42144.  But the evidence that they have pointed to—that VNA was the only bidder for this small contract, the existence of a contract between VNA and Flint, and the fact that VNA informed its client of what it was finding during the project, *id.* at 15 n.17, PageID.42144—do not suggest anything improper.  Accordingly, the Court should not permit Plaintiffs to make the highly inflammatory accusation of a

"conspiracy" at trial.  At a minimum, it should prohibit them from doing so during opening statements before they have adduced any evidence to support it.

## CONCLUSION

The Court should grant the motion and enter an order barring the forms of improper argument identified above.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina M. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: */s/ Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  January 11, 2022

13

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022, I electronically filed this document

with the Clerk of the Court using the ECF System, which will send notification to

the ECF counsel of record.


By:   /s/ *James M. Campbell*
        James M. Campbell
        jmcampbell@campbell-trial-lawyers.com