UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*Walters v. City of Flint* et al.,

No. 5:17-cv-10164

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

_____

# BELLWETHER PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT ABOUT ALTERNATIVE LEAD EXPOSURES NOT SUPPORTED BY EXPERT TESTIMONY

## INTRODUCTION

VNA does not oppose the main point of Plaintiffs' Motion *In Limine*—which is that evidence, testimony, or argument of alternative lead exposures must be supported by expert testimony to be admissible. Instead, VNA resorts to mischaracterizing Plaintiffs' Motion, attempting to recast it as a motion to preclude its experts from testifying. VNA Opposition (ECF No. 527), at 2–3.[1] A plain reading

---

[1] Evidently believing that mud on the wall is better than nothing at all, VNA deliberately conflates two of Plaintiffs' Motions—this Motion to exclude evidence, testimony, or argument of alternative lead exposures that are not supported by expert testimony (*see* ECF No. 513), as well as Plaintiffs' Motion *In Limine* to Preclude Evidence, Testimony, or Argument About Alternative Causes Not Supported by Expert Testimony (*see* ECF No. 508). *See* VNA Opposition (ECF No. 527), at 1. However, they are separate motions that deal with separate (though similar) issues, and Plaintiffs will continue to treat them separately.

of Plaintiffs' Motion shows that it is testimony, evidence, or argument of alternative exposures to lead that are unmoored from expert opinions, which were the target of the Motion.

To be sure, as Plaintiffs pointed out initially, VNA's experts cannot support alternative lead exposure testimony, evidence, or arguments. Indeed, neither Dr. Brent Finley nor Dr. Douglas Weed offers testimony that Plaintiffs were lead-poisoned by alternative lead exposures. Dr. Weed is epidemiologist who offers only general causation opinions and does not render any specific opinion at all about Plaintiffs' lead poisoning. And Dr. Finley at best identifies lead somewhere in the environment in Plaintiffs' vague proximity. He makes no effort whatsoever to show that any Plaintiff was actually exposed to these lead sources. What's more, VNA has not pointed to any other expert witness that it claims can support this kind of testimony, evidence, or argument.

Finally, VNA relies heavily on the general burden of proof at trial to support its claims that it may be permissible to offer this speculative and unfairly prejudicial evidence. Yet, VNA points to no authority that permits reducing the evidentiary standards for a civil defendant merely because Plaintiffs bear the burden of proof at trial. On the contrary, substantive Michigan law imposes a burden on VNA to prove any amount of damages caused by some source other than its negligence if it wants

2

the jury to apportion some measure of fault or damages to an alternative cause. *See Maddux v. Donaldson*, 362 Mich. 425, 433–36 (1961).

Accordingly, the Court should grant this Motion *In Limine*.

## ARGUMENT

I.  **VNA mischaracterizes Plaintiffs' Motion *In Limine*.**

Preliminarily, Plaintiffs note that as VNA has done elsewhere,[2] VNA mischaracterizes Plaintiffs' Motion *In Limine*. To hear VNA tell it, Plaintiffs are "seek[ing] to preclude VNA's epidemiology and toxicology experts, Dr. Brent L. Finley and Dr. Douglas L. Weed, from offering testimony about alternative sources of lead that may have caused Plaintiffs' alleged conditions." VNA Opposition (ECF No. 527), at 2–3.

This is a flat mischaracterization of Plaintiffs' Motion. As Plaintiffs repeatedly stressed, the Court should "preclude Defendants from offering evidence or testimony speculating as to potential alternative sources of lead exposure ***where those potential exposures are not supported by valid expert testimony***." *See, e.g.*, Plaintiffs' Motion *In Limine* to Preclude Evidence, Testimony, or Argument About

---

[2]  *See* VNA's Opposition to Plaintiffs' Motion to Preclude Evidence, Testimony, or Argument About the Health, Intelligence, I.Q., or Scholastic or Educational Achievement of Plaintiffs' Siblings or Other Family Members (ECF No. 534).

3

Alternative Lead Exposures Not Supported by Expert Testimony (ECF No. 513), at 14 (emphasis added).

By focusing exclusively on potential expert testimony that it may elicit (either on direct or by cross-examining Plaintiffs' experts), VNA does not attempt to meet Plaintiffs' Motion head-on; it does not contest the core premise that evidence of alternative sources of potential lead exposure—when not supported by expert testimony—is speculative, irrelevant, and unduly prejudicial.

So, for example, VNA argues that such evidence *may* be relevant to causation. VNA Opposition (ECF No. 527), at 5–11. What VNA apparently overlooks, however, is that the causative effect of exposure to toxins like lead is outside the ordinary ken of laypersons on the jury. *Powell-Murphy v. Revitalizing Auto Cmtys. Envtl. Response Trust*, 333 Mich. App. 234, 251 (2020). As such, absent proper expert testimony, it would be highly speculative and, therefore, unduly prejudicial to permit the jury to hear such evidence.

## II. VNA's experts' generalized musing does not support speculative arguments by VNA's counsel.

Of course, Plaintiffs *did* identify serious defects with VNA's expert proofs on this subject. VNA's efforts to dispute those defects are not successful and actually confirm why this evidence should not be allowed.

VNA's arguments as to Weed provide a good example. He is an epidemiologist who will offer only general causation opinions at trial; and in his

4

deposition he conceded that he does not offer any specific opinions about the individual exposure of any Plaintiff. *See* Ex. 1, Weed Report (ECF No. 513-2), at 11–13; Ex. 2, Weed Dep. (ECF No. 513-3), at 27:18–28:12. VNA's efforts to bootstrap an exposure opinion to a note regarding blood–lead levels in Appendix F of Weed's Report actually highlights the speculative nature of VNA's approach: There was a previous blood–lead level, and so VNA thinks any potential lead source must be fair game.

In this vein, while VNA claims that Weed and Finley together "explained in their reports that the different sources of lead . . . are ubiquitous and unavoidable." VNA Opposition (ECF No. 527), at 12. But consider VNA's citation to pages 66 and 67 of Finley's Report: There Finley *actually* says "[a]mbient exposures to lead pose no risk of illness." Ex. 3 Finley Report (ECF No. 513-4), at 66–67. This is the very point Plaintiffs were making initially: VNA wants to point "ubiquitous and ambient" exposures, when in reality its own experts affirmatively disclaim that those exposures are harmful.

The same is true of the purported lead in Plaintiffs' soil. While VNA claims that lead was found in the soil, the inspection report explicitly note that there are "no soil-lead hazards" because the infinitesimal lead concentrations in the soil were below relevant thresholds. *See, e.g.*, Ex. 7, D.W. Home Inspection Report (ECF No. 513-8), at iv. VNA responds that "whether lead was found in the soil . . . around

5

Plaintiffs' homes is relevant to causation, even if the levels of lead in those sources were not high enough to constitute 'hazards.'" VNA Opposition (ECF No. 527), at 13–14.

To return to Finley, though, there are two important points. The first is that Finley's Report says "[e]xposures to lead levels below regulatory limits pose no risk of illness." Ex. 3, Finley Report (ECF No. 513-4), at 67. The second point is that—as Plaintiffs pointed out before—Finley opines that Plaintiffs are not lead poisoned at all and their blood–lead levels are merely "consistent with normal dietary lead intake, some exposure to lead dust in the home, and exposure to lead in soil in his front and back yards." *See, e.g.*, *id.* at 40 (E.S.); *see also id.* at 49 (A.T.), 56 (R.V.), 65 (D.W.). Even taking VNA's argument about a lower threshold for defense causation theories at face value (more on that in a moment), to say that something is "consistent" with something else is not to render a causal opinion at all (whether thought of as "more likely than not" or simply a mere "possibility", *cf. Allen v. Brown Clinic, P.L.L.P.*, 531 F.3d 568, 574 (8th Cir. 2008) (cited in VNA Opposition (ECF No. 527), at 7)).

In other words, Finley disagrees with VNA's argument; and so VNA's argument is not—as Plaintiffs have shown—supported by expert testimony.

6

### III. Plaintiffs' general burden of proof does not permit VNA to present otherwise inadmissible evidence to the jury.

Finally, VNA seems to imagine that the mere fact that Plaintiffs have the general burden of proof relaxes the standards of admissibility for it. *See, e.g.*, VNA Opposition (ECF No. 527), at 1. To be sure, the burden of proof cannot permit VNA to offer otherwise inadmissible evidence. After all, Michigan law shifts the burden to a defendant to prove that an alternative cause is responsible for Plaintiffs' injuries and damages. *See Maddux*, 362 Mich. at 433–36. Suffice to say, a defendant must do so with admissible evidence, and there is no indication that the standards for admissibility are relaxed for such a defendant.

Further, VNA's cases from other jurisdictions do not negate this point of substantive law. The right to present evidence of alternative causes may be important to mounting an "adequate defense," *see Aycock v. R.J. Reynolds Tobacco Co.*, 769, F.3d 1063, 1070 (11th Cir. 2014) (applying Florida law), but "[n]onetheless, alternate cause theories must be rooted in at least *some reliable evidence*." *Sowers v. R.J. Reynolds Tobacco Co.*, 3:09 C 11829, 2015 U.S. Dist. LEXIS 192209, at *24 (M.D. Fla. Jan. 23, 2015). Thus, despite the allegedly lower threshold for defendants in the Eleventh Circuit, the *Sowers* held that where, *inter alia*, "no expert" supports an alternative cause theory, that theory "would be entirely speculative, and [any] related evidence is irrelevant." *Id.* at *25.

7

## **CONCLUSION**

Accordingly, Plaintiffs respectfully request that the Court grant this Motion *In Limine*.

Dated: January 11, 2022

                                              Respectfully submitted,

                                              /s/ COREY M. STERN
                                              Corey M. Stern
                                              Renner Walker
                                              LEVY KONIGSBERG LLP
                                              605 Third Ave., 33rd Fl.
                                              New York, New York 10158
                                              (212) 605-6200
                                              cstern@levylaw.com
                                              rwalker@levylaw.com

## CERTIFICATE OF SERVICE

I, Renner K. Walker, hereby certify that on January 11, 2022, the foregoing brief was served on all counsel of record via the Court's ECF filing system.

/s/ Renner K. Walker
Renner K. Walker
