UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*Walters v. City of Flint* et al.,

No. 5:17-cv-10164

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

_____

**BELLWETHER PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT ABOUT ALTERNATIVE CAUSES OF THEIR INJURIES NOT SUPPORTED BY EXPERT TESTIMONY**

**INTRODUCTION**

VNA does not oppose the main point of Plaintiffs' Motion *In Limine*—which is that evidence, testimony, or argument of alternative lead exposures must be supported by expert testimony to be admissible. Instead, VNA resorts to mischaracterizing Plaintiffs' Motion, attempting to recast it as a motion to preclude its experts from testifying. VNA Opposition (ECF No. 527), at 2–3.[1] A plain reading

---

[1] Evidently believing that mud on the wall is better than nothing at all, VNA deliberately conflates two of Plaintiffs' Motions—this Motion to exclude evidence, testimony, or argument of alternative causes of Plaintiffs' injuries that are not supported by expert testimony (*see* ECF No. 508), as well as Plaintiffs' Motion *In Limine* to Preclude Evidence, Testimony, or Argument About Alternative Lead Exposures Not Supported by Expert Testimony (*see* ECF No. 513). *See* VNA Opposition (ECF No. 527), at 1. However, they are separate motions that deal with separate (though similar) issues, and Plaintiffs will continue to treat them separately. However, given VNA's single set of arguments to both motions, Plaintiffs' replies are necessarily similar and contain some overlapping arguments.

of Plaintiffs' Motion shows that it is testimony, evidence, or argument of alternative causes of Plaintiffs' injuries that are unmoored from expert opinions, which were the target of the Motion.

To be sure, VNA's experts cannot support alternative causation testimony, evidence, or arguments. Although VNA's experts' reports are riddled with unfairly prejudicial references to highly charged topics, none actually opines that any of these *possible* alternative causes *actually caused* Plaintiffs' injuries. These statements tend to fall into two categories: Generalized statements that do not apply to the Plaintiffs; and inflammatory suggestions of (at best) tangential relevance. Moreover, several of the opinions VNA seeks to defend now are actually rebuttal opinions to Dr. Krishnan's causation opinions, which Plaintiffs will not be offering at trial.

Finally, VNA relies heavily on the general burden of proof at trial to support its claims that it may be permissible to offer this speculative and unfairly prejudicial evidence. Yet, VNA points to no authority that permits reducing the evidentiary standards for a civil defendant merely because Plaintiffs bear the burden of proof at trial. On the contrary, substantive Michigan law imposes a burden on VNA to prove any amount of damages caused by some source other than its negligence if it wants the jury to apportion some measure of fault or damages to an alternative cause. *See Maddux v. Donaldson*, 362 Mich. 425, 433–36 (1961).

Accordingly, the Court should grant this Motion *In Limine*.

# ARGUMENT

**I.     VNA mischaracterizes Plaintiffs' Motion *In Limine*.**

Preliminarily, Plaintiffs note that as VNA has done elsewhere,[2] VNA mischaracterizes Plaintiffs' Motion *In Limine*. To hear VNA tell it, Plaintiffs are "seek[ing] to preclude VNA's medical experts from offering testimony or evidence about various potential alternative causes of Plaintiffs' alleged conditions." VNA Opposition (ECF No. 527), at 3.

This is a flat mischaracterization of Plaintiffs' Motion. As Plaintiffs repeatedly stressed, the Court should "bar Defendants from offering evidence or testimony concerning *possible* alternative causes ***that are not supported by expert opinions***." *See, e.g.*, Plaintiffs' Motion *In Limine* to Preclude Evidence, Testimony, or Argument About Alternative Causes of Their Injuries or Diagnoses Not Supported by Expert Testimony (ECF No. 508), at 18 (emphasis added).

By focusing exclusively on potential expert testimony that it may elicit (either on direct or by cross-examining Plaintiffs' experts), VNA does not attempt to meet Plaintiffs' Motion head-on; it does not contest the core premise that theories and

---

[2]     *See* VNA's Opposition to Plaintiffs' Motion to Preclude Evidence, Testimony, or Argument About the Health, Intelligence, I.Q., or Scholastic or Educational Achievement of Plaintiffs' Siblings or Other Family Members (ECF No. 534).

3

evidence of alternative causes of Plaintiffs' injuries and diagnoses—when not supported by expert testimony—are speculative, irrelevant, and unduly prejudicial.

So, for example, VNA argues that such evidence is relevant to the causation element of Plaintiffs' claims. VNA Opposition (ECF No. 527), at 5–11. What VNA apparently overlooks, however, is that theories of alternative causation are outside the ordinary ken of laypersons on the jury. *Powell-Murphy v. Revitalizing Auto Cmtys. Envtl. Response Trust*, 333 Mich. App. 234, 251 (2020). As such, absent proper expert testimony, it would be highly speculative and, therefore, unduly prejudicial to permit the jury to hear such evidence.

## II. VNA's experts' generalized musing does not support speculative arguments by VNA's counsel.

Of course, Plaintiffs *did* identify serious defects with VNA's expert proofs on this subject. VNA's efforts to dispute those defects are not successful and actually confirm why this evidence should not be allowed.

Dr. Putnam is a perfect example.[3] Despite recanting his opinion with respect to A.T. (Ex. 10, Putnam Dep. Excerpts (ECF No. 508-11), at 68:5–71:1), VNA tries to connect the dots on his behalf arguing he and Dr. Thompson "both explained that

---

[3] VNA claims that Plaintiffs only challenged an expert's opinion with respect to A.T. *See* VNA Opposition (ECF No. 527), at 19. Not so. Plaintiffs discussed Putnam's inflammatory commentary in the argument section by way of "example." *See* Plaintiffs' Motion *In Limine* (ECF No. 508), at 16. As the lengthy discussion of VNA's experts in Plaintiffs' background section confirms (*see* ECF No. 508, at 5–11), Plaintiffs' Motion was not limited just A.T.

the home-rearing environment and adverse childhood experiences have been found to affect childhood development." VNA Opposition (ECF No. 527), at 16–17. That is perfectly fine testimony **IF** the expert is going to opine that it is relevant in the particular case. It is **NOT** admissible, particularly if it is going to be a vehicle for outrageously inflammatory commentary **AFTER** the expert has disclaimed that the opinion is relevant. This is all the more true as VNA has displayed an intent to convert these kinds of statements into arguments that the potential alternative causes are more likely than lead poisoning by lead-contaminated water in Flint.[4]

Further, Plaintiffs note that several of VNA's experts opinions (Putnam's and Thompson's, especially) were largely rebuttal opinions to Dr. Krishan's causation opinions, which Plaintiffs will not offer at trial. It does not appear that VNA has offered these opinions as rebuttal to Dr. Bithoney's opinions; certainly, they were not disclosed as such. *See* Ex. 17, VNA Defendants' One-Page Memorandum Concerning Its Bellwether Experts (Dec. 14, 2020). VNA was required to disclose "a complete statement of all opinions [Dr. Thompson and Dr. Putnam] will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Because VNA did not do so, it should be precluded from offering them now.

---

[4] *See* VNA's Opposition to Plaintiffs' Motion to Preclude Evidence, Testimony, or Argument About the Health, Intelligence, I.Q., or Scholastic or Educational Achievement of Plaintiffs' Siblings or Other Family Members (ECF No. 534), at 8.

### III. Plaintiffs' general burden of proof does not permit VNA to present otherwise inadmissible evidence to the jury.

Finally, VNA seems to imagine that the mere fact that Plaintiffs have the general burden of proof relaxes the standards of admissibility for it. *See, e.g.*, VNA Opposition (ECF No. 527), at 1. To be sure, the burden of proof cannot permit VNA to offer otherwise inadmissible evidence.

In this regard, VNA argues that there is no "inconsistency" in its experts' opinions because "VNA's experts will testify that Plaintiffs do not suffer from any neurodevelopmental deficits, but if they did, those deficits could not be reliably attributed to the specific cause Plaintiffs identify (i.e., lead-contaminated water) in light of the fact that there are various possible alternative causes." VNA Opposition (ECF No. 527), at 15–16. There are two important points here: The first is that VNA appears to be attempting to resurrect the opinions that its experts disclaimed in their depositions. VNA's attempt is all the more ironic given that VNA filed its own Motion *In Limine* to exclude "disavowed testimony."[5]

The second is that conceding the extent of its anticipated proofs at trial to attacking Plaintiffs' expert Dr. Bithoney. After all, there is a different between saying that Plaintiffs' injuries "could not be reliably attributed" to lead-contaminated water (VNA Opposition (ECF No. 527), at 15–16) and affirmatively attributing them

---

[5] *See* VNA's Motion to Exclude Testimony on Topics that Plaintiffs' Experts Have Disavowed (ECF No. 500).

6

to some other cause. When a defendant seeks to have the jury find that some other cause is responsible for a plaintiff's injuries and damages, Michigan law shifts the burden to the defendant to prove that the alternative cause is responsible. *See Maddux*, 362 Mich. at 433–36. Suffice to say, a defendant must do so with admissible evidence, including expert testimony unless the "matter 'is so obvious that it is within the common knowledge and experience of an ordinary layperson.'" *Powell-Murphy v. Revitalizing Auto Cmtys. Envtl. Response Trust*, 333 Mich. App. 234, 251 (2020) (quoting *Lowery v. Enbridge Energy L.P.*, 500 Mich. 1034, 1048 (2017) (Markman, C.J., concurring)).

Further, VNA's cases from other jurisdictions do not negate this point of substantive law. The right to present evidence of alternative causes may be important to mounting an "adequate defense," *see Aycock v. R.J. Reynolds Tobacco Co.*, 769, F.3d 1063, 1070 (11th Cir. 2014) (applying Florida law), but "[n]onetheless, alternate cause theories must be rooted in at least *some reliable evidence*." *Sowers v. R.J. Reynolds Tobacco Co.*, 3:09 C 11829, 2015 U.S. Dist. LEXIS 192209, at *24 (M.D. Fla. Jan. 23, 2015). Thus, despite the allegedly lower threshold for defendants in the Eleventh Circuit, the *Sowers* held that where, *inter alia*, "no expert" supports an alternative cause theory, that theory "would be entirely speculative, and [any] related evidence is irrelevant." *Id.* at *25.

7

## **CONCLUSION**

Plaintiffs respectfully request that the Court grant this Motion *In Limine*.

Dated: January 11, 2022

                                            Respectfully submitted,

/s/ COREY M. STERN
Corey M. Stern
Renner Walker
LEVY KONIGSBERG LLP
605 Third Ave., 33rd Fl.
New York, New York 10158
(212) 605-6200
cstern@levylaw.com
rwalker@levylaw.com

8

## CERTIFICATE OF SERVICE

I, Renner K. Walker, hereby certify that on January 11, 2022, the foregoing brief, along with its attached exhibit, were served on all counsel of record via the Court's ECF filing system.

/s/ Renner K. Walker
Renner K. Walker