# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy

United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

## OPINION AND ORDER GRANTING DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ABOUT THE *60 MINUTES* SEGMENT REFERRED TO BY DR. WILLIAM BITHONEY [506]

Before the Court is one of thirteen motions *in limine* filed by Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's (collectively "VNA") in anticipation of the first Flint Water bellwether trial. VNA seeks the

exclusion of testimony describing a segment of the television program "*60 Minutes.*" Dr. William Bithoney, Plaintiffs' primary expert on the issue of causation, briefly referenced that segment in his deposition and reports.

It is clear that testimony describing a reporter's summary of another individual's research ordinarily constitutes inadmissible hearsay under Federal Rules of Evidence 802 and 805. Experts may sometimes testify to otherwise inadmissible materials, but only when "experts in [their] particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Fed. R. Evid. 703. As VNA correctly points out, medical doctors would not ordinarily form an opinion based on a news broadcast they have not independently verified. The *60 Minutes* segment at issue here is therefore not proper expert reliance material under Rule 703. Accordingly, Dr. Bithoney's descriptions of that program are inadmissible hearsay under Federal Rules of Evidence 802 and 805.

Plaintiffs argue that VNA's motion constitutes an improper effort to relitigate its *Daubert* motion to exclude all of Dr. Bithoney's testimony. But because Dr. Bithoney did not independently verify any of the

2

assertions made during the *60 Minutes* segment at issue, the Court did not rely on any of Dr. Bithoney's references to that segment. (*See* ECF No. 487). Accordingly, no reconsideration of that holding is required. Plaintiffs also argue that VNA's motion is moot because they do not intend to use the *60 Minutes* segment at trial. This would ordinarily be dispositive (*see* ECF No. 580 (denying as moot motion *in limine* regarding withdrawn testimony)). However, Plaintiffs refused to enter into a stipulation that they would not use the *60 Minutes* testimony. (ECF No. 621, PageID.43036.) Hence, the issue is not moot.

For these reasons, VNA's motion to exclude references to the *60 Minutes* segment on the Flint Water Crisis is GRANTED. This ruling should not be interpreted to alter the Court's previous rulings on the admissibility of Dr. Bithoney's testimony in any respect.

IT IS SO ORDERED,

Dated: January 12, 2022               s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2022.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager