UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

*In re* Flint Water Cases               Judith E. Levy

                                        United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

**OPINION AND ORDER DENYING DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING HEALTH CONDITIONS PLAINTIFFS HAVE NOT EXPERIENCED [503]**

Before the Court is one of thirteen motions *in limine* filed by Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's (collectively "VNA") in

anticipation of the first Flint Water bellwether trial. VNA seeks the exclusion of all evidence relating to health conditions Plaintiffs have not experienced.

This Court has previously addressed VNA's request to exclude this evidence in three *Daubert* rulings. (ECF No. 519, PageID.39901; ECF No. 487, PageID.36884; ECF No. 451, PageID.36367-69). This motion *in limine* is an ill-disguised motion for reconsideration of those holdings. It is VNA's second motion asking for reconsideration of the Court's *Daubert* ruling on the testimony of Dr. Bithoney. (*See* ECF No. 522 (first motion for reconsideration); ECF No. 579 (order denying motion for reconsideration)).

Since it is plain that litigants may not "circumvent" local court rules by raising arguments for reconsideration in a procedurally different motion, *see* E.D. Mich. LR 7.1, the local rule governing reconsideration applies. To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1, the movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D.

2

Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Saade v. City of Detroit*, No. 19-cv-11440, 2019 WL 5586970 at *1 (E.D. Mich., Oct. 30, 2019) (quoting *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997)).

VNA does not attempt to meet this high bar and appears to have misunderstood the Court's *Daubert* rulings on this issue. VNA argues that the very limited general testimony permitted by those rulings would introduce highly prejudicial evidence and require extensive rebuttal. (ECF No. 503.) For instance, VNA argues that "if the jury hears that Plaintiffs potentially could develop additional health effects years or decades down the road, the jury may seek to compensate Plaintiffs for those as-yet-unmanifested health effects." (*Id.*, at PageID.37672.) But the Court has ruled three times that Plaintiffs *may not* admit evidence that they could "potentially…develop additional health effects" in the future. (ECF No. 519, PageID.39901; ECF No. 487, PageID.36884; ECF No. 451, PageID.36367-69). Instead, Plaintiffs' experts may only testify in general terms, without identifying any specific health condition, that exposure to lead can cause several health conditions Plaintiffs do *not* suffer from. *Id.* Neither Plaintiffs nor their experts may imply that Plaintiffs themselves

3

will suffer from such additional health conditions. *Id.* Plaintiffs may elicit such testimony solely for the purpose of establishing the public health importance of preventing the lead contamination of drinking water. *Id.*

The gravity of harm risked by negligent conduct is a core issue in all negligence cases. *United States v. Caroll Towing Co.*, 159 F.2d 169, 173 (2d Cir. 1947) (Hand, J.) (duty in negligence cases is a function of the probability of harm, the gravity of such harm, and the burden of adequate precautions); *accord Lowe v. Estate Motors Ltd.*, 428 Mich. 439, 461 (1987). Accordingly, general testimony regarding the risk of harm posed by VNA's alleged negligence is undeniably relevant. And because Plaintiffs' expert testimony has been significantly limited, it does not pose the substantial risk of prejudice asserted by VNA.

For these reasons, VNA's motion to exclude evidence regarding health conditions from which Plaintiffs do not suffer is DENIED.

IT IS SO ORDERED,

Dated: January 13, 2022          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                            United States District Judge

4

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2022.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager