UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy

United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

**OPINION AND ORDER GRANTING DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY FROM NON-RETAINED EXPERTS [502]**

Before the Court is one of thirteen motions *in limine* filed by Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's (collectively "VNA") in anticipation of the first Flint Water bellwether trial. VNA seeks the

exclusion of expert testimony from certain fact witnesses Plaintiffs have not retained or disclosed as experts.

This dispute concerns testimony Plaintiffs elicited during the depositions of several fact witnesses about what those witnesses would expect engineers in VNA or LAN's position to do. For instance, Plaintiffs asked Mr. Schock (a research and development chemist at the EPA) whether, "in light of his expertise," he believes that VNA "should have known that the composition of the Flint River rendered that water bad water." (ECF No. 618, PageID.42892.) Such questions elicit expert testimony because the answer would have to rely on "scientific, technical, or other specialized knowledge," rather than on a witness' personal knowledge or observations. *Compare* Fed. R. Evid. 702(a) (experts may provide an opinion based on "scientific, technical, or other specialized knowledge); Fed. R. Evid. 701 (fact witness testimony must be based on first-hand knowledge or observation). The parties agree that expert opinions from witnesses who were not properly disclosed as experts are inadmissible. (ECF No. 550, PageID.41825; ECF No. 618,

2

PageID.42887.)[1] As VNA notes, Plaintiffs have not argued that their non-disclosure was either justified or harmless. Accordingly, Plaintiffs may not elicit expert testimony from individuals they have not timely disclosed as experts. This does not limit Plaintiffs' ability to question or cross-examine fact-witnesses in any other way consistent with the Federal Rules of Evidence.

For the reasons set forth above, VNA's motion *in limine* to exclude expert testimony from non-disclosed, non-retained experts is GRANTED.

IT IS SO ORDERED,

Dated: January 13, 2022  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

---

[1] Plaintiffs are concerned that application of this rule will create an "uneven playing field." But it should be clear that this rule will be applied equally to VNA and LAN.