# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*
Case No. 17-10164

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART LOCKWOOD, ANDREWS & NEWNAM, INC.'S MOTION TO EXCLUDE THE TESTIMONY AND REPORT OF MR. RICHARD HUMANN [349]

This opinion is the second addressing the admissibility of the testimony and reports of Mr. Richard Humann, Plaintiffs' expert engineer. Defendants argue that Mr. Humann cannot meet the standards set by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Currently before the Court is the motion by Lockwood, Andrews and Newnam, Inc. and Lockwood, Andrews and Newnam, P.C. ("LAN") to exclude Mr. Humann's testimony and report. (ECF No. 349.)

The Court recently issued an opinion resolving all but one of the challenges against Mr. Humann's testimony. (ECF No. 523.) An evidentiary hearing was held on January 10, 2022, to evaluate the reliability of Mr. Humann's opinion that LAN should have warned the City of Flint in 2013 that upgrading the Flint Water Treatment Plant ("FWTP") in time for use in early 2014 was impossible. For the reasons set forth below, Mr. Humann may testify to this opinion at trial.

This resolves LAN's final challenge against Mr. Humann's testimony. For the reasons set forth below and in the Court's prior opinion (ECF No. 523), LAN's motion to exclude Mr. Humann's testimony is GRANTED IN PART and DENIED IN PART.

## I.   Analysis

In his expert report, Mr. Humann opines that LAN should have known in 2013 that there was a "clear lack of time to get the FWTP operational by April 2014." (ECF No. 330-26, PageID.15206.) According to LAN, that opinion was unreliable because Mr. Humann did not explain why the FWTP could not be rendered operational in time, and because it was inconsistent with Mr. Humann's deposition testimony that he was unaware of any work that had not been completed by April,

2014, with the exception of appropriate measures to control corrosion. (ECF No. 523, PageID.40062-40063.) An evidentiary hearing was held to clarify the bases for Mr. Humann's conclusions. Because Mr. Humann adequately explained his conclusions at this hearing, he may testify to his opinion that LAN should have warned the City of Flint in 2013 that there was not enough time to upgrade the FWTP before a 2014 switch to render it safe for a municipal water supply.

First, Mr. Humann reasonably relied on the content of the November 2013 change-order agreement between the City of Flint and LAN to infer what engineering work had not yet been completed. (ECF No. 641, 43288.) By that time—five months before the FWTP was to be put to public use—the agreement indicated that the following work remained outstanding: (1) chemical system upgrades, (2) ozone upgrades, (3) electrical upgrades, (4) midpoint chlorination, (5) pump station upgrades, (6) rural water piping connection, and (7) softening residuals disposal. *Id.* According to Mr. Humann, it would be impossible to conduct this work in five months. Moreover, according to the November change-order, contractors would not have been hired until February 2014, leaving only three months to conduct the necessary

3

upgrades. Based on his professional experience as an engineer, Mr. Humann indicated that simply sizing-up, ordering, and fabricating the components necessary to complete the upgrades listed would have taken four to five months. (ECF No. 641, PageID.43293.) Thus, even if installation of all the equipment and components had been instantaneous, the work still could not have been completed in time for an April 2014 switch.

Because Mr. Humann permissibly relied on his lengthy professional experience as an engineer to draw these conclusions, they are admissible under Federal Rule of Evidence 702. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999) (expert may rely on "professional studies or personal experience").

Mr. Humann's conclusions are also relevant. While he was unsure whether the electrical upgrades were necessary to ensure safe drinking water, Mr. Humann testified that he was certain that upgrades to the chemical and ozone systems would have been necessary. (*Id.*, PageID.43298.)   Likewise for the midpoint chlorination, rural water piping connections, and softening residuals disposal. (*Id.*, PageID.43298-43299.) Out of these upgrades, Mr. Humann explained

4

that the chemical, ozone, and midpoint chlorination upgrades would have been necessary to treat the corrosivity of the water and thereby prevent the leaching of lead into Flint's drinking water. (*Id.,* PageID.43291.) The corrosivity of Flint's drinking water is, of course, at the heart of this case.

Mr. Humann also resolved the apparent inconsistencies in his testimony. He explained that he did not intend to testify that the only work missing in 2014 was the corrosion inhibitor. Mr. Humann interpreted LAN's deposition question to ask him "what [work] I was aware of…being done" in 2013-2014. (*Id.* PageID.43296.) Because he did not know precisely which tasks were completed between November of 2013 and April 2014, he answered that he was not aware of what work still had to be done by April 2014. *Id.* Mr. Humann clarified that he did not mean that *no* other work was needed by that time. *Id.* To the contrary, in his opinion it would have been entirely impossible to finish the necessary work for Flint to provide safe drinking water by April 2014. *Id.* This clarification renders Mr. Humann's deposition testimony consistent with his expert report.

LAN argues that Mr. Humann's testimony regarding the upgrade schedule should nevertheless be excluded because it is factually incorrect. LAN denies that the upgrades identified by Mr. Humann were necessary to the safe functioning of the FWTP. Instead, LAN argues, they were only scheduled to ensure that the FWTP would be viable as a *long* term water treatment solution for the City of Flint.  By contrast, Mr. Humann maintains that these upgrades were necessary "from day one of putting the plant into service." (ECF No. 641, PageID.43306.)

This highly factual dispute is unsuited for resolution at the *Daubert* stage. As the Sixth Circuit has repeatedly clarified, "it is not proper for the Court to exclude expert testimony 'merely because the factual bases for an expert's opinion are weak.'" *Andler v. Clear Channel Broadcasting, Inc.*, 670 F.3d 717, 729 (6th Cir. 2012) (quoting *Boyar v. Korean Air Lines Co., Ltd.*, 954 F.Supp.4, 7 (D.D.C. 1996)). That is especially true in this circumstance, where there remain significant disputes of fact regarding the condition of the Flint Water Treatment Plant in the months leading up to the switch. Serious factual disputes should not be resolved by the Court as part of a *Daubert*

6

ruling. If there is evidence that the Flint Water Treatment Plant was already equipped with adequate facilities and that upgrades were merely optional, LAN may present such evidence at trial. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 506 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

## II.    Conclusion

For the reasons set forth above and in the Court's prior opinion regarding the testimony of Mr. Humann, LAN's motion to exclude Mr. Humann's opinions and testimony is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: January 20, 2022                   s/Judith E. Levy
Ann Arbor, Michigan                       JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8