# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases | Judith E. Levy |
| | United States District Judge |

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

**OPINION AND ORDER GRANTING DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. AND LOCKWOOD, ANDREWS & NEWNAM, P.C.'S MOTION IN LIMINE TO EXCLUDE HOWARD CROFT'S 09.03.2015 EMAIL [494]**

Before the Court is a motion *in limine* by Lockwood, Andrews & Newnam, Inc., and Lockwood, Andrews & Newnam, P.C.'s (collectively "LAN") to exclude Howard Croft's September 3, 2015, e-mail from evidence. (ECF No. 494.)

Howard Croft was the City of Flint's Director of Public Works during the Flint Water Crisis. (ECF No. 537, PageID.41519.) On September 3, 2015, he authored an e-mail claiming that "[a]t the outset of our plant design, optimization for lead was addressed and discussed with our engineering firm and the DEQ." (ECF No. 494, PageID.37135.) Plaintiffs have cited to this e-mail as evidence that LAN was involved in discussions regarding the upgrade of the Flint Water Treatment Plant for the treatment of Flint River water earlier than some other record evidence would suggest. (*E.g.,* ECF No. 371, PageID.23882.)

LAN argues that the statements in Mr. Croft's e-mail are inadmissible hearsay under Federal Rules of Evidence 801 and 802. LAN is correct. During his deposition, Mr. Croft unambiguously admitted that the information contained in his September 3, 2015, e-mail was "directly information I received from Mike Glasgow. That was not firsthand information that I was typing there." (ECF No. 494-2, PageID.37158). Plaintiffs do not meaningfully dispute this in response and instead argue that LAN's motion is premature and unsuitable for resolution at the *in limine* stage. A request to exclude a single e-mail from evidence, however, is precisely the sort of "discrete evidentiary issue" that motions *in limine*

2

are meant to resolve. *Cf. Dunn ex. rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274-275 (E.D. Mich. 2009) (describing purpose of motions *in limine* and collecting cases).

Because the statements made in Mr. Croft's September 3, 2015, e-mail are inadmissible hearsay, they may not be admitted for the purpose of establishing the truth of the matter asserted. Fed. R. Evid. 801(c)(2). This ruling does not preclude Plaintiffs from offering Mr. Croft's e-mail for any other purpose permitted by the Federal Rules of Evidence.

For the reasons set forth above, LAN's motion to exclude Mr. Croft's September 3, 2015, e-mail is GRANTED.

IT IS SO ORDERED,

Dated: January 21, 2022　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2022.

　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　Case Manager

3