UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*
Case No. 17-10164

_____/

**OPINION AND ORDER DENYING AS MOOT DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE IMPROPER JURY ARGUMENT [489]; GRANTING IN PART AND DENYING IN PART VNA'S MOTION TO EXCLUDE SETTLEMENT [490]; DENYING VNA'S MOTION TO EXCLUDE TESTIMONY ABOUT MOTIVE [492]; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO PRECLUDE INVESTIGATIVE REPORTS [511]; AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO PRECLUDE EVIDENCE ABOUT ALTERNATIVE LEAD EXPOSURES [513]**

Before the Court are a series of motions *in limine* filed in anticipation of the first Flint Water bellwether trial, scheduled to begin on February 15, 2022. On January 19, 2022, oral argument was held on

the parties' motions *in limine*. The following motions were resolved during that hearing for the reasons set forth on the record:

- The VNA Defendants' motion to exclude improper jury argument (ECF No. 489) is DENIED AS MOOT because the issues raised in that motion have been resolved by the parties.

- The VNA Defendants' motion to exclude the settlement from evidence (ECF No. 490) is GRANTED IN PART and DENIED IN PART.

- The VNA Defendants' motion to exclude testimony and evidence about motive and intent (ECF No. 492) is DENIED.

- Plaintiffs' motion to preclude investigative reports (ECF No. 511) is GRANTED IN PART and DENIED IN PART. Neither the Task Force Report nor the EPA reports will be admitted in their entirety. On February 1, the LAN and VNA Defendants will inform the Court what portions of these reports, if any, they intend to use during their opening statements. Plaintiffs may submit their response by February 7.

Finally, Plaintiffs' motion to exclude from evidence testimony about alternative lead exposures (ECF No. 513) is GRANTED IN PART and DENIED IN PART.

For the reasons set forth on the record, Dr.'s Finley and Weed will be permitted to testify that Plaintiffs' blood lead values are normal, not indicative of lead poisoning, and consistent with ordinary background exposure to lead. They may explain what constitutes ordinary background exposure to lead, and they may rebut opinions offered by Plaintiffs' experts. Neither Dr. Finley nor Dr. Weed may testify that Plaintiffs' exposure or their injuries were in fact caused by sources of lead other than Flint's water supply, because neither Dr. Finley nor Dr. Weed has attempted to determine the most likely source of Plaintiffs' exposure.

In addition, Defendants' experts will not be permitted to testify to the results of A.T.'s home inspection report. That home inspection was conducted years after A.T. moved to a different home. In the intervening time, A.T.'s previous home was remodeled and sustained fire damage. Accordingly, any testimony based on A.T.'s home inspection report would be entirely speculative. Speculative expert testimony is inadmissible. *E.g. Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671 (6th Cir. 2010) ("no

matter how good experts' credentials may be, they are not permitted to speculate") (cleaned up) (quoting *Goebel v. Denver & Rio Grande W.R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2010)).

IT IS SO ORDERED.

Dated: January 21, 2022　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2022.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager