# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy

United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

**OPINION AND ORDER DENYING DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. AND LOCKWOOD, ANDREWS & NEWNAM, P.C.'S MOTION IN LIMINE TO EXCLUDE DAUGHERTY JOHNSON'S MARCH 17, 2015, E-MAIL [496]**

Before the Court is a motion *in limine* by Lockwood, Andrews & Newnam, Inc., and Lockwood, Andrews & Newnam, P.C.'s (collectively "LAN") to exclude Daugherty Johnson's March 17, 2015, e-mail from evidence. (ECF No. 496.)

This motion *in limine* seeks to exclude an e-mail that was allegedly forwarded to Warren Green (a LAN employee) on March 17, 2015. On that date, Daugherty Johnson (a City of Flint employee) attempted to forward a message originally sent by Stephen Busch (a Michigan Department of Environmental Quality employee). The original message was addressed to Howard Croft and addressed several recommendations regarding water treatment, including one recommendation about an optimized corrosion control plan. (*See* ECF No. 496-1).

LAN argues that the forwarded message is irrelevant under Federal Rules of Evidence 401 and 402 because Mr. Green never received it.[1] During his deposition, Mr. Green testified that he did not receive the March 17, 2015, forwarded e-mail. (ECF No. 496-2, PageID.37266.) LAN and Mr. Green subsequently sought help from Bryan Biondo, LAN's Senior System Administrator, to determine whether the forwarded message had ever been received by the e-mail system. After having searched the system archive, Mr. Biondo determined that the forwarded message was never received by the LAN e-mail system. (ECF No. 496-3).

---

[1]LAN does not seek to exclude the original message from Busch to Croft.

Courts should be hesitant to exclude evidence at the *in limine* stage unless it is "clearly inadmissible." *Parnell v. Billingslea,* No. 17-12560, 2020 WL 99017, at *1 (E.D. Mich. 2020) (citing *Indiana Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)). As Plaintiffs correctly point out, the fact that Mr. Green never received this e-mail does not render its contents entirely irrelevant. Importantly, Daugherty Johnson's attempt to forward the MDEQ's recommendations to LAN may be relevant evidence of Johnson's—and, by extension, the City of Flint's—attitudes regardless of whether Mr. Green received the message. And the City of Flint's position with respect to the use of corrosion control is an important part of Plaintiffs' case against LAN. Accordingly, it would be premature to exclude Johnson's e-mail at this stage.

For the reasons set forth above, LAN's motion to exclude the March 17, 2015, e-mail is DENIED.

IT IS SO ORDERED,

Dated: January 26, 2022        s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
