# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases | Judith E. Levy |
| | United States District Judge |
| _____/ | |
| This Order Relates To: | |
| *Bellwether I Cases* | |
| Case No. 17-10164 | |
| _____/ | |

**OPINION AND ORDER DENYING AS MOOT DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. AND LOCKWOOD, ANDREWS & NEWNAM, P.C.'S MOTION IN LIMINE TO <u>EXCLUDE REFERENCES TO LEGAL DUTIES</u> [509]**

Before the Court is a motion *in limine* by Lockwood, Andrews & Newnam, Inc., and Lockwood, Andrews & Newnam, P.C.'s (collectively "LAN") to exclude all references to legal duties. (ECF No. 509).

This motion seeks an order preventing Plaintiffs from eliciting testimony about LAN's legal duties. The existence of a legal duty under Michigan law is a legal question to be decided by the Court. *Dyer v. Trachtman*, 470 Mich. 45, 49 (2004) (citing *Simko v. Blake*, 448 Mich. 648, 655 (1995)). Accordingly, the issue of whether LAN owed a duty to Plaintiffs will be resolved in the Court's forthcoming ruling on LAN's motion for summary judgment. For the reasons set forth in the VNA summary judgment opinion, LAN owed Plaintiffs a legal duty under Michigan law. *See In re Flint Water Cases*, No. 17-10164, 2022 WL 94899, at *4-9 (E.D. Mich., Jan. 10, 2022) ("VNA"). Accordingly, the jury will not need to hear testimony on whether LAN owed Plaintiffs a legal duty.

In response to this motion, Plaintiffs represent that they will conform their testimony to the Court's opinions resolving the legal duty question. (ECF No. 538). Consistent with those opinions, there will be no need for testimony that seeks to establish the existence of a legal duty, except where such testimony establishes a predicate fact necessary to the duty finding. *Farwell v. Keaton*, 396 Mich. 281, 286 (1976).[1] Plaintiffs

---

[1] Relevant predicate facts to the duty finding will be set forth in the summary judgment opinion. Testimony about such facts does not need to be cast in terms of

may also elicit testimony about the obligations of engineers insofar as such testimony is relevant to establishing the appropriate standard of care.

Because there is no reason to enter an order asking Plaintiffs to comply with this Court's other orders, LAN's motion regarding legal duties is DENIED AS MOOT.

IT IS SO ORDERED,

Dated: January 26, 2022      s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                             United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2022.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager

---

legal duty, however, because the legal duty determination remains for the Court to determine.