# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy

United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

## OPINION AND ORDER GRANTING DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION IN LIMINE EXCLUDE EVIDENCE AND ARGUMENT ABOUT OTHER CLAIMS AND LAWSUITS [491]

Before the Court is one of thirteen motions *in limine* filed by Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's (collectively "VNA") in anticipation of the first Flint Water bellwether trial. VNA seeks the

exclusion of argument and evidence about other claims and lawsuits filed against it. (ECF No. 491.)

Federal Rule of Evidence 404(b) provides that evidence of prior acts, including prior acts which resulted in lawsuits, "is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); *McLeod v. Parsons Corp.*, 73 F.App'x 846, 853 (6th Cir. 2003). Such evidence could be admissible, however, if relevant to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* In the Sixth Circuit, evidence of prior acts is admissible only if it meets the following four-part test:

> (1) The evidence must be directed toward establishing something other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue, (3) the evidence must be such that the jury could find that the act occurred and that the party in question committed it; and (4) the prejudicial effect of the evidence must not clearly outweigh its probative value.

*McLeod*, 73 F.App'x at 854 (citing *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494-95 (7th Cir. 1998)).

Plaintiffs do not attempt to apply this four-part test to evidence form any other lawsuit against VNA. Instead, they argue in hypothetical terms that evidence from such lawsuits "could" be relevant for various reasons, such as if VNA made a statement against interest, or if the lawsuit at issue was sufficiently similar to the present case. (ECF No. 547, PageID.41606-41607.)

Since Plaintiffs do not point to any actual admission they wish to introduce, that issue is not ripe for decision. Plaintiffs argue that evidence from a lawsuit involving VNA's work in Plymouth concerned a failure to use corrosion control and is therefore sufficiently similar to this case to be admissible. But this addresses only one of the four *McLeod* factors. The Court is unable to evaluate the other factors without a clearer proffer of evidence from Plaintiffs. As it stands, the basic rule that prior act evidence is inadmissible applies to evidence arising out of other lawsuits against VNA.

Accordingly, VNA's motion to exclude evidence and argument about other lawsuits against it is GRANTED.

IT IS SO ORDERED,

Dated: January 31, 2022                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2022.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager