# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy

United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION IN LIMINE TO EXCLUDE HINDSIGHT TESTIMONY [498]

Before the Court is one of thirteen motions *in limine* filed by Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's (collectively "VNA") in anticipation of the first Flint Water bellwether trial. VNA seeks the

exclusion of testimony from VNA employees regarding their feelings about the Flint Water Crisis and what they would have done differently in hindsight. (ECF No. 498.)

VNA correctly notes that hindsight testimony does not establish a question of fact regarding negligence. *E.g.*, *Henderson v. City of Melvindale*, No. 342679, 2010 WL 6245831, at *7 (Mich. App. Nov. 21, 2019). But evidence need not prove a point on its own to be relevant under Federal Rule of Evidence 401. To the contrary, "evidence may not be excluded merely because it is insufficient to prove the ultimate point for which it is offered, so long as 'it has the slightest probative worth'." *United States v. Inzunza-Arenas*, 831 F.App'x 778, 783 (6th Cir. 2020) (quoting *United States v. Whittington,* 455 F.3d 736,  738-39 (6th Cir. 2006)).

Whether VNA's employees believe that mistakes were made during their work for the City of Flint is plainly probative of whether VNA in fact did make mistakes. This is especially true for testimony by witnesses who even in 2015 believed that VNA should not involve itself in Flint. Where a witness' answer appears to be based purely on hindsight, VNA's own questioning can make this explicit. Because appropriate jury

2

instructions and effective examination will prevent misapplication of the standard of care, exclusion is unnecessary.

Although testimony regarding mistakes made during VNA's work for the City of Flint is relevant; testimony regarding employees' personal feelings or emotional responses to the Flint Water Crisis is not. What matters in this case is whether VNA breached the standard of care, not how its employees feel about the possibility of such a breach. Accordingly, testimony that concerns *only* an employee's emotional response to the events of the Flint Water Crisis is excluded.

For the reasons set forth above, VNA's motion *in limine* to exclude hindsight testimony is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED,

Dated: February 1, 2022            s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2022.

3

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager