UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases | Judith E. Levy |
| | United States District Judge |

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

# OPINION AND ORDER DENYING DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. AND LOCKWOOD, ANDREWS & NEWNAM, P.C.'S MOTION IN LIMINE TO EXCLUDE CITY OF <u>FLINT WATER SYSTEM Q&A DOCUMENT</u> [495]

Before the Court is a motion *in limine* by Lockwood, Andrews & Newnam, Inc., and Lockwood, Andrews & Newnam, P.C.'s (collectively "LAN") to exclude a "City of Flint Water System Q&A" document prepared by Howard Croft. (ECF No. 495).

Howard Croft was the City of Flint's Director of Public Works during the Flint Water Crisis. (ECF No. 537, PageID.41519.) On June 26, 2013, Mr. Croft attended part, but not all, of a meeting between City of Flint government officials, the Michigan Department of Environmental Quality ("MDEQ"), the Karegnondi Water Authority ("KWA") and the LAN Defendants. (ECF No. 495, PageID.37181.) Approximately 18 months later, Mr. Croft prepared a "Q&A Document" for the Mayor of Flint describing several aspects of this June 26, 2013, meeting. LAN now moves to exclude that document as inadmissible hearsay.

Plaintiffs argue that the Q&A document is a "recorded recollection" under Federal Rule of Evidence 803(5). That rule permits a witness to read his prior written statement into evidence when that statement "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately, (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5).

Mr. Croft's deposition testimony suggests that the meeting was not fresh in his memory at the time he wrote the Q&A document, and that it may not accurately reflect his knowledge of the meeting—which he

2

attended only in part. (*See* ECF No. 494, PageID.37186.) But there is no reason to pre-emptively bar Plaintiffs from attempting to offer this document during their examination of Mr. Croft at trial. The mere fact that there was an approximately 18-month gap between Mr. Croft's attendance at the meeting and this Q&A document is not dispositive. *United States v. Smith*, 197 F.3d 225, 231 (6th Cir. 1999) ("contemporaneousness is not required in determining whether an event was sufficiently fresh to satisfy FRE 803(5)") (collecting cases). Accordingly, Plaintiffs could succeed in authorizing the Q&A document if they offer it at trial. The Court will rule on its admissibility at that time.

For the reasons set forth above, LAN's motion to exclude the Flint Water System Q&A Document is DENIED.

IT IS SO ORDERED,

Dated: February 8, 2022           s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2022.

s/William Barkholz<br>
WILLIAM BARKHOLZ<br>
Case Manager