# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

*In re* Flint Water Cases                    Judith E. Levy

United States District Judge

_____/

This Order Relates To:

*Bellwether I Cases*

Case No. 17-10164

_____/

## OPINION AND ORDER DENYING DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION IN LIMINE TO EXCLUDE THEORIES OF NEGLIGENCE NOT SUPPORTED BY EXPERT TESTIMONY [499]

Before the Court is one of thirteen motions *in limine* filed by Veolia

North America, LLC, Veolia North America, Inc., and Veolia Water

North America Operating Services, LLC's (collectively "VNA") in

anticipation of the first Flint Water bellwether trial. VNA seeks the

exclusion of all testimony related to theories of negligence Plaintiffs no longer offer or fail to support with expert testimony. (ECF No. 499.)

As the Court noted in its opinion resolving VNA's motion for summary judgment, all parties agree that Plaintiffs will not pursue claims regarding TTHM and ferric chloride. (ECF No. 606, PageID.42705.) VNA asks the Court to "hold [Plaintiffs] to that representation." (ECF No. 499, PageID.37434.) As this Court has repeatedly set forth, orders requiring compliance with previous court orders or undisputed concessions are plainly unnecessary. (*See, e.g.,* ECF No. 580) (order denying as moot motion *in limine* to exclude Dr. Krishnan's causation opinions). Accordingly, this portion of VNA's motion is denied as moot.

VNA also asks the Court to exclude all evidence regarding its alleged misrepresentations to the general public during a town hall meeting. According to Plaintiffs, VNA told Flint citizens that their water was "safe" even though it knew about the lead contamination. (ECF No. 552, PageID.41979-41980.) As the Court has held before, Plaintiffs may not bring a separate negligence claim based on that theory because they have not argued that such misrepresentations were causally related to

their injuries. (ECF No. 606, PageID.42705-42706.) Accordingly, Plaintiffs may not put forward evidence of VNA's alleged misrepresentations to the public for the purpose of establishing a separate breach of VNA's duties. The Court's summary judgment opinion governs the theories Plaintiffs may put forward at trial. (ECF No. 606.)

This is not to say, however, that Plaintiffs must be pre-emptively barred from introducing any evidence of VNA's alleged misrepresentations. The fact that such misrepresentations do not constitute a separate theory of negligence does not render them irrelevant to this case. According to Plaintiffs, VNA's desire to win a long-term contract with the City of Flint motivated it to look away from serious safety issues. The Court has already held that Plaintiffs may argue this theory at trial. (ECF No. 645.) Evidence showing that VNA misrepresented the safety of Flint's water to the general public while it was aware of lead contamination would certainly tend to support Plaintiffs' theory of the case. Accordingly, such evidence is relevant. *See United States v. Inzunza-Arenas*, 831 F.App'x 778, 783 (6th Cir. 2020) ("Evidence may not be excluded because it is insufficient to prove the ultimate point for which it is offered, so long as 'it has the slightest

3

probative worth'") (quoting *United States v. Whittington*, 455 F.3d. 736, 738 (6th Cir. 2006)).[1]

VNA also argues that evidence of its alleged misrepresentations would be more prejudicial than probative under Federal Rule of Evidence 403. Specifically, VNA claims that without expert testimony explaining how reasonable engineers would use the word "safe," a jury could misunderstand VNA's statement and find against VNA based on its "gut-reaction disapproval of that statement." (ECF No. 499, PageID.37455.) But VNA made the disputed statements *to the general public*, not (just) to government officials or a group of qualified engineers. Accordingly, the relevant question is not what reasonable engineers would say amongst themselves, but what a reasonable engineer would say to the general public. As VNA notes, the jury in this trial will be unaware of any alleged technical meanings of the term "safe." What VNA fails to acknowledge is that this will put the jury in *precisely the same position* as VNA's audience at the time of the town hall meeting. There is therefore no

---

[1] VNA also argues that expert testimony would be required to show that any alleged misrepresentations to the public constituted a breach of its legal duties. That issue is mooted by the fact that Plaintiffs may not introduce these misrepresentations for the purpose of showing a separate breach of duty.

danger that the jury will misunderstand the meaning of VNA's statements to that audience.

VNA next argues that introduction of this evidence could tempt a jury to judge VNA's statements on the basis of hindsight. It is clear that hindsight would be an improper basis for a finding of liability. But jurors are presumed to follow their instructions. *United States v. Bradley,* 917 F.3d 493, 508 (6th Cir. 2019) (citing *United States v. Hynes*, 467 F.3d 951, 957 (6th Cir. 2006)). Moreover, "the federal rule of evidence governing the admission of probative evidence unless it is outweighed by the danger of unfair prejudice…is strongly weighted toward admission." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018). Because the evidence at issue in this motion is potentially highly probative, it is premature to exclude it in its entirety at the *in limine* stage.

Accordingly, VNA's motion *in limine* to exclude evidence of theories not supported by experts is DENIED.

IT IS SO ORDERED,

Dated: February 8, 2022                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager