UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING DEFENDANTS, GOVERNMENTAL OFFICIALS' AND HIGH-PROFILE PERSONS' CONSUMPTION OF FLINT WATER [505]**

Before the Court is Plaintiffs' motion *in limine* to exclude all evidence of unfiltered Flint water consumption by Defendants, governmental officials, and high-profile individuals. (ECF No. 505).[1]

According to Plaintiffs, evidence that particular individuals drank Flint water should be excluded because the jury could wrongly take that evidence to suggest that Flint's water was safe. The parties all agree that

---

[1] Plaintiffs' reference to "high-profile individuals" appears to refer only to former President Barack Obama. VNA does not plan to use any evidence of President Obama's drinking City of Flint water in 2016, so this issue is moot.

evidence of water consumption by any particular individual cannot be used to show that Flint's water was safe, or that it did not cause Plaintiffs' injuries. (ECF No. 530, PageID.41248 ("To be clear, VNA does not intend to use this evidence to show that the water was safe."); ECF No. 554, PageID.42231 (LAN defendants' notice joining VNA's response brief)).

According to VNA, evidence that its own employees drank water is relevant for a different reason: it tends to show that *VNA did not know* that the water was unsafe. It is clear that Plaintiffs have put VNA's knowledge at issue. (*See, e.g.*, ECF No. 548, (arguing that evidence about VNA's motive, intent, or mental state should be admissible); ECF No. 552 (arguing that evidence VNA misrepresented its knowledge about the safety of Flint's water to the general public should be admissible). Accordingly, evidence that VNA did not know that the water contained lead is relevant.

Any particular VNA employee's decision to drink Flint water, however, is of only minimal relevance to VNA's knowledge. First, "the knowledge possessed by a corporation about a particular thing is the sum total of all the knowledge which its officers and agents, who are

2

authorized and charged with the doing of the particular thing, acquire while acting under and within the scope of their authority." *New Properties, Inc. v. George D. Newpower, Jr. Inc.*, 282 Mich. App. 120, 134 (2009) (quoting *Upjohn Co. v. New Hampshire Ins. Co.*, 438 Mich. 197, 214 (1991) (cleaned up)). Accordingly, if even one authorized VNA employee knew that the water contained lead, evidence that any other VNA employee drank the water would have no relevance to VNA's institutional knowledge. An agent's *knowledge* is imputable to her principal; her ignorance clearly is not. *New Properties, Inc.*, 282 Mich. App. at 134 (corporate knowledge consists of the *sum total* of knowledge of authorized officers and agents).

Moreover, the fact that an employee drank Flint water does not necessarily show that they believed the water to be safe. As Plaintiffs point out, whether someone is comfortable drinking water that may carry health risks also depends on their tolerance for risk. And it may depend on how often the person consumed the water. For instance, the fact that Mr. Gadis drank potentially unfiltered Flint water from a pitcher on a single day in February 2015 hardly shows that he believed chronic

3

consumption of that water to be safe for adults—let alone for children. (ECF No. 530-4, PageID.41267).

Against this minimal relevance the Court must weigh the substantial potential for delay, confusion, and waste of time that would be risked by the introduction of this evidence. Fed. R. Evid. 403. Discussion of any employee's alleged consumption of Flint River water would inevitably create lengthy factual disputes—why did they drink the water? How much? How often? Did they believe it to be safe, or did they think the health risk was an acceptable one? Would they have believed it to be safe for chronic consumption by children? What is their tolerance for risk related to nonbiological toxins in water? And so forth. Such disputes would derail the trial and "divert[] attention away from the real issue of negligence." *Cf. Villalba v. Consol. Freightways Corp. of Delaware*, No. 98 C 5347, 2000 WL 1154073, at \*6 (N.D. Ill., Aug. 14, 2000). The probative value of such evidence, if any, is therefore greatly outweighed by its potential to waste time and cause undue delay. Fed. R. Evid. 403. Accordingly, it is inadmissible. *Id.*

The same problems present themselves with even greater force with respect to evidence that government officials drank Flint water.

4

VNA claims that if VNA employees witnessed Flint officials drinking unfiltered Flint water, that would tend to show that VNA had no reason to suspect that Flint's water was unsafe. (ECF No. 530, PageID.41252.) This rather tortured inference creates a whole new set of fact questions that would have to be resolved before the evidence could shed any light on VNA's state of mind at all. In any event, a professional water engineer surely cannot credibly claim to be informed in its analysis of the safety of drinking water by casual observations of non-expert government officials drinking that water. Evidence that non-VNA or LAN employees drank unfiltered Flint water simply has no probative value.

For the reasons set forth above Plaintiffs' motion to exclude evidence regarding the consumption of unfiltered Flint water is GRANTED.

IT IS SO ORDERED.

Dated: February 13, 2022            s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
