UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. AND LOCKWOOD, ANDREWS & NEWNAM, P.C.'S MOTION IN LIMINE TO EXCLUDE JEFFREY HANSEN E-MAILS [493]**

Before the Court is a motion *in limine* by Lockwood, Andrews & Newnam, Inc., and Lockwood, Andrews & Newnam, P.C.'s (collectively "LAN") to exclude e-mails by Jeffrey Hansen which describe the City of Flint in negative terms. (ECF No. 493.)

This motion *in limine* seeks to exclude four e-mails authored by Jeffrey Hansen, a project manager employed by LAN. The e-mails use crude and unflattering language to describe the City of Flint. LAN argues that the e-mails are inadmissible because they have no relevance to any

disputed issue in this case and because they are more prejudicial than probative. (ECF No. 493, PageID.37100.)

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also e.g., Brooks v. Caterpillar Global Mining America, LLC.*, 2016 WL 3676764, at *2 (W.D. Ky., July 6, 2016). Two of the e-mail chains at issue in this motion are plainly irrelevant. In one of them, Mr. Hansen forwards a local news article allegedly about the City of Flint seizing and killing dogs and declares that "flint stinks." (ECF No. 493-4, PageID.37127.) In the other, Mr. Hansen asks his girlfriend to feed his dog while he is working in "Clown Town." (ECF No. 493-3, PageID.37125.) Plaintiffs argue that the insulting descriptions of Flint provide evidence of LAN's attitude towards Flint, but that argument is unpersuasive as to these purely personal messages. Nor are these e-mails even tangentially related to Mr. Hansen's work for LAN or to LAN's duties as a water engineer. Accordingly, they are excluded.

In a third e-mail, Mr. Hansen characterizes Prof. Marc Edwards of Virginia Tech as a "clown." (ECF No. 493-5, PageID.37129.) Unlike Mr.

Hansen's canine concerns, this message is relevant. Dr. Edwards is a key figure in the Flint Water Crisis: his team was among the first to blow the whistle on the dangerous lead levels in Flint's drinking water. Mr. Hansen's dismissive attitude towards him is probative because it suggests that he did not take the public health hazards involving lead poisoning seriously. This e-mail is therefore admissible.

In the final e-mail chain, Mr. Hansen suggests that "2 thugs robbing someone at gunpoint would symbolize the area [Flint] nicely." (ECF No. 493-2, PageID.37121.) Because this e-mail was part of a larger conversation with his colleagues at LAN—who reacted with smileys and "lol" *Id.*—it is somewhat probative of LAN's attitudes towards Flint. On the other hand, the e-mails are unrelated to LAN's water engineering tasks. Because this e-mail presents a closer evidentiary question, the Court will defer ruling on its admissibility until trial. *Parnell v. Billingslea*, No. 17-12560, 2020 WL 99017, at *1 (E.D. Mich. 2020) (courts should be hesitant to exclude evidence at the *in limine* stage unless it is "clearly inadmissible") (citing *Indiana Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

For the reasons set forth above, LAN's motion to exclude Jeffrey Hansen's e-mails is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED,

Dated: February 17, 2022　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2022.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager