UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY OR REFERENCE TO CONVICTIONS, INDICTMENTS OR CRIMINAL CHARGES [507]**

Before the Court is Plaintiffs' motion *in limine* to exclude all evidence of criminal charges, convictions, or indictments of witnesses in this case. (ECF No. 507.) VNA does not seek to introduce charges or convictions but seeks to admit pending indictments for the purpose of

showing bias.[1] (ECF No. 529.) LAN argues that the indictments, plea agreements, and charging documents are all admissible in full.[2]

The indictments and charging documents of the government officials in this case may not be offered for the truth of the matter because they are hearsay not within any exception. Fed. R. Evid. 801, 802. VNA does not dispute this. LAN argues that they are admissible under Federal Rule of Evidence 807, but that rule applies only to evidence which is "more probative on the point for which it is offered than *any other* evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(2) (emphasis added). LAN hopes to offer the indictments and criminal charging documents for the purpose of showing that the government officials committed the acts with which they were charged. But "the mere fact of arrest or indictment is still consistent with innocence." *See, e.g., United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (collecting cases). Indictments are accusations; they do not themselves prove the truth of those accusations. Accordingly,

---

[1] As set forth in multiple opinions, Veolia North America LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC are collectively referred to as "VNA."

[2] Lockwood, Andrews and Newnam, Inc., Lockwood, Andrews, and Newnam, P.C. and the Leo A. Daly Company are collectively referred to as "LAN."

2

indictments and charging documents are not more probative on the issue of the alleged misconduct of government officials than the direct testimony of those officials. Fed. R. Evid. 807(2).

For the same reason, government officials' *nolo contendere* pleas also do not fall under the ambit of Rule 807. A *nolo contendere* plea is "not…an express admission of guilt" but "a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." *North Carolina v. Alford*, 400 U.S. 25, 35n8 (1970); *see also Lichon v. American Universal Ins. Co.*, 435 Mich. 408, 417 (1990) (discussing effect of *nolo* pleas under Michigan law). Such pleas are therefore not more probative evidence of guilt than direct testimony. Fed. R. Evid. 807(2).

Without any reference to caselaw, LAN next asserts that *nolo contendere* pleas are statements against interest and admissible under Federal Rule of Evidence 804(b)(3). LAN is incorrect. The Federal Rules of Evidence do not treat *nolo contendere* pleas as admissions of guilt. *See, e.g.,* Fed. R. Evid. 410, Notes of the Advisory Committee ("The present rule gives effect to the principal traditional characteristic of the *nolo* plea, i.e., avoiding the admission of guilt which is inherent in pleas of guilty."); Fed. R. Evid. 803(22) (unlike other convictions, convictions based on *nolo*

3

pleas are not admissible to prove the fact of a party's guilt). Nor does Michigan law. *Lichon,* 435 Mich. at 417 ("to the extent a nolo contendere plea is an implicit admission of guilt, it is such an admission only for the purposes of the criminal proceeding in which the plea is entered."). Accordingly, the Michigan *nolo* pleas at issue in this case are not statements against interest for purposes of Federal Rule 804(b)(3). *See also Moser v. Basccelli,* 879 F.Supp. 489, 492-93 (E.D. Penn. 1995) ("Since a guilty plea constitutes an express concession of guilt, it is construed as a statement against interest admissible in a subsequent proceeding. The nolo contendere plea, on the other hand, is an implied admission relevant only to the criminal proceeding, and so would not be admissible…").[3]

For these reasons, neither the *nolo* pleas nor the indictments or criminal charging documents are admissible for the truth of the matter asserted therein. Fed. R. Evid. 802.

LAN argues that the criminal indictments and pleas are also admissible for purposes of impeachment. As the Sixth Circuit has

---

[3] Even if the *nolo* pleas were statements against interest, they would still be inadmissible unless the declarant were also "unavailable as a witness." Fed. R. Evid. 804(b).

4

recognized, however, "a witness's credibility generally cannot be impeached by showing arrest, indictments, or other acts of misconduct not resulting in a conviction." *United States v. Baker*, 494 F.2d 1262, 1266 (6th Cir. 1974); *accord In re Polypropylene Hernia Mesh Prod's. Liab. Litig.*, 510 F.Supp.3d 538, 557 (S.D. Oh. 2020) (citing *Baker*, 494 F.3d at 1266); *see also Maynard*, 476 F.2d at 1174 ("as a general rule it is improper to impeach a witness by showing an outstanding indictment without a final conviction.") (collecting cases). Accordingly, LAN is incorrect.

Finally, VNA argues that pending indictments should be admissible for the purpose of showing bias. VNA relies on two cases for this proposition. The first, *NLRB v. Jacob E. Decker & Sons*, is a Fifth Circuit decision which VNA incorrectly cites as coming from the Sixth Circuit. 569 F.2d 357 (5th Cir. 1978). The Court there noted in dictum that "under appropriate circumstances…an indictment may be introduced to show the bias of the witness," but it did not explain what such "appropriate circumstances" would be. *NLRB*, 569 F.2d at 364 n7. The second is *United States v. Maynard*, but in that case the D.C. Circuit

5

*overturned* the district court's decision to admit an indictment for purposes of showing bias. 476 F.2d at 1175. As the Court explained

> The prejudicial effect of the admission of the arrest and charge in this case outweighed its probative substance. Admission of these facts was simply not necessary to show that Mrs. Kemper had good reason to testify as she did. Gueory's own testimony had already revealed to the jury all the facts on the basis of which Mrs. Kemper could be charged with a crime…her being charged with a crime was probative of no more than that the prosecutor, or the grand jury, chose to believe Gueory and not Mrs. Kemper. In this context, the extra impeachment provided by proof of the arrest and indictment is marginal.

*Id. Maynard* ultimately rejected the very rationale VNA defends, namely, that the indictment at issue was admissible to show a "self-serving need to exculpate oneself concerning the events charged as a crime." *Id.* at 1174. It is highly likely that here, as in *Maynard*, all the facts on the basis of which government officials could be charged with a crime will be revealed to the jury. *Id.* Accordingly, the indictment itself is unlikely to have additional probative value.

Against the relatively minimal probative value of the indictment (considered as documentary evidence), the Court must weigh the significant prejudicial effect to Plaintiffs. As the *Maynard* Court noted, "knowledge of an arrest and indictment weighs heavily in the minds of

6

laymen." *Id*. Admitting entire indictments into evidence creates a significant risk that the jury will assume the facts set forth in those documents to be true. Because indictments strongly suggest guilt without providing any evidence of guilt, they are precisely the kind of evidence that "tends to suggest decision on an improper basis." *United States v. Sherrill*, 972 F.3d 752, 765 (6th Cir. 2020) (discussing Fed. R. Evid. 403). Accordingly, the indictments may not be admitted into evidence even for the purpose of showing bias.

This is not to say, however, that Defendants may not simply ask government officials whether they have been indicted. The parties may explore the partiality of witnesses at trial, *Davis v. Alaska*, 415 U.S. 308, 316 (1974). Pointing out that a witness has been indicted through cross-examination is a permissible and effective way of exploring that witness's bias, and it avoids a substantial part of the prejudice that would result from wholesale admission of the indictments themselves. To be sure, the mere fact that a witness has been indicted itself may suggest guilt to the layperson. But *that* prejudice can be effectively mitigated by a jury instruction to the effect that indictments are "consistent with innocence." *Maynard* 476 F.2d at 1174. It is not sufficiently serious to warrant

7

prohibiting parties from exploring potentially meaningful biases on the part of key witnesses. *See United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (balancing test set forth by Fed. R. Evid. 403 is "strongly weighted towards admission.").

Accordingly, Defendants may explore witness' biases by asking them whether they have been indicted.[4] However, because the indictments are evidence only of bias, they may *not* be referenced in opening statements. Mention of indictments in opening statements could not have the purpose of exploring the bias of any particular witness, because no witnesses will yet have testified. Such references therefore could only have the purpose of using the indictments to show the guilt of non-parties at fault. They are therefore impermissible.

For the reasons set forth above, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: February 25, 2022          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY

---

[4] Since an admission that one is currently under criminal indictment would not expose a witness to additional criminal prosecution, this question would not implicate the witness's Fifth Amendment right against self-incrimination.

                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2022.

                    s/William Barkholz
                    WILLIAM BARKHOLZ
                    Case Manager