UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No: 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Honorable Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____/ | |

**THE LAN DEFENDANTS' MOTION TO SIMPLIFY PRESENTATION OF EVIDENCE AND EXPEDITE TRIAL**

Defendants Lockwood Andrews & Newman, Inc., Lockwood Andrews & Newman P.C. (collectively, "LAN") and Leo A. Daly Company ("LAD") (LAN and LAD collectively the "LAN Defendants") file this Motion to Simplify Presentation of Evidence and Expedite Trial.

1. The Court has previously ruled that the question of whether the engineers working on the Flint water projects were employees of LAD and working in the course and scope of their employment for LAD for purposes of applying vicarious liability presents a question of fact. ECF 675. Accordingly, Plaintiffs are burdened to prove that LAD is vicariously responsible for any torts committed by the engineers. *See Cox ex.rel. Cox v. Board of Hosp. Manages for City of Flint*, 467 Mich. 1, 651 N.W. 2d 356 (2002)(jury instructions improperly shifted burden of

proof on vicarious liability to defendant).  LAN and LAD wish to simplify the presentation of evidence in this case and believe that the jury's attention should be focused on the core liability questions so that the trial may function as a true bellwether.

2. Therefore, the LAN Defendants agree that for purposes of this trial only, LAD may be deemed to be the employer of the engineers employed on the projects performed by LAN for the City of Flint for purposes of vicarious liability. This would avoid the necessity for any party to submit evidence on the question of the precise identity of the engineers' employer and the issue of course and scope. It would also remove the question for the jury's consideration and eliminate the need for the parties to formulate jury instructions on the issue.[1]

3. The Federal Rules of Civil Procedure, which govern the procedure in this civil action, "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Similarly, the Federal Rules of Evidence "shall be construed to secure elimination of unjustifiable expense and delay." FED. R. EVID. 102. The rules of evidence expressly grant a trial court power to exclude even relevant evidence because of "considerations of

---

[1] The LAN Defendants do not concede that, as a matter of fact or law the engineers were working in the course and scope of employment of LAD at any relevant time. They are willing, however, for the sake of efficiency and in the interests of justice to take the issue "off the table" for this trial only.

undue delay, waste of time, or needless presentation of cumulative evidence," FED. R. EVID. 403, and to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence" and to "avoid wasting time." FED. R. EVID. 611(a).

4. The Sixth Circuit, like other circuits, has inferred from these provisions that a trial court may, in its discretion, impose limits on the parties' presentation times at trial. Trial courts enjoy "broad discretion" in placing limits on the presentation of evidence to prevent delay, waste of time, and needless presentation of cumulative evidence. *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 244 (6th Cir. 2020) (quoting *Sutkiewicz v. Monroe Cty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997)). *See, e.g.*, *Trepel v. Roadway Exp., Inc.*, 40 F. App'x 104, 108 (6th Cir. 2002) (court had discretion to control the trial of the case by limiting each side to ten hours for presentation of their cases); *Sutkiewicz*, 110 F.3d at 361 (same, 25 hours for each side).

5. By removing the vicarious liability issue from consideration, the Court would prevent needless delay and streamline the conduct of the trial. The focus of each engineer's testimony would be upon the performance of that person's professional responsibilities, not peripheral details related to how their employment is structured.

6.	Therefore, the LAN Defendants request that court exclude any evidence that is solely related to the employment status of the engineers performing work on any project for which LAN performed work for the City of Flint, and that, in the event the professional negligence of any of the engineers is found be a proximate cause of damages to any plaintiff, that any resulting judgment (if otherwise valid) be entered against both LAN and LAD jointly as if both had been found to be employers of the engineers by the trier of fact; provided that this Motion shall only apply to the trial of these four named plaintiffs in this bellwether trial and shall not be binding or having any *res judicata* or claim or issue preclusion effect in any other claims in the Flint Water Litigation or elsewhere.

Respectfully submitted,

| | |
|---|---|
| */s/Wayne B. Mason* | */s/ Philip A. Erickson* |
| Wayne B. Mason (SBOT 13158950) | Philip A. Erickson (P37081) |
| Travis S. Gamble (SBOT 00798195) | Rhonda Stowers (P64083) |
| David C. Kent (SBOT 11316400) | PLUNKETT COONEY |
| S. Vance Wittie (SBOT 21832980) | 101 N. Washington Square, Suite 1200 |
| FAEGRE DRINKER BIDDLE & REATH LLP | Lansing, MI 48933 |
| 1717 Main St., Suite 5400 | (517) 324-5608 |
| Dallas TX 75201 | *perickson@plunkettcooney.com* |
| (469) 227-8200 | *rstowers@plunkettcooney.com* |
| *wayne.mason@faegredrinker.com* | |
| *travis.gamble@faegredrinker.com* | |
| *david.kent@faegredrinker.com* | |
| *vance.wittie@faegredrinker.com* | |

**ATTORNEYS FOR LOCKWOOD, ANDREWS & NEWNAM, INC.,
LOCKWOOD, ANDREWS & NEWNAM, P.C. and
LEO A. DALY COMPANY**

## CERTIFICATE OF SERVICE

The foregoing instrument was filed using the ECF System on March 1, 2022, which will send notification to the ECF counsel of record.

*/s/ David C. Kent*
David C. Kent
