UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Gaddy et al. v. Flint et al.*<br>*Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO STRIKE CERTAIN DEPOSITION DESIGNATIONS RELATING TO FERRIC CHLORIDE**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to preclude Plaintiffs from introducing testimony relating to the effect of ferric chloride on the corrosivity of water or arguing that VNA or LAN acted negligently by recommending the use of ferric chloride. This motion is necessary because, despite Plaintiffs' representation to this Court that they will not bring a negligence claim related to ferric chloride and lack expert testimony to support such a theory, Plaintiffs have designated deposition testimony related to that theory.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this motion. After VNA explained the nature and legal basis for the motion, Plaintiffs' counsel said that they would oppose it.

1

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: */s/ James M. Campbell* <br> James M. Campbell <br> Alaina N. Devine <br> One Constitution Wharf, Suite 310 <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> adevine@campbell-trial-lawyers.com | By: /s/ *Cheryl A. Bush* <br> Cheryl A. Bush (P37031) <br> 100 W. Big Beaver Road, Suite 400 <br> Troy, MI 48084 <br> (248) 822-7800 <br> bush@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: March 9, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |
| This Document Relates To: <br> *Gaddy et al. v. Flint et al.* <br> *Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM <br> Case No. 5:17-cv-11165-JEL-MKM |

___

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE CERTAIN DEPOSITION TESTIMONY RELATING TO FERRIC CHLORIDE**

i

## STATEMENT OF THE ISSUES PRESENTED

1. Should the Court prohibit Plaintiffs from introducing deposition testimony related to the supposed effect of ferric chloride on the corrosivity of Flint water or arguing that VNA or LAN acted negligently by recommending the use of ferric chloride?

**VNA answers:** "Yes."

**Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Broz v. Plante & Moran, PLLC*, 331 Mich. App. 39 (2020)

*Potti v. Duramend Pharms. Inc.*, 938 F.2d 641 (6th Cir. 1991)

## INTRODUCTION

Plaintiffs have unambiguously represented to the Court that they are not pursuing any theory that VNA acted negligently by recommending that the City increase its use of ferric chloride. At the hearing on VNA's motion for summary judgment, Plaintiffs conceded that that theory is "not part of [their] case" because they had not disclosed any expert testimony to support it. Tr. of Nov. 22, 2021, Hrg. 48, ECF No. 450, PageID.36253. This Court accepted Plaintiffs' representation in ruling on VNA's motion for summary judgment and its related motion in limine to exclude unsupported theories of negligence, which sought to take the ferric chloride theory off the table. The Court denied those portions of VNA's motions as moot, because Plaintiffs had conceded that VNA's recommendation regarding ferric chloride is not at issue in the case.

Despite their representation to the Court, Plaintiffs have sought to introduce evidence about ferric chloride to show that VNA and LAN acted negligently. On the first day of testimony, Plaintiffs' counsel asked Dr. Hoaglund about the supposed effects of ferric chloride on water corrosivity. Two days later, Plaintiffs' counsel repeatedly asked LAN engineer Jeff Hansen about LAN's recommendation that the City increase ferric chloride dosages. Plaintiffs' counsel specifically asked Mr. Hansen whether LAN considered the effect of adding ferric chloride on the corrosivity of the water when it made that recommendation. The Court sustained

1

LAN's objection to this line of questioning, reminding Plaintiffs that they could not bring a negligence claim based on a recommendation to use ferric chloride.

After the Court's ruling, VNA became concerned that some of the parties' deposition designations were inconsistent with that ruling. VNA therefore went back through the parties' proposed deposition designations, and it has identified many designations that contain the same or similar questions to the ones that Plaintiffs asked Mr. Hansen. Most of those designations were made by Plaintiffs, although a small number were made by VNA and LAN. VNA will withdraw its designations if the Court grants this motion, but Plaintiffs would not agree to withdraw their designations.

VNA accordingly moves to strike those portions of the deposition designations so that Plaintiffs cannot introduce them at trial. After all, this Court already said the issue is off the table. Plaintiffs have admitted that they have no expert evidence to support the theory that VNA and LAN were negligent for having recommended that the City use ferric chloride. And Plaintiffs represented to the Court that they would not press a negligence theory based on ferric chloride. So for the same reasons the Court sustained LAN's objection on these topics during Mr. Hansen's testimony, the Court should strike the deposition designations that suggest that adding ferric chloride to the water contributed to causing Plaintiffs' alleged injuries, or that suggest that any engineer acted negligently by recommending that

2

the City use ferric chloride. The Court also should enter an order precluding Plaintiffs from attempting to elicit testimony on those subjects from any witness at trial.

## ARGUMENT

### I. Plaintiffs Previously Conceded That They Are Not Bringing Claims Based On Ferric Chloride

Plaintiffs unambiguously abandoned their allegation that VNA acted negligently by recommending that the City use ferric chloride to address elevated total trihalomethane (TTHM) levels in Flint water. As the Court recognized, "expert evidence is ordinarily required to establish breach in a professional negligence case." *In re Flint Water Cases*, No. 17-cv-10164, 2022 WL 377889, at *7 (E.D. Mich. Feb. 7, 2022) (citing *Broz v. Plante & Moran, PLLC*, 331 Mich. App. 39, 53 (2020)). The Court stated that this requirement applies to Plaintiffs' allegations about ferric chloride, because water treatment is outside "the common knowledge and experience of an ordinary person." Tr. of Nov. 22, 2021, Hrg. 47, ECF No. 450, PageID.36252.

During the hearing on VNA's motion for summary judgment, Plaintiffs conceded that they do not have expert testimony to support a theory that VNA acted negligently by recommending that the City use ferric chloride. Plaintiffs have disclosed only one expert on the standard of care of a professional water engineer, Richard Humann. *See* Order on VNA Mot. to Exclude Humann 3, ECF No. 523,

3

PageID.40044. Mr. Humann did not mention ferric chloride in his expert report. *See generally* Humann Report, ECF No. 528-3, PageID.40767-40790. And Plaintiffs did not seek to supplement Mr. Humann's opinions after VNA's experts explained that VNA's recommendation to increase ferric chloride dosages was reasonable, would not have caused any lead release in Flint, and was never followed by the City. *See, e.g.*, Bellamy Report 22, 37-38, 46-47, ECF No. 415-2, PageID.31396, 31411-31412, 31420-31421. Plaintiffs accordingly admitted at the hearing that ferric chloride "[is] not mentioned by [Mr.] Humann." Tr. of Nov. 22, 2021, Hrg. 48, ECF No. 450, PageID.36253. They further admitted that "without proper testimony from an expert" on ferric chloride, they "would not be able to present that to a jury." *Id*. They unambiguously told the Court that ferric chloride "[is] not part of our case." *Id.*

The Court accepted Plaintiffs' representation in ruling on VNA's motion for summary judgment and a related motion in limine. VNA had moved for partial summary judgment on Plaintiffs' theory of negligence related to ferric chloride because Plaintiffs lacked expert support for that theory. *See* Order on VNA Mot. for Summ. J. 28, ECF No. 606, PageID.42705. The Court denied that part of the motion as moot, because Plaintiffs had represented that ferric chloride was no longer part of their case:

> The bellwether Plaintiffs are no longer pursuing any claims regarding TTHM's or the addition of ferric chloride. (ECF No. 450,

4

> PageID.36523) (Plaintiffs' counsel acknowledging that these theories cannot be brought to the jury due to the absence of expert testimony). Accordingly, VNA's motion for summary judgment on those theories is moot.

*Id.*

VNA also had filed a motion in limine seeking to preclude Plaintiffs from introducing evidence related to theories of negligence unsupported by expert evidence, including any theory about ferric chloride. In denying that part of the motion as moot, the Court again relied on Plaintiffs' representation, stating that "all parties agree that Plaintiffs will not pursue claims regarding TTHM and ferric chloride." Order on VNA Mot. to Exclude Unsupported Theories 2, ECF No. 667, PageID.43732. The Court rejected VNA's request for an order holding Plaintiffs to their representation, explaining that "orders requiring compliance with previous court orders or undisputed concessions are plainly unnecessary." *Id.*

## II. Plaintiffs Nonetheless Have Sought To Introduce Evidence About Ferric Chloride At Trial

Despite conceding that ferric chloride is "not part of [Plaintiffs'] case," Plaintiffs' counsel already have tried to introduce evidence related to ferric chloride, and their deposition designations indicate that they intend to keep doing so. These attempts to inject evidence about ferric chloride into the case are inappropriate—any evidence suggesting that ferric chloride affected the corrosivity of Flint water or that

VNA (or LAN) acted negligently by recommending the use of ferric chloride is irrelevant, and could serve only to confuse or prejudice the jury.

Plaintiffs' counsel began trying to introduce evidence of ferric chloride on the first day of evidence, when he asked Plaintiffs' hydrogeologist Dr. John Hoaglund about the effect of ferric chloride on water chemistry. Despite Dr. Hoaglund's concession that he has no expertise in water treatment, Ex. 1, Tr. of Mar. 1, 2022, Trial 281:11-17, and over VNA's objections to this line of testimony, *id.* at 183:15-190:8, Plaintiffs' counsel asked Dr. Hoaglund to go through the "treatment at the Flint Water Treatment Plant," *id.* at 260:17-18. Dr. Hoaglund offered his views on the possible effects of each treatment step on the chemistry of Flint water. *See id.* at 261:4-262:4. He opined that adding ferric chloride would "add chloride to the solution" which "can free up bicarbonate to react and precipitate." *Id.* at 264:16-265:9. He opined that when that happens, "you have less of [the] bicarbonate buffer" and thus "less of the scaling agents that you need to form lining on the pipe." *Id.* at 265:12-14. He concluded that "the water ends up more corrosive[] because it has less bicarbonate in it" and "less scaling ability in it." *Id.* at 269:6-8.

Plaintiffs' counsel brought up ferric chloride again during his direct examination of Jeff Hansen of LAN. Although Mr. Hansen repeatedly explained that he did not have expertise in water treatment for a surface-water source like the Flint River, *see, e.g.*, Ex. 2, Tr. of Mar. 3, 2022, Trial 636:7-13, Plaintiffs' counsel

6

asked him about LAN's recommendation that the City increase the amount of ferric chloride it was using, *see, e.g.*, *id.* at 593:6-8. Mr. Hansen explained that LAN had made that recommendation in response to the elevated TTHM levels in Flint water. *Id.* at 593:9-10. Counsel then asked Mr. Hansen multiple times if, in making that recommendation, LAN had considered whether "very high levels of ferric chloride could be detrimental to water quality and make the water more corrosive." *Id.* at 605:14-16; *see id.* at 605:21-24 ("[Y]ou yourself did absolutely no testing to make sure that the recommendation of the dosages of ferric chloride that were implemented wouldn't have negative consequences[?]"); *id.* at 606:3-6 ("[Y]ou didn't ask Warren Green whether or not the ferric chloride dosages recommended by LAN could create a serious problem with corrosion of the water, correct?"). Those questions plainly were designed to suggest to the jury that LAN was negligent for having recommended that the City increase its use of ferric chloride, and that the use of ferric chloride caused lead to be released into Flint water.

The Court sustained LAN's objection to that line of questioning. The Court reiterated that Plaintiffs "can't bring a negligence claim based on the TTHM," Ex. 2, Tr. of Mar. 3, 2022, Trial 612:9-10—and Plaintiffs' counsel again agreed that they are not bringing such a claim, *see id.* at 612:11. The Court recognized that questions about whether LAN had considered the potential effect of ferric chloride on the corrosivity of water were "veering into whether there's a separate claim for

7

negligence based on addition of . . . ferric chloride to address TTHM." *Id.* at 614:10-12. The Court ordered Plaintiffs' counsel to "move on," instructing him not to "get into whether ferric chloride made . . . the problem worse with corrosivity." *Id.* at 613:15-21, 614:1; *see id.* at 614:3-4 (instructing counsel not to "go into chemistry of ferric chloride's impact"). Plaintiffs complied with the Court's directive for the remainder of their examination of Mr. Hansen. *See id.* at 615:6-20.

But the parties' deposition designations include impermissible testimony about ferric chloride. Plaintiffs have informed the Court that they intend to introduce the deposition testimony of a number of witnesses, and have provided designations for those depositions. LAN and VNA have provided counter-designations. This is the first time VNA could object to the designations related to ferric chloride, because the parties filed their initial deposition designations on December 18, 2021, and their objections and counter-designations on December 28, 2021—when VNA's summary judgment motion and motion in limine on ferric chloride still were pending. Because the Court had not yet ruled on those motions, VNA did not object to questions related to ferric chloride, but it "reserve[d] the right to amend and/or supplement [its] . . . objections at any time prior to trial and based on the Court's rulings . . . and evidence introduced at trial." *E.g.*, VNA Notice of Counter Dep. Designations & Objs. for Gnagy 21, ECF No. 599, PageID.42303.

8

In light of the Court's rulings on VNA's motions and on LAN's objection to Plaintiffs' examination of Mr. Hansen, VNA has reviewed all of the parties' designations to determine whether any designations are inconsistent with the Court's rulings. VNA identified many impermissible designations related to ferric chloride by Plaintiffs, and a small number of designations by VNA and LAN. VNA will withdraw its designations if the Court grants this motion.[1] But Plaintiffs refused to withdraw their designations, even though those designations include a number of questions that suggest that ferric chloride had an effect on the corrosivity of Flint water or that VNA or LAN was negligent in recommending the use of ferric chloride—including the same questions that Plaintiffs' counsel asked Mr. Hansen. For example, Plaintiffs designated:

- Questions asked of Charles Lawrence of LAN by class plaintiffs' counsel about whether he had "conduct[ed] any assessment of how the additional ferric chloride [LAN] [was] recommending could impact corrosivity," Ex. 3, Pls.' Lawrence Dep. Designations 94:22-97:20;

- Questions asked of Marvin Gnagy of VNA by class plaintiffs' counsel about whether he had "ma[de] any assessment of whether following [VNA's] recommendation on ferric chloride would have made the water more corrosive," Ex. 4, Pls.' Gnagy Dep. Designations 288:14-290:7; and

- Questions asked of Theping Chen of VNA by counsel for the state-court plaintiffs about whether "ferric chloride can be corrosive to lead" and whether VNA "rais[ed] a concern about the use of ferric chloride in Flint," Ex. 5, Pls.' Chen Dep. Designations 328:8-329:18.

---

[1] VNA will withdraw its designation of lines 74:9 to 76:5 of Ms. Porter's deposition.

There is only one purpose for this testimony—to suggest to the jury that VNA's and LAN's advice about ferric chloride was negligent and contributed to causing Plaintiffs' alleged injuries.

And those are just examples. VNA has compiled all of the impermissible deposition designations on the subject of ferric chloride and attached them as exhibits to this motion. *See* Ex. 3, Pls.' Lawrence Dep. Designations; Ex. 4, Pls.' Gnagy Dep. Designations; Ex. 5, Pls.' Chen Dep. Designations; Ex. 6, Pls.' Nicholas Dep. Designations; Ex. 7, Pls.' Edwards Dep. Designations; Ex. 8, Pls.' Porter Dep. Designations.[2] As explained next, the Court should strike all of those designations.

### III. The Court Should Preclude Plaintiffs From Introducing Evidence Suggesting That Ferric Chloride Contributed To Causing Their Injuries Or That VNA Acted Negligently In Recommending The Use Of Ferric Chloride

The Court should hold Plaintiffs to their representation to the Court that claims about ferric chloride "are not part of [their] case," and prevent Plaintiffs from presenting the deposition excerpts that suggest that ferric chloride affected the corrosivity of Flint water or that VNA (or LAN) acted negligently in recommending the use of ferric chloride. The Court should similarly preclude Plaintiffs from attempting to elicit testimony on those subjects from any witness at trial.

---

[2] Plaintiffs also designated similar questions from Warren Green's deposition. VNA is not including those questions in this motion because Mr. Green is testifying live at trial.

That evidence is irrelevant, unfairly prejudicial, and likely to confuse the jury. Plaintiffs acknowledged that they have not disclosed any expert opinion supporting their allegations that VNA's recommendations about ferric chloride were negligent and contributed to any lead release in Flint water. Tr. of Nov. 22, 2021, Hrg. 48, ECF No. 450, PageID.36253.[3] Any testimony attempting to link recommendations about ferric chloride to water corrosion thus is irrelevant, and would serve only to confuse or prejudice the jury. That testimony could lead the jury to think that VNA acted negligently in recommending that the City use ferric chloride, and that VNA's recommendations contributed to lead release and Plaintiffs' alleged injuries. So for the same reason that the Court sustained LAN's objection when Plaintiffs attempted to question Mr. Hansen on this subject, the Court should strike all of the deposition designations highlighted in the exhibits.

The Court also should enter an order precluding Plaintiffs from further attempting to elicit impermissible testimony about ferric chloride. A district court should prohibit parties from introducing "inadmissible evidence that might confuse

---

[3] It is too late for Plaintiffs to try to disclose any new expert opinions now. *See* Fed. R. Civ. P. 26(a)(2)(D), (e)(2). There would no justification for the delay (Plaintiffs included allegations about ferric chloride in their Complaint over three years ago, *see* Am. Long-Form Compl. ¶¶ 350-53, ECF No. 185-2, PageID.5149-5150) and the disclosure would be unfair (because VNA relied on Plaintiffs' representation in preparing for trial). *See Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (exclusion of untimely disclosed evidence is "automatic and mandatory" when the non-disclosure is not "justified or harmless" (internal quotation marks omitted)).

or prejudice the jury." *Dixon v. Grand Trunk W. R.R. Co.*, No. 13-cv-14340, 2017 WL 5166868, at *1 (E.D. Mich. Nov. 8, 2017 ); *see, e.g.*, *Potti v. Duramend Pharms. Inc.*, 938 F.2d 641, 647-48 (6th Cir. 1991). In fact, the Court already has entered an order in analogous circumstances in this case. VNA moved in limine for an order prohibiting Plaintiffs from introducing or referring to a *60 Minutes* segment that one of their experts had mentioned in his report. *See* Order on VNA Mot. to Exclude *60 Minutes* Segment 1-2, ECF No. 634, PageID.43257-43258. Although Plaintiffs represented that they did not intend to use the *60 Minutes* segment, the Court nonetheless entered the order because Plaintiffs refused to enter into a stipulation. *Id.* at 3, PageID.43259. The same reasoning supports granting this motion—despite their unambiguous representation to the Court, Plaintiffs' counsel refuse to stop introducing evidence about ferric chloride (including by refusing to accede to this motion). An order from the Court is needed to enforce Plaintiffs' representation.

## CONCLUSION

The Court should strike the deposition designations highlighted in the exhibits, because those designations suggest that ferric chloride contributed to the corrosivity of Flint water or that VNA was negligent in recommending that the City use ferric chloride. The Court also should enter an order prohibiting Plaintiffs from attempting to elicit testimony on those subjects from witnesses at trial.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: */s/ James M. Campbell* | By: */s/ Cheryl A. Bush* |
| James M. Campbell | Cheryl A. Bush (P37031) |
| Alaina N. Devine | 100 W. Big Beaver Road, Suite 400 |
| One Constitution Wharf, Suite 310 | Troy, MI 48084 |
| Boston, MA 02129 | (248) 822-7800 |
| (617) 241-3000 | bush@bsplaw.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: March 9, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
|---|---|
| By: /s/ *James M. Campbell*<br>James M. Campbell<br>Alaina N. Devine<br>One Constitution Wharf, Suite 310<br>Boston, MA 02129<br>(617) 241-3000<br>jmcampbell@campbell-trial-lawyers.com<br>adevine@campbell-trial-lawyers.com | By: /s/ *Cheryl A. Bush*<br>Cheryl A. Bush (P37031)<br>100 W. Big Beaver Road, Suite 400<br>Troy, MI 48084<br>(248) 822-7800<br>bush@bsplaw.com<br>williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: March 9, 2022