## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Sherrod, Teed, Vanderhagen and Ware,

      Plaintiffs,

v.

VNA and LAN,

      Defendants.

_____ /

Case No. 5:17-cv-10164-JEL-KGA

Hon. Judith E. Levy

Flint Water Cases Bellwether I

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO PERMIT TESTIMONY BY REMOTE TRANSMISSION

Before the Court is Plaintiffs' oral motion to permit their witness Miguel del Toral to testify at trial by live video feed pursuant to Federal Rule of Civil Procedure 43(a). Defendants object to Plaintiffs' motion, pointing to the potential challenges of Zoom trial testimony and the courts' general preference for in-person testimony. In addition, the LAN Defendants request the opportunity to *voir dire* the witness.

Federal Rule of Civil Procedure 43(a) provides that "for good cause, in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission

from a different location." Fed. R. Civ. P. 43(a). As set forth on the record, Mr. Del Toral has a serious medical condition that places him at increased risk of complications from COVID-19. Although he wishes to testify, Mr. Del Toral has asked that his preference for remote contemporaneous testimony be accommodated.

Several courts have found that the risks posed by COVID-19 can constitute "compelling circumstances" sufficient to permit remote testimony. *See, e.g., Gould Elec. Inc. v. Livingston Cty. Road Comm'n*, 470 F.Supp.3d 735, 740-741 (E.D. Mich. 2020) (citing *In re RFC and ResCap Liquidating Trust Action*, 444 F. Suppp.3d 967, 969-71 (D. Minn. 2020); *Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-000482, 2020 WL 3104033, at *2-3 (E.D.N.Y. June 11, 2020)); *Whitt v. K-Va T Food Stores*, No. 3-17-cv-254, 2021 WL 5234967, at *1 (E.D. Tenn. 2021) ("the issues caused by the current health pandemic and the circumstances raised…warrant the presentation of Mr. Varney's testimony by video conference.")  Because Mr. Del Toral's medical condition exacerbates the already significant risks presented by the COVID-19 pandemic, they constitute sufficiently compelling circumstances to permit remote testimony under Rule 43(a).

Defendants point to the Rules' strong preference for live testimony. Fed. R. Evid. 43. Live, in-court testimony is certainly preferable to testimony that is transmitted electronically. But it is undisputed that Mr. Del Toral is outside of this Court's subpoena range. Fed. R. Evid. 45. Accordingly, the choice is not between live and remote testimony, but between remote testimony and the playing of a video deposition. Defendants' preference for live testimony therefore weighs in favor, not against, granting Plaintiffs' request.

Finally, Defendants are concerned that testimony taken by video teleconference would be difficult to hear and that the witness could be difficult to control. The Court notes that several courts have managed to hold entire trials using zoom technology. *See, e.g., Gould Elec.*, 470 F.Supp.3d at 740-741. To ensure that testimony will be received in an orderly manner, however, the Court adopts the safeguards set forth the Eastern District of Tennessee in *Whitt* and orders:

(1) That Plaintiffs ensure that the witness can be heard and understood by the jury and the parties; (2) that the witness testifies alone, in a closed room, free of any outside influence; (3) that Plaintiffs mark all documentary evidence they intend to provide to the witness prior to trial; (4) that Defendant be allowed a sufficient opportunity to cross-examine the witnesses; and (5) that the transmission of the video conference be instantaneous.

*Whitt*, 2021 WL 5234967, at *2 (citing *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011)). Prior to Mr. Del Toral's testimony, Court staff will test the technology to be used to ensure that these safeguards can be met.

Defendant LAN's request to voir dire the witness regarding his concern about COVID-19 is also granted and counsel may ask those questions at the time of the test run. Defendants may also mail a copy of the exhibits they know they are likely to use during their cross examination of this witness with instructions that their packages are not to be opened until Mr. Del Toral is sworn in as a witness and their cross examinations begin.

For the reasons set forth above, Plaintiffs' motion is GRANTED.

IT IS SO ORDERED.

Dated: March 30, 2022               s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager