## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Sherrod, Teed, Vanderhagen, and Ware,

        Plaintiffs,

v.

VNA and LAN,

        Defendants.

_____ /

Case No. 5:17-cv-10164-JEL-KGA

Hon. Judith E. Levy

Flint Water Cases Bellwether I

## ORDER GRANTING GOVERNOR SNYDER'S MOTION FOR INTERLOCUTORY APPEAL [753]

On March 21, 2022, the Court entered an order denying motions to quash filed by Governor Snyder (ECF No. 712), Gerald Ambrose, Howard Croft and Darnell Early (ECF No. 715), and Richard Baird (ECF No. 718). *Sherrod, Teed, Vanderhagen, and Ware v. VNA and LAN*, No. 5:17-cv-10164, 2022 WL 834009 (E.D. Mich., March 21, 2022) ("*Motions to Quash Order*"). Now before the Court is Governor Snyder's motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b). Governor Snyder's motion is joined by Gerald Ambrose, Howard Croft, Darnell Early and Richard Baird (collectively, "the movants"). (ECF No. 754, No.

755, No. 756, No. 757). Defendants continue to seek the movants' live testimony at trial and therefore agree that an expedited resolution of the issue through interlocutory appeal is appropriate. (*See* ECF No. 758 (VNA's response) and ECF No. 759 (LAN's response). For the reasons set forth below, the motion for interlocutory appeal is GRANTED.

## I. BACKGROUND

The Court has previously set forth the factual background leading up to these motions to quash and adopts that background as if fully set forth here. *Motions to Quash Order*, at *1-*3. On March 25, 2022, a hearing was held to discuss the practical implications of the Court's order denying the motions to quash. (ECF No. 752). At that hearing, counsel for each movant indicated that their clients would refuse to testify despite the Court's order. (ECF No. 752, PageID.46711.) Because the trial is already underway, the Court set an expedited briefing schedule for this motion to certify an interlocutory appeal. On March 29, 2022, Governor Snyder filed this motion seeking leave to appeal (ECF No. 753) and the motion has been fully briefed.

## II. LEGAL STANDARD

A district court shall permit a party to appeal a non-final order when the court is "of the opinion that such order involves [1] a controlling

2

question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017). The burden is on the moving party to show that each requirement of § 1292(b) is satisfied, *see In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2012), and the district court must "expressly find in writing that all three § 1292(b) requirements are met," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); § 1292(b). Interlocutory appeals are to be permitted only in exceptional circumstances. *See, e.g., In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

## III.  ANALYSIS

At the center of this dispute are five witnesses who, under threat of criminal indictment and represented by counsel, elected to testify during the civil depositions that were held in this case, without appealing to their Fifth Amendment right against self-incrimination. Those same witnesses then filed motions to quash their subsequent trial subpoenas, asserting a blanket right to refuse to appear at the ongoing civil trial. Consistent with "[t]he longstanding rule of this circuit that a defendant

must take the stand and answer individualized questions in order to invoke his Fifth Amendment privilege," *United States v. Bates,* 552 F.3d 472, 475-76 (6th Cir. 2009), this Court denied those motions. *Motions to Quash Order*, at *3.

As part of its reasoning in that ruling, the Court held that a deposition and a trial in the same civil case are parts of the same "proceeding" for purposes of the Fifth Amendment right against self-incrimination. *Id* at *4. As set forth below, that ruling is subject to reasonable disagreement and could materially affect the outcome of the case. Moreover, an expedited ruling from the Sixth Circuit would materially advance the ultimate termination of this litigation. Accordingly, the issue is certified for interlocutory appeal.

First, the order turns on a controlling question of law. "A legal issue is controlling if it could materially affect the outcome of the case." *Memphis*, 874 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). Although the resolution of movants' motions to quash is not determinative of any of Plaintiffs' claims, the presence or absence of key witnesses at trial could certainly have a material effect on the outcome

4

of their case. *Cf. In re Baker*, 954 F.2d at 1172 n8 (issue can be controlling even if its resolution would not terminate the case). Indeed, part of Defendants' strategy is to place the blame for the Flint Water Crisis squarely on the shoulders of the very government officials who now seek to remain silent. It is therefore likely that the nature and extent of live testimony from those officials would affect the outcome of this case. Accordingly, the first §1292(b) factor is met.

Second, there is substantial ground for difference of opinion on the controlling legal issue. Substantial grounds for difference of opinion exist "when 'the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" *Miedzianowski*, 735 F.3d at 384 (citing *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *7 (E.D. Mich. Nov. 24, 2008)). An issue is novel "where reasonable jurists might disagree on [its] resolution." *Trump*, 874 F.3d at 952 (quoting *Reese v. BP Expl., Inc.*, 643 F.3d 681, 688 (6th Cir. 2011)). Here, reasonable jurists have, in fact, disagreed on the issue's resolution: two state supreme courts have considered the precise legal question at issue here and reached contrary conclusions. *Compare Moser*

*v. Heffington*, 465 Md. 381, 400-402 (2019) ("For Fifth Amendment purposes, a deposition and the trial in the same matter are stages of the same proceeding") *with State v. Roberts*, 622 A.2d 1225, 1235 (N.H. 1993) ("a pretrial deposition is a distinct proceeding for the purpose of determining the effect of a waiver of the privilege"). No other court has squarely addressed the question, and Sixth Circuit has not reached the issue. *Cf. In re Miedzianowski*, 735 F.3d at 384 (difficult question whose resolution is governed by "little precedent" meets 1292(b) standard). Therefore, the second §1292(b) factor is also met.

Finally, this interlocutory appeal will materially advance the termination of this litigation. To determine whether "[a]n interlocutory appeal will materially advance the litigation," courts consider "if it will 'save substantial judicial resources and litigant expense.'" *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 871 (S.D. Ohio 2012) (quoting *In re Regions Morgan Keegan ERISA Litig.*, 741 F.Supp.2d 844, 849 (W.D. Tenn. 2010)). Movants have indicated that if interlocutory appeal is denied, they will violate the Court's ruling so that they can appeal an eventual contempt order as of right. (ECF No. 752, PageID.46711.) There is no doubt that interjecting contempt proceedings

into this ongoing civil trial for the sole purpose of permitting movants to appeal the Court's ruling would waste "judicial resources and litigant expense." *Id*. An immediate appeal would therefore materially advance this litigation. *Id*. Accordingly, the third and final §1292(b) factor is also met and Governor Snyder's motion is granted.[1]

Although the Court grants this motion for interlocutory appeal, it notes that movants fundamentally mischaracterize aspects of the Court's ruling. First, movants claim that the order under consideration raises the following legal question:

> may a district court preemptively hold that a party has waived the Fifth Amendment privilege for purposes of a given topic (without notice of the particular questions the questioning party intends to ask), or must the district court evaluate the risk of further incrimination on a question-by-question basis?

---

[1]     The Court is aware that appeals of orders denying motions to quash do not ordinarily reach the Sixth Circuit through §1292(b) certification. In the criminal context, it is well-established that "one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey." *United States v. Ryan*, 402 U.S. 530, 532 (1971). Some districts have followed the rule of *Ryan* in the civil context. *See, e.g., Convertino v. U.S. Dept. of Justice*, No. 07-CV-13842, 2009 WL 891701 at *1 (E.D. Mich., March 31, 2009) (denying motion for leave to appeal). In this instance, however, denying interlocutory appeal and requiring the movants to be held in contempt of court would result in substantial delays in the ongoing bellwether trial, after which the issue would still reach the Sixth Circuit through an appeal as of right. Such a process would unnecessarily expend the time and resources of all involved, including the jury. Because of the lack of precedent on the legal issue involved and the importance of an efficient resolution, the Court therefore determined that an intermediate interlocutory appeal would be more appropriate.

(ECF No. 753, PageID.46752.) As even cursory review of the Court's order would reveal, no such preemptive order was issued. *Order on Motions to Quash*, at *6 ("This ruling does not resolve the scope of movants' waiver.") Instead, the issue of scope was set for oral argument. *Id.* at *7. During that argument, counsel represented that movants would refuse to comply with the subpoena regardless of the Court's resolution of the remaining legal issues. (ECF No. 752, PageID.46716-46718.) For that reason, no further decisions were made on the issues of scope or trial procedure.

Second, movants claim that the Court's ruling is inconsistent with longstanding precedent holding that the Fifth Amendment privilege ought not be "narrowly or begrudgingly" construed. (ECF No. 753, PageID.46759, citing *Quinn v. United States*, 349 U.S. 155, 162 (1955)). Movants proceed to discuss the policies favoring broad construction of their privilege. *Id.* But the reach of the Fifth Amendment privilege is simply not at issue in these motions to quash. As counsel have acknowledged, it is beyond dispute that their clients waived their Fifth Amendment right during their depositions. (*See, e.g.,* ECF No. 735, PageID.46316 "we admit we waived for the purpose of the deposition, because we didn't assert it."). The question is therefore not whether the

Fifth Amendment's scope would ordinarily include movants—it plainly would—but whether movants' undisputed waiver extends to this stage of the proceeding. If it does, Supreme Court precedent dictates that movants' right has been waived as to the subjects of their testimony. *Mitchell v. United States*, 526 U.S. 314, 321 (1999) (citing *Rogers v. United States*, 340 U.S. 367, 373 (1951)) ("It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details.").

Movants also claim that the Court failed to appropriately consider their changed circumstances. But changed circumstances would be relevant only if the Court had determined that a deposition and subsequent trial constituted two distinct proceedings. *See In re Morganroth*, 718 F.2d 161, 165 (6th Cir. 1983) (on the "multiple proceeding" view of waiver, a waiver in an earlier proceeding could extend to a second proceeding only if this would not increase the risk of prosecution) (citing *Ellis v. United States*, 416 F.2d 791 (D.C. Cir. 1969)). Because the Court found that the deposition and trial were parts of *one*

proceeding, consideration of changed circumstances would have been inconsistent with Supreme Court precedent. *Mitchell*, 526 U.S. at 321.

## IV.  CONCLUSION

For the reasons set forth above, Governor Snyder's motion for interlocutory appeal of the Court's order denying movants' motions to quash is GRANTED.

Dated: April 1, 2022          s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2022.

                            s/William Barkholz
                            WILLIAM BARKHOLZ
                            Case Manager