# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 26, 2022

Mr. Timothy S. Bishop
Ms. Cheryl A. Bush
Mr. James Michael Campbell
Mr. Philip A. Erickson
Mr. Gerald K. Evelyn
Mr. Brian P. Lennon
Mr. Anastase Markou
Ms. Mary Massaron
Mr. Juan A. Mateo Jr.
Mr. Todd Russell Perkins
Mr. Charles Robert Quigg
Mr. Michael A. Rataj
Mr. Alexander Stephen Rusek
Mr. William W. Swor
Mr. Sherman Vance Wittie

Re: Case Nos. 22-0104/22-0105/22-0106/22-0107/22-0108, *In re: Richard Snyder, et al*
Originating Case No. 5:17-cv-10164

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Amy E. Gigliotti
Case Management Specialist
Direct Dial No. 513-564-7012

cc: Ms. Kinikia D. Essix

Enclosure

No mandate to issue

Nos. 22-0104/0105/0106/0107/0108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| In re: FLINT WATER CASES | ) <br> ) <br> ) |
| In re: RICHARD DALE SNYDER (No. 22-0104); DARNELL EARLEY (No. 22-0105); RICHARD BAIRD (No. 22-0106); HOWARD D. CROFT (No. 22-0107); GERALD AMBROSE (No. 22-0108), <br><br> Petitioners. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

O R D E R

FILED
Apr 26, 2022
DEBORAH S. HUNT, Clerk

Before: GUY, DONALD, and BUSH, Circuit Judges.

In these five related petitions arising from the Flint Water Crisis cases, petitioners—former Michigan Governor Richard Dale Snyder and his advisor Richard Baird, former Flint Emergency Managers Darnell Earley and Gerald Ambrose, and former Flint Director of Public Works Howard D. Croft—seek permission to appeal a district court order denying their motions to quash subpoenas requiring them to testify in a bellwether trial that has already begun. 28 U.S.C. § 1292(b). They seek immediate review based on their privileges against self-incrimination because their testimony will overlap with pending criminal charges they each face. Petitioners also separately move to expedite consideration of their petitions and, if granted, to expedite their appeals. Defendants respond and, although they do not oppose either the petitions or expediting the appeals, urge the court to adopt a shorter briefing schedule than proposed by Petitioners.

We may permit an appeal to be taken from an order certified for interlocutory appeal by the district court if: (1) the order involves a controlling question of law; (2) an immediate appeal may materially advance the ultimate conclusion of the litigation; and (3) a substantial difference

of opinion exists about the correctness of the decision. 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (order). Together with the statutory factors, prudential factors may also guide our exercise of discretion. *Trump*, 874 F.3d at 952. We agree with the district court that immediate appeal is appropriate because these criteria, as well as prudential factors, favor immediate review. The request to expedite the appeals is also well taken. The parties appear well positioned to adhere to a shorter schedule than proposed by Petitioners, given the speed with which they briefed the relevant pleadings below.

For these reasons, the petitions for permission to appeal are **GRANTED**. The motions to expedite are **GRANTED IN PART**. Petitioners shall file their principal briefs on or before seven (7) days from the date of the opening of their appeals. Respondents shall file their principal briefs within seven (7) days of Petitioners' briefs being filed, and Petitioners shall then have seven (7) days in which to file any reply briefs. Extensions of time will not be granted absent extraordinary circumstances. These related matters will then be assigned to a merits panel, and that panel may decide whether and when to expedite oral argument or a decision.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk