## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| *Walters, et al.,* | |
|     *Plaintiffs* | No. 5:17-cv-10164-JEL-MKM |
| v. | Hon. Judith E. Levy |
| *City of Flint, et al.,* | |
|     *Defendants* | |

## CO-LIAISON COUNSEL'S EMERGENCY MOTION TO COMPEL

Co-Liaison Counsel hereby move for an Emergency Order compelling the production of documents from Defendant Veolia Water North America Operating Services, LLC, Non-Parties Veolia Water Contract Services, Veolia Water Logistics, LLC, Veolia Water Municipal Services North America, and Veolia Environmental Services (collectively "Subpoena Recipients"). On May 5, 2022, Plaintiffs served the Subpoena Recipients with trial subpoenas seeking documents/tangible things related to certain Tweets from the Twitter handle @VeoliaFlintFacts. *See* Exhibits A-E. On May 11, 2022, the Subpoena Recipients provided responses and objections, refusing to produce any documents in response to the subpoena. *See* Exhibits F-I. Accordingly, Plaintiffs are left with no choice to bring the instant Motion.

The Subpoena Recipients have refused to produce information concerning the tweets at issue in the Subpoenas. This information is clearly pertinent to the ongoing trial before this Court, as it appears that the Twitter handle @VeoliaFlintFacts is being used, through an apparent coordinated effort by VNA to live tweet trial updates from the courtroom and misinform or influence the public concerning the trial. *See* Ex. J, Screenshots of Various Tweets from @VeoliaFlintFacts.

Co-Liaison Counsel request expedited briefing and/or hearing on the instant Motion, as it is imperative to determine whether Defendants are attempting to influence jurors through these tweets. *See* "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). Expedited briefing is necessary here because the Twitter handle is posting updates every day concerning Plaintiffs' case in chief. For the reasons set forth herein, Co-Liaison Counsel respectfully request that the Court enter an Order compelling the production of documents from Subpoena Recipients and for such other and further relief the Court deems just and proper.

## **INTRODUCTION**

Plaintiffs' May 5, 2022 Subpoena to Produce Documents, Information, or Objects Or to Permit Inspection of Premises (the "Requests") (attached hereto as Exhibits A-E) seeks targeted discovery concerning certain tweets from the Twitter

2

handle @VeoliaFlintFacts (hereinafter the "Tweets") that appears to be owned and/or operated by Defendants VNA or their representatives.

As set out below in detail, the Subpoena Recipients have refused to meaningfully respond to these Requests. The Subpoena Recipients object to the subpoena on four grounds: (1) the Requests are harassing and not likely to lead to relevant evidence; (2) The Requests infringe on First Amendment Rights; (3) The Requests are overly broad and unduly burdensome; (4) The Requests purport to seek privileged and confidential information and are invasive of the attorney-client privilege. *See* Exs. F-I, Responses and Objections of Defendant and Consolidated Responses and Objections of Non-Parties, at 3.

## ARGUMENT

### I. THE SUBPOENA RECIPIENTS HAVE FAILED TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS

The Subpoena Recipients have refused to meaningfully respond to the written discovery demands in the Subpoena.

Federal Rule of Civil Procedure 26(b) allows discovery of non-privileged matters relevant to any party's claim or defense and proportional to the needs of the case. Under the Federal Rules of Civil Procedure, the scope of discovery is traditionally quite broad. *Parrottino v. Bankers Life & Cas. Co.*, No. 12-CV-13084, 2014 WL 1516195, at *1 (E.D. Mich. Apr. 17, 2014) (citing *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 402 (6th Cir.1998). The standard for relevance is extremely

3

liberal. *V&M Star Steel v Centimark Corp*, 678 F3d 459, 468 (6th Cir. 2012) (citing *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009). Relevant information need not be admissible evidence "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Scheurer Hosp v. Lancaster Pollard & Co.*, ___F Supp 3d___, 2012 U.S. Dist. LEXIS 160842, at *5 (ED Mich, Nov. 9, 2012); *Mellon v. Cooper–Jarrett, Inc.,* 424 F.2d 499, 501 (6th Cir.1970). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *V&M Star Steel v Centimark Corp*, 678 F3d, at 468). Because discovery "is designed to help define and clarify the issue, the limits set forth in Rule 26, [including relevancy], must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, **any issue** that is or may be in the case." *Conti v Am Axle & Mfg, Inc.,* 326 Fed Appx 900, 904 (6th Cir. 2009); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

This broad scope of discovery applies to Plaintiffs' ability to obtain responsive documents from entities such as the Subpoena Recipients and is specifically authorized by the Federal Rules. Here, it is undisputed that Plaintiffs properly served subpoenas. It is also undisputed that the Subpoena Recipients simply refused to produce relevant, non-privileged documents responsive to the Subpoena. Lastly, it

is undisputed that Plaintiffs made good faith efforts to avoid court intervention, yet, the Subpoena Recipients, rebuffed these efforts and refused to produce discovery. Moreover, the Subpoena Recipients also have failed to file a motion for protective order. *See United States v. Kordel,* 397 U.S. 1, 9, 90 S. Ct. 763, 768 (1970).

Federal Rule of Civil Procedure 37(a)(1), authorizes Plaintiffs to "move for an order compelling disclosure or discovery." Further, "[a] party seeking discovery "may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3).

Once the requesting party makes a threshold showing of relevance, the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive. *United States v. Marsten Apartments*, CASE NO. 95-CV-75178-DT, 1997 U.S. Dist. LEXIS 14262, at 1, 4-6 (E.D. Mich. June 16, 1997). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. *Happy's Pizza Franchise, LLC v. Papa's Pizza, Inc.,* No. 10-15174, 2013 U.S. Dist. LEXIS 10130, at *17 (E.D. Mich. Jan. 25, 2013). Objections "must show specifically how a discovery request is overly

5

broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *United States v. Marsten Apartments,* at \*5.

## II. NON-PARTIES HAVE A DUTY TO COOPERATE TO PRODUCE RELEVANT INFORMATION

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any parties' claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (as revised effective December 1, 2015) ("new Rule 26"). A subpoena to a third party under Rule 45 is governed by the same standards as Rule 26. *See United States v. Blue Cross Blue Shield of Mich.*, No. 10-CV-14155, 2012 WL 4513600, at \*5 (E.D. Mich. 2012). Once the relevance of the subpoenaed discovery is established, the burden shifts to the objecting party to show why the discovery should not be permitted. *Alexander v. FBI*, 194 F.R.D. 316, 325–26 (D.D.C. 2000).

A non-party seeking to avoid a subpoena bears the burden of demonstrating that the discovery sought should be denied, and in doing so cannot merely assert that compliance would be burdensome and onerous without demonstrating the manner and extent of the burden and the injurious consequences of complying. *Blue Cross*, 2012 WL 4513600, at \*5. Thus, where the Court finds that the information and documents are relevant, the non-party "bear[s] a particularly heavy burden in showing that [the] subpoena[] impose[s] an undue burden." *Id*. at \*6 (emphasis added); *see also Taylor v. Universal Auto Grp. I, Inc.*, No. 14-mc-50, 2015 WL

6

1810316, at *6 (S.D. Ohio Apr. 17, 2015) (granting motion to compel subpoena requests where non-party failed both to identify the type of burden and to provide anticipated compliance costs); *In re Subpoenas to Plains All Am. Pipeline, L.P.*, No. H-13-2975, 2014 WL 204447, at *3 (S.D. Tex. Jan. 17, 2014) ("Regarding burdensomeness, the movant bears the burden of persuasion that 'compliance with the subpoena would be unreasonable and oppressive.' . . . This showing has been described as 'heavy,'" *quoting Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818–19 (5th Cir. 2004)).

Here, the Subpoena Recipients have failed to meet these obligations. They erroneously attempt to use baseless objections, citing relevancy objections concerning an issue Defendants' VNA have created before this Court. The Subpoena Recipients' objections are nonresponsive.

## III. THE DISCOVERY IS HIGHLY RELEVANT TO THE PARTIES' CLAIMS AND DEFENSES

Federal Rule of Civil Procedure 45 governs production of documents from non-parties. *Taylor v. Universal Auto Grp. I, Inc*., No. 14-MC-50, 2015 WL 1810316, at *4 (S.D. Ohio Apr. 2:12-cv-00501-MOB-MKM Doc # 176 Filed 05/31/16 Pg 12 of 22 Pg ID 1554 5 17, 2015). A subpoena to a third party under Rule 45 is governed by the same standards as Rule 26. *See United States v. Blue Cross Blue Shield of Mich.*, No. 10-CV-14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012). Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties

7

may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (as revised effective December 1, 2015) ("the new Rule 26").

In evaluating arguments that discovery sought by subpoena should not be allowed, Rule 26 requires the Court to consider the proportionality of the discovery based on the following six factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The Advisory Committee made clear, however, that "[t]he change does not place on the party seeking discovery the burden of addressing all proportionality considerations." See Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note to 2015 Amendments. Rather, once the relevance of the material sought has been established, the objecting party then bears the burden of showing why discovery should not be permitted. *Alexander*, 194 F.R.D. at 325–26.

Here, the Subpoena seeks information concerning "how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same." *See* Exhibit A at Appendix

8

A.1. Documents concerning the origin of the Tweets is relevant to the case and this trial, because the Tweets are intended to conjure misinformation and doubt in the public and represent direct attacks at the integrity of the plaintiff's lawyers in trial before this Court.

### IV. THE DISCOVERY SOUGHT IS APPROPRIATE AND PROPORTIONATE TO THE NEEDS OF THIS CASE

After the relevancy of the subpoenaed discovery is established, as it has been here, the burden shifts to the objecting party to show why the discovery should not be allowed. *See Blue Cross*, 2012 WL 4513600, at *6 ("Thus, with the Court having found that the documents in question are relevant, the [subpoenaed parties] bear a particularly heavy burden in showing that Plaintiff's subpoenas impose an undue burden.") Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45. *See Sys. Prod. and Solutions, Inc., v. Scramlin*, No. 13-CV1497, 2014 WL 3894385, at *9 (E.D. Mich. Aug.8, 2014). Therefore, when evaluating burden and whether the discovery should be allowed pursuant to Rule 45, courts look to Rule 26(b)(1) and consider the proportionality of the requested discovery to the needs of the case. Federal Rule of Civil Procedure 26(b)(1), as amended effective December 1, 2015, provides the following:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

9

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

An analysis of the Rule 26(b)(1) factors weighs in favor of producing the documents requested by the subpoena.

## CONCLUSION

Accordingly, the Court should grant Co-Liaison's Counsel's motion to compel, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

Dated: May 18, 2022

**NAPOLI SHKOLNIK PLLC**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
360 Lexington Avenue, 11th Floor
New York, NY, 10017
(212) 397-1000
hunter@napolilaw.com

Corey M. Stern, Esq.
Levy Konigsberg LLP
800 Third Avenue
Suite 11th Floor
New York, NY, 10022
(212) 605-6200
cstern@levylaw.com

*Co-Liaison Counsel for the Individual Cases*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: May 18, 2022

_____/s/ Patrick J. Lanciotti_____