# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTERS, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>VEOLIA NORTH AMERICA,<br><br>      Defendant. | Case No. 5:17-cv-10164-JEL-KGA<br><br>Hon. Judith E. Levy<br>Magistrate Judge Kimberly G. Altman |

**RESPONSES AND OBJECTIONS OF DEFENDANT VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Veolia Water North America Operating Services, LLC ("Defendant"), by and through undersigned counsel, responds and objects to the document subpoena issued by Plaintiffs in connection with the above-caption matter on or about May 5, 2022 ("the Subpoena") as follows:

**GENERAL OBJECTIONS**

1. Defendant's response to any of the requests contained in the Subpoena (each, a "Request," collectively, the "Requests") is not an admission or acknowledgement that such Request calls for information that is relevant to the subject matter of the above-captioned case.

2. Defendant objects to the Subpoena to the extent it calls for the production of documents that are not relevant or proportional to the needs of the case.

3. Defendant objects to the Subpoena to the extent it seeks documents, information or admissions concerning matters that are privileged or otherwise protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, the joint defense privilege or any other applicable privilege or immunity. To the extent that such information is inadvertently produced,

the production of such information shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or immunity to the information, and any such information shall be subject to return on demand.

4. Defendant objects to the Subpoena to the extent it seeks documents that are not within Defendant's possession, custody, or control.

5. Defendant objects to the Subpoena to the extent it seeks cumulative or duplicative information.

6. Defendant objects to the Subpoena to the extent it calls for the production of documents containing confidential information unrelated to the case.

7. Defendant objects to the Subpoena to the extent it purports to require production of "any" or "all" documents under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests for production of "any" or "all" documents are overly broad and unduly burdensome.

8. Defendant objects to the Subpoena to the extent it is unduly vague, precluding Defendant from determining with sufficient precision the identity of documents for which production is sought.

9. Defendant expressly reserves its right to modify, amend or supplement its objections.

## SPECIFIC OBJECTIONS AND RESPONSES

All documents/tangible things related to the following Tweets, from the Twitter handle

@VeoliaFlintFacts:

(a)   5/3/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)"

      This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

**Response:** Defendant objects to this Request as overly broad, unduly burdensome, invasive of the attorney-client privilege, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Request infringes on the First Amendment rights of numerous parties, including Defendant, co-defendants, and non-parties to this litigation.

2.     All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.

**Response:** Defendant objects this Request as overly broad, unduly burdensome, invasive of the attorney-client privilege, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Request infringes on the First Amendment rights of numerous parties, including Defendant, co-defendants, and non-parties to this litigation.

      Dated: May 11, 2022

                                            */s/ Max D. Stern*
                                            Max D. Stern
                                            (BBO No.: 479560)
                                            Christopher Weld, Jr.
                                            (BBO No.: 522230)
                                            Jason M. Brown
                                            (BBO No.: 706215)
                                            **Todd & Weld LLP**

                                                                   One Federal Street  
                                                                   Boston, MA 02110  
                                                                   T: 617-720-2626  
                                                                   F: 617-222-5777  
                                                                   mdstern@toddweld.com  
                                                                   cweld@toddweld.com  
                                                                   jbrown@toddweld.com

                                                                   *Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I, Max D. Stern hereby certify that I have caused the foregoing to be served upon counsel for Plaintiffs by email and via first-class mail on May 11, 2022.

                                                          */s/ Max D. Stern*
                                                           Max D. Stern