# EXHIBIT I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTERS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VEOLIA NORTH AMERICA,<br><br>    Defendant. | Case No. 5:17-cv-10164-JEL-KGA<br><br>Hon. Judith E. Levy<br>Magistrate Judge Kimberly G. Altman |

**CONSOLIDATED RESPONSES AND OBJECTIONS OF NON-PARTIES VEOLIA WATER MUNICIPAL SERVICES NORTH AMERICA, LLC, VEOLIA WATER LOGISTICS, LLC AND VEOLIA WATER CONTRACT OPERATIONS USA, INC. TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Parties Veolia Water Municipal Services North America, LLC, Veolia Water Logistics, LLC and Veolia Water Contract Operations USA, Inc. (collectively "Subpoena Recipients"), by and through undersigned counsel, respond and object to the substantively identical document subpoenas issued separately to each Subpoena Recipient by Plaintiffs in connection with the above-caption matter on or about May 5, 2022 (the "Subpoenas")[1] as follows:

**GENERAL OBJECTIONS**

1.   Subpoena Recipients' response to any of the requests contained in the Subpoenas (each, a "Request," collectively, the "Requests") is not an admission or acknowledgement that such Request calls for information that is relevant to the subject matter of the above-captioned case.

2.   Subpoena Recipients object to the Subpoenas to the extent they call for the production of documents that are not relevant or proportional to the needs of the case.

---

[1] The separately issued Subpoenas are attached as Exhibits A, B, and C, respectively.

3. Subpoena Recipients object to the Subpoenas to the extent they seek documents, information or admissions concerning matters that are privileged or otherwise protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, the joint defense privilege or any other applicable privilege or immunity. To the extent that such information is inadvertently produced, the production of such information shall not constitute a waiver of Subpoena Recipients' right to assert the applicability of any privilege or immunity to the information, and any such information shall be subject to return on demand.

4. Subpoena Recipients object to the Subpoenas to the extent they seek documents that are not within their possession, custody, or control.

5. Subpoena Recipients object to the Subpoenas to the extent they seek cumulative or duplicative information.

6. Subpoena Recipients object to the Subpoenas to the extent they call for the production of documents containing confidential information unrelated to the case.

7. Subpoena Recipients object to the Subpoenas to the extent they purport to require production of "any" or "all" documents under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests for production of "any" or "all" documents are overly broad and unduly burdensome.

8. Subpoena Recipients object to the Subpoenas to the extent they are unduly vague, precluding Subpoena Recipients from determining with sufficient precision the identity of documents for which production is sought.

9. Subpoena Recipients expressly reserve their right to modify, amend or supplement their objections.

## SPECIFIC OBJECTIONS AND RESPONSES

1. All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

(a) 5/3/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)"

This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

**Response:** Subpoena Recipients object to this Request as overly broad, unduly burdensome, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Request infringes on the First Amendment rights of numerous parties, including Defendants, Subpoena Recipients, and non-parties to this litigation.

2. All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.

**Response:** Subpoena Recipients object to this Request as overly broad, unduly burdensome, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Request infringes on the First Amendment rights of numerous parties, including Defendants, Subpoena Recipients, and non-parties to this litigation.

3

Dated: May 11, 2022

                                               */s/ Max D. Stern*
                                               Max D. Stern
                                               (BBO No.: 479560)
                                               Christopher Weld, Jr.
                                               (BBO No.: 522230)
                                               Jason M. Brown
                                               (BBO No.: 706215)
                                               Todd & Weld LLP
                                               One Federal Street
                                               Boston, MA 02110
                                               T: 617-720-2626
                                               F: 617-222-5777
                                               mdstern@toddweld.com
                                               cweld@toddweld.com
                                               jbrown@toddweld.com

                                               *Counsel for Subpoena Recipients*

1

**CERTIFICATE OF SERVICE**

      I, Max D. Stern hereby certify that I have caused the foregoing to be served upon counsel for Plaintiffs by email and via first-class mail on May 11, 2022.

                                                  */s/ Max D. Stern*
                                                   Max D. Stern

# **<u>Exhibit A</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

A TRUE COPY ATTEST 5/6/2022
Process Server & Disinterested Person

| Walters, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-10164 |
| Veolia North America | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: VEOLIA WATER MUNICIPAL SERVICES NORTH AMERICA, LLC
53 State Street, 14th FL, Boston, MA 02109

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A

| Place: Brian Cunha & Associates Law Office, 172 Page St, New Bedford, MA 02740 | Date and Time: 05/11/2022 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/05/2022

CLERK OF COURT
OR
_____          /s/ Hunter J. Shkolnik
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Teed, Vanderhagen, Sherrod, Ware _____, who issues or requests this subpoena, are:
Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504;
hunter@napolilaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-10164

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

 ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

 ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

1. All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

    (a) 5/03/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)

    This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

2. All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.

# **Exhibit B**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Eastern District of Michigan

| Walters, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-10164 |
| Veolia North America | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: VEOLIA WATER LOGISTICS, LLC
53 State Street, 14th FL, Boston, MA 02109

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A

| Place: Brian Cunha & Associates Law Office, 172 Page St, New Bedford, MA 02740 | Date and Time: 05/11/2022 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/05/2022

CLERK OF COURT
OR

_____      /s/ Hunter J. Shkolnik
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Teed, Vanderhagen, Sherrod, Ware , who issues or requests this subpoena, are:
Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504;
hunter@napolilaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-10164

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

1. All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

    (a) 5/03/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)

    This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

2. All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.

# **<u>Exhibit C</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Walters, et al.
*Plaintiff*
v.
Veolia North America
*Defendant*

Civil Action No. 17-10164

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: VEOLIA WATER CONTRACT OPERATIONS, USA, INC, 2900 West Road Ste. 500, East Lansing, MI 48823

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A

| Place: US District Court, Eastern District of Michigan 200 E. Liberty Street, Ann Arbor, MI 48104 Courtroom 1C0 | Date and Time: 05/11/2022 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/05/2022

CLERK OF COURT

OR

_____          /s/ Hunter J. Shkolnik
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Teed, Vanderhagen, Sherrod, Ware _____, who issues or requests this subpoena, are:
Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504;
hunter@napolilaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

1. All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

    (a) 5/03/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)

    This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

2. All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.