UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen, and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER DENYING DEFENDANTS' VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, LOCKWOOD ANDREWS & NEWNAM P.C. AND LOCKWOOD, ANDREWS & NEWNAM, INC.'S MOTION FOR A MISTRIAL [823]**

Before the Court is the VNA Defendants' oral motion for a mistrial, joined by the LAN Defendants. (ECF No. 823). Defendants claim that they were incurably prejudiced by the introduction of testimony from Plaintiffs' damages expert, Dr. Gary Crakes, regarding the difference between "discounted" and "undiscounted" damages awards. Defendants' request for this extraordinary relief is wholly without merit. For the

reasons set forth on the record and in the decision below, the motion for a mistrial is DENIED.

Michigan law has long required that in actions for personal injury, future damages be 'discounted' to present cash value. *See, e.g., Nation v. W.D.E. Elec. Co.*, 454 Mich. 489, 492 (1997). Such discounts are meant to reflect the fact that "a dollar today is worth more than a dollar some time in the future." *Id.* at 500 (Brickley, J., dissenting). In 1986, the Michigan Legislature codified the requirement that damages awards be discounted to present cash value. Mich. Comp. Laws §600.6306. Although the common law left the task of discounting to the jury, the statute shifts that task to the trial judge. *Id.* at §600.6306(1); *Nation*, 454 Mich. at 492.

At trial, Dr. Crakes explained the difference between discounted and undiscounted awards of future damages. To illustrate this he provided estimates of Plaintiffs' potential lost earning capacity in both discounted and undiscounted forms. Throughout his testimony, Dr. Crakes focused on the undiscounted numbers, which were bolded in his slides, and which were the only numbers that Dr. Crakes repeated in his summary of each Plaintiffs' lost earning capacity. Neither Dr. Crakes, nor the Court, nor counsel for any party said anything to suggest to the

2

jury that the Court would discount a potential damages award in the event of a verdict for Plaintiffs.

Defendants objected to the introduction of any testimony regarding undiscounted damages. Although the Court indicated it disagreed with Defendants' objection, it offered immediately to provide the jury with a curative instruction to the effect that testimony regarding discounted estimates should be disregarded. Defendants did not agree to this instruction and instead indicated that they wanted to wait another day to give it further consideration.

Defendants vociferously argue that it was error to permit Dr. Crakes to say anything at all on the topic of discounting, including providing discounted damages estimates. According to Defendants, the error is so severe that it can be remedied only through a mistrial. A mistrial, of course, is an extraordinary remedy that is warranted "[o]nly if the erroneously admitted evidence is of an exceptionally prejudicial character, such that its withdrawal from consideration by the jury cannot be expected to remove the harm." *See, e.g., Gorski v. Myriad Genetics*, No. 06-11631, 2007 WL 2050787 (E.D. Mich, July 13, 2007) (citing *U.S. v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993)).

Defendants do not come close to meeting this standard. Indeed, they have provided no authority whatsoever to suggest that Dr. Crakes' testimony was "erroneously admitted" at all.[1] *Id.* There is no such authority. Michigan law does not prohibit the introduction of evidence regarding discounting. To the contrary, the Model Civil Jury Instructions approved by the Michigan Supreme Court make plain that a jury may be educated about discounted and undiscounted damages awards. Michigan Model Civil Jury Instruction 53.03A provides:

> If you decide that plaintiff is entitled to an award of future damages, you should award the full value of future damages as you determine them. You should not reduce any award of future damages to present cash value.

Mich. M. Civ. JI 53.05(A). This instruction would mean nothing to a jury whose members had not heard what it would mean to "reduce [an] award of future damages to present cash value." *Id.* And to discount an award

---

[1] Counsel for VNA indicated on the record that he knew of no case that supported Defendants' position. Counsel for LAN claimed that Michigan law was so clear on the issue that it had never been erroneously applied. For the reasons set forth in this opinion, that assertion is plainly meritless. By requesting the most serious of trial remedies without the benefit of any support in the law, both Defendants arguably engaged in frivolous motion practice. *Cf. Miller v. Norfolk Southern Rwy. Co.*, 208 F.Supp.2d 851, 853-54 (N.D. Ohio 2002) (motion is frivolous "when the result is obvious or when the [movant's] argument is wholly without merit.") (citing *Allinder v. Inter-City Prod.'s Corp. (USA)*, 152 F.3d 544, 552 (6th Cir. 1998)).

of future damages simply *is* to reduce it to present cash value. *Nation*, 454 Mich. at 492, 500. Accordingly, it is clearly permissible to illustrate discounting to a jury.

Caselaw confirms this conclusion. In *Hashem v. Les Stanford Oldsmobile,* the defendant argued that expert testimony regarding inflation had encouraged the jury "to nullify the requirement of MCL 600.6306(1)(e)." 266 Mich. App. 61, 91 (2005). The Michigan Court of Appeals rejected this argument, noting that the statute "simply states that the order of judgment must include such damages reduced to present cash value," and is therefore irrelevant to the admissibility of testimony. *Id.* Indeed, as the Court noted, it would not even be error to permit *the jury itself* to do the discounting. *Id.* (citing *In re MCI Telecom. Complaint*, 460 Mich. 396, 411 (1999)); *see also Setterington v. Pontiac Gen. Hosp.*, 223 Mich. App. 594 607 (1997) (no error where jury awarded damages in discounted form). Defendants' motion for a mistrial, then, is based exclusively on an asserted rule of Michigan law which simply does not exist.

In the alternative, Defendants request the following curative instruction:

5

> Dr. Crakes gave testimony about discounting estimates of future damages to present value, and he provided damages estimates that he said had been discounted to present value. That evidence was improperly introduced and it has been stricken from the record. You may not consider that testimony in your deliberations. Discounting to present value is not relevant to your deliberations in this case.

Because the Court did not commit an error when it permitted Dr. Crakes to testify regarding discounted damages awards, no curative instruction is necessary, even though the Court initially offered to instruct the jury to disregard the discounted numbers. To ensure that the jury understands that any award for future damages must not be discounted, the Court will use Michigan Model Civil Jury Instruction 53.05(A) with the following clarification to reflect the language used at trial:

> If you decide that plaintiff is entitled to an award of future damages, you should award the full **or undiscounted** value of future damages as you determine them. You should not reduce **or discount** any award of future damages to present cash value.

Mich. M. Civ. JI 53.05(A) (changes bolded). This instruction will be given along with all the other jury instructions at the close of evidence.

For the reasons set forth above, Defendants' motion for a mistrial and request for a curative instruction are DENIED

IT IS SO ORDERED.

<div style="display: flex; justify-content: space-between;">
<div>Dated: May 18, 2022<br>Ann Arbor, Michigan</div>
<div>s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge</div>
</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

7