# Exhibit 5

 **Todd&Weld LLP**

Christopher Weld, Jr.
cweld@toddweld.com

April 19, 2022

**VIA EMAIL**
Hunter@NapoliLaw.com

Hunter Shkolnik, Esq.
NAPOLI SHKOLNIK, PLLC
3163 Flushing Road
Suite 200-D
Flint, MI 48504

Re:     Defendant's Response to Subpoena for Documents dated April 6, 2022

Dear Hunter:

I write on behalf of my client, Veolia Water North America Operating Services, LLC, in response to the document subpoena dated April 6, 2022.

Please find enclosed Responses and Objections by Defendant Veolia Water North America Operating Services, LLC to Plaintiffs' Subpoena to Produce Documents dated April 6, 2022 and issued in the matter *Walters et al. v. Veolia North America et al.*, Civil Action No. 17-10164 (E.D. Mich.).

In light of the attached Objections, we do not believe that a privilege log is necessary or appropriate, but would be happy to discuss that with you if that would be helpful.

Very truly yours,

*/s/ Christopher Weld, Jr.*
Christopher Weld, Jr.

CW/jmm
Enclosure

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTERS, et al.,

        Plaintiffs,

v.

VEOLIA NORTH AMERICA,

        Defendant.

Case No. 5:17-cv-10164-JEL-KGA

Hon. Judith E. Levy
Magistrate Judge Kimberly G. Altman

---

**RESPONSES AND OBJECTIONS OF DEFENDANT VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

        Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Veolia Water North America Operating Services, LLC ("Defendant"), by and through undersigned counsel, responds and objects to the document subpoena issued by Plaintiffs in connection with the above-caption matter on or about April 6, 2022 ("the Subpoena") as follows:

**GENERAL OBJECTIONS**

        1.    Defendant's response to any of the requests contained in the Subpoena (each, a "Request," collectively, the "Requests") is not an admission or acknowledgement that such Request calls for information that is relevant to the subject matter of the above-captioned case.

        2.    Defendant objects to the Subpoena to the extent it calls for the production of documents that are not relevant or proportional to the needs of the case.

        3.    Defendant objects to the Subpoena to the extent it seeks documents, information or admissions concerning matters that are privileged or otherwise protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, the joint defense privilege or any other applicable privilege or immunity. To the extent that such information is inadvertently

produced, the production of such information shall not constitute a waiver of Defendant's right to assert the applicability of any privilege or immunity to the information, and any such information shall be subject to return on demand.

4.      Defendant objects to the Subpoena to the extent it seeks documents that are not within Defendant's possession, custody, or control.

5.      Defendant objects to the Subpoena to the extent it seeks cumulative or duplicative information.

6.      Defendant objects to the Subpoena to the extent it calls for the production of documents containing confidential information unrelated to the case.

7.      Defendant objects to the Subpoena to the extent it purports to require production of "any" or "all" documents under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests for production of "any" or "all" documents are overly broad and unduly burdensome.

8.      Defendant objects to the Subpoena to the extent it is unduly vague, precluding Defendant from determining with sufficient precision the identity of documents for which production is sought.

9.      Defendant expressly reserves its right to modify, amend or supplement its objections.

## SPECIFIC OBJECTIONS AND RESPONSES

1.      All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

   (a)   3/10/22: "Today in a sidebar convo w/Judge Levy, the plaintiff's attorney Cor[e]y Stern aggressively argued that both VNA & LAN should be required to share topics

and questions they have for Snyder, Croft, Ambrose and Early that fall outside of what was already shared in their depositions."

(b)  3/10/22: "This begs the question: Who are these lawyers really fighting for? The children of Flint? Or the government officials who caused the #FlintWaterCrisis and are now hiding behind the fifth?"

(c)  3/22/22: "They took the money for themselves and left the people of the city in the same situation they were when they came."
- Diane Fletcher, Flint MI resident

"#Flint residents have a lot to say about the 626M settlement." (link to

veoliaflintfacts.com)

(d)  3/25/22: "Officials responsible for the #FlintWaterCrisis admitted their culpability in depositions. So what's it about the whole truth and nothing but the truth — that now has Snyder, Croft, Ambrose and Early trying to plead the Fifth?

Here's the truth"

(link to veoliaflintfacts.com)

(e)  3/16/22: "Another #FlintWaterCrisis LIE from the Plaintiff's attorney -> Business development considerations stopped VNA from recommending that the City of Flint return to Detroit Water.

Here are the facts around VNA's work in #Flint:"

(f)  3/16/22: "The latest #FlintWaterCrisis LIE from the plaintiff's lawyers?

VNA had the power to recommend that the City of Flint return to Detroit Water.

Here are the facts"

(g)  3/15/22: Croft, Early, Ambrose & former MI Gov Rick Snyder already admitted responsibility for the #FlintWaterCrisis in depositions. Now, when their voices need to be heard most, they are cowering behind the Fifth amendment.

Flint survivors deserve more! Veoliaflintfacts.com/whos-who/"

3

This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

**Response:** Defendant objects to this Request as overly broad, unduly burdensome, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Requests infringe on the First Amendment rights of numerous parties, including Defendant, co-defendants, and non-parties to this litigation.

a) *The Request goes beyond the scope of the issue raised in Court.*

Defendant objects to the Subpoena as overbroad and a significant escalation of a matter raised in Court on March 30, 2022 and March 31, 2022. As Plaintiffs' counsel is aware, the genesis of the Subpoena was a single tweet from the account @VeoliaFlintFacts regarding former Governor Snyder's decision to invoke the Fifth Amendment privilege against self-incrimination. This tweet prompted the Court to inquire whether attorneys involved in the litigation, who are prohibited from publicly making certain types of extrajudicial statements by Michigan Rule of Professional Conduct 3.6, may have been involved in the tweet. Mar. 30, 2022 Tr. 1895:1-23. Defendant's trial counsel responded in Court that he was not even aware of the tweet until it appeared in a filing made by former Governor Snyder. *See* Mar. 30, 2022 Tr. 1895:15–16.[1]

---

[1] The seven tweets referenced in the Subpoena are collectively referred to as the "Referenced Tweets".

On March 31, 2022, following inquiry, Defendant's counsel confirmed that "no lawyers on [Defendant's] team" and none "of the lawyers working on this case" are "involved with sending out tweets." Mar. 31, 2022 Tr. 1928:14–18.  Plaintiffs' counsel then asked how it was possible for non-attorneys to have been aware of a proceeding that occurred during a sidebar (a reference to an additional tweet), but, as the Court explained, the sidebar in question was broadcast on Zoom and viewable by the public, including employees of Veolia, who are not bound by the Michigan Rules of Professional Conduct. Mar. 31, 2022 Tr. 1928:21–1929:3.

Plaintiffs' stated basis for seeking discovery concerned whether there was "a coordinated effort between VNA, LAN, LAD, VNA's counsel and counsel for LAN/LAD" to tweet about the trial, witnesses, and Plaintiffs' counsel, which "appears to be coming from inside the courtroom." *See* Mar. 31, 2022 Tr. 2072:17–19; Ex. A (Mar. 30, 2022 Email from C. Stern to Defendants' Counsel). In line with that understanding, Plaintiffs requested that certain defendant entities—not including the recipient of the Subpoena—preserve only documents and communications between specified defendant entities, and their counsel related to the @VeoliaFlintFacts twitter account. *See* Ex. A (indicating the request was limited to communications between and among defendants VNA and LAN and counsel for these entities regarding the twitter account and the tweets generated by it). As defense counsel noted in Court, defendants already agreed to preserve the requested information to the extent it exists. Mar. 31, 2022 Tr. 2072:6–9.

The Subpoena goes well beyond the scope of the document retention request, and appears to be calculated to seek documents related to Veolia's media and public relations strategy that have nothing to do with any imagined violations of the Rules of Professional Conduct. In addition, the Subpoena extends beyond defendants and requests documents from multiple entities, including "Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia

Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, [and] *any other Veolia or VNA entity not explicitly mentioned herein*." Subpoena at 5 (emphasis added). Most of these entities are non-parties to the case and have no involvement whatsoever with the litigation. As a result, Defendant objects to this Request as overbroad.

b) *The Request appears intended to harass and infringe on First Amendment Rights*.

Defendant objects to this Request to the extent that it seeks to harass Defendant and the non-party entities into limiting the exercise of their First Amendment rights with respect to this case. As stated above, the impetus for the Subpoena was a query from the Court as to whether the tweets could violate MRPC 3.6. *See* March 30, 2022 Tr. 1895:1-14. It is well-settled and acknowledged by the Court that MRPC 3.6 "does not apply to nonlawyers." *Maldonado v. Ford Motor Co.*, 476 Mich. 372, 396, 719 N.W.2d 809, 821 (Mich. 2006); *see* March 31, 2022 Tr. 1968:12-16 (noting "lawyers are the ones particularly bound by" the Rules of Professional Conduct). Consequently, to the extent the Subpoena seeks documents and data with no bearing on whether any violation of MRPC 3.6 has occurred, it is targeting the free exercise of the Defendant's and others' First Amendment rights to speak about the case. There is no gag order in this matter (nor would tweets from an account with *19 Followers* warrant such an order) and therefore Defendant and others are fully entitled to express opinions regarding the subject matter of the trial.

c) *The Request is Unduly Burdensome*.

Defendant objects to the Request as unduly burdensome. As stated above, the Request seeks documents from a host of entities, many of which are located overseas, with no connection to this litigation. This far exceeds the preservation request made in Plaintiffs' March 30 Email, which limited the request only to Veolia North America, LLC. *See* Ex. A. The Request is further

unduly burdensome to the extent that it requires Defendant to produce documents not in Defendant's possession, custody, or control.

        d)  *The Request purports to seek privileged communications*.

Defendant objects to the Request to the extent it purports to seek privileged communications. Defendant particularly objects to the Request to the extent it seeks privileged communications with lawyers that have not worked on the litigation in above-captioned matter. These attorneys are not subject to MRPC 3.6 insofar as it relates to this case and, thus, their communications have no relevance to the specific issue giving rise to the Subpoena.

        e)  *No documents would be responsive to an appropriately tailored Subpoena*.

Notwithstanding the above objections, Defendant confirms that there are no documents or data reflecting communications with lawyers working on this case related to the contents of the Referenced Tweets prior to the date the issue was first raised in Court on March 30, 2022.

Dated: April 19, 2022

                                      */s/ Christopher Weld, Jr.*
                                        Christopher Weld, Jr.
                                        (BBO: 522230)
                                        Todd & Weld LLP
                                        One Federal Street
                                        Boston, MA 02110
                                        T: 617-720-2626
                                        F: 617-222-5777
                                        cweld@toddweld.com

                                      *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

      I, Christopher Weld, Jr. hereby certify that I have caused the foregoing to be served upon counsel for Plaintiffs by email and via first-class mail on April 19, 2022.

*/s/ Christopher Weld, Jr.*

Christopher Weld, Jr.

# Exhibit A

**From:** Corey Stern <CStern@levylaw.com>
**Date:** March 30, 2022 at 3:45:55 PM EDT
**To:** "Daniel L. Stein - Mayer Brown LLP (dstein@mayerbrown.com)" <dstein@mayerbrown.com>, "Ter

Molen, Mark" <MTerMolen@mayerbrown.com>, bush@bsplaw.com, "Campbell, James M." <jmcampbell@campbell-trial-lawyers.com>, "Christian, Marcus A." <MChristian@mayerbrown.com>, "Devine, Alaina N." <ADevine@campbell-trial-lawyers.com>, "Mason, Wayne B." <wayne.mason@faegredrinker.com>, Philip Erickson <PErickson@plunkettcooney.com>, "Finley, Tory L." <tory.finley@faegredrinker.com>, travis.gamble@faegredrinker.com, "Kent, David C." <david.kent@faegredrinker.com>, jude.hickland@faegredrinker.com, "O'Donnell, Jack J." <JODonnell@campbelltriallawyers.com>
**Cc:** "Moshe S. Maimon" <MMaimon@levylaw.com>, Melanie Daly <mdaly@levylaw.com>, Guus Duindam-Kazanjian <Guus_Duindam@mied.uscourts.gov>
**Subject: (Twitter) Veolia Flint Facts - Request to Preserve Evidence**

Counselors:

After today's proceedings, we located the Twitter Account registered to Veolia Flint Facts (which appears to have been created on February 20, 2022, during the Voir Dire process).

The Twitter handle is: @VeoliaFlintFacts.

Please allow this communication to serve as a formal request for VNA, LAN/LAD, counsel for VNA and counsel for LAN/LAD to preserve any and all documents/tangible things related to this, any other public social media accounts that have placed information into the public domain, as well as any/all websites linked to public statements contained in the referenced account (or any others), like www.veoliaflintfacts.com.

We have thus far located 91 tweets from @VeoliaFlintFacts since March 2, 2022, including tweets referencing sidebars, and referencing plaintiffs' counsel by name. This appears to be a coordinated effort between VNA, LAN, LAD, VNA's counsel and counsel for LAN/LAD (there are numerous tweets about Warren Green's testimony), and appears to be coming from inside the courtroom.

This request is intended to include all documents related to the creation of the account(s) and websites, contracts for services associated with any outside entities/third parties who maintain any of the above referenced social media accounts, and communications/correspondence between and amongst VNA, counsel for VNA, VNA and counsel for VNA, LAN/LAD, counsel for LAN/LAD, LAN/LAD and counsel for LAN/LAD, and between and amongst VNA, LAN/LAD, and their respective counsel related to these public statements, these accounts, these websites, and these documents.

This request is intended to include all documents/tangible things from the defendants' lobbying group: MIRS, whose website is: mirs.news.

I have copied the Court here, by way of Mr. Duindam-Kazanjian.

I have also included a link to the 91 tweets, here: https://protect-us.mimecast.com/s/zuL5CW6qxZF5PV96U6NRSV.

Best,

Corey M. Stern

Levy Konigsberg, LLP

605 Third Avenue, 33rd Floor

New York, New York 10158

(212)605-6298

(212)605-6290 (facsimile)

www.levylaw.com

CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you are not the intended recipient, you may not disseminate, distribute or copy this communication and any disclosure, copying, distribution, use or taking any action in reliance on the contents of this information is strictly prohibited. If you received this communication in error, please reply to the message immediately by informing the sender that the message was misdirected and after advising the sender you must erase the message from your computer system and destroy any hard copies that may have been made. Thank you for your assistance in correcting this error.



Christopher Weld, Jr.<br>cweld@toddweld.com

April 19, 2022

**<u>VIA EMAIL</u>**
Hunter@NapoliLaw.com

Hunter Shkolnik, Esq.
NAPOLI SHKOLNIK, PLLC
3163 Flushing Road
Suite 200-D
Flint, MI 48504

Re:   <u>Consolidated Response of Non-Parties to</u>
      <u>Subpoena for Documents dated April 6, 2022</u>

Dear Hunter:

  I write on behalf of my clients, Veolia North America, LLC, Veolia Water Municipal Services, LLC, Veolia Water Logistics, LLC, and Veolia Water Contract Operations USA, Inc., in response to the three substantively identical subpoenas dated April 6, 2022 issued in the matter *Walters et al. v. Veolia North America et al*., Civil Action No. 17-10164 (E.D. Mich.).


  Please find enclosed Consolidated Responses and Objections by Non-Parties Veolia Water Municipal Services, LLC, Veolia Water Logistics, LLC, and Veolia Water Contract Operations USA, Inc. to Plaintiffs' Subpoena to Produce Documents dated April 6, 2022 in the matter *Walters et al. v. Veolia North America et al*., Civil Action No. 17-10164 (E.D. Mich.).

  In light of the attached Objections, we do not believe that a privilege log is necessary or appropriate, but would be happy to discuss that with you if that would be helpful.


    Very truly yours,

    */s/ Christopher Weld, Jr.*
     Christopher Weld, Jr.

CW/jmm
Enclosure

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTERS, et al.,

        Plaintiffs,

                                 Case No. 5:17-cv-10164-JEL-KGA

v.

                                 Hon. Judith E. Levy

VEOLIA NORTH AMERICA,              Magistrate Judge Kimberly G. Altman

        Defendant.

---

**CONSOLIDATED RESPONSES AND OBJECTIONS OF NON-PARTIES VEOLIA WATER MUNICIPAL SERVICES NORTH AMERICA, LLC, VEOLIA WATER LOGISTICS, LLC AND VEOLIA WATER CONTRACT OPERATIONS USA, INC. TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Parties Veolia Water Municipal Services North America, LLC, Veolia Water Logistics, LLC, and Veolia Water Contract Operations USA, Inc. (collectively "Subpoena Recipients"), by and through undersigned counsel, respond and object to the substantively identical document subpoenas issued separately to each Subpoena Recipient by Plaintiffs in connection with the above-caption matter on or about April 6, 2022 ("the Subpoenas")[1] as follows:

**GENERAL OBJECTIONS**

    1.    Subpoena Recipients' response to any of the requests contained in the Subpoenas (each, a "Request," collectively, the "Requests") is not an admission or acknowledgement that such Request calls for information that is relevant to the subject matter of the above-captioned case.

---

[1] The separately issued Subpoenas are attached as Exhibits B, C, and D, respectively.

2.     Subpoena Recipients object to the Subpoenas to the extent they call for the production of documents that are not relevant or proportional to the needs of the case.

3.     Subpoena Recipients object to the Subpoenas to the extent they seek documents, information or admissions concerning matters that are privileged or otherwise protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, the joint defense privilege or any other applicable privilege or immunity. To the extent that such information is inadvertently produced, the production of such information shall not constitute a waiver of Subpoena Recipients' right to assert the applicability of any privilege or immunity to the information, and any such information shall be subject to return on demand.

4.     Subpoena Recipients object to the Subpoenas to the extent they seek documents that are not within their possession, custody, or control.

5.     Subpoena Recipients object to the Subpoenas to the extent they seek cumulative or duplicative information.

6.     Subpoena Recipients object to the Subpoenas to the extent they call for the production of documents containing confidential information unrelated to the case.

7.     Subpoena Recipients object to the Subpoenas to the extent they purport to require production of "any" or "all" documents under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests for production of "any" or "all" documents are overly broad and unduly burdensome.

8.     Subpoena Recipients object to the Subpoenas to the extent they are unduly vague, precluding Subpoena Recipients from determining with sufficient precision the identity of documents for which production is sought.

9.       Subpoena Recipients expressly reserve their right to modify, amend or supplement their objections.

## SPECIFIC OBJECTIONS AND RESPONSES

1.       All documents/tangible things related to the following Tweets, from the Twitter handle

@VeoliaFlintFacts:

(a)   3/10/22: "Today in a sidebar convo w/Judge Levy, the plaintiff's attorney Cor[e]y Stern aggressively argued that both VNA & LAN should be required to share topics and questions they have for Snyder, Croft, Ambrose and Early that fall outside of what was already shared in their depositions."

(b)   3/10/22: "This begs the question: Who are these lawyers really fighting for? The children of Flint? Or the government officials who caused the #FlintWaterCrisis and are now hiding behind the fifth?"

(c)   3/22/22: "They took the money for themselves and left the people of the city in the same situation they were when they came."
- Diane Fletcher, Flint MI resident

"#Flint residents have a lot to say about the 626M settlement." (link to

veoliaflintfacts.com)

(d)   3/25/22: "Officials responsible for the #FlintWaterCrisis admitted their culpability in depositions. So what's it about the whole truth and nothing but the truth — that now has Snyder, Croft, Ambrose and Early trying to plead the Fifth?

Here's the truth"

(link to veoliaflintfacts.com)

(e)   3/16/22: "Another #FlintWaterCrisis LIE from the Plaintiff's attorney -> Business development considerations stopped VNA from recommending that the City of Flint return to Detroit Water.

Here are the facts around VNA's work in #Flint:"

(f)     3/16/22: "The latest #FlintWaterCrisis LIE from the plaintiff's lawyers?

VNA had the power to recommend that the City of Flint return to Detroit Water.

Here are the facts"

(g)     3/15/22: Croft, Early, Ambrose & former MI Gov Rick Snyder already admitted responsibility for the #FlintWaterCrisis in depositions. Now, when their voices need to be heard most, they are cowering behind the Fifth amendment.

Flint survivors deserve more! Veoliaflintfacts.com/whos-who/"

This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

**Response:** Subpoena Recipients object to this Request as overly broad, unduly burdensome, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Request infringes on the First Amendment rights of numerous parties, including Defendants, Subpoena Recipients, and non-parties to this litigation.

a)  *The Requests go beyond the scope of the issue raised in Court.*

Subpoena Recipients object to the Subpoenas as overbroad and a significant escalation of a matter raised in Court on March 30, 2022 and March 31, 2022. As Plaintiffs' counsel is aware, the genesis of the Subpoenas was a single tweet from the account @VeoliaFlintFacts regarding former Governor Snyder's decision to invoke the Fifth Amendment privilege against self-incrimination. This tweet prompted the Court to inquire whether attorneys involved in the litigation, who are prohibited from publicly making certain types of extrajudicial statements by

4

Michigan Rule of Professional Conduct 3.6, may have been involved in the tweet. Mar. 30, 2022 Tr. 1895:1-23. Defendants' trial counsel responded in Court that he was not even aware of the tweet until it appeared in a filing made by former Governor Snyder. *See* Mar. 30, 2022 Tr. 1895:15–16.[2]

On March 31, 2022, following inquiry, Defendants' counsel confirmed that "no lawyers on [Defendants'] team" and none "of the lawyers working on this case" are "involved with sending out tweets." Mar. 31, 2022 Tr. 1928:14–18.  Plaintiffs' counsel then asked how it was possible for non-attorneys to have been aware of a proceeding that occurred during a sidebar (a reference to an additional tweet), but, as the Court explained, the sidebar in question was broadcast on Zoom and viewable by the public, including employees of Veolia, who are not bound by the Michigan Rules of Professional Conduct. Mar. 31, 2022 Tr. 1928:21–1929:3.

Plaintiffs' stated basis for seeking discovery concerned whether there was "a coordinated effort between VNA, LAN, LAD, VNA's counsel and counsel for LAN/LAD" to tweet about the trial, witnesses, and Plaintiffs' counsel, which "appears to be coming from inside the courtroom." *See* Mar. 31, 2022 Tr. 2072:17–19; Ex. A (Mar. 30, 2022 Email from C. Stern to Defendants' Counsel). In line with that understanding, Plaintiffs requested that Defendants preserve only documents and communications between the defendant entities and their counsel related to the @VeoliaFlintFacts twitter account. *See* Ex. A (indicating the request was limited to communications between and among defendants VNA and LAN and counsel for these entities regarding the twitter account and the tweets generated by it). As defense counsel noted in Court, defendants already agreed to preserve the requested information to the extent it exists. Mar. 30, 2022 Tr. 2072:6–9.

---

[2] The seven tweets referenced in the Subpoena are collectively referred to as the "Referenced Tweets".

The Subpoenas go well beyond the scope of the document retention request, and appear to be calculated to seek documents related to Veolia's media and public relations strategy that have nothing to do with any imagined violations of the Rules of Professional Conduct. In addition, the Subpoenas extend beyond the Subpoena Recipients (already non-parties to the litigation) and request documents from multiple entities (including additional non-parties) as follows: "Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, [and] *any other Veolia or VNA entity not explicitly mentioned herein*." Subpoena at 5 (emphasis added). Most of these entities are non-parties to the case and have no involvement whatsoever with the litigation. As a result, Subpoena Recipients object to this Request as overbroad.

b) *The Requests appear intended to harass and infringe on First Amendment Rights*.

Subpoena Recipients object to the Requests to the extent that they seek to harass Subpoena Recipients and the non-party entities into limiting the exercise of their First Amendment rights with respect to this case. As stated above, the impetus for the Subpoenas was a query from the Court as to whether the tweets could violate MRPC 3.6. *See* March 30, 2022 Tr. 1895:1-14. It is well-settled and acknowledged by the Court that MRPC 3.6 "does not apply to nonlawyers." *Maldonado v. Ford Motor Co.*, 476 Mich. 372, 396, 719 N.W.2d 809, 821 (Mich. 2006); *see* March 31, 2022 Tr. 1968:12-16 (noting "lawyers are the ones particularly bound by" the Rules of Professional Conduct). Consequently, to the extent the Subpoenas seek documents and data with no bearing on whether any violation of MRPC 3.6 has occurred, they are targeting the free exercise of the Subpoena Recipients' and others' First Amendment rights to speak about the case. There is no gag order in this matter (nor would tweets from an account with *19 Followers* warrant such an

order) and therefore Subpoena Recipients and others are fully entitled to express opinions regarding the subject matter of the trial.

c)   *The Requests are Unduly Burdensome*.

Subpoena Recipients object to the Requests as unduly burdensome. As stated above, the Requests seek documents from a host of entities, many of which are located overseas, with no connection to this litigation. This far exceeds the preservation request made in Plaintiffs' March 30, 2022 Email, which limited the request only to Veolia North America, LLC. *See* Ex. A. The Requests are further unduly burdensome to the extent that they require Subpoena Recipients to produce documents not in the Subpoena Recipients' possession, custody, or control.

d)   *The Requests purport to seek privileged communications*.

Subpoena Recipients object to the Requests to the extent they purport to seek privileged communications. Subpoena Recipients particularly object to the Requests to the extent they seek privileged communications with lawyers that have not worked on the litigation in the above-captioned matter. These attorneys are not subject to MRPC 3.6 insofar as it relates to this case and, as such, their communications have no relevance to the specific issue giving rise to the Subpoenas.

e)   *No documents would be responsive to an appropriately tailored Subpoena*.

Notwithstanding the above objections, the Subpoena Recipients confirm that there are no documents or data reflecting communications with lawyers working on this case related to the

contents of the Referenced Tweets prior to the date the issue was first raised in Court on March 30, 2022.

Dated: April 19, 2022

/s/ Christopher Weld, Jr.
Christopher Weld, Jr.
(BBO No.: 522230)
Todd & Weld LLP
One Federal Street
Boston, MA 02110
T: 617-720-2626
F: 617-222-5777
cweld@toddweld.com

*Counsel for Subpoena Recipients*

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher Weld, Jr. hereby certify that I have caused the foregoing to be served upon counsel for Plaintiffs by email and via first-class mail on April 19, 2022.

<u>/s/ Christopher Weld, Jr.</u>

# Exhibit A

**From:** Corey Stern <CStern@levylaw.com>
**Date:** March 30, 2022 at 3:45:55 PM EDT
**To:** "Daniel L. Stein - Mayer Brown LLP (dstein@mayerbrown.com)" <dstein@mayerbrown.com>, "Ter

Molen, Mark" <MTerMolen@mayerbrown.com>, bush@bsplaw.com, "Campbell, James M." <jmcampbell@campbell-trial-lawyers.com>, "Christian, Marcus A." <MChristian@mayerbrown.com>, "Devine, Alaina N." <ADevine@campbell-trial-lawyers.com>, "Mason, Wayne B." <wayne.mason@faegredrinker.com>, Philip Erickson <PErickson@plunkettcooney.com>, "Finley, Tory L." <tory.finley@faegredrinker.com>, travis.gamble@faegredrinker.com, "Kent, David C." <david.kent@faegredrinker.com>, jude.hickland@faegredrinker.com, "O'Donnell, Jack J." <JODonnell@campbelltriallawyers.com>
**Cc:** "Moshe S. Maimon" <MMaimon@levylaw.com>, Melanie Daly <mdaly@levylaw.com>, Guus Duindam-Kazanjian <Guus_Duindam@mied.uscourts.gov>
**Subject: (Twitter) Veolia Flint Facts - Request to Preserve Evidence**


Counselors:


After today's proceedings, we located the Twitter Account registered to Veolia Flint Facts (which appears to have been created on February 20, 2022, during the Voir Dire process).


The Twitter handle is: @VeoliaFlintFacts.


Please allow this communication to serve as a formal request for VNA, LAN/LAD, counsel for VNA and counsel for LAN/LAD to preserve any and all documents/tangible things related to this, any other public social media accounts that have placed information into the public domain, as well as any/all websites linked to public statements contained in the referenced account (or any others), like www.veoliaflintfacts.com.


We have thus far located 91 tweets from @VeoliaFlintFacts since March 2, 2022, including tweets referencing sidebars, and referencing plaintiffs' counsel by name. This appears to be a coordinated effort between VNA, LAN, LAD, VNA's counsel and counsel for LAN/LAD (there are numerous tweets about Warren Green's testimony), and appears to be coming from inside the courtroom.


This request is intended to include all documents related to the creation of the account(s) and websites, contracts for services associated with any outside entities/third parties who maintain any of the above referenced social media accounts, and communications/correspondence between and amongst VNA, counsel for VNA, VNA and counsel for VNA, LAN/LAD, counsel for LAN/LAD, LAN/LAD and counsel for LAN/LAD, and between and amongst VNA, LAN/LAD, and their respective counsel related to these public statements, these accounts, these websites, and these documents.


This request is intended to include all documents/tangible things from the defendants' lobbying group: MIRS, whose website is: mirs.news.

I have copied the Court here, by way of Mr. Duindam-Kazanjian.


I have also included a link to the 91 tweets, here: https://protect-us.mimecast.com/s/zuL5CW6qxZF5PV96U6NRSV.


Best,


Corey M. Stern

Levy Konigsberg, LLP

605 Third Avenue, 33rd Floor

New York, New York 10158

(212)605-6298

(212)605-6290 (facsimile)

www.levylaw.com


CONFIDENTIALITY STATEMENT This e-mail transmission and any accompanying attachment contains information that is confidential, privileged and exempt from disclosure under applicable law. This e-mail is intended only for the use of the individual or entity to which it is addressed. If you receive this e-mail in error or you are not the intended recipient, do not read, copy or disseminate in any manner. If you are not the intended recipient, you may not disseminate, distribute or copy this communication and any disclosure, copying, distribution, use or taking any action in reliance on the contents of this information is strictly prohibited. If you received this communication in error, please reply to the message immediately by informing the sender that the message was misdirected and after advising the sender you must erase the message from your computer system and destroy any hard copies that may have been made. Thank you for your assistance in correcting this error.

# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | |
|---|---|
| Walters, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  17-10164 |
| | ) |
| Veolia North America | ) |
| *Defendant* | ) |

*A TRUE COPY ATTEST*
*Process Server & Disinterested Person*
*4/6/22*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: VEOLIA WATER MUNICIPAL SERVICES NORTH AMERICA, LLC   53 State Street, 14th FL, Boston, MA 02109
*(Name of person to whom this subpoena is directed)*

[✔] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| Place: Brian Cunha & Associates Law Office, 172 Page St, New Bedford, MA 02740 | Date and Time:  April 11, 2022 |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 5, 2022

*KINIKIA D. ESSIX, CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Teed, Vanderhagen, Sherrod, Ware _____ , who issues or requests this subpoena, are:

Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504; hunter@napolilaw.com; (787) 493-5088

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

1.  All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

    (a)  3/10/22: "Today in a sidebar convo w/Judge Levy, the plaintiff's attorney Cor[e]y Stern aggressively argued that both VNA & LAN should be required to share topics and questions they have for Snyder, Croft, Ambrose and Early that fall outside of what was already shared in their depositions."

    (b)  3/10/22: "This begs the question: Who are these lawyers really fighting for? The children of Flint? Or the government officials who caused the #FlintWaterCrisis and are now hiding behind the fifth?"

    (c)  3/22/22: "They took the money for themselves and left the people of the city in the same situation they were when they came."
    - Diane Fletcher, Flint MI resident

    "#Flint residents have a lot to say about the 626M settlement."

    (link to veoliaflintfacts.com)

    (d)  3/25/22: "Officials responsible for the #FlintWaterCrisis admitted their culpability in depositions. So what's it about the whole truth and nothing but the truth – that now has Snyder, Croft, Ambrose and Early trying to plead the Fifth?

    Here's the truth"

    (link to veoliaflintfacts.com)

    (e)  3/16/22: "Another #FlintWaterCrisis LIE from the Plaintiff's attorney -> Business development considerations stopped VNA from recommending that the City of Flint return to Detroit Water.

    Here are the facts around VNA's work in #Flint:"

(f)   3/16/22: "The latest #FlintWaterCrisis LIE from the plaintiff's lawyers?

VNA had the power to recommend that the City of Flint return to Detroit Water.

Here are the facts"

(g)   3/15/22: Croft, Early, Ambrose & former MI Gov Rick Snyder already admitted responsibility for the #FlintWaterCrisis in depositions. Now, when their voices need to be heard most, they are cowering behind the Fifth amendment.

Flint survivors deserve more! Veoliaflintfacts.com/whos-who/"

This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

# **<u>Exhibit C</u>**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

| | |
|---|---|
| Walters, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 17-10164 |
| | ) |
| Veolia North America | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: <u>VEOLIA WATER LOGISTICS, LLC</u>    53 State Street 14TH FL, Boston, MA 02109
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| | |
|---|---|
| Place: Brian Cunha & Associates Law Office,<br>    172 Page St<br>    New Bedford, MA 02740 | Date and Time: April 11, 2022 |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 5, 2022

               _KINIKIA D. ESSIX, CLERK OF COURT_

                                             OR

            _____        _____
                 _Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

    The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
<u>Teed, Vanderhagen, Sherrod, Ware</u> _____ , who issues or requests this subpoena, are:
Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504; hunter@napolilaw.com; (787) 493-5088

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                                              *Server's signature*

                                                          _____
                                                                              *Printed name and title*

                                                          _____
                                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

1.  All documents/tangible things related to the following Tweets, from the
    Twitter handle @VeoliaFlintFacts:

    (a)  3/10/22: "Today in a sidebar convo w/Judge Levy, the plaintiff's
         attorney Cor[e]y Stern aggressively argued that both VNA & LAN
         should be required to share topics and questions they have for Snyder,
         Croft, Ambrose and Early that fall outside of what was already shared
         in their depositions."

    (b)  3/10/22: "This begs the question: Who are these lawyers really fighting
         for? The children of Flint? Or the government officials who caused the
         #FlintWaterCrisis and are now hiding behind the fifth?"

    (c)  3/22/22: "They took the money for themselves and left the people of
         the city in the same situation they were when they came."
         - Diane Fletcher, Flint MI resident

         "#Flint residents have a lot to say about the 626M settlement."

         (link to veoliaflintfacts.com)

    (d)  3/25/22: "Officials responsible for the #FlintWaterCrisis admitted their
         culpability in depositions. So what's it about the whole truth and
         nothing but the truth – that now has Snyder, Croft, Ambrose and Early
         trying to plead the Fifth?

         Here's the truth"

         (link to veoliaflintfacts.com)

    (e)  3/16/22: "Another #FlintWaterCrisis LIE from the Plaintiff's attorney
         -> Business development considerations stopped VNA from
         recommending that the City of Flint return to Detroit Water.

         Here are the facts around VNA's work in #Flint:"

(f)     3/16/22: "The latest #FlintWaterCrisis LIE from the plaintiff's lawyers?

VNA had the power to recommend that the City of Flint return to Detroit Water.

Here are the facts"

(g)     3/15/22: Croft, Early, Ambrose & former MI Gov Rick Snyder already admitted responsibility for the #FlintWaterCrisis in depositions. Now, when their voices need to be heard most, they are cowering behind the Fifth amendment.

Flint survivors deserve more! Veoliaflintfacts.com/whos-who/"

This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

# **<u>Exhibit D</u>**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24737742**
**Date Processed: 04/08/2022**

| | |
|---|---|
| **Primary Contact:** | Jim Terranova<br>SUEZ Water<br>461 From Rd<br>Ste 400<br>Paramus, NJ 07652-3526 |
| **Electronic copy provided to:** | Adela Wekselblatt<br>Debbie Roberts |

| | |
|---|---|
| **Entity:** | Veolia Water Contract Operations Usa, Inc.<br>Entity ID Number  2845490 |
| **Entity Served:** | Veolia Water Contract Operations Usa, Inc. |
| **Title of Action:** | Walters vs. Veolia North America |
| **Document(s) Type:** | Subpoena |
| **Nature of Action:** | Information/Appearance Request |
| **Court/Agency:** | U.S. District Court  Eastern District, MI |
| **Case/Reference No:** | 17-10164 |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 04/06/2022 |
| **Answer or Appearance Due:** | 04/11/2022 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Napoli Shkolnik, PLLC<br>787-493-5088 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| Walters, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No.   17-10164 |
| v. | ) | |
| Veolia North America | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  VEOLIA WATER CONTRACT OPERATIONS USA, INC.   2900 West Road Ste. 500, East Lansing, MI 48823
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| Place: US District Court, Eastern District of Michigan<br>200 E. Liberty Street, Ann Arbor, MI 48104<br>Courtroom 100 | Date and Time:  April 11, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 5, 2022

            *KINIKIA D. ESSIX, CLERK OF COURT*
                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

        The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Teed, Vanderhagen, Sherrod, Ware _____ , who issues or requests this subpoena, are:
Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504; hunter@napolilaw.com;
(787) 493-5088

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

1.  All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

    (a) 3/10/22: "Today in a sidebar convo w/Judge Levy, the plaintiff's attorney Cor[e]y Stern aggressively argued that both VNA & LAN should be required to share topics and questions they have for Snyder, Croft, Ambrose and Early that fall outside of what was already shared in their depositions."

    (b) 3/10/22: "This begs the question: Who are these lawyers really fighting for? The children of Flint? Or the government officials who caused the #FlintWaterCrisis and are now hiding behind the fifth?"

    (c) 3/22/22: "They took the money for themselves and left the people of the city in the same situation they were when they came."
    - Diane Fletcher, Flint MI resident

    "#Flint residents have a lot to say about the 626M settlement."

    (link to veoliaflintfacts.com)

    (d) 3/25/22: "Officials responsible for the #FlintWaterCrisis admitted their culpability in depositions. So what's it about the whole truth and nothing but the truth – that now has Snyder, Croft, Ambrose and Early trying to plead the Fifth?

    Here's the truth"

    (link to veoliaflintfacts.com)

    (e) 3/16/22: "Another #FlintWaterCrisis LIE from the Plaintiff's attorney -> Business development considerations stopped VNA from recommending that the City of Flint return to Detroit Water.

    Here are the facts around VNA's work in #Flint:"

(f)     3/16/22: "The latest #FlintWaterCrisis LIE from the plaintiff's lawyers?

VNA had the power to recommend that the City of Flint return to Detroit Water.

Here are the facts"

(g)     3/15/22: Croft, Early, Ambrose & former MI Gov Rick Snyder already admitted responsibility for the #FlintWaterCrisis in depositions. Now, when their voices need to be heard most, they are cowering behind the Fifth amendment.

Flint survivors deserve more! Veoliaflintfacts.com/whos-who/"

This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.