# Exhibit 11



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Ex-Mich. Gov. Refuses To Testify On Flint Despite Court Order

By **Cara Salvatore**

Law360 (March 25, 2022, 8:20 PM EDT) -- Former Michigan Gov. Rick Snyder told a federal judge Friday he will plead the Fifth Amendment in the Flint water crisis trial if called to testify despite a recent court order, setting up a probable appeal.

The dispute is part of a lengthy trial over four Flint children's claims that two water engineering contractors, Veolia North America LLC and Lockwood Andrews & Newnam Inc., neglected a professional obligation to warn the city that a new water source, the Flint River, would corrode the lead pipes it began flowing through in 2014.

U.S. District Judge Judith Levy **had ruled** Monday that Snyder and four others — Snyder's former aide Richard Baird, former Flint emergency managers Darnell Earley and Gerald Ambrose, and former Flint Director of Public Works Howard Croft — cannot plead the Fifth Amendment on questions they had earlier chosen to answer in depositions.

Both sides want the men's testimony and the defendants consider it central to their argument that officials, not contractors with limited roles, committed severe misconduct that caused the crisis.

But a lawyer for Snyder, Charles Quigg of Warner Norcross & Judd LLP, said Friday that Snyder would not comply.

"The only path forward here is to play the deposition tape," Quigg told the judge. "Even as to the exact same questions that were asked at the deposition, Gov. Snyder will invoke the Fifth Amendment if called as a witness."

"Even as to those questions that are more or less identical, you're suggesting your client would plead the Fifth?" the judge asked.

"Yes, your honor. I would go even beyond saying I'm suggesting that. I'm telling you that," Quigg replied.

Lawyers for multiple others in the group of five officials said their clients, too, would refuse to testify.

Judge Levy called the stance "problematic" due to the fact she had just ruled the opposite on Monday. She said, however, that in her eight years on the bench, she's never held anyone in contempt and "do[es]n't want to start now" with that option.

The judge therefore said she was amenable to having the witnesses file a motion for interlocutory appeal on the issue and asked for it by early next week.

Lawyers for Veolia and LAN, however, both took the opportunity to express the importance of the testimony to them.

Veolia lawyer Dan Stein told the judge, "Our interest and our goal is to get these witnesses on the witness stand so that we can ask them relevant questions and put their evidence in front of this jury."

"That's our goal, plain and simple," Stein said. "And we will do everything in our power to make that

happen. And if that means helping to expedite an appeal, we will do that."

LAN lawyer Wayne Mason said, "To force this court into this position when they waived it, it's a Hail Mary now in terms of them wanting to go to the Sixth Circuit when they, on advice of counsel, testified."

He added by email Friday, "It's important for elected officials to come forward, speak and answer questions in an open courtroom, and shed light on this tragic situation. The people have the right to know who is responsible ... There should not be a double standard for elected officials, represented by counsel, who waive their Fifth Amendment rights and then say, 'Oops, now we want a "do-over."'"

A lawyer for the children, Corey Stern, told Law360 on Friday, "Our focus is on our clients: four innocent kids who were poisoned by their water. The criminal proceedings are a sideshow. Our only hope is that what could easily become a circus stays out of our kids' trial."

"The civil defendants, LAN and VNA, don't care what the criminal defendants say at trial, as long as they plead the Fifth in front of the jury," he said. "It's telling that their 'best' defense is the creation of chaos to distract the jury from their own lies and failures."

Earley, Ambrose and Croft told the judge earlier this month their decisions to testify were made under a combination of extremely difficult circumstances and after charges against them were dropped in 2019.

And they had no idea at the time of their depositions that they eventually would be indicted again in 2021, they told the judge. The charges against the various defendants include misconduct in office and neglect of duty.

Alexander Rusek, a lawyer for Croft, told Law360 on Friday, "Our Supreme Court has long held that the Fifth Amendment protects the innocent, such as Mr. Croft, as well as the accused. Following today's hearing, we will continue to vigorously advocate to ensure that Mr. Croft's constitutional rights are protected by appealing Judge Levy's decision to the Sixth Circuit Court of Appeals."

A spokesman for Snyder repeated a statement from earlier in the week, saying by email Friday, "The attorney general should drop the misdemeanor charges against Gov. Snyder with prejudice, and he will be happy to testify on behalf of the state and taxpayers. As he has proven time and again, he is willing and able to help."

Representatives for the other parties were not immediately available for comment.

The four children are represented by Corey Stern and Moshe Maimon of Levy Konigsberg LLP.

Veolia is represented by James Campbell of Campbell Conroy & O'Neil PC, Cheryl Bush of Bush Seyferth PLLC, and Daniel Stein and Marcus Christian of Mayer Brown LLP.

Lockwood Andrews & Newnam is represented by Wayne Mason, David Kent, Travis Gamble, Jude Hickland and Tory Finley of Faegre Drinker Biddle & Reath LLP, and Philip Erickson of Plunkett Cooney PC.

The case is Walters et al. v. Flint et al., case number 5:17-cv-10164, in the U.S. District Court for the Eastern District of Michigan.

--Additional reporting by Morgan Conley, Max Jaeger, Dave Simpson and Juan Carlos Rodriguez. Editing by Lakshna Mehta.

All Content © 2003-2022, Portfolio Media, Inc.