**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*Walters v. City of Flint* et al.,   No. 5:17-cv-10164
Hon. Judith E. Levy

_____

**PLAINTIFFS' BRIEF**
**RE THE COURT'S PROPOSED JURY INSTRUCTIONS**

# TABLE OF AUTHORITIES

*Allen v. Owens-Corning Fiberglas Corp.*, 225 Mich. App. 397 (Mich. Ct. App. 1997) ...... .......4,5

*Brisboy v. Fibreboard Corp.*, 429 Mich. 540, 548, 418 N.W.2d 650 (1988) ........................ ..........8

*Cathey v. Omnisource Transp. LLC*, No. 16-cv-12848 (E.D. Mich. 2018) ........................... ..........9

*Cohen v. Jaffe, Raitt, Heuer, & Weiss*, P.C., 322 F.R.D. 298 (E.D. Mich. 2017) ................. ..........9

*Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67 (2004) ..................................................... ..........5

*EKSTROM v. TROY HONDA, OXFORD OVERHEAD DOOR Co.*, No. 196434, 1997
 Mich. App. LEXIS 2028 (Mich. Ct. App. Dec. 19, 1997) ....................................................... ..........6

*Foren v. City of Taylor*, No. 317773, 2014 Mich. App.
LEXIS 2052 (Mich. Ct. App. Oct. 23, 2014) ............................................................................. ..........5

*Nawal v. J.C Penney Corp*, Case No. 13-10185 (E.D Mich. 2016) ........................................ ..........9

*O'Neal v. St. John Hosp. & Medical Ctr.*, 487 Mich. 485 (2010) ........................................... ..........4

*Ray v. Swager*, 501 Mich. 52 (2017) ....................................................................................... ..........4

*SCHMIDT v. JEMES LINCOLN COLLINS*, No. 199694, 1998 Mich. App. LEXIS 1432
(Mich. Ct. App. May 5, 1998) ................................................................................................... ..........6

*Schutt v. Suburban Mobility Auth. for Reg'l Transp.*, 2021 Mich. App. LEXIS 3354
(Mich. Ct. App. May 27, 2021) ................................................................................................. ..........5

*Skinner v. Square D Co.,* 445 Mich. 153, 162-63 (1994) .......................................................... ..........6

*Smith v. Buerkel, 2021 Mich. App.* LEXIS 2691 (Mich. Ct. App. Apr. 29, 2021) ................ ..........5

*Weymers v. Khera*, 454 Mich. 639, 649 n.16 (1997) ............................................................... ..........6

M Civ JI 15.01; 15.03; 16.08 ..................................................................................................... ....9,10

## **INTRODUCTION & BACKGROUND**

Plaintiffs and Defendants submitted a joint proposal for jury instructions, outlining areas of agreement and disagreement for specific instructions. After reviewing Plaintiffs and Defendants' joint submission, the Court issued a set of proposed instructions. Thereafter, the Court provided the parties an opportunity to submit a brief outlining objections or proposed modifications to the Court's proposal.[1] The Court's proposed instructions which are relevant to Plaintiffs' objections and requested revisions are as follows:

### **Professional Negligence – Elements**

The plaintiffs in this case allege that the two defendants, LAN and VNA, each committed professional negligence. The plaintiffs bear the burden of proving each element of their professional negligence claim with respect to each of the two defendants.

For each defendant, each plaintiff has the burden to prove that.

(a) Each defendant committed professional negligence by breaching the standard of care for a professional engineer;

(b) He or she sustained injury resulting in damages; and

(c) That the defendant's alleged professional negligence was a cause in fact and a proximate cause of the plaintiff's injury and damages.

Your verdict will be for a plaintiff if that plaintiff has proved all of those elements.

---

[1] Also, on May 26, 2022, the Court observed that the parties mistakenly omitted a vicarious liability instruction for LAN/LAD from the parties' joint submission. Plaintiffs are working on drafting said instruction and will meet and confer with Defendants prior to submitting a proposed instruction to the Court.

Your verdict will be for a defendant if a plaintiff has failed to prove any one or more of those elements as to that defendant. The Court will furnish a Special Verdict Form to assist you in your duties. Your answers to the questions in the Special Verdict Form will provide the basis on which this case will be decided.

## **Professional Negligence**

You must first decide whether each defendant committed professional negligence by breaching the standard of care. For purposes of this case, the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one would do, or would not do, under the same or similar circumstances you find to exist in this case.

A professional engineer's standard of care is not defined by the language of their contract. Instead, contracts are among the circumstances you may consider when you determine whether a defendant breached the standard of care.

A defendant commits professional negligence by failing to do something that a water engineer of ordinary learning, judgment, and skill in the Flint community or a similar one would do under the same or similar circumstances as in this case. A defendant also commits professional negligence by doing something that a water engineer of ordinary learning, judgment, and skill would not do under the same or similar circumstances as in this case. It is for you to decide, based upon all the expert evidence, what a water engineer of ordinary learning, judgment, or skill in this community or a similar one would or would not do under the same or similar circumstances as in this case.

## **Cause in Fact**

If you find that either LAN or VNA committed professional negligence and that one or more plaintiffs was injured, you must then determine whether that defendant's professional negligence was a cause in fact of the particular plaintiff's injury. "Cause in fact" means that but for the defendant's actions the plaintiff's injury would not have occurred. In other words, if the plaintiff's injury would have occurred even if the defendant had not committed professional negligence, then the professional negligence was not a cause in fact of the injury. But if the plaintiff would not have been injured, or the plaintiff's injury would have been less serious, if a defendant had not been negligent, then that defendant's negligence was a cause in fact of the injury.

### Proximate Cause

If you find that either LAN or VNA committed professional negligence and that that defendant's professional negligence was a cause in fact of any plaintiff's injury, you must next determine whether that defendant's professional negligence was a proximate cause of the plaintiff's injury. That means that the evidence must persuade you that the plaintiff's injury is of a type that is a foreseeable, natural, and probable result of that defendant's professional negligence.

There may be more than one proximate cause of a plaintiff's injury. To be a proximate cause, the claimed professional negligence need not be the only cause or the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the plaintiff's injury.

### More Than One Proximate Cause

There may be more than one cause of an injury, and a defendant's conduct is a cause of a plaintiff's injuries if it was a substantial factor in bringing his or her injuries about. To be a substantial factor, a cause must not be merely a slight or trivial cause of a plaintiff's injuries. You may, however, decide that a defendant's negligence is a substantial factor even if you assign a relatively small percentage of fault to that defendant. Plaintiffs may still satisfy their burden of proof on causation even if defendants' negligence was not the last or only cause of their injuries. Plaintiffs may also satisfy their burden of proof if defendants' negligence acted in combination with some other causes or at the same time as some other causes.

### ARGUMENT

Plaintiffs' objections and requested revisions center on the Court's proposed instructions concerning "cause in fact"; particularly its articulation as "but for" causation. Because the "but for" articulation implies exclusivity,[2] it cannot be squared with well-established Michigan law in multi-party liability cases that an injury can have more than one cause in fact, and that even a relatively minor

---

[2] If a plaintiff's injury would not have occurred "but for" A, it is hard to conceptualize how B - not to mention C, D, E, F,…. - could each also be a "but for" cause.

3

contributing cause can establish liability. For this reason, Plaintiffs object to the "but for" articulation of cause in fact, as it is inappropriate in a case such as this. If, however, the Court intends to include the "but for" articulation of cause in fact, then the proposed **Cause in Fact** instruction must be revised and supplemented to comply with Michigan law as described in Section I and II of this brief.

## I. The law requires instructions clearly explaining that there can be *more than one* cause in fact.

In two separate places, the Court's proposed instructions properly set forth that there can be more than one proximate cause of an injury: (1) in the **Proximate Cause** instruction; and (2) in the **More Than One Proximate Cause** instruction. This is correct, as the Michigan Supreme Court has repeatedly held that there can be more than one proximate cause of an injury. *See O'Neal v. St. John Hosp. & Medical Ctr.*, 487 Mich. 485, 496-97 (2010) ("[I]t is well-established that the proper standard for proximate causation in a negligence action is that the negligence must be 'a proximate cause' not 'the proximate cause.'"); *Ray v. Swager*, 501 Mich. 52, 65 (2017) ("It is not uncommon that more than one proximate cause contributes to an injury.").

The Court was also correct to include the **More Than One Proximate Cause** instruction, explaining that: "a defendant's conduct is a cause of a plaintiff's injuries if it was a substantial factor in bringing his or her injuries about." *See Allen v. Owens-Corning Fiberglas Corp.*, 225 Mich. App. 397, 403 ( Mich. Ct. App. 1997) ("When

4

multiple factors contribute to produce the plaintiff's injury, one actor's negligence will be considered a proximate cause of the harm if it was a substantial factor in producing the injury."); *Smith v. Buerkel,* 2021 Mich. App. LEXIS 2691, at *15–16 (Mich. Ct. App. Apr. 29, 2021) ("When the negligence of multiple actors contributes to producing a single injury, one actor's negligence can still be a legal cause if it was a substantial factor in bringing about the injury.").

However, the Court erroneously omitted the same "more than one" and "substantial factor" language for its proposed **Cause in Fact** instruction. The Michigan Court of Appeals has consistently held that "there can be more than one cause in fact" of an injury. *Schutt v. Suburban Mobility Auth. for Reg'l Transp.*, 2021 Mich. App. LEXIS 3354, at *11 (Mich. Ct. App. May 27, 2021); *Foren v. City of Taylor*, No. 317773, 2014 Mich. App. LEXIS 2052, at *7 (Mich. Ct. App. Oct. 23, 2014) ("[D]efendant's argument ignores the fact that . . . there may exist more than one cause-in-fact."); *see also Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 87 (2004) (Discussing cause in fact: "While a plaintiff need not prove that an act or omission was the *sole* catalyst for his injuries, he must introduce evidence permitting the jury to conclude that the act or omission was *a* cause."). As such, the "more than one" language properly in the Court's proposed **Proximate Cause** instruction, must also be incorporated into its proposed **Cause in Fact** instruction.

As to "substantial factor," the Michigan Supreme Court has also clearly held that when there is more than one potential cause in fact, the "substantial factor" analysis applies. *See Skinner v. Square D Co.,* 445 Mich. 153, 165, 165 n.8 (1994) ("[W]here several factors combine to produce an injury, and where any one of them, operating alone, would have been sufficient to cause the harm, a plaintiff may establish ***factual causation*** by showing that the defendant's actions, more likely than not, were a 'substantial factor' in producing a plaintiff's injuries."); *Weymers v. Khera*, 454 Mich. 639, 649 n.16 (1997) (***emphasis added***) (noting the same is true with joint tortfeasors). Indeed, the Michigan Court of Appeals has held the same, especially when – as is the case here – there are multiple tortfeasors. *See EKSTROM v. TROY HONDA, OXFORD OVERHEAD DOOR Co.*, No. 196434, 1997 Mich. App. LEXIS 2028, at \*6 (Mich. Ct. App. Dec. 19, 1997) ("In negligence cases involving multiple defendants, a plaintiff may establish ***factual causation*** by showing that the defendant's actions were a 'substantial factor' in producing the plaintiff's injuries.") (***emphasis added***); *SCHMIDT v. JEMES LINCOLN COLLINS*, No. 199694, 1998 Mich. App. LEXIS 1432, at \*3 (Mich. Ct. App. May 5, 1998) ("Where there are multiple defendants involved, a plaintiff may establish ***factual causation*** by showing that the defendant's actions were a 'substantial factor' in producing the plaintiff's injuries.") (***emphasis added***).

This jurisprudence serves a vital purpose—preserving the concept of multiple joint tortfeasors being liable for a single injury. Indeed, failing to clearly instruct the jury that there can be multiple causes in fact of an injury, and that the substantial factor analysis applies, effectively does away with the doctrine of multiple tortfeasor liability. It is therefore imperative that the Court amend the **Cause in Fact** instruction and add an additional instruction, explaining: (1) that there can be more than one cause in fact and; (2) using the "substantial factor language" approved by the Michigan appellate courts — just as it has for proximate cause.[3]

## II. The Court should expand the Cause in Fact instruction to explain how there can be more than one cause in fact.

In addition to adding the "more than one cause" and "substantial factor" language, Plaintiffs respectfully assert that it is very important for the Court to modify the **Cause in Fact** instruction in order to clearly explain *how* there can be more than one cause in fact of a plaintiff's injury. Because of the natural confusion of trying to meld both cause in fact and proximate cause,[4] it is extremely important to expand on and explain *how* there can be more than one cause in fact, and *how* the substantial factor criteria work. Specifically, in a lead poisoned child, the effect of exposure to lead is cumulative, such that the jury could find that each additional

---

[3] Plaintiffs have set forth the specific requested revisions in Section IV of this brief.
[4] It is no understatement to say that many Michigan courts have struggled with the interplay of the two concepts. As such, the importance of clear, simple and understandable instruction for the jury cannot be overstated.

exposure caused additional injury. *See, e.g., Brisboy v. Fibreboard Corp.*, 429 Mich. 540, 548 (1988) (discussing cause in fact: "It was also established that the effect of exposure to asbestos dust is cumulative, that is, each exposure may result in an additional and separate injury."). Thus, it is important for the Court to explain this; since the concept of there being more than one cause of a seemingly indivisible injury such as lead poisoning is likely novel to the jury.[5]

### III. A careful examination of relevant exemplar instructions reveals that a separate Cause in Fact - "but for" - instruction is not appropriate in a case such as this.

Plaintiffs recognize that the Court has indicated that it intends to include the "but for" articulation in its **Cause in Fact** instruction. *See* ECF No. 606, PageID.42707. For that reason, we respectfully request the modifications explained in Section I and II (specifically set forth in Section IV below). That being said, we respectfully maintain that a separate "but for" instruction should ***not be given*** in a case such as this – with two defendants and numerous alleged non-parties at fault. As mentioned above, the "but for" language articulation implies exclusivity, and is thus inconsistent with the concept of multiple tortfeasor liability. It is likely for that reason that the "but for" articulation is entirely omitted from relevant exemplar instructions.

---

[5] Plaintiffs also request that the Court modify its **Cause in Fact** instruction to include the proper burden of proof: "more likely than not."

8

Indeed, the Michigan Supreme Court Model Civil Jury Instructions for negligence *do not* include a cause in fact instruction and *only include* the **Proximate Cause** instruction proposed by Plaintiffs. *See* M Civ JI 15.01; M Civ JI 16.08 (explaining burden of proof in terms of proximate cause only). Moreover, the comments thereto suggest that the **Proximate Cause** instruction is sufficient to encompass both cause in fact and proximate cause. *See* Comment to M Civ JI 15.01 ("Proximate cause, at the minimum, means a cause in fact relationship.").[6] The Eastern District of Michigan's jury repository for state court negligence and professional negligence claims similarly *omits* the "but for" causation articulation completely. *Cohen v. Jaffe, Raitt, Heuer, & Weiss*, P.C., 322 F.R.D. 298 (E.D. Mich. 2017) (adopting similar instruction to M Civ JI 15.01). *Nawal v. J.C Penney Corp*, Case No. 13-10185 (E.D Mich. 2016) (adopting M Civ JI 15.01 and M Civ JI 16.08).[7] Finally, this Court has previously omitted the "but for" articulation from its jury instructions in Michigan state law negligence cases. *See, e.g.,* J. Levy instruction in *Cathey v. Omnisource Transp. LLC*, No. 16-cv-12848 (E.D Mich. 2018) (adopting M Civ JI 15.01 in a negligence case).

---

[6] Again, we acknowledge that Michigan courts have struggled to fit the concepts of cause in fact (historically viewed as "but for" causation) and proximate cause (developed to deal with multi-tortfeasor liability cases) together. *See Ray*, 501 Mich. at 63 (explaining that proximate cause and cause-in-fact are two separate elements of the broader causation inquiry.).

[7] https://www.mied.uscourts.gov/index.cfm?pagefunction=juryinstructions

9

Accordingly, Plaintiffs urge the Court to follow the widely accepted guidance of the Michigan Supreme Court and define causation using only the traditional instructions. *See* M Civ JI 15.01 and M Civ JI 15.03.[8]

### IV. Requested Revisions to the Court's proposed jury instructions.

Preserving our objection (for the reasons outlined above) to the inclusion of the "but for" articulation of cause in fact, Plaintiffs respectfully request the following revisions to the Court's proposed jury instructions.

### Professional Negligence – Elements

The plaintiffs in this case allege that the two defendants, LAN and VNA, each committed professional negligence. The plaintiffs bear the burden of proving each element of their professional negligence claim with respect to each of the two defendants.

For each defendant, each plaintiff has the burden to prove that.

(a) Each defendant committed professional negligence by breaching the standard of care for a professional engineer;

(b) He or she sustained injury resulting in damages; and

(c) That the defendant's alleged professional negligence caused the plaintiff's injury and damages.

Your verdict will be for a plaintiff if that plaintiff has proved all of those elements.

---

[8] The Court has also included "cause in fact" language in its proposed **Professional Negligence- Elements** instruction. Plaintiffs object to this inclusion on two grounds. First, cause in fact should not be included at all for the reasons explained above in Section III. Second, even if the Court includes a cause in fact instruction, it is redundant to include this term in the instruction which sets forth the elements of professional negligence when the following causation instructions separately set forth cause in fact and proximate cause

10

Your verdict will be for a defendant if a plaintiff has failed to prove any one or more of those elements as to that defendant. The Court will furnish a Special Verdict Form to assist you in your duties. Your answers to the questions in the Special Verdict Form will provide the basis on which this case will be decided.

### Professional Negligence

You must first decide whether each defendant committed professional negligence by breaching the standard of care. For purposes of this case, the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one would do, or would not do, under the same or similar circumstances you find to exist in this case.

A professional engineer's standard of care is not defined by the language of their contract. Instead, contracts are among the circumstances you may consider when you determine whether a defendant breached the standard of care.

A defendant commits professional negligence by failing to do something that a water engineer of ordinary learning, judgment, and skill in the Flint community or a similar one would do under the same or similar circumstances as in this case. A defendant also commits professional negligence by doing something that a water engineer of ordinary learning, judgment, and skill would not do under the same or similar circumstances as in this case. It is for you to decide, based upon all the expert evidence, what a water engineer of ordinary learning, judgment, or skill in this community or a similar one would or would not do under the same or similar circumstances as in this case.

### Cause in Fact

If you find that either LAN or VNA committed professional negligence and that one or more plaintiffs was injured, you must then determine whether that defendant's professional negligence was *a* cause in fact of the particular plaintiff's injury.

"Cause in fact" means that more likely than not, the plaintiff's injury would not have occurred but for defendants' actions. In other words, if it is more likely than not that the plaintiff's injury would have occurred even if the defendant had not committed professional negligence, then the professional negligence was not a cause in fact of the injury. But if the plaintiff would not have been injured, or the plaintiff's injury would have been less serious, if a defendant had not been negligent, then that defendant's negligence was a cause in fact of the injury. Examples of how an injury could still occur or could be more serious would be if you find that the effect of lead

11

is cumulative, and that each additional exposure may result in further separate or additional injury.

There may be more than one cause in fact of a plaintiff's injury. To be a cause in fact, the claimed professional negligence need not be the only cause, the dominant cause or the last cause. As long as it is a substantial factor, a cause may be cause in fact even it and another cause act at the same time, consecutively, or in combination to produce the plaintiff's injury.

### More Than One Cause in Fact

There may be more than one cause in fact of an injury, and a defendant's conduct is a cause of a plaintiff's injuries if it was a substantial factor in bringing his or her injuries about. To be a substantial factor, a cause must not be merely a slight or trivial cause of a plaintiff's injuries. You may, however, decide that a defendant's negligence is a substantial factor even if you assign a relatively small percentage of fault to that defendant. Plaintiffs may still satisfy their burden of proof on causation even if defendants' negligence was not the last, the only, or even the dominant cause of their injuries. Plaintiffs may also satisfy their burden of proof if defendants' negligence acted in combination with some other causes or at the same time as some other causes.

### Proximate Cause

If you find that either LAN or VNA committed professional negligence and that that defendant's professional negligence was *a* cause in fact of any plaintiff's injury, you must next determine whether that defendant's professional negligence was a proximate cause of the plaintiff's injury.  That means that the evidence must persuade you that the plaintiff's injury is of a type that is a foreseeable, natural, and probable result of that defendant's professional negligence.

There may be more than one proximate cause of a plaintiff's injury. To be a proximate cause, the claimed professional negligence need not be the only cause or the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the plaintiff's injury.

### More Than One Proximate Cause

There may be more than one proximate cause of an injury, and a defendant's conduct is a cause of a plaintiff's injuries if it was a substantial factor in bringing his or her injuries about. To be a substantial factor, a cause must not be merely a slight or trivial cause of a plaintiff's injuries. You may, however, decide that a defendant's

12

negligence is a substantial factor even if you assign a relatively small percentage of fault to that defendant. Plaintiffs may still satisfy their burden of proof on causation even if defendants' negligence was not the last or only cause of their injuries. Plaintiffs may also satisfy their burden of proof if defendants' negligence acted in combination with some other causes or at the same time as some other causes.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court either omit the "but for" articulation of its **Cause in Fact** instruction in its entirety, or adopt Plaintiffs' proposed modifications outlined above.

Dated: May 27, 2022

Respectfully submitted,

**LEVY KONIGSBERG, LLP**

/s/ Moshe Maimon
Moshe Maimon
Melanie Daly
605 Third Ave.,
33rd Fl. New York, New York 10158
(212) 605-6200

## CERTIFICATE OF SERVICE

    I, Melanie Daly, hereby certify that on May 27, 2022, the foregoing brief was served on all counsel of record via the Court's ECF filing system.

/s/ Melanie Daly
Melanie Daly
