## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*Walters, et al.,*

             *Plaintiffs*

*v.*

*City of Flint, et al.,*

             *Defendants*

No. 5:17-cv-10164-JEL-MKM

Hon. Judith E. Levy

## CO-LIAISON COUNSEL'S REPLY IN FURTHER SUPPORT OF PLAINTIFFS' CORRECTED EMERGENCY MOTION TO COMPEL

Co-Liaison Counsel respectfully submit this reply in further support of Plaintiffs' Corrected Emergency Motion to Compel (ECF No. 840) and in response to Non-Parties' Veolia Water Municipal Services North America, LLC, Veolia Water Logistics, LLC, and Veolia Water Contract Operations USA, Inc. (collectively "Veolia Entities" or "Subpoena Recipients"), Response in Opposition (ECF No. 845).

## INTRODUCTION

On May 5, 2022, Plaintiffs served the Subpoena Recipients with the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises (the "Requests") seeking targeted discovery concerning certain tweets from the Twitter handle @VeoliaFlintFacts (hereinafter the "Tweets") that have

been disseminated publicly during the current Bellwether I trial. *See* ECF No. 840-2-6.[1]

The Subpoena Recipients have refused to produce information concerning the Tweets at issue and have limited their responses to relevance objections. The requested information is pertinent to the ongoing trial, as it appears that the Twitter handle @VeoliaFlintFacts is being used (through an apparent coordinated effort by VNA) to live tweet trial updates, including extraneous information from the courtroom. The only purpose of these public tweets is to misinform or influence the public concerning this trial, current jurors, and potential jurors in future trials. This presents a threat to a fair trial, not only for the four children who are plaintiffs in this case, but future individual plaintiffs (and members of the recently certified class). The Tweets contain inflammatory and unsupported information that are tainting this litigation and may deny plaintiffs their due process rights to a fair trial.

## ARGUMENT

### I. THE REQUESTED DISCOVERY IS HIGHLY RELEVANT TO THE PARTIES' CLAIMS AND DEFENSES

Despite Subpoena Recipients' arguments to the contrary, there is a direct nexus between the requested discovery and the Plaintiffs' claims and defenses in the current Bellwether I trial and the Flint litigation in general. *See* Fed. R. Civ. P.

---

[1] The prior subpoenas referenced in the subject motion were served on the same entities on or about April 5, 2022.

26(b)(1); Fed. R. Evidence 401. Plaintiffs' Subpoena(s) seek(s) information concerning "how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same." *See e.g.,* ECF No. 840-2, at Appendix A.1. They also, and perhaps most importantly, seek "all documents and tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc." *Id.*

These requests – which, among other things, seek to discover whether the origins of the tweets are truly unrelated to counsel in litigation – are directly related and are of consequence to plaintiffs' claims. *See* Fed. R. Evidence 401. First, the information being publicly disseminated by the @VeoliaFlintFacts account directly and intentionally undercuts the plaintiffs' professional negligence claims. For example, @VeoliaFlintFacts attempts to discredit plaintiffs' experts, each of whom survived exhaustive, thoroughly briefed, and intensely argued *Daubert* challenges, by tweeting false and defamatory statements that plaintiffs' experts are presenting "junk science," and that plaintiffs' experts have "exposed Flint children to radiation." Similarly, without regard for the Court's numerous and exhaustive MIL orders, VNA has falsely attempted to discredit Plaintiffs' expert, Dr. Aaron Specht, with references to overruled objections concerning the safety and efficacy of his

3

work. Because the public and potentially members of the jury are being presented with false information, present and prospective jurors might erroneously infer that plaintiffs' experts are not qualified to testify at trial, thereby irreparably harming plaintiffs' case, now and in the future. Further, VNA had the opportunity (and failed) to discredit Dr. Specht at trial through cross examination. A social media account, operated by a trial defendant, is not the proper mechanism to attack an expert's credibility, a lawyer's credibility, or plaintiffs' claims, especially if the Tweets were created and targeted at the zip codes where trial jurors reside.

Second, documents concerning the origins of the Tweets, and information related to VNA's target audience, are relevant to plaintiffs' Constitutional right to a fair and impartial tribunal (both at the current Bellwether I trial and future trials). *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (The Constitution guarantees civil litigants a fair and impartial tribunal, "capable and willing to decide the case solely on the evidence before it."). Given the repeated and detailed commentary on the plaintiffs' case at trial, it appears that the Tweets are intended – as part of a trial strategy – to conjure misinformation, doubt, attack plaintiffs' integrity, their lawyers' integrity, and their experts' integrity. Because of the strong possibility that VNA is attempting to affect public opinion by Tweeting misinformation, and worse yet, to influence members of the jury currently sitting in the Bellwether I trial, plaintiffs certainly should be permitted to review any and all

4

documents responsive to the subject requests. In this way, this type of information and the documents sought by way of the subject requests clearly "relate[] to the case that the jurors are deciding." *Thompson v. Parker,* 867 F.3d 641, 648 (6th Cir. 2017).

Furthermore, the persistent use of the Twitter account to publicly spread misinformation about plaintiffs' case has the risk of tainting the pool of prospective jurors for subsequent trials, thereby depriving those prospective plaintiffs of their constitutional right to a fair and impartial jury. At the same time, the Tweets are not serving any meaningful public purpose, as they clearly contain false and misleading information. It is a virtual certainty that the Tweets have, and will continue to command substantial media attention, particularly given the egregious statements made therein. As a result, the Court should order the disclosure of the requested information in the Subpoenas so that plaintiffs' can determine their origin and the true intent of those creating the Tweets.

## II. THE SUBPOENAS DO NOT VIOLATE THE FIRST AMENDMENT AND IN ANY EVENT, THE COURT HAS THE AUTHORITY TO ORDER THEIR PRODUCTION

The subpoenas at issue do not infringe on the Subpoena Recipients' First Amendment rights. They do not impermissibly burden speech because – unlike the cases cited by VNA – they do not seek orders from the court preventing any individual or entity speaking about the trial. Rather, Plaintiffs seek relevant information necessary to put on and defend their case and vital information aimed at

uncovering whether there has been (and continues to be) a violation under MRPC 3.6.

In any event, the Court has broad discretion not only over discovery, but over all matters that implicate the fairness of trial, especially those which might improperly influence the jury – as does this Twitter account. Indeed, the Sixth Circuit follows "the principle set forth in *Patterson v. Colorado*, 205 U.S. 454, 462 (1907): 'The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print.'" *CBS Inc. v. Young*, 522 F.2d 234, 240-241 (6th Cir. 1975). This is based upon this premise that the right to a fair trial "is one of our most cherished values," and "a trial judge should have the authority to adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity." *Id.* Accordingly, even if the requested subpoenas implicate First Amendment rights, the Court may, in its broad discretion, compel the Subpoena Recipients to produce the requested information. *See U.S. v. Gurney*, 558 F.2d 1202, 1209-10 (5th Cir. 1977).

## III.   THE SUBPOENA RECIPIENTS ARE NOT ENTITLED TO COSTS

Federal Rule of Civil Procedure 37(a)(5)(A) states that attorneys' fees and costs related to defending a motion to compel discovery is improper where "the

motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

As previously discussed, the intentional, misleading, and misinformed Tweets threaten plaintiffs' right to a fair trial. VNA's refusal to meaningfully respond to the subpoenas and to provide the information sought therein provides sufficient grounds for plaintiffs' motion to compel. Thus, VNA's request for award of reasonable expenses, including attorney's fees, should be denied.

Conversely and in accordance with Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, Plaintiffs request the Court award Plaintiffs' reasonable expenses, including attorney's fees, incurred in making the motion.

## **CONCLUSION**

The statements contained in the subject Tweets are inflammatory, and if left unchecked likely will deny these and future plaintiffs their right to a fair trial. The statements are largely unfounded, improper, and only serve to taint the jury in this case and potential jurors in future cases.

For the reasons stated herein, plaintiffs respectfully request that the Court enter an order compelling the production of responsive documents, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

Dated: June 1, 2022

**NAPOLI SHKOLNIK**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
(212) 397-1000
hunter@napolilaw.com

Corey M. Stern, Esq.
Levy Konigsberg LLP
800 Third Avenue
Suite 11th Floor
New York, NY, 10022
(212) 605-6200
cstern@levylaw.com

*Co-Liaison Counsel for Individual
Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: June 1, 2022

/s/ Patrick J. Lanciotti