

faegredrinker.com

**DAVID C. KENT**
david.kent@faegredrinker.com
469-357-2535 DIRECT

**FAEGRE DRINKER BIDDLE & REATH LLP**
1717 MAIN STREET, SUITE 5400
DALLAS, TEXAS 75201
+1 469 357 2500 MAIN
+1 469 327 0860 FAX

June 9, 2022

Hon. Judith E. Levy
U.S. District Court, Eastern District of Michigan
200 E. Liberty St. – Ste 300
Ann Arbor, MI 48104

      **RE: <u>Flint Water Litigation – Marc Edwards deposition</u>**

Dear Judge Levy:

In accordance with Ms. Calhoun's email of last Saturday, June 4, LAN submits this response to Plaintiffs' June 6 letter objecting to the use of the Marc Edwards deposition. LAN concurs with and joins VNA's arguments as stated in its letter brief from yesterday, June 8. As shown by VNA, Plaintiffs' arguments are singularly unpersuasive. They lack support in the Rules, precedent, or logic.

Plaintiffs' complaint is not that Defendants intend to have Dr. Edwards testify live at trial and introduce new and heretofore undisclosed opinion testimony. Instead, their complaint is that Defendants intend to present portions of Dr. Edwards' testimony drawn from the 900+ pages of his deposition taken over the course of three days in August 2020, in which Plaintiffs fully participated. In November 2020, Defendants properly notified Plaintiffs of their intent to use Dr. Edwards' testimony at trial by identifying him as a nonretained expert as permitted by FRCP 26(a)(2)(C). Defendants listed Dr. Edwards as a "will call" witness in the January 27, 2022 Pretrial Order.

Rule 26(a)(2)(C) exempts non-retained experts from providing a report or even a list of qualifications. All that is required is to provide the subject matter on which the witness is expected to testify and a summary of the facts and opinions to which he is expected to testify. The Advisory Committee Notes caution that courts "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Rule 26 Advisory Committee Notes (2010). The former Chief Judge of the Northern District of Texas has written that the opinions and supporting facts can be stated in summary form as an "abstract, abridgement, or compendium" or general "categories" of facts. *Everett Fin., Inc. v. Primary Residential Mortg., Inc.,*

No. 3:14-CV-1028-D, 2017 WL 90366, at *2 (N.D. Tex. Jan. 10, 2017) (quoting *Anders v. Hercules Offshore Servs.*, LLC, 311 F.R.D. 161, 164 (E.D. La. 2015)).

Measured against these standards, Defendants' designation (provided by VNA and adopted and incorporated by reference by LAN) was more than adequate, being fulsome and detailed, with extensive citations to Edwards' deposition transcript. Since Defendants are only going to play Edwards' deposition testimony at trial, there can be no complaint about the adequacy of the disclosure made in November 2020: Defendants are only going to use the evidence that was already known to all parties. There is nothing "new" to which Plaintiffs suddenly need to develop a response.

In cases like this involving technical subjects, one could argue that every fact witness with percipient knowledge of the events is an "expert" who must be designated as such in order to testify. If the disclosure requirements regarding experts were taken literally, this would create a trap for excluding perfectly admissible evidence because the proffering party had not designated the witness ahead of time as an "expert." While the Rules do not contemplate such an extreme result, it was to avoid this very type of gamesmanship that Defendants identified Dr. Edwards (and others) as nonretained experts.

One of the most often-cited 6th Circuit cases on this point is *Fielden v. CSX Transport,* 482 F.3d 866, 870 (6th Cir. 2007), which quotes with approval the following description of the treating physician's role as a "hybrid fact-expert witness":

> It is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination. To assume otherwise is a limiting perspective, which narrows the role of a treating physician. Instead, to properly treat and diagnose a patient, the doctor needs to understand the cause of a patient's injuries. Doctors do not operate in a vacuum. Thus, causation, diagnosis and prognosis would be based on the treating physician's personal knowledge.

Quoting *Martin v. CSC Transp., Inc.,* 215 F.R.D. 554, 557 (S.D. Ind. 2003).

Hon. Judith E. Levy
June 9, 2022
Page 3

So it is here. Dr. Edwards' testimony was based on his percipient knowledge of the facts. His professional education, training and experience undoubtedly qualify him as an "expert," but the opinions he expresses are based on his deep personal knowledge and involvement in the Flint Water Crisis. There is no legitimate complaint about the competency or disclosure of his designated deposition testimony.

In sum, Plaintiffs cannot complain that Defendants did not identify Dr. Edwards as a nonretained expert, because they did. Plaintiffs cannot argue surprise or prejudice, because they have known every single word of Dr. Edwards' testimony for nearly two years. They have cited no case dealing with the use of deposition testimony; every case they cite deals with testimony by a live witness, which has the potential to go beyond anything previously disclosed or known.

The reality is plain to see: Plaintiffs do not want the jury to hear from Dr. Edwards because he unequivocally places the blame on the government and largely exonerates the private engineering consultants. That is not a reason to exclude his testimony. If it is excluded, that will be the only reason for doing so.

Respectfully,

David C. Kent
Faegre Drinker Biddle & Reath LLP

DCK/dd

cc:  Wayne B. Mason
     Philip A. Erickson
     Corey Stern
     Moshe Maimon
     Melanie Daily
     James Campbell
     Alaina Devine
     Daniel Stein
     Mark Ter Molen

350559239v1