# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |

_____ /

## ORDER DENYING CO-LIAISON COUNSEL'S CORRECTED EMERGENCY MOTION TO COMPEL <u>WITHOUT PREJUDICE [840]</u>

On May 19, 2022, Co-Liaison Counsel filed a corrected emergency motion to compel the production of documents from Defendant Veolia Water North America Operating Services, LLC and non-parties Veolia Water Contract Services, Veolia Water municipal Services North America, and Veolia Environmental Services (all together, the "Subpoena Recipients"). The motion is denied without prejudice for the reasons set forth below.

I.  **Background**

Plaintiffs issued subpoenas to both Defendant VNA and the Non-Party VNA Entities on May 5, 2022. Plaintiffs seek the production of documents related to tweets from the Twitter handle @VeoliaFlintFacts, which Plaintiffs believe is owned or operated by the Subpoena Recipients. Plaintiffs' subpoena seeks, in relevant part:

> 1. All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:
>
> (a) 5/03/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)
>
> [. . .]
>
> 2. All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.

(ECF No. 840-10, PageID.52785, 52794.)

The Subpoena Recipients, through their counsel, responded and objected to the subpoenas. Among other general objections, the Subpoena Recipients provided the following response to both subpoena questions:

2

> Subpoena Recipients object to this Request as overly broad, unduly burdensome, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Request infringes on the First Amendment Rights of numerous parties, including Defendants, Subpoena Recipients, and non-parties to this litigation.

(ECF No. 840-10, PageID.52778.) No documents were produced. The Subpoena Recipients did not file a motion to quash the subpoenas.

In Plaintiffs' motion to compel, they argue that the discovery should be permitted under the broad relevancy standard of Federal Rule of Civil Procedure 26(b). They argue that the information sought is relevant to the "ongoing trial before this Court, through an apparent coordinated effort by VNA to live tweet trial updates from the courtroom and misinform or influence the public concerning the trial." (ECF No. 840, PageID.52727.) They argue that the tweets are "intended to conjure misinformation and doubt in the public and represent direct attacks at the integrity of the plaintiff's lawyers in trial before this Court." (*Id.* at PageID.52734.) They also argue that, having met the relevance threshold under Rule 26, the burden shifts to the Subpoena Recipients to demonstrate that the discovery sought should be denied, which they have not done. (*See id.*, PageID.52726–52735.)

3

The Subpoenaed Recipients responded and argue, among other things, that Plaintiffs have not carried their burden of showing relevance in the first instance. Defendants argue that "what the public believes about the issues on trial is not relevant to any claim or defense. Furthermore this is a professional negligence case about alleged lead-related damage to children, not a defamation case about the integrity of Plaintiffs' counsel." (ECF No. 845, PageID.52814.)

In their reply, Plaintiffs argue, among other things, that the discovery is "highly relevant" because the "inflammatory and unsupported information" in the tweets are "tainting this litigation." (ECF No. 856, PageID.53315.) They argue that the Tweets are intended to "misinform or influence the public concerning this trial, current jurors, and potential jurors in future trials." (*Id.*)

## II. Applicable Law

Generally, district courts have "discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome." *See Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231, 236 (6th Cir. 2016). While "a plaintiff should not be denied access to information necessary to establish her claim, neither may a

plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Id.* (internal citations omitted).

### III. Discussion

The information sought by Plaintiffs' subpoenas is not relevant to the *claims or defenses* in the ongoing Bellwether I trial. Rather, Plaintiffs' argument is that the alleged misinformation could cause the public to question or doubt Plaintiffs' legal position or their attorneys' integrity. At this point, this premise is theoretical. Although this would be difficult to obtain, there has not been a showing that the jury has been influenced by, or is even aware of, the tweets. Indeed, the jury in the ongoing trial is regularly directed regarding their obligation to refrain from conducting research and to refrain from reading anything regarding the case. There is no indication that any juror has failed to follow this directive either intentionally or unintentionally.

The subpoenaed information could be relevant to the ongoing trial if there is a showing that the tweets or information contained in the tweets originated from one of the lawyers for VNA. The Court asked counsel for VNA about this March 30, 2022, and was assured at that time

5

that the VNA lawyers in the trial were unaware of the Twitter account until examples of tweets were submitted in connection with another docket item unrelated to this issue. Counsel for VNA indicated that he would "look into it and get back to the Court" as to whether any lawyers for VNA (not just those in the courtroom) were involved. VNA responded, and to date, there has been no showing of VNA attorney involvement in the Twitter account. If Plaintiffs learn that an attorney for VNA is involved with the tweets they may re-raise their motion at that time. This issue may also be re-raised as the litigation proceeds and future juries are selected. Moreover, if any party learns that any juror in the present trial has been exposed to this twitter content, they are directed to immediately notify the Court.

## IV. Conclusion

Plaintiffs' motion to compel is denied without prejudice.

IT IS SO ORDERED.

Dated: July 11, 2022　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
