UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Gaddy et al. v. Flint et al.*<br>*Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO THE COURT'S JULY 10, 2022 EMAIL RULING REGARDING THE DEPOSITION TESTIMONY OF NON-RETAINED EXPERT DR. MARC EDWARDS**

On July 10, 2022, this Court held via email that the video deposition of Dr. Marc Edwards cannot be played to the jury to the extent it contains Dr. Edwards' opinions. Ex. 1, 7/10/2022 Email Ruling. Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) now submit this filing to note for the record the legal and factual errors in the Court's ruling.

*First*, the Court ruled that VNA's November 25, 2020 designation of Dr. Edwards as a non-retained expert was not "notice to the Court or to opposing counsel of the method of testimony for Dr. Edwards." 7/10/22 Email Ruling. That is incorrect, legally and factually.

1

Legally, this Court was incorrect because when VNA designated Dr. Edwards as a non-retained expert, VNA followed the procedure set forth in the Federal Rules of Civil Procedure. VNA's designation set forth "the subject matter on which [Dr. Edwards] is expected to present" expert testimony and "a summary of the facts and opinions to which the witness is expected to testify," as required by Federal Rule of Civil Procedure 26(a)(2)(C)(i), (ii). VNA's disclosure was both thorough and detailed. It spanned six pages, and drew extensively from the opinion testimony Dr. Edwards had provided at his deposition. VNA's disclosure provided specific examples of Dr. Edwards' expected opinion testimony and the facts supporting it. VNA attached Dr. Edwards' curriculum vitae to its disclosure. Courts regularly hold that non-retained expert disclosures that are as detailed (or even less-detailed) than VNA's are sufficient to provide notice. *See, e.g.*, *Gilster v. Primebank*, 884 F. Supp. 2d 811, 843 n.8 (N.D. Iowa 2012), *reversed on other grounds* 747 F.3d 1007 (8th Cir. 2013) (holding that a non-retained expert disclosure by the plaintiff's nurse practitioner was sufficient to confer notice when all the disclosure said was "Elizabeth Pratt treated Plaintiff throughout her anxiety and depression" and "Plaintiff visited Ms. Pratt approximately 10 times from January 2010 to January 2011. Ms. Pratt's testimony will likely relate to Plaintiff's medical records, her treatment of her, and the effects of Defendants' actions on Plaintiff"); *Anders v. Hercules Offshore Servs.*, LLC, 311 F.R.D. 161, 164 (E.D. La. 2015) (holding that

a non-retained expert's disclosure was sufficient even though "it did not contain all of [the expert's] opinions on its face; noting that disclosures of non-retained experts under Fed. R. Civ. P. 26(a)(2)(C) are required merely to contain an "abstract, abridgment, or compendium of the [non-retained expert's] opinion and facts supporting the opinion"; and noting that courts "must take care against requiring undue detail" in non-retained expert disclosures (internal citations omitted)); *see also Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188 (S.D. Fla. 2017) (non-retained expert disclosure that consisted of nothing but a "bullet-point list" and failed to "summarize or provide any information regarding the opinions of the experts" was insufficient).

Factually, Plaintiffs had sufficient notice of VNA's intent to offer Dr. Edwards' opinion testimony at trial, precisely because VNA's disclosure was sufficiently detailed to pass muster under Rule 26(a)(2)(C). And, this Court's most recent ruling that VNA's disclosure of Dr. Edwards was insufficient to confer notice is a complete reversal of this Court's prior holding on the matter. On March 22, 2022, this Court stated on the record: "The notice VNA gave, as I viewed it, conform[ed] to the rules. VNA identified their nonretained experts and set forth their area of expertise and what their anticipated testimony would be. Everyone is on notice of that." Trial Tr. 1084:12-15. So, this Court has now said, on different

3

days, that VNA's disclosure conveyed sufficient notice, and also that it does not. The Court was correct the first time.

*Second*, the Court noted that "on January 7, 2022 . . . VNA identified Dr. Edwards as a fact witness in its proposed pretrial order", and ruled that this fact "would . . . limit[] Dr. Edwards' testimony a great deal." 7/10/22 Email Ruling. In other words, the Court ruled that because VNA listed Dr. Edwards as a fact witness, his testimony must be limited to only his factual observations and not his expert testimony. That is incorrect. Dr. Edwards *is* a fact witness—as VNA has previously explained, he was personally involved in the story of the Flint Water Crisis from early in 2015. *See* Ex. 2, 6/8/2022 VNA Letter to Court re: Dr. Edwards. But Dr. Edwards *is also* an expert witness—he brought his considerable expertise to bear on his involvement in the Flint Water Crisis, and formed opinions based on his personal involvement. The Federal Rules allow for a non-retained expert like Dr. Edwards to "testify as a fact witness and also provide expert testimony." Fed. R. Civ. P. 26 advisory committee's note to 2010 Amendment.

*Third*, the Court stated that "[i]n the ordinary course, the parties invite their experts to testify live at trials whenever possible, as we have seen in this case without exception." 7/10/22 Email Ruling. Accordingly, the Court implied that VNA's inability to call Dr. Edwards live is a reason why his expert opinions are inadmissible. This is incorrect. For one thing, the Court's use of the phrase "their

4

experts", which suggests that Dr. Edwards is "VNA's expert", represents a fundamental misunderstanding of Dr. Edwards' role. Dr. Edwards is not VNA's retained expert. He does not work for VNA. He has never been paid by VNA. He is a ***non-retained*** expert. In fact, at his deposition he testified that he has not been retained by any party in this case, and would not consent to being retained by any party in this case, even if asked. Edwards Dep. 40:22-41:2. The reason why VNA seeks to introduce Dr. Edwards' opinion testimony via deposition is that he is unavailable to testify live.

*Fourth*, the Court suggested in its ruling that even if VNA ***had*** listed Dr. Edwards as an expert witness in its proposed pre-trial order, the Court would have construed that listing as VNA "view[ing] Dr. Edwards as [VNA's] retained expert, not a non-retained expert." 7/10/22 Email Ruling. That is incorrect. Dr. Edwards is—and always has been—a non-retained expert witness. He is someone with personal involvement in the facts of the case, but who brought his expertise to bear on that involvement. He should be permitted to "testify as a fact witness and also provide expert testimony." Fed. R. Civ. P. 26 advisory committee's note to 2010 Amendment.

*Fifth*, the Court ruled that "VNA's case would [not] be 'prejudiced' whatsoever" by the exclusion of Dr. Edwards' opinion testimony. 7/10/22 Email Ruling. That is incorrect.

VNA's case is highly prejudiced by the exclusion of Dr. Edwards' testimony. Dr. Edwards is a leading expert in the field of corrosion in municipal water distribution systems and, in particular, on lead release in public drinking water systems. He is a recipient of a MacArthur "genius" award for his work in these areas—specifically, for playing a "vital role in ensuring the safety of drinking water and in exposing deteriorating water-delivery infrastructure in America's largest cities." *See* https://bit.ly/3uFXiEX. The Smithsonian Institution has described him as a "renowned scientist" who was also a "whistleblower" for the Flint Water Crisis. *See* https://bit.ly/3nV2vVM.

At his deposition, Dr. Edwards opined about his work analyzing lead in Flint's biosolids. He explained his biosolids research as follows: "[U]nder certain assumptions, which seem to have been met in Flint, if you look at how much lead gets in the sewage, you can get an idea of how much lead was released in the drinking water . . . . we proved that concept seemed to apply showing that the lead in biosolids agreed with citywide sampling events." Edwards Dep. 425:13-426:19. He testified that, in retrospect, his biosolids research was more reliable than the testing the City of Flint's testing in determining what lead levels actually were in Flint in 2014 and

6

2015. *See* Edwards Dep. 256:14-257:4. He testified that his biosolids research showed that "the initial fears about how widespread the elevations in blood lead were . . . do not appear to be supported by the scientific [biosolids] data. . . . [The data] show an elevation that occurred in the few months after the switch, but nothing above what was considered normal . . . after those first few months." Edwards Dep. 502:7-14. Indeed, he testified that his biosolids research demonstrated that "the 'worst' lead exposure during the Flint Water Crisis was restricted to June-August 2014"— which is months before VNA was hired by Flint. Edwards Dep. 253:12-254:14.

Thus, Dr. Edwards' deposition testimony about his biosolids work demonstrates that the worst of the lead release in Flint was over by the time VNA started its work in Flint. If the jury were to credit Dr. Edwards' testimony, it could conclude that VNA is not liable for any of the injuries Plaintiffs suffered. But as a result of the Court's ruling, the jury will not get to hear that critical testimony. VNA's case has been severely prejudiced as a result.

In its ruling, the Court stated that VNA would not be prejudiced by the exclusion of Dr. Edwards' testimony because "the record already contains Dr. Edward's [sic] findings from his work: Any harm to Defendants if Dr. Edwards is not available will be minimal, if at all, because VNA's expert, Dr. Gagnon, testified about Dr. Edwards' findings and included slides that summarized Dr. Edwards' conclusions in a clear and cogent way." That is false.

7

In fact, the Court prevented Dr. Gagnon from making the very points Dr. Edwards made at his deposition. The Court ordered that Dr. Gagnon could testify only that "biosolids showed elevations of lead levels" in Flint's water following the April 2014 switch. Trial Tr. 5813:18-5814:6. Dr. Gagnon was not allowed to take the next step and explain that Dr. Edwards concluded not only that there was an "elevation" of lead in Flint's water in 2014, but that this elevation in 2014 was the "worst" lead exposure Flint would experience during the period Flint received water from the Flint River. *See* Edwards Dep. 253:12-254:14. Nor was he permitted to explain, as Dr. Edwards did at his deposition, why the biosolids analysis is a more reliable measure of lead levels in Flint than the City of Flint's testing.

Even if the Court had not limited Dr. Gagnon's ability to explain Dr. Edwards' work, VNA is prejudiced by the Court's restriction of Dr. Edwards' testimony because it precludes the jury from hearing about Dr. Edwards' work directly from Dr. Edwards himself. It is a matter of common sense that the jury is likely to give more weight to the direct testimony of the author of the study than it gives to a party's paid expert's second-hand description of the study. It is not enough that Dr. Gagnon was permitted to tell the jury *some* of what Dr. Edwards concluded. The jury should get to hear *all* of what Dr. Edwards concluded, from Dr. Edwards himself.

By contrast, there is no valid basis for Plaintiffs' assertion that Dr. Edwards' testimony would unfairly prejudice them, given that Plaintiffs have been on notice

8

for more than *eighteen months* of VNA's intent to call Dr. Edwards as a non-retained expert. Plaintiffs could have deposed Dr. Edwards at any point after receiving VNA's November, 2020 disclosure, but they chose not to. Perhaps they chose not to because they did not understand that the Rule 26(a)(2)(C) allows parties to disclose non-retained experts like Dr. Edwards in the first place. *See* Trial Tr. 996:5-10 (Plaintiffs' counsel's description of the concept of non-retained experts as a "made up unicorn"). But whatever the reason, Plaintiffs are the ones who sat on their hands, not VNA. VNA assiduously complied with the Rules, disclosing Dr. Edwards as a non-retained expert as soon as it recognized that Dr. Edwards' testimony would include his expert opinions. By excluding the properly noticed expert deposition testimony of an unavailable witness, the Court is, in effect, punishing VNA for following the Rules.

                              Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
|---|---|
| By: */s/ James M. Campbell* <br> James M. Campbell <br> Alaina N. Devine <br> 20 City Square, Suite 300 <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> adevine@campbell-trial-lawyers.com | By: */s/ Cheryl A. Bush* <br> Cheryl A. Bush (P37031) <br> 100 W. Big Beaver Road, Suite 400 <br> Troy, MI 48084 <br> (248) 822-7800 <br> bush@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: July 12, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: _/s/ James M. Campbell_
James M. Campbell
jmcampbell@campbell-trial-lawyers.com