

**From:** Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>
**Sent:** Sunday, July 10, 2022 10:52 AM
**To:** Corey Stern <CStern@levylaw.com>; Moshe S. Maimon <MMaimon@levylaw.com>; Melanie Daly <mdaly@levylaw.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Dupre, Kristin M. <KDupre@Campbell-trial-lawyers.com>; Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>; Daniel L. Stein - Mayer Brown LLP (dstein@mayerbrown.com) <DStein@mayerbrown.com>; Christian, Marcus A. <MChristian@mayerbrown.com>; Ter Molen, Mark <MTerMolen@mayerbrown.com>; Mason, Wayne B. <wayne.mason@faegredrinker.com>; Kent, David C. <david.kent@faegredrinker.com>; Erickson, Philip <PErickson@plunkettcooney.com>
**Subject:** Marc Edwards deposition

Dear counsel: Please see the below message from Judge Levy:

Dear Counsel:

I have reviewed the correspondence and letter briefing related to Dr. Edwards' testimony. As I understand the chronology, Dr. Edwards was deposed (ostensibly as a fact witness) on August 7, 2020. He was then designated as a non-retained expert by

VNA on November 25, 2020. On the same date, LAN also designated Edwards as a non-retained expert. LAN incorporated by reference VNA's designation, and did not set forth any additional areas of expertise for Dr. Edwards' testimony. In the ordinary course, the parties invite their experts to testify live at trials whenever possible, as we have seen in this case without exception. Defendants submitted Dr. Edwards' deposition transcript with designations to the Court on January 31, 2022. VNA sent the Court approximately one dozen transcripts on that date, only one of which (Workman) was actually used in VNA's case in chief. None of the others have been played and neither VNA nor LAN has asked me to rule on any of the other deposition objections. I do not view that submission as notice to the Court or to opposing counsel of the method of testimony for Dr. Edwards.

Defendants provided Plaintiffs with deposition designations on the Edwards transcript on December 7, 2021. As I see from the below email message, Plaintiffs responded on December 28, 2021, with counter designations and they lodged an objection to essentially all of Dr. Edwards' testimony for a wide variety of reasons, including that he provides opinion testimony in a deposition that was taken before he was designated as a non-retained expert. Then, on January 7, 2022, following Plaintiffs' email/objection, VNA identified Dr. Edwards as a fact witness in its proposed final pretrial order. Based on my reading of the deposition, this would have limited Dr. Edwards' testimony a great deal. This submission, the proposed FPTO, was then provided to the Court as well, again identifying Dr. Edwards as a fact witness. Next, on February 14, 2022, one day before jury selection began, I entered an Amended Pretrial Order wherein LAN's witness list identified Dr. Edwards as a FACT/EXPERT witness who would appear "live or by deposition." LAN apparently now views Dr. Edwards as their retained expert, not a non-retained expert.

During the course of this trial, the parties have determined which of their witnesses to call and many individuals on the witness lists have not been and will not be called at trial.  Neither the Court nor the other parties know which witnesses will be called until the week before they testify.  The issue regarding the use of the Edwards' deposition instead of live testimony emerged on June 2, 2022, when VNA indicated that it would be calling Dr. Edwards by video deposition. Plaintiffs objected and sought leave to provide the Court with a letter brief, which was submitted on June 6, 2022. Plaintiffs objected to Edwards providing expert testimony—whether live or in video—because he was listed as a fact witness on VNA's pretrial order witness list and because of the timing of VNA's designation. I then asked VNA to inquire into whether Dr. Edwards would testify in-person or by zoom at trial. Plaintiffs have not objected to Dr. Edwards being called to testify live as a fact and/or as a non-retained expert witness.  They object to the use of the original deposition on the basis of their inability to cross examine him on his non-retained expert opinions. On June 11th, VNA advised that they had not contacted Dr. Edwards and reiterated their intent to have him testify via the deposition transcript. On July 6, 2022, on the record, I again asked VNA to reach out to Dr. Edwards to determine whether he was available to testify in person or remotely. In an in-camera conversation between myself, Leslie Calhoun, Jim Campbell, and Dan Stein on Friday, July 8th, VNA informed me that Dr. Edwards will not agree to testify live or by zoom. This conversation took place following my request to learn more about the length of the trial.

A week ago I asked VNA to send me a summary of the dates of Dr. Edwards' work in Flint as well as the scope of his activities so that I could make appropriate rulings and identify his non-retained expert opinions as set forth below and permit counsel to consider this issue in light of the testimony if Dr. Edwards' deposition were to be

5

admissible. I have now read significant portions of Dr. Edwards' testimony, which runs well over 900 pages. A great deal of it includes his personal opinions about various government officials, information that he had placed on his website that he obtained from FOIA requests, speculation about the motives and purpose of some of the individuals involved in the matter, discussion about his criticisms of the quality of the work product of the EPA under the lead and copper rule dating back to 2003, allegations of cover ups and unethical actions, the meaning of contracts he did not write or implement or even know about. He provides general statements about water chemistry and what kinds of results might be achieved with certain chemical mixes that are not specific to his own work. Only a relatively small portion of the testimony appears to be an explanation of the work he personally did or directed in Flint. Dr. Edwards also opines on corrosion control writ large, water chemistry, methods for conducting drinking water testing, and many other subjects, some of which is based on his own activities or work in Flint.

Dr. Edwards' non-expert factual testimony based on his personal knowledge and work product is certainly admissible. His non-retained expert testimony will only be admissible if Plaintiffs' counsel has an opportunity to cross examine him on these opinions. That did not happen at the deposition. VNA has indicated that exclusion of Dr. Edwards' non-retained expert testimony will prejudice their case. However, much of the testimony appears duplicative of testimony already elicited by VNA witnesses: VNA has produced testimony of experts who have opined about the water system in Flint, the water chemistry, the scope of the engineering work done by VNA, and the effects of lead. Further, the record already contains Dr. Edward's findings from his work: Any harm to Defendants if Dr. Edwards is not available will be minimal, if at all, because VNA's expert, Dr. Gagnon, testified about Dr. Edwards' findings and included slides that summarized Dr. Edwards' conclusions in a clear and cogent way. For these reasons, I cannot find that VNA's case would be 'prejudiced' whatsoever. However, to the extent that VNA and LAN desire non-retained expert testimony from Dr. Edwards, you may certainly issue a subpoena out of the District where Dr. Edwards lives and have him testify live via zoom connection from the nearest courthouse or from his home or office. In addition to the above points, I note that much of the deposition testimony that has been designated suffers from flaws that render it inappropriate in any event: Dr. Edwards' testimony is rife with language that I do not believe is appropriate for the jury and conclusions that are sweeping and are tinged with personal animosity that is also not appropriate for the jury. Dr. Edwards refers to certain things as "bullshit" (for example, p. 250 he refers to Mr. Busch's role as to "bullshit people") and he trumpets his personal view that various individuals needed his protection from their agencies. Dr. Edwards also testifies at length about his views of what conduct is unethical and amoral, though in this testimony he is not referring to the ethical duties of a professional engineer. Under Rule 403, therefore, I would exclude all of these portions of Dr. Edwards' testimony. If he were to testify live, I would have an opportunity to manage his testimony and instruct him on his behavior and language in front of the jury. With the video, I cannot do this, of course.

I am now directing VNA and LAN to submit their new designations of the fact portions of Dr. Edwards' deposition that do not constitute non-retained expert testimony to Plaintiffs at your very earliest opportunity and I direct Plaintiffs to respond within 36 hours. Thank you.

/JEL

Leslie Calhoun
she/her
Law Clerk to Hon. Judith E. Levy
U.S. District Court, Eastern District of Michigan
200 E. Liberty St. Suite 300
Ann Arbor, MI 48104
Chambers Main: (734) 887-4700

7