CAMPBELL CONROY & O'NEIL
PROFESSIONAL CORPORATION

20 CITY SQUARE
SUITE 300
BOSTON, MA 02129
TEL: (617) 241-3000
FAX: (617) 241-5115



JAMES M. CAMPBELL
(617) 241-3060
jmcampbell@campbell-trial-lawyers.com

June 8, 2022

Honorable Judith E. Levy
U.S. District Court, Eastern District of Michigan
Federal Building
200 East Liberty Street, Suite 300
Ann Arbor, Michigan 48104

Dear Judge Levy:

      This letter responds to Plaintiffs' letter of June 6, 2020, objecting to VNA's designation of testimony from Dr. Marc Edwards's deposition that could be characterized as expert opinions.

      The Court should reject Plaintiffs' arguments out of hand because Plaintiffs have known about VNA's intent to call Dr. Edwards as an expert witness since November of 2020, when VNA submitted its disclosure of Dr. Edwards as a non-retained expert under Rule 26(a)(2)(C). Yet they waited more than 18 months—until mid-trial—to raise their objections to Dr. Edwards's testimony. That was highly prejudicial to VNA, which prepared its case based on its expectation that it could rely on Dr. Edwards's opinions at trial. Plaintiffs have thus waived any objection to VNA calling Dr. Edwards to testify in part as an expert. *See, e.g.*, *Currie v. Cundiff*, No. 09-cv-866, 2012 WL 2120002, at *1 (S.D. Ill. June 11, 2012) (holding that any objection to the disclosure of the plaintiff's non-retained expert was waived because the defendants did not timely object); *DIRECTV, Inc. v. McCool*, 339 F. Supp. 2d 1025, 1029 (M.D. Tenn. 2004) (holding that defendant waived objections to expert disclosure by waiting to raise them until "just months before trial").

Judge Judith E. Levy
June 8, 2022
Page 2

In any event, Plaintiffs' objections to VNA's use of Dr. Edwards's opinions are meritless.

*First*, Plaintiffs object that Dr. Edwards cannot testify as an expert because he was not deposed as an expert and was listed on VNA's pretrial witness list as a fact witness. Plaintiffs accordingly argue that "it is only the factual testimony (and not any opinion testimony) from his deposition that would be admissible." Pls. June 6 Ltr. 1. Plaintiffs are incorrect—because VNA properly designated him as a non-retained expert over 18 months ago, he is permitted under the federal rules to offer both fact and expert testimony at trial.

Dr. Edwards played a central role in alerting the public to the Flint Water Crisis. Dr. Edwards learned of a potential water crisis in Flint in "probably February of 2015" when Miguel Del Toral told him about it. Edwards Dep. 51:13-17. Dr. Edwards played a role in drafting Del Toral's memo that sounded the alarm. *Id*. 52:3-5. Dr. Edwards brought a team of Virginia Tech researchers to Flint and took water samples from hundreds of sites throughout the City, eventually forming the opinion in September 2015 that Flint had a lead-in-water problem. Governor Snyder even pointed to Dr. Edwards's findings as one of the factors that caused him to "acknowledge[] . . . [that] there could be a safety issue associated with lead in Flint." Snyder Dep. 260:23-261:9.

But Dr. Edwards was much more than a lay observer watching the Flint Water Crisis unfold from the sidelines. To the contrary, he is a world-renowned expert on water quality and, specifically, on lead in water. In his role in the Flint Water Crisis, he necessarily brought his expertise to bear. Dr. Edwards and his team researched and analyzed Flint's water for its corrosiveness, its lead content, and other water-quality parameters—which a lay person could not have done. In short, Dr. Edwards's role is partly as a fact witness and partly as an expert witness.

The federal rules account for this situation, and allow Dr. Edwards to testify as both an expert and a fact witness—and, contrary to Plaintiffs' assertions, he was not required to provide a written expert report as a prerequisite for VNA playing the portions of his deposition that reflect his opinions.[1] Under Federal Rule of Civil

---

[1] The sole case Plaintiffs cite for the proposition that Dr. Edwards had to submit an expert report, *Ulbrick v. UPR Products, Inc.*, No. 08-13764, 2011 WL 500034 (E.D. Mich. Feb. 8, 2011), is distinguishable. In *Ulbrick*, the proffering party did not "dispute[] that [the expert] was subject to the expert report requirement." *Id*. at *4. The issue was whether the expert "complied or substantially complied with the expert report requirement" in the first place. *Id*. at *5.

Judge Judith E. Levy
June 8, 2022
Page 3

Procedure 26(a)(2)(B), an expert is required to produce a written report only if he or she is "retained or specially employed to provide expert testimony in the case." Dr. Edwards testified that he has not been retained by any party in this case. Edwards Dep. 40:22-41:2. Because Dr. Edwards was not required to produce an expert report, it was incumbent upon any party who wanted to use his expert testimony to disclose "the subject matter on which [he] is expected to present" expert testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

VNA complied with these rules. In November 2020—more than 18 months ago—VNA disclosed Dr. Edwards as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C). On March 22, 2022, this Court stated that "[t]he notice VNA gave, as I viewed it, conform[ed] to the rules. VNA identified their nonretained experts and set forth their area of expertise and what their anticipated testimony would be. Everyone is on notice of that." Trial Tr. 1084:12-15. The Court was correct. Because VNA properly disclosed Dr. Edwards as a non-retained expert, he "may both testify as a fact witness and also provide expert testimony." Fed. R. Civ. P. 26 advisory committee's note to 2010 Amendment.

*Second*, Plaintiffs argue that VNA's non-retained-expert disclosure for Dr. Edwards is insufficient because VNA submitted it "after the deposition testimony VNA now seeks to offer." Pls. June 6 Ltr. 3. In other words, Plaintiffs construe Rule 26 as imposing a requirement on VNA to have disclosed Dr. Edwards as a non-retained expert before he was deposed and before VNA knew what his testimony would be.

Plaintiffs' position makes no sense as a matter of logic—after all, how could VNA know to what degree Dr. Edwards would bring his expertise to bear on his factual testimony before his deposition? It also lacks support in the case law and the federal rules. Plaintiffs do not cite a single case requiring a party to identify and disclose individuals as "non-retained experts" under Rule 26(a)(2)(C) *before* those individuals are deposed. Indeed, courts have held that, absent superseding deadlines, the timing of non-retained-expert disclosures is governed by Rule 26(a)(2)(D), which provides that "[a]bsent a stipulation or a court order, the disclosure must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial[.]" *See, e.g.*, *Lawson v. Minnick*, 2016 WL 3435190, at *1 (E.D. Ky. June 17, 2016) (holding that timing of non-retained-expert disclosures is governed by Rule 26(a)(2)(D)). Here, VNA disclosed Dr. Edwards as a non-retained

Judge Judith E. Levy
June 8, 2022
Page 4

expert in November 2020, which was the deadline the Court set for Defendants' expert disclosures, and which was more than 400 days before trial.

The cases Plaintiffs cite in support of their argument that VNA was required to disclose Dr. Edwards as a non-retained expert before his deposition are all inapposite. None of them addresses the timing of non-retained-expert disclosures, much less suggests that disclosures of non-retained experts must be made before their depositions. *See Abriq v. Metro. Gov't of Nashville*, No. 3:17-cv-690, 2018 WL 4561244, at *2-3 (M.D. Tenn. Sep. 5, 2018) (discussing initial fact disclosures, not expert disclosures—retained or otherwise); *Cameron v. Daimler Chrysler Corp.*, No. 4-24-JMH, 2005 WL 8165029, at *2 (E.D. Ky. Aug. 4, 2005) (discussing right to take deposition of retained experts whom the party withdrew as experts); *Miller v. Coty, Inc.*, No. 3:14-CV-443-CRS, 2018 WL 6728568, at *7 (W.D. Ky. Dec. 21, 2018) (concluding that "Plaintiffs failed to sufficiently disclose" their expert in the first place); *King v. Ford Motor Co.*, 209 F.3d 886, 900 (6th Cir. 2000) (analyzing whether it was error to strike testimony from retained experts who went beyond the subject matter of their reports); *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *3 (E.D. Mich. Apr. 12, 2016) (discussing whether Rule 26(a)(2)(C) disclosures for non-retained experts were required in the first place, not the timing of such disclosures).

In support of their argument that VNA was required to file its Rule 26(a)(2)(C) non-retained-expert disclosure before Dr. Edwards' deposition, Plaintiffs argue that they have been deprived of the opportunity to "depose the witness in his expert capacity." Pls. June 6 Ltr. 2. Plaintiffs are mistaken. For one thing, nothing stopped Plaintiffs from asking Dr. Edwards any question they wanted at his deposition. For another, Plaintiffs have been on notice of VNA's intent to call Dr. Edwards at trial as a non-retained expert since November 2020—yet they have never sought to depose him in that capacity. VNA had far less time to depose Plaintiffs' late-disclosed fact witnesses, yet this Court allowed those witnesses to testify at trial. If it was not unduly prejudicial to require VNA to interrupt its trial preparation to depose five witnesses whom Plaintiffs did not identify until December 21, 2021, Plaintiffs surely cannot complain that they were unfairly deprived of the right to depose a witness who *was* disclosed more than 400 days before trial.

Finally, at the June 6, 2022 hearing on these issues, the Court expressed the view that some of the testimony of Miguel Del Toral to which VNA has objected as undisclosed expert opinions might be admissible since everyone in his world knows

Judge Judith E. Levy
June 8, 2022
Page 5

them to be true.[2] VNA strongly disagrees with that characterization for the reasons set forth in its June 1, 2022 letter concerning Plaintiffs' designations of Mr. Del Toral's testimony. Insofar as the Court is inclined to overrule VNA's objections to the designation of Del Toral's opinions on this basis, however, the very same thing could be said of Dr. Edwards's opinions. Indeed, Dr. Edwards and Mr. Del Toral are similarly situated—each is an expert in his field, each became personally involved in the Flint Water Crisis in 2015, and each brought his expertise to bear on his involvement in Flint. Thus, if Mr. Del Toral's testimony is not properly characterized as "expert" then neither is Dr. Edwards's.

For all of these reasons, the Court should overrule Plaintiffs' objections to VNA's designation of Dr. Edwards's deposition testimony.

Very truly yours,

/s/ James M. Campbell

James M. Campbell

---

[2] Understanding that the Court has not ruled definitively on this issue, VNA notes that whether or not certain things are known by everyone in a particular field has no bearing on whether testimony about those things constitutes expert testimony. Rather, the standard is whether an "untrained layman"—not another expert in the same field—is "qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." Fed. R. Evid. 702, advisory committee notes to 1972 amendment.