# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| | |
| This Document Relates To: | |
| *Gaddy et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM |
| *Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11165-JEL-MKM |

---

# DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF REGARDING THE ADMISSIBILITY OF ALLEGATIONS FROM THE MASTER LONG-FORM COMPLAINT RELATING TO FAULT OF NON-PARTIES

## STATEMENT OF ISSUES PRESENTED

1.   Should the Court admit into evidence the identified paragraphs from the master long-form complaint regarding the fault of various non-parties because they are admissible as party admissions under Fed. R. Evid. 801(d)(2) and binding Sixth Circuit precedent, are highly probative to the non-party at fault case as well as to the apportionment of liability, and present none of the dangers of needlessly cumulative evidence, undue delay, or confusion of the issues that allow for exclusion under Fed. R. Evid. 403?

**VNA answers:**  Yes.

**Plaintiffs answer:**  No.

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 801

*Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815 (6th Cir. 2000)

*Williams v. Union Carbide Corp.*, 790 F.2d 552 (6th Cir. 1986)

## INTRODUCTION

In their pretrial disclosures, Veolia North America, LLC, Veolia North America, Inc., and Veolia North America Operating Services, LLC (collectively, VNA), identified "Plaintiffs' Amended Master Long Form Complaint" as an exhibit for trial.  ECF No. 685-5, PageID.44294.  Under binding Sixth Circuit law, Plaintiffs' allegations in the complaint regarding non-parties are substantive party admissions that, "[a]s a general matter . . . are admissible under Rule 801(d)(2)." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815 (6th Cir. 2000).  VNA identified the complaint as an exhibit for trial because it is admissible and highly relevant evidence regarding the fault of the non-parties.  The complaint concisely establishes—in Plaintiffs' own words—the liability of numerous non-parties, the relative fault of those parties, and the role that the fault of those parties played in causing Plaintiffs' alleged injuries.  It supports witness testimony that VNA has adduced in support of the Non-Party At Fault (NPAF) case, fills in gaps in the evidence, and rebuts Plaintiffs' efforts during cross-examination of witnesses and otherwise to minimize, mitigate, and justify the conduct and relative roles of the non-parties.

Plaintiffs did not, as they did with other individual evidence in VNA's pretrial disclosure (*e.g.*, the Flint Water Task Force report and the Office of Inspector General reports), file a motion *in limine* challenging the admissibility of the com-

1

plaint.  Accordingly, VNA proceeded with its intended and preferred trial strategy of presenting the NPAF case to the jury through a mixture of witness testimony, documents, and Plaintiffs' own statements about the non-parties in the complaint.

When, during cross-examination of Mayor Walling, VNA wanted to question Mayor Walling about Plaintiffs' allegations against him in the complaint, it raised the question of admissibility with the Court outside the presence of the jury and there was an extensive colloquy on the issue over two days.  Trial Tr. 1909:24-1927:20 (March 31, 2022), 2122:2-2143:6 (April 4, 2022).  During that colloquy, the Court ruled that "a plaintiff's allegations in a complaint are party admissions" and agreed that "unless those allegations are amended, they are still considered to be judicial admissions."  *Id.* at 1923:12-24.  Moreover, the Court anticipated that this issue would come up with other non-parties, potentially requiring that the entire complaint be admitted.  *Id.* at 1922:6-9.  Although Plaintiffs argued during the colloquy against VNA's intended use of the complaint with Mr. Walling, they still did not move to exclude the complaint.

On June 30, 2022, VNA provided Plaintiffs and the Court with a highlighted version of the complaint identifying the specific paragraphs from the complaint that it wanted to read to the jury and admit in support of the NPAF case—thus *narrowing* the scope of its pre-trial disclosure.  Trial Tr. 6623:11-16.  Nine days later, Plaintiffs filed a letter objecting to any use of the complaint, raising arguments that

(with the possible exception of cumulativeness) were available to them before trial. Exhibit 3.  VNA responded, explaining why the allegations in the complaint are admissible, relevant, non-cumulative, and far more probative than prejudicial.  Exhibit 4.

At the hearing addressing Plaintiffs' letter-brief, on July 12, 2022, the Court again acknowledged that Plaintiffs' allegations in the complaint regarding non-parties are party admissions that are generally admissible under *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815 (6th Cir. 2000) and *Williams v. Union Carbide Corp.*, 790 F.2d 552 (6th Cir. 1986).  Trial Tr. 7156:6-10 (July 13, 2022).  The Court held, however, that any allegation that "includes legal conclusions" is inadmissible.  *Id.* at 7156:12-13.  It also held that any allegation that "includes findings of the [Flint water] task force . . . I've already ruled, I think would be confusing and unfair prejudice and misleading."  *Id.* at 7156:13-15.

The Court then stated that "[w]ith respect to the remainder of the factual allegations, I agree that they would be substantive evidence.  But I find that . . . they are cumulative of the questions you have asked of [other witnesses]."  Trial Tr. 7156:20-24 (July 13, 2022).  The Court also stated that "[r]eading these paragraphs regarding these different defendants who are nonparties now . . . runs a very high risk of confusion," *id.* at 7165:16-18, and specifically would "bring[] in the settlement" and require it "to fashion a jury instruction to explain why these defendants

3

aren't at counsel table." *Id.* at 7158:4-7. Finally, the Court indicated that "[t]here is a preference in the Sixth Circuit in the law that has developed for live testimony."[1] *Id.* at 7159:3-4.

The Court nevertheless indicated that it was willing to receive "briefing paragraph by paragraph on how this meets the standard in 403 and would not be cumulative, would not be confusing, would not needlessly extend the trial." Trial Tr. 7157:23-7158:1 (July 13, 2022). The Court also asked VNA to "[i]dentify what the purpose is [for each paragraph], so I can determine whether it would be confusing." *Id.* at 7166:18-22.

VNA understands that the Court has made definitive rulings excluding legal conclusions and references to findings by the Flint Water Task Force. VNA also understands the Court's ruling that Plaintiffs' allegations regarding the non-parties are party admissions, subject to scrutiny under Rule 403, but not judicial admis-

---

[1]    The Court initially expressed concern that the paragraphs that VNA had identified contain "unqualified expert testimony." Trial Tr. 7137:1-4 (July 13, 2022). As VNA pointed out, *id.* at 7137:13-19, that concern is expressly addressed in the Advisory Committee's notes to Rule 801(d)(2), which state that "[n]o guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed . . . *from the restrictive influence of the opinion rule* and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility." Fed. R. Evid. 801, advisory committee's note to subdivision (d)(2) (emphasis added). *See also Owens v. Atchison, T. & S. F. Ry.*, 393 F.2d 77, 79 (5th Cir. 1968) ("It is well settled that the opinion rule does not apply to party's admissions.").

sions that are binding on Plaintiffs.  Trial Tr. 7137:23-7138:5, 7152:17-18 (July 13, 2022).  VNA does not agree with those rulings, but will not reargue those issues here.[2]

This brief explains why factual allegations from the complaint regarding the non-parties (omitting any references to the Flint Water Task Force) are admissible under Rule 403.  It also explains why the Court's concerns about cumulativeness, delay, and confusion are misplaced.  Attached as Exhibit 1 is a chart that identifies individual paragraphs that VNA believes—consistent with the Court's instruction to provide a paragraph by paragraph explanation—should be read to the jury and accepted in evidence as party admissions that are highly relevant to the NPAF case.  The chart briefly explains the purpose of each of those paragraphs as well as why they are not cumulative or confusing.  Attached as Exhibit 2 is a list of the paragraphs from the complaint that were identified in Exhibit 1.  VNA has proposed some minor redactions to the list in Exhibit 2 to remove references to the Flint Water Task Force as well as to "defendants" or to the litigation (and replace references to "defendants" with references to the name of the individual or entity at

---

[2]    In particular, VNA does not waive either (1) its argument that the report of the Flint Water Task Force should have been admitted into evidence or (2) its position that, even if the report is not admissible, Plaintiffs' statements in the complaint about the findings of the Flint Water Task Force *are* admissible.  Nevertheless, in order to comply with the Court's rulings, VNA has redacted any references to the Flint Water Task Force from the proposed individual paragraphs of the complaint in Exhibit 2.

issue).  The redacted list in Exhibit 2 is what VNA proposes reading to the jury. The same redactions would be made on the version of the complaint admitted into evidence (along with redactions to those paragraphs not being admitted into evidence).

## ARGUMENT

The identified paragraphs from the master long-form complaint are admissible because they are party admissions and are both relevant and far more probative than prejudicial.

### A.   Complaints are generally admissible at trial against the plaintiff as party admissions

"As a general matter, complaints are admissible under Rule 801(d)(2)." *Barnes*, 201 F.3d at 829 (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988)).  *See Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986) (it was reversible error to exclude allegations regarding non-parties in the complaint in a prior lawsuit because they are "party admissions" that are "available as substantive evidence under Federal Rule of Evidence 801(d)(2)").

Courts in this Circuit routinely apply that principle to admit a party-opponent's pleadings as evidence against that party-opponent.  *See, e.g.*, *XL Specialty Ins. Co. v. Commercial Marine Servs., Inc.*, No. 2:16-cv-02125, 2018 WL 7272056, at *5 (W.D. Tenn. Sept. 20, 2018) ("[P]leadings are evidentiary admissions against the party that made them."); *United States v. Myr*, No. 14-20633,

2015 WL 5042321, at *4 (E.D. Mich. Aug. 26, 2015) (a complaint's allegations were admissible party-opponent admissions); *Guthrie v. Ball*, No. 11-cv-333, 2014 WL 5089849, at *3 (E.D. Tenn. Oct. 9, 2014) (admitting as evidence allegations in plaintiffs' complaint showing that plaintiff brought product-liability claims against another defendant).

### B. Plaintiffs' admissions about the non-parties have significant probative value for the Non-Party At Fault case and apportionment of fault.

The allegations in the complaint about the non-parties are relevant to numerous issues in this case. The paragraphs contain Plaintiffs' own statements describing the negligence of the non-parties as well as the relative role of the non-parties in causing the Flint water crisis and Plaintiffs' alleged injuries. By placing fault on numerous non-parties, they also necessarily tend to mitigate any liability that VNA might have in this case. Finally, they directly undermine Plaintiffs' efforts throughout trial to minimize, mitigate, or justify the conduct and role of the non-parties.

The liability, causative role, and relative fault of the non-parties all are factual issues "of consequence in determining th[is] action." Fed. R. Evid. 401(b). So too is the relative fault of VNA. Plaintiffs' admissions unquestionably have a "tendency to make [numerous] fact[s] [of consequence to both the NPAF and the direct case] more or less probable than [they] would be without the evidence."

7

Fed. R. Evid. 401(a).  *See, e.g.*, *Barnes*, 201 F.3d at 829 (holding that complaints alleging that "other defendants were jointly liable" are relevant); *Williams*, 790 F.2d at 556 ("[T]he plaintiff's *belief* that the explosion caused his injuries is also probative, not only to support the intervening cause theory but to impeach the plaintiff's accusation against [the current defendant] Union Carbide."); *Guthrie*, 2014 WL 5089849, at *3-4 (plaintiffs' allegations that another entity was liable were relevant, including to the defense of comparative fault); *Leon v. Fedex Ground Package Sys., Inc.*, 163 F. Supp. 3d 1050, 1075 (D.N.M. 2016) ("That [plaintiff] previously asserted that Payne and Puckett were also negligent . . . are thus relevant to determine whether Puckett and Payne are partly or wholly responsible for the collision at issue.").

For example, in the NPAF case, VNA alleges that Governor Snyder breached his duties under Michigan law by approving Flint's switch to the Flint River as a source of drinking water without ensuring that the City was adequately prepared to treat the water.  In the complaint, Plaintiffs state that Governor Snyder's "deliberate conduct constituted an abuse and/or misuse of his authority" and "caused [injuries] to Plaintiffs" in part because he "knew at the time he authorized the switch to the Flint River that there was no agreed upon plan in place to implement the necessary remediation at the FWTP in order to use Flint River water as Flint's sole source of water."  Compl. ¶¶ 29, 109, ECF No. 186, PageID.5258,

5282.   Under *Barnes* and *Williams*, Plaintiffs' statements regarding Governor Snyder's role in the Flint water crisis are admissible to prove the truth of those statements and thus are directly probative of VNA's allegations in the NPAF case. They also, by assigning blame to Governor Snyder, are probative of the portion of fault (if any) that should be attributed to VNA.

The attached Exhibit 1 identifies in more detail the material facts to which each identified paragraph of the complaint is relevant.  In general, however, each paragraph is relevant to both the NPAF case against the non-party mentioned in the paragraph as well as the overarching question of apportionment.  And because these are *Plaintiffs' own statements* about the non-parties, they are uniquely and highly probative evidence on these issues.  Put simply, an unequivocal affirmative statement by Plaintiffs is clearer and more compelling than the often oblique, hedged statements that had to be extracted from a combination of witnesses—most of whom were reluctant participants in this litigation, and several of whom refused to testify live at trial.

Because the probative value of the allegations in the complaint is so great, there is a heavy thumb on the scale in favor of admissibility under Rule 403.  *See, e.g., Jones v. Wiseman*, 838 F. App'x 942, 949 (6th Cir. 2020) ("[R]ule 403 places a thumb on the scale in favor of admission of relevant evidence by requiring that the probative value of the evidence be substantially outweighed [by] a listed dan-

ger"). Admitting into evidence Plaintiffs' statements about the non-parties would not create a risk of any of the "dangers" listed in Rule 403—"unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[3] It certainly would not create danger so great that it "substantially outweigh[s]" the significant probative value of this evidence.

### C. Plaintiffs' admissions regarding the non-parties are not cumulative.

Plaintiffs' statements in the complaint regarding the non-parties do not create a danger of "needlessly presenting cumulative evidence," Fed. R. Evid. 403, for several reasons.

First, the evidence is not cumulative at all. Even when they address issues as to which VNA has presented other evidence at trial, the statements have unique value because they were made by Plaintiffs and describe the role of the non-parties in Plaintiffs' words. The premise of Rule 801(d)(2)—as reflected in the holding of *Barnes* and *Williams*—is that a party's statements may be admitted against it as affirmative evidence of the truth of those statements. While there is evidence in the record addressing the liability, role, and relative fault of each of the non-parties, there is no other evidence informing the jury of Plaintiffs' previous statements

---

[3] At the hearing, the Court identified cumulativeness, confusion, and delay as the "dangers" about which it was concerned and asked VNA to address those issues. This brief thus focuses on those three factors. VNA's previous letter brief explained why the admissions do not create a danger of "unfair prejudice." Ex. 4.

about the non-parties.  VNA is entitled to show the jury what Plaintiffs have said about the non-parties because the fact that Plaintiffs made those statements is affirmative evidence of their truth.  There is no other evidence in the record which shows that Plaintiffs themselves believe the non-parties to be at fault.

Furthermore, these statements are the only evidence through which VNA can show the jury that the position that Plaintiffs are taking in this trial with respect to the non-parties—contesting their liability and minimizing and justifying their conduct—is contrary to Plaintiffs' prior statements whole-heartedly attributing liability to those same non-parties.  Indeed, excluding these statements would leave the jury with the false impression—cultivated through Plaintiffs' cross-examination of witnesses such as Mayor Walling—that Plaintiffs sued VNA because they believe that it was primarily at fault and that it was VNA's idea to blame other parties in an effort to distract from its own conduct.  The admissions in the complaint prove that just the opposite is true:  From the outset, Plaintiffs identified numerous other parties as primarily responsible for their injuries.  That too is a completely non-cumulative and appropriate evidentiary purpose for admitting these statements.

Second, the statements that VNA seeks to introduce are not "needlessly . . . cumulative" simply because, in some instances, they may overlap with and corrob-

orate testimony from a witness on these topics.[4]   Rule 403 does not limit parties to a single source of proof on each topic, but instead contemplates exclusion only when the party is "needlessly presenting cumulative evidence."  Fed. R. Evid. 403. As the Sixth Circuit has held, "[t]he mere fact that one other witness has testified to a particular fact" "does not render other testimony on that point 'cumulative.'" *Vasquez v. Jones*, 496 F.3d 564, 576 (6th Cir. 2007).  Thus, even setting aside the unique evidentiary value of Plaintiffs' own admissions about the non-parties, this is not a situation in which VNA has belabored the NPAF case through repetition to the point where it is wasting everyone's time by "needlessly presenting cumulative evidence."  On the contrary, VNA has endeavored to be exceedingly efficient in its presentation of the NPAF case.  And use of the party admissions from Plaintiffs' complaint is part of that time-saving strategy.

Third, the admissions from Plaintiffs' complaint are not cumulative because, by design, they track the NPAF instruction that the Court has asked VNA to prepare.  VNA's theory with respect to each non-party in the NPAF case obviously is

---

[4]      During the hearing, the Court stated that "[t]here is a preference in the Sixth Circuit in the law that has developed for live testimony."  Trial Tr. 7159:3-4 (July 13, 2022).  VNA shares that preference and has endeavored to present live or videotaped testimony with respect to each of the non-parties in support of the NPAF case.  As explained in this brief, however, it also is entitled to introduce Plaintiffs' own statements about the non-parties in further support of the NPAF case—both for their unique evidentiary value and to buttress, supplement, or corroborate the testimony that it has adduced.

modeled in large part on Plaintiffs' own allegations of liability against that non-party.  Thus, when drafting its proposed NPAF instruction, VNA has largely used Plaintiffs' own language from the complaint to describe its NPAF theory against each of the non-parties.  Under *Barnes* and *Williams*, Plaintiffs' statements—on which the instruction is based—are admissible against Plaintiffs as evidence of the truth of those statements.  Thus, the party admissions in the complaint alone are sufficient to create a jury question with respect to the NPAF case against each of the non-parties—they ensure that the jury is given an opportunity to consider all of the parties that are potentially at fault.  Unless Plaintiffs are willing to stipulate that other evidence in the record is sufficient to create a jury question with respect to each of the non-parties, this is an additional reason that the statements should not be excluded under Rule 403 as "needlessly . . . cumulative."

Finally, the paragraphs that VNA has identified are not cumulative for the specific reasons stated in the paragraph-by-paragraph chart attached as Exhibit 1. Some of them address issues that have not been covered by other evidence in the record.  Some of them specifically undermine Plaintiffs' efforts to mitigate, justify, or explain the conduct of the non-parties.  Some of them describe the facts with re-spect to the non-parties in ways that add details or characterizations that are not present in the witness testimony at trial.  And almost all of them convey the liabil-ity and relative fault of the non-parties in a concise and clear manner—again, in

13

Plaintiffs' own words—that is much more accessible and compelling than the stitched-together testimony from often reluctant or hostile witnesses that VNA adduced at trial.

### D.   Plaintiffs' admissions regarding the non-parties would not cause undue delay.

All of Plaintiffs' admissions regarding the non-parties could be read into evidence in a very short period of time—likely an hour or so—and the reduced list of paragraphs identified in Exhibit 1 to the present motion would take even less time. Using an hour or so of time to succinctly present material evidence on the liability and relative fault of numerous individuals and entities would not constitute "undue delay" according to any reasonable understanding of that term.  That is even more so here, five months into a trial in which Plaintiffs used approximately 40 trial days to put on their case against two parties—VNA and LAN—while VNA has put on its own defense as well as the NPAF case against numerous non-parties in less than 20 trial days.  Adding approximately an hour of time during a five-month trial to put on evidence that VNA believes is important for the NPAF case against numerous parties is not "undue delay."

In any event, the hour or so that it would take to place into evidence Plaintiffs' admissions regarding the non-parties is not "delay" at all because, as explained above, this evidence is generally admissible, highly relevant, and not duplicated by any other evidentiary source.  This is the only way—and thus neces-

sarily the fastest way—for VNA to put before the jury Plaintiffs' own statements regarding the liability, causative role, and relative fault of the non-parties.

### E.   Plaintiffs' admissions regarding the non-parties would not create a risk of confusion.

The Court expressed concern that "[r]eading these paragraphs regarding these different defendants who are nonparties now . . . runs a very high risk of confusion," *id.* at 7165:16-18, and specifically would "bring[] in the settlement" and "we would need to fashion a jury instruction to explain why these defendants aren't at counsel table." *Id.* at 7158:4-7.  There are numerous simple solutions to this concern that would not require referring to the settlement.

Most obviously, the Court could simply instruct the jury that it is not to speculate about why certain individuals are not defendants in the case.  That instruction would address any potential for confusion created by reading and introducing into evidence Plaintiffs' admissions about the non-parties and would not impermissibly interject the settlement into the trial.  If the Court believes that something stronger is required, it could instruct the jury that, in reaching its verdict, it should treat all potentially liable parties the same regardless of whether they are present at trial and may not consider whether an individual is or is not present at trial or the reasons why an individual may or may not be present at trial.  These instructions are consistent with the law and fully address the Court's concern.

Alternatively (or in addition), because allegations in the complaint regarding non-parties are "party admissions" that are "available as substantive evidence under Federal Rule of Evidence 801(d)(2)," *Williams*, 790 F.2d at 556, they could be presented to the jury as such.  In other words, the Court could admit a list of Plaintiffs' admissions regarding the non-parties containing only the text of Plaintiffs' statements.  That would remove any risk of confusion created by presenting those statements in the context of the complaint.  But if the Court believes that the context of a complaint should be maintained, then the caption could be redacted so that the jury is not informed that these statements come from the complaint in *this* matter.  If the jury is not aware that the admissions were made in the complaint in this case, then there will be no confusion about why the non-parties are not at counsel table in this trial.[5]

Finally, there is no reason to believe that the confusion about which the Court is concerned would interfere with the jury's ability to fairly decide the issues in this case.  Rule 403 contemplates excluding otherwise admissible evidence only if that evidence creates a significant danger of "confusing the issues."  Fed. R. Evid. 403.  "With respect to 'unfair prejudice,' 'confusing the issues,' and other factors," the Sixth Circuit "has noted that the exclusion of evidence may be appro-

---

[5]     The probative value of the statements is that they were made by Plaintiffs.  It has nothing to do with the specific litigation in which they were made.

priate when the evidence suggests to the jury that it should decide the case 'on an improper basis.'" *Journey Acquisition-II, L.P. v. EQT Production Co.*, 830 F.3d 444, 459 (6th Cir. 2016) (quoting *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011)). Here, even if the jury were confused by the non-parties' absence from counsel table, that would not suggest that the jury should decide the case on an improper basis.[6] The danger here is *not* that admitting Plaintiffs' statements about the non-parties will "confuse[] the issues." The danger is that it will result in unresolved curiosity about a topic tangential to the case—what happened to the non-parties? If the Court is concerned that this curiosity might distract the jury, the appropriate remedy is to instruct the jury that it is not to speculate about why the non-parties are not at trial because that is not relevant.

## CONCLUSION

The Court should permit VNA to read into the record and should admit into evidence the identified paragraphs of the master long-form complaint.

---

[6] To be clear, that these are Plaintiffs' own statements about the non-parties is *not* an improper basis for deciding any factual issues in the NPAF case. As *Barnes* and *Williams* both held, a party's own statements in a complaint are admissible against it as affirmative evidence of the truth of those statements.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 15, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: ___/s/ *James M. Campbell*___
    James M. Campbell
    jmcampbell@campbell-trial-lawyers.com