**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| This Document Relates To: | |
| *Gaddy et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM |
| *Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11165-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO PROHIBIT PLAINTIFFS FROM REQUESTING A SPECIFIC AMOUNT OR RANGE OF NON-ECONOMIC DAMAGES**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to prohibit Plaintiffs from requesting that the jury award a specific amount or range of non-economic damages.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this motion. After VNA explained the nature and legal basis for the motion, Plaintiffs' counsel said that they would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 15, 2022

## STATEMENT OF THE ISSUE PRESENTED

Should the Court prohibit Plaintiffs from requesting a specific amount or range of

non-economic damages?

**VNA answers:**  "Yes."

**Plaintiffs answer:**  "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(a)(1)(A)(iii)

Fed. R. Civ. P. 37(c)

*McCrary v. Country Mut. Ins.*, No. 13-CV-507-JED-PJC, 2014 WL 1871891 (N.D. Okla. May 9, 2014)

*Lucas v. Transamerica Life Ins.*, No. 10-CV-76-KKC, 2011 WL 5148883 (E.D. Ky. Oct. 21, 2011)

*Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257 (D. Minn. 2007)

*Pa. R.R. v. McKinley*, 288 F.2d 262 (6th Cir. 1961)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| This Document Relates To: | |
| *Gaddy et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM |
| *Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11165-JEL-MKM |

---

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO PROHIBIT PLAINTIFFS FROM REQUESTING A SPECIFIC AMOUNT OR RANGE OF NON-ECONOMIC DAMAGES**

**INTRODUCTION**

VNA anticipates that Plaintiffs may ask the jury to award them a specific amount or range of non-economic damages.  They should be precluded from doing so for two reasons.  First, when, as here, plaintiffs do not disclose during discovery the basis for their non-economic damages and the amount that they are requesting, they may not ask the jury to award them a specific amount, but instead must entrust any award of non-economic damages to the jury's discretion.  Second, it is unfairly prejudicial to allow plaintiffs to request a specific—inevitably large—amount of non-economic damages.  Doing so has no evidentiary value, but will inevitably skew the jury's frame of reference and thereby unreasonably enhance the verdict.  The jury is competent to set the amount of non-economic damages on its own, without assistance from the parties.

**ARGUMENT**

**A.    The Court Should Prohibit Plaintiffs From Requesting A Specific Amount Or Range Of Non-Economic Damages Because Plaintiffs Did Not Disclose During Discovery A Computation Of Those Damages**

The Federal Rules state that, in order to request a category of damages, the plaintiff must disclose during discovery a computation of those damages. Specifically, under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), parties must disclose "a computation of each category of damages claimed by the disclosing party" and "make available for inspection and copying as under Rule 34 the

1

documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Under Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . ., the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."  Here, Plaintiffs did not disclose any computation of non-economic damages during discovery, so under the Rules, they may not ask the jury for a specific amount.

There is no exception in the Rules for non-economic damages.  *See Lucas v. Transamerica Life Ins.*, No. 10-CV-76, 2011 WL 5148883, at *1 (E.D. Ky. Oct. 21, 2011) ("Rule 26(a)(1)(A)(iii) is unambiguous—it applies to *each* category of damages claimed; it is not limited to economic damages."); *McCrary v. Country Mut. Ins.*, No. 13-CV-507, 2014 WL 1871891, at *2 (N.D. Okla. May 9, 2014) ("the language of Rule 26(a)(i)(A)(iii) does not exempt non-economic damages").  Thus, as a federal court in the Eastern District of Kentucky explained, if the plaintiffs fail to produce a computation of non-economic damages during discovery, a court should "bar Plaintiffs from referencing any figures and articulating any basis for awards in these non-economic categories at trial." *Lucas*, 2011 WL 5148883, at *2; *accord Montoya v. Retiree Health Care Auth.*, No. 18-cv-578, 2019 WL 2718689, at *5 (D.N.M. June 7, 2019) (plaintiff who failed to disclose during discovery a

computation of non-economic damages "is prohibited from introducing specific pecuniary evidence concerning the severity of her distress . . . or requesting a specific amount from the jury, or using expert testimony to support her claim for emotional distress, because she failed to disclose any such facts, documentation, or support").   In accordance with the Rules, many courts have refused to allow a plaintiff to suggest an amount of non-economic damages when the plaintiff never provided a computation of those damages in discovery.[1]

---

[1]       *See also, e.g.*, *Walker v. Corizon Health, Inc.*, No. 17-2601, 2022 WL 1062262, at *7 (D. Kan. Apr. 8, 2022) ("when, as here, a plaintiff elects not to disclose a computation of non-economic damages during discovery, courts typically preclude the plaintiff from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial") (internal quotation marks omitted); *Goree v. City of Verona*, No. 17-cv-93, 2021 WL 4699204, at *5 (N.D. Miss. Oct. 7, 2021) (because the plaintiff did not disclose a computation of non-economic damages under Rule 26, "she shall not be permitted to suggest a specific amount of damages to the jury"); *Dent v. BNSF Ry.*, No. Civ-18-159, 2021 WL 1977059, at *1 (W.D. Okla. May 17, 2021) ("Plaintiff shall not be permitted to claim a specific amount for psychological-injury damages at trial" because she had not disclosed a computation and "[s]eeking a specific amount of such damages at trial therefore would result in an unfair surprise for Defendant."); *Lewis v. City of Burnsville*, No. 19-1117, 2020 WL 3496990, at *4 (D. Minn. June 29, 2020) ("[I]f Plaintiff intends to ask the jury for a specific dollar amount of [non-economic] damages at trial—or to suggest any figures, or possible ranges—Plaintiff is required to provide it to Defendants along with the basis for that figure" under Rule 26; "Plaintiff cannot 'reserve' such disclosure until after fact discovery closes."); *Hovanec v. Miller*, 331 F.R.D. 624, 637 (W.D. Tex. 2019) ("if the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosure required by Rule 26") (internal quotation marks omitted); *Garcia v. Green*, No. 17-8126, 2019 WL 8972808, at *4 (E.D. La. Jan. 11, 2019) (because the plaintiff did not disclose a computation of non-economic damages, "she may not suggest to the jury a specific amount of damages"); *Breen v. Black*, 15-CV-0168, 2016 WL 4268957, at *5-6 (D. Wyo. July 6, 2016) ("Plaintiff

The requirement that plaintiffs produce a computation during discovery if they intend to request a specific amount of non-economic damages serves the same interests as other pre-trial disclosures mandated by the rules. The requirement "properly balances the purpose of Rules 26(a) and 37(c) and related concerns as to trial by ambush"; as a matter of basic fairness, if plaintiffs "intend to ask the jury for a particular amount of damages for emotional distress, they should be required to

---

cannot suggest a specific amount of damages for emotional distress to the jury at trial" because she failed to disclose a computation of those damages during discovery.); *McCrary*, 2014 WL 1871891, at *2 ("[I]f Plaintiffs intend to submit evidence as to the severity of their emotional distress, request a specific amount from the jury, or use expert testimony to support their emotional distress claim, they must provide Defendant with a computation of these damages."); *Warren v. Bastyr Univ.*, 11–CV–01800, 2013 WL 1412419, at *8 (W.D. Wash. Apr. 8, 2013) ("If plaintiff intends to request a specific dollar amount as just compensation for her emotional distress, she shall supplement her Rule 26 disclosures," and "[f]ailure to adequately disclose the basis for the claim may prevent plaintiff from suggesting a specific amount to the jury."); *Lewis v. Cabana Coaches, LLC*, No. 12-20783-Civ, 2012 WL 12896353, at *3 (S.D. Fla. Oct. 19, 2012) ("if Plaintiff decides not to disclose a computation for non-economic damages during discovery, then Plaintiff shall be precluded from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial"); *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639–640 (E.D. Wash. 2011) ("if Plaintiff intends to suggest a specific amount to the jury for emotional distress damages, yet fails to supplement its Rule 26 disclosures to provide Defendant with a computation of damages, Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial"); *EEOC v. Serv. Temps, Inc.*, No. 08-CV-1552-D, 2010 WL 1644909, at *7-8 (N.D. Tex. Apr. 22, 2010) (because the plaintiff "has not satisfied its disclosure obligation," it may not "suggest to the jury that it should award a specific sum" of non-economic damages), *aff'd*, 679 F.3d 323, 334 (5th Cir. 2012); *EEOC v. Gen. Motors Corp.*, No. 06-cv-19, 2009 WL 910812, at *2 (S.D. Miss. Apr. 1, 2009) ("[I]f the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26.").

disclose that amount, by range or estimate, to the defendants in advance of trial, rather than ambush them at trial." *McCrary*, 2014 WL 1871891, at *3. "[I]f plaintiffs present a specific amount to the jury for compensatory damages, then presumably they have a basis and a means for arriving at the amount they are seeking," and "it would be unfair to defendants if plaintiffs could submit a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis." *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282-83 (D. Minn. 2007). Thus, courts recognize that if the plaintiffs do not disclose a computation by the discovery deadline, "they will not be allowed to suggest a specific amount to the jury for emotional distress damages." *Id.*

Plaintiffs who fail to disclose a computation of non-economic damages during discovery are not completely barred from requesting non-economic damages at trial. The effect of the Rules is only that Plaintiffs may not request a specific amount of non-economic damages, or put on medical evidence to support their request for damages. *See Lucas*, 2011 WL 5148883, at *2 n.4 ("as a strategic election," plaintiffs could decline to disclose a computation of emotional-distress damages and "simply commit[] the claims to the jury without articulation of amount"); *Hovanec*, 331 F.R.D. at 637 ("If . . . the plaintiff intends to leave the determination of emotional distress-related compensatory damages solely to the jury, a Rule 26

disclosure is not required."); *Wolgast v. Richards*, No. 05-10278, 2011 WL 3426187, at *4 (E.D. Mich. Aug. 5, 2011) (if plaintiffs choose not to "identify [in discovery] a specific sum to compensate them for injuries that are difficult to categorize, like anxiety or mental distress," then "[t]he amount of compensation that should be awarded for such an injury may appropriately be left to the jury"); *Sandoval*, 267 F.R.D. at 282 (plaintiffs were not required to produce computation "[t]o the extent that plaintiffs do not intend to suggest a specific amount to the jury for emotional distress damages"); *Gray v. Fla. Dep't of Juvenile Justice*, No. 06-cv-990-J-20, 2007 WL 295514, at *1 (M.D. Fla. Jan. 30, 2007) (plaintiff could ask for an amount of emotional-distress damages that the jury believes "is fair under the circumstances" without disclosing a computation).

Here, Plaintiffs did not disclose a computation for non-economic damages under Rule 26.  They did not disclose the amount of non-economic damages that they are seeking, the basis for calculating that amount, or the evidence allegedly supporting that amount.  Accordingly, Plaintiffs may not request a specific amount of non-economic damages, and those damages instead must be entrusted to the jury's discretion.

**B.     The Court Should Prohibit Plaintiffs From Requesting A Specific Amount Or Range Of Non-Economic Damages Because Such Requests Are Speculative, Misleading, And Prejudicial**

Separately, any request from Plaintiffs' counsel for a specific amount of non-economic damages should be prohibited as speculative, misleading, and prejudicial, at least when the plaintiff has not disclosed an evidentiary basis for the amount requested.  As the Third Circuit has noted, requests for specific amounts of non-economic damages are "a masked attempt to import into the trial elements of sheer speculation on a matter which by universal understanding is not susceptible to evaluation on any such basis."  *Waldorf v. Shuta*, 896 F.2d 723, 744 (3d Cir. 1990) (prohibiting those requests) (internal quotation marks omitted).

The problem with requests for specific amounts of non-economic damages is that "[a] jury with little or no experience in such matters . . . may give undue weight to the figures advanced by plaintiff's counsel, particularly if he conveys the impression (as frequently happens) that he speaks on the basis of extensive trial experience."  *Mileski v. Long Island R.R.*, 499 F.2d 1169, 1172 (2d Cir. 1974).  The jury will not have the "benefit of any counter-figures from other sources," because "defense counsel contesting liability rarely risks being drawn into a discussion of damages, since to do so might weaken his claim of [no] liability."  *Id.*  The result is that the jury will have "only one set of extravagantly high figures, which it may be tempted to treat as evidence rather than as mere argument."  *Id.*  The Third Circuit

7

likewise has noted that requests for a specific amount of non-economic damages are "a masked attempt to import into the trial elements of sheer speculation on a matter which by universal understanding is not susceptible to evaluation on any such basis." *Waldorf*, 896 F.2d at 744 (internal quotation marks omitted).

These observations are borne out by empirical research. Juror studies have shown that allowing counsel to suggest a specific amount of non-economic damages significantly skews jurors' ultimate damages awards. *See* Mollie W. Marti & Roselle L. Wissler, *Be Careful What You Ask For: The Effect of Anchors on Personal Injury Damages Awards*, 6 J. EXP. PSYCH. 91-103 (June 2001) (describing mock-jury study in which exaggerated plaintiff requests for pain-and-suffering damages produced exaggerated awards and concluding that counsel's award recommendations alter jurors' beliefs about what constitutes an acceptable award); W. Kip Viscusi, *The Challenge of Punitive Damages Mathematics*, 30 J. LEGAL STUD. 313, 326, 329 (June 2001) (juror study in which mock jurors were given a formula to calculate punitive damages found that allowing plaintiff's attorney to suggest a range of punitive damages produced the lowest percentage of correct formula calculations *as well as* awards highly concentrated within the suggested range, leading researchers to conclude that subjects "in effect ignored the [supplied] mathematical table in assessing punitive damages" and instead "base[d] their judgments largely on the anchoring influence" of counsel's suggested amounts);

Reid Hastie et al., *Juror Judgments in Civil Cases: Effects of Plaintiff's Requests and Plaintiff's Identity on Punitive Damage Awards*, 23 LAW & HUM. BEHAV. 445 (Aug. 1999) (study results demonstrate "anchor-and-adjust" phenomenon in which jurors use counsel's suggested awards as starting point and set damages awards at some discounted compromise figure relative to the suggested amount); Gretchen B. Chapman & Brian H. Bornstein, *The More You Ask For, the More You Get: Anchoring in Personal Injury Verdicts*, 10 APPLIED COGNITIVE PSYCHOL. 519, 526 (1996) (study found that mock jurors who were given the same fact pattern but a different numerical anchor consistently gave larger awards in response to the larger requests and that " [t]he overall effect of anchor amount was significant"); Verlin B. Hinsz & Kristin E. Indahl, *Assimilation to Anchors for Damage Awards in a Mock Civil Trial*, 25 J. Applied Soc. Psychol. 991, 1016 (1995) ("The pattern of the effect of anchors was consistent across all three studies; when a dollar value was introduced as an anchor for the jurors, damage awards moved toward the anchor, regardless of its level (i.e., $20,000, $200,000, $2 million, or $20 million) . . . ."); John Malouff & Nicola A. Schutte, *Shaping Juror Attitudes: Effects of Requesting Different Damage Amounts in Personal Injury Trials*, 129 J. SOC. PSYCHOL. 491, 495 (1989) (finding that, "when more money was requested for damages by the plaintiff's attorney, the jurors awarded more" and that the effect "was essentially linear").

Jurors are likely to treat any amount suggested by the plaintiff as defining the upper end of the range of permissible amounts, leading the jury to set the award on that scale. That is true regardless of whether that scale bears any relation whatever to the actual scale of reasonable, legally permissible compensation in the particular case. Because the amount sought by a plaintiff is bound to influence the terms of the debate in the jury room, *see Purpura v. Pub. Serv. Elec. & Gas Co.*, 147 A.2d 591, 594-95 (N.J. Super. Ct.1959), counsel's request for a specific, inevitably large amount can be expected to result in an artificially inflated verdict that fails to reflect the jury's true intentions.[2]

To illustrate, suppose that in a given case the maximum legally permissible compensatory damages award is $1 million, but the plaintiff's lawyers are permitted to request $10 million. A jury that wishes to impose a moderate award might decide

---

[2]     *See Henne v. Balick*, 146 A.2d 394, 398 (Del. 1958) ("the purpose [of suggesting a specific sum as damages] is solely to introduce and keep before the jury figures out of all proportion to those which the jury would otherwise have had in mind, with the view of securing from the jury a verdict much larger than that warranted by the evidence"); *Bechard v. Eisinger*, 481 N.Y.S.2d 906, 908 (App. Div. 1984) (prohibiting counsel from asking jury for specific sum is appropriate in order "to curb the effect of exaggerated demands for damages which could . . . bias [the jury] towards making excessive awards"); *cf. Gresham v. Courson*, 177 So. 2d 33, 39 (Fla. Dist. Ct. App. 1965) ("we would be exceedingly naive should we fail to recognize that as a matter of practice the advocate usually suggests to the jury a figure for damages substantially in excess of the amount that is clearly supportable by the evidence and likewise in excess of the amount which he deems to be supportable in point of law should the jury happen to return a verdict approaching the amount suggested").

10

to set the level at 50% of what it believes to be the maximum permissible amount. If it is led by counsel's extravagant demand to believe that the maximum permissible award is in the vicinity of $10 million, it may then set damages at $5 million—a figure that is hardly moderate, but instead is five times the most generous allowable award and exceeds by an even greater amount the sum that the jury might have imposed had it not been misled about the proper scale for compensation.

The power of courts to order remittiturs of excessive verdicts is insufficient to protect against the prejudice inhering in requests by counsel for excessive sums.  In reducing excessive verdicts, courts generally select the *highest* amount that could reasonably be imposed.  But that amount may be far greater than what the jury— intending to award only a moderate or a low award—would have selected had it not been improperly influenced by counsel's request for an excessive sum.  In the situation discussed above, for example, the court would reduce the award to the highest legally permissible amount—$1 million—twice the moderate amount that the jury intended to award.  The only way to protect against this prejudice is to prohibit counsel from requesting a specific amount of non-economic damages in the first place.

Prohibiting requests for non-economic damages protects not only the defendant but also the jury in exercising its obligation as the finder of fact to select the amount that is proper and just under the circumstances. *See, e.g.*, *Waldorf*, 896

F.2d at 744 ("In the final analysis, a jury trial should be an appeal to the rational instincts of a jury rather than a masked attempt to import into the trial elements of sheer speculation.") (internal quotation marks omitted); *Bennett v. 3 C Coal Co.*, 180 W. Va. 665, 674 (1989) ("the better practice is to avoid mentioning to the jury the amount sued for"). Allowing the plaintiff's counsel to tell the jury what he or she personally thinks is an appropriate amount can only interfere with and distort the jury's natural deliberations.

At the same time, a prohibition against requesting a specific amount of non-economic damages would cause no unfair prejudice to Plaintiffs. Plaintiffs have no right to invite the jury to do something that would be unlawful if actually done. *See Waldorf*, 896 F.2d at 744 (noting that "effective advocacy can occur without employing the overly dramatic approach" of suggesting specific lump-sum damages amount to the jury).

The Sixth Circuit has recognized the problematic nature of requests for a specific amount of non-economic damages, but has entrusted control over this aspect of closing argument to the trial court. The court has observed that "[t]here, indeed, may be situations where argument [suggesting a per diem for pain and suffering] could, and should, vitiate a plaintiff's verdict." *Pa. R.R. v. McKinley*, 288 F.2d 262, 266-68 (6th Cir. 1961). But the court nevertheless affirmed the verdict returned in *McKinley* following such a request, observing that "[c]ontrol of the conduct of

12

counsel so as to keep it within the limits of legitimate advocacy is primarily the duty and responsibility of the trial judge." *Id.*

Other circuits have either barred requests for a specific amount of non-economic damages outright or recognized their problematic nature while entrusting trial courts with discretion over this aspect of closing arguments. *See, e.g.*, *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 78-79 (1st Cir. 2010) (prohibiting requests for a specific amount of non-economic damages, including arguments that the plaintiff should receive a specific amount for each minute, hour, or day); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997) ("[W]e favor a more flexible approach.  It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions."); *Waldorf*, 896 F.2d at 744 (prohibiting requests for a specific amount of non-economic damages); *Mosser v. Fruehauf Corp.*, 940 F.2d 77, 82 (4th Cir. 1991) (disfavoring requests for a specific amount, but declining to reverse based on such a request); *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 377 (5th Cir. 1989) ("unit of time" argument for calculating non-economic damages is allowed, but must be accompanied by specific instruction that arguments of counsel are not evidence and may be disregarded).

This Court should exercise the discretion that the Sixth Circuit has afforded it under *McKinley* to prohibit Plaintiffs from requesting specific amounts of non-

economic damages in this case.  As the case law and empirical research recognize, there is a grave risk that, if Plaintiffs are allowed to suggest amounts of economic damages, the jury will use the suggested amounts as anchors, and return awards that are higher than it would otherwise have selected.  That risk is especially pronounced, given the sparsity of evidence that any of the Plaintiffs has suffered significant emotional harm in the past or likely will do so in the future.  There is no plausible rationale for allowing Plaintiffs to attempt to skew the jury's frame of reference in this way.

## CONCLUSION

The Court should prohibit Plaintiffs from requesting a specific amount or range of non-economic damages.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: */s/ Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 15, 2022

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 15, 2022