**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| Sherrod, Teed, Vanderhagen, and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

**<u>JURY INSTRUCTIONS</u>**

## General Introduction

You have now heard all of the evidence in our case, and as I told you at the beginning of the case, I will now instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their closing arguments. If there is any difference between the law as stated by the lawyers and as stated in these instructions, you are governed by these instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. Also, I have not meant to indicate any opinion about the fact by my rulings, conduct, or remarks during the trial; but if you think that I have, you should disregard it. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## <u>Juror Use of Electronic Communication Technologies</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, including cell phones or computers of any sort to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

## <u>Instructions Apply To Each Party</u>

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each of the plaintiffs and to each of the defendants in the case.

As you know, there are four plaintiffs in this trial. Each plaintiff is entitled to separate consideration of his or her own case. I will not repeat my instructions for each plaintiff. All of these instructions apply to each plaintiff.

As you also know, there are two defendants in this trial. Each defendant is entitled to separate consideration of its own defense. I will not repeat my instructions for each defendant. Unless I tell you otherwise, all instructions apply to each defendant.

## <u>All Persons Equal Before the Law</u>

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual, and a private individual is entitled to the same fair trial as a corporation.

## **Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to, which means agreed upon.

As I have also instructed you earlier in the case, statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. The only exception is when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

From time to time, it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings. Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded. Whenever evidence was received for a limited purpose or limited to one party, you must not consider it for any other purpose or as to any other party.

## **<u>Questions Not Evidence</u>**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

## **Jurors May Take into Account Ordinary Experience and Observations**

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to consider whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

## "Direct" And "Circumstantial" Evidence – Defined

Generally speaking, there are two types of evidence that are presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Facts can be proved by direct evidence from a witness or an exhibit. Direct evidence is evidence about what we actually see or hear. For example, if you look outside and see rain falling, that is direct evidence that it is raining. Facts can also be proved by indirect or circumstantial evidence.

"Indirect" or "Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact and is evidence that normally or reasonably leads to other facts. So, for example, if you see a person come in from outside wearing a raincoat covered with small drops of water, that would be circumstantial evidence that it is raining. Circumstantial evidence by itself, or a combination of circumstantial evidence and direct evidence, can be used to prove or disprove a proposition.

You must consider all the evidence, both direct and circumstantial, and the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

9

## **"Inferences" Defined**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses or the exhibits received in evidence. In other words, you are not limited to what you see and hear the witnesses testify to or the words on the exhibits. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## <u>Credibility of Witnesses</u>

You are the judges of the facts in this case, and you must determine which witnesses to believe and what weight to give to their testimony. In doing so, you may consider each witness's ability and opportunity to observe, his or her memory, his or her manner while testifying, any interest, bias or prejudice the witness may have, and the reasonableness of the testimony considered in the light of all the evidence.

## Discrepancies In Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.

Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part. In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## **Impeachment – Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## **<u>Prior Inconsistent Statement of Witness</u>**

If you decide that a witness said something earlier that is not consistent with what the witness said at this trial, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there are exceptions. You may consider an earlier statement as proof of the facts in this case if:

(a) The statement was made by the plaintiff, the defendant, or an agent or employee of either party; or

(b) The statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

(c) The witness testified during the trial that the earlier statement was true.

## **Weighing Expert Testimony**

The rules of evidence ordinarily do not permit witnesses to testify about their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists for persons who are described as "expert witnesses." An expert witness is someone who, by education or by experience, may have knowledge in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an expert witness in that area may state an opinion about a matter in which he or she claims to be an expert.

In this case you have heard from the following expert witnesses for the plaintiffs: Dr. John Hoaglund, Dr. Aaron Specht, Dr. Mira Krishnan, Dr. Gary Crakes, Mr. Richard Humann, and Dr. William Bithoney. You also have heard from the following expert witnesses for LAN: Dr. Desmond Lawler and Mr. Brian Ramaley. And you have heard from the following expert witnesses for VNA: Dr. Graham Gagnon, Dr. David Thompson, Dr. John Gaitanis, and Dr. William Bellamy.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other expert witnesses, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the members of the jury—are the sole judges of the facts of this case.

## **All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## __Weighing Conflicting Evidence – Number of Witnesses__

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

## **Consideration of Deposition Evidence**

During the trial, you saw video testimony from depositions. As I told you before the first video deposition, a deposition is the sworn testimony of a party or witness taken before trial. All parties and their lawyers had the right to be present and to ask questions.

There are different legal reasons why depositions were shown for some testimony rather than live testimony. For some individuals, they did not appear live because they live outside the 100-mile radius of the Eastern District of Michigan, so legally they were not required to attend in person. At least one witness was sick at the time he was to be called as a witness. For those individuals who I instructed you in advance of watching their deposition are now facing criminal charges and who have not had a trial or been convicted, they did not appear live because they exercised their Fifth Amendment right to remain silent and not testify at our trial. Regardless of the reasons why deposition testimony was played in some instances, you are to give the evidence the same consideration as you would have given it had the witness testified in open court.

## **Preponderance of the Evidence**

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence. If a plaintiff should fail to establish any essential element of his or her claim by a preponderance of the evidence, you should find for the defendant on that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

This standard does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## **"If You Find" Or "If You Decide"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded by a preponderance of the evidence.

## **Professional Negligence – Elements**

The plaintiffs in this case allege that the two defendants, LAN and VNA, each committed professional negligence.

The plaintiffs bear the burden of proving each element of their professional negligence claim with respect to each of the two defendants.

For each defendant, each plaintiff has the burden to prove that:

(a)   The defendant breached the standard of care for a professional engineer;

(b)   The plaintiff sustained injury resulting in damages; and

(c)   That the defendant's alleged breach of the standard of care was a proximate cause of the plaintiff's injury and damages.

Your verdict will be for a plaintiff if that plaintiff has proved all of those elements.

Your verdict will be for a defendant if a plaintiff has failed to prove any one or more of those elements as to that defendant.

The Court will furnish a Special Verdict Form to assist you in your duties. Your answers to the questions in the Special Verdict Form will provide the basis on which this case will be decided.

## **Professional Negligence**

You must first decide whether each defendant committed professional negligence by breaching the standard of care. For purposes of this case, the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one during the relevant time, 2013-2015, would do, or would not do, under the same or similar circumstances during the relevant time you find to exist in this case.

A professional engineer's standard of care is not defined by the language of their contract. Instead, contracts are among the things you may consider when you determine whether a defendant breached the standard of care.

A defendant commits professional negligence by failing to do something that a water engineer of ordinary learning, judgment, and skill in the Flint community or a similar one would do under the same or similar circumstances as in this case at the relevant time. A defendant also commits professional negligence by doing something that a water engineer of ordinary learning, judgment, and skill would not do under the same or similar circumstances as in this case. It is for you to decide, based upon all the expert evidence, what a water engineer of ordinary learning, judgment, or skill in this community or a similar one would or would not do under the same or similar circumstances as in this case.

## **Plaintiffs' Claims**

The plaintiffs' claim is different for each defendant.

Plaintiffs allege that LAN breached the standard of care by failing to: (1) sufficiently recommend the use of orthophosphate corrosion inhibitors to the City of Flint when it switched its water supply to the Flint River; and/or (2) sufficiently or adequately warn against operation of the Flint Water Treatment Plant without the use of orthophosphate corrosion inhibitors prior to the switch of the water source to the Flint River.

You must find that LAN breached the standard of care if you find (1) that the Flint Water supply required the use of orthophosphates for corrosion control, (2) that LAN did not sufficiently make this recommendation or warning or adequately warn against operation of the Flint Water Treatment Plant without the use of orthophosphate corrosion inhibitors prior to the switch of the water source to the Flint River, and (3) that a water engineer of ordinary learning, judgment, and skill in the community in LAN's position would have made this recommendation or warning. If you fail to find any one of these three elements you must not find that LAN breached the standard of care.

You may not find that LAN breached the standard of care on the basis of other aspects of its work.

Plaintiffs allege that VNA breached the standard of care by failing to recommend one or both of the following two options to the City of Flint: (1) the immediate implementation of orthophosphate corrosion inhibitors; and/or (2) a return to receiving water from the Detroit Water and Sewerage Department.

If you find that an engineer of ordinary learning, judgment, and skill in the community in VNA's position did not need to have made either

23

recommendation, then you must find that VNA did not breach the standard of care. If you find that an engineer of ordinary learning, judgment, and skill in the community in VNA's position would have made one recommendation (but not the other), and that VNA made the recommendation that such an engineer would have made, then you must find that VNA did not breach the standard of care. If you find that an engineer of ordinary learning, judgment, and skill in the community in VNA's position would have made a particular recommendation and that VNA did not make that recommendation, then you must find that VNA breached the standard of care.

You may not find that VNA breached the standard of care on the basis of other aspects of its work.

If you find that either VNA or LAN breached the standard of care, you must proceed to determine whether plaintiffs sustained injuries and whether VNA or LAN's negligence caused those injuries.

## **Injury**

If you find that either defendant breached the standard of care, you must then determine whether one or more plaintiff suffered a present physical injury. A present physical injury is one that the plaintiff has suffered, not one that the plaintiff may suffer in the future. The fact that a plaintiff has been exposed to a toxic substance does not, on its own, mean that he or she has suffered a present physical injury.

If a plaintiff has established that he or she suffers from a present physical injury, they may recover damages resulting from that injury.

## **Proximate Cause**

If you find that either defendant committed professional negligence and a plaintiff suffered and injury you must next determine whether that defendant's professional negligence was a proximate cause of the plaintiff's injury.

The words "proximate cause" mean first that the negligent conduct must have a been a cause in fact of the plaintiff's injury, and second, that the plaintiff's injury must have been of a type that is a natural and probable result of the negligent conduct.

There may be more than one proximate cause of a plaintiff's injury. A defendant's professional negligence is a cause of a plaintiff's injury if it was a substantial factor in bringing his or her injuries about. To be a substantial factor, a cause must not be merely a slight or trivial cause of a plaintiff's injuries. You may, however, decide that a defendant's professional negligence is a substantial factor even if you assign a relatively small percentage of fault to that defendant.

Plaintiffs may still satisfy their burden of proof on causation even if defendants' negligence was not the last or only cause of their injuries. Plaintiffs may also satisfy their burden of proof if defendants' negligence acted in combination with some other causes or at the same time as some other causes.

To find that VNA's breach of the standard of care was a substantial factor of a plaintiff's injury, you must find that the plaintiff has established by a preponderance of the evidence that:

> (1) if VNA had not breached the standard of care, the City would have started using orthophosphates or returned to Detroit water at some point between February 10, 2015 and

October 16, 2015, and that doing so would have lowered the lead level in water the plaintiff may have consumed;

(2) the plaintiff consumed enough lead from water after that date to have caused or made worse his or her injury or caused a separate or additional injury; and

(3) the lead from water consumed after that date, and not some other source, caused or made worse the plaintiff's injury.

To find that LAN's breach of the standard of care was a substantial factor in a plaintiff's injury, you must find that the plaintiff has established by a preponderance of the evidence that:

(1) if LAN had not breached the standard of care, the City would have applied a sufficient amount of orthophosphate corrosion control inhibitor chemicals to avoid excessive lead levels in the Flint River water or would not have operated the Flint Water Treatment Plant without the use of orthophosphate corrosion inhibitors;

(2) the plaintiff consumed enough lead from Flint water after April 2014 to have caused or made worse his or her injury or caused a separate or additional injury; and

(3) the lead from Flint water consumed after April 2014, and not some other source, caused the plaintiff's injury.

## Causation by Multiple Actors

You may decide that the conduct of neither, one, or both of the defendants was a proximate cause of plaintiffs' injuries. If you decide that one of the defendants was professionally negligent and that such negligence was a proximate cause of a plaintiff's injuries, it is not a defense that the conduct of the other defendant, or other persons or entities also may have been a cause of his or her injuries. You must give each defendant separate consideration as to whether its conduct was a proximate cause of each plaintiff's injuries.

## **Vicarious Liability**

As a general rule, a corporation is liable for the acts or omissions of their employees acting within the scope of their employment. In this case, there is no dispute that Warren Green and Jeffrey Hansen were acting within the scope of their employment in connection with their work on the Flint Water Treatment Plant. Under the general rule LAD is responsible for any professional negligence on their part.

There can be an exception to the general rule. When an employee in the general employment of one person becomes the special employee of another that employee may be regarded as a borrowed employee and the original employer is not responsible for the negligence of such employee. The test is whether, in the particular service the employee is providing, the employee remains under the direction or control of the original employer or becomes subject to the control of the person or entity to whom the employee is lent.  It is not so much the actual exercise of control which is regarded, as the right to exercise such control.

In this case, there is no dispute that Warren Green and Jeffrey Hansen were employed by the Leo A. Daly Company (LAD). You must determine whether LAD exercised or retained the right to exercise day-to-day control or supervision of their specific work activities in connection with their work on the Flint Water Treatment Plant.

## **Non-Parties At Fault**

Defendants allege that the following persons and entities who are not defendants in this case were at fault in the events of this case.

- Former Governor Richard Snyder
- Emergency Manager Gerald Ambrose
- Emergency Manager Darnell Earley
- Emergency Manager Ed Kurtz
- The State of Michigan (the Michigan Department of Environmental Quality (MDEQ); the Michigan Department of the Treasury; and the Michigan Department of Health and Human Services (MDHHS))
- The United States Environmental Protection Agency (EPA)
- Mayor Dayne Walling
- The City of Flint
- Rowe Professional Services (Rowe)

Defendants bear the burden of proving by a preponderance of the evidence that another person or entity breached a duty of care owed to the plaintiffs and that their conduct was a proximate cause of a plaintiff's injury.

If you find that at least one defendant and an identified non-party are at fault then you must determine the percentage of fault for each defendant or non-party whose negligence was a proximate cause of a plaintiff's injuries. In determining the percentage of fault of each defendant or non-party, you must consider the nature of the conduct of each defendant or non-party and the extent to which their conduct caused or contributed to a plaintiff's injury. The total must add up to 100 percent.

You must allocate fault to a nonparty entity if you find that any one of its officers or employees was at fault; you do not need to find that each officer and employee was at fault.

30

You must not allocate fault for the same act or failure to more than one non-party. In particular, if you allocate fault to Mr. Ambrose, Mr. Earley, Mr. Kurtz, or Mayor Walling, for one of their acts or failures, you must not allocate fault to the City of Flint for the same act or failure.

## **Hindsight**

In determining whether a defendant or a non-party breached its duty, you may not view that defendant's or non-party's actions through the lens of hindsight. You must evaluate whether the defendant or non-party breached its duty under the circumstances then existing, and on the facts then known.

## Assessment of Damages

If your verdict is for one of the plaintiffs, you shall determine his or her damages and return a verdict in that amount. If your verdict is for more than one of the plaintiffs, you shall determine the amount of each plaintiff's damages separately and return a verdict in that separate amount for each plaintiff.

## Measure of Damages

If you decide that a plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly, and adequately compensates him or her for each of the elements of damage which you decide has resulted from the professional negligence of the defendant, taking into account the nature and extent of the injury.

You should include each of the following elements of damage which you decide has been sustained by the plaintiff to the present time:

> (a) mental anguish;
>
> (b) denial of social pleasure and enjoyments;
>
> (c) embarrassment or humiliation; and
>
> (d) the disability of plaintiff including the loss or impairment of their neurocognitive function.

You should also include each of the following elements of damage which you decide a plaintiff is reasonably certain to sustain in the future, if any:

> (a) mental anguish;
>
> (b) denial of social pleasure and enjoyments;
>
> (c) embarrassent or humiliation;
>
> (d) the disability of a plaintiff including the loss or impairment of their neurocognitive function; and
>
> (e) the loss of earning capacity after the plaintiff has reached the age of eighteen.

If any element of damage is of a continuing nature, you shall decide how long it may continue.

Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment.

Your verdict must be based on the evidence, not sympathy, passion, or prejudice, and be solely to compensate the plaintiff for his or her damages, and not to punish a defendant.

## __Loss of Earning Capacity and Damages Separated by Year__

If you find that, as a result of his or her injury, it is reasonably certain that a plaintiff will suffer a reduction in his or her capacity to earn money, then the plaintiff is entitled to be reimbursed for loss of future earnings.

You must base any award for reduction of earning capacity upon evidence, and not upon speculation, guess, or conjecture. You may consider your own experience, the nature and extent of the plaintiff's injury, the plaintiff's likely level of educational attainment with and without the alleged injury, or any other circumstances that would have an effect on the plaintiff's earning capacity.

In this case, you must determine a separate amount for each year in the future for which plaintiff will sustain damages. There will be a separate space for each year on your verdict form.

## <u>Damages – Past and Future Emotional Distress</u>

If you find that, as a result of his or her injury, a plaintiff has sustained emotional distress (mental anguish, denial of social pleasure and enjoyment, embarrassment or humiliation) to the present time, then the plaintiff is entitled to be compensated for that past distress.

If you find that, as a result of his or her injury, it is reasonably certain that a plaintiff will sustain emotional distress in the future, then the plaintiff is entitled to be compensated for that future distress. You must determine a separate amount for each year in the future for which you conclude that the plaintiff will sustain damages for emotional distress, if any.

The amount of money to be awarded for past and future emotional distress cannot be proved in a precise dollar amount. The law leaves the amount to your sound judgment.

## **Future Damages – Reduction to Present Cash Value**

If you decide that plaintiff is entitled to an award of future damages, you should award the undiscounted value of future damages as you determine them. You should not reduce or discount any award of future damages to present cash value.

## **Effect of Instruction as to Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of a plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## <u>Duty to Deliberate and Reach a Verdict</u>

The verdict must represent the considered judgment of each member of the jury. In order to return a verdict, it is necessary that all jurors agree on all questions. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case. You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

40

Third, if you need to communicate with me during your deliberations, you may send a note to me Bill or one of my law clerks, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law as I have given to you in these instructions. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Fifth, your verdict must be unanimous on every question.

Finally, the verdict form is an important document—it is the written notice of the decision that you reach in this case. You will take this form to the jury room, follow the directions on the form for filling it out, and when each of you has agreed on all of your answers, your foreperson will fill in the form, sign and date it, and advise the Judge's Case Manager or Law Clerk that you are ready to return to the courtroom.