**LEVY KONIGSBERG LLP**
**ATTORNEYS AT LAW**
**605 THIRD AVENUE, 33RD FLOOR**
**NEW YORK, NY 10158**

---

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE OFFICE
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

**(212) 605-6200**
**FAX: (212) 605-6290**
**WWW.LEVYLAW.COM**

ALBANY OFFICE
90 STATE STREET
ALBANY, NY 12207
TELEPHONE: (518) 286-5068

WRITER'S DIRECT EMAIL: CSTERN@LEVYLAW.COM

FEBRUARY 21, 2022

**VIA EMAIL (LESLIE_CALHOUN@MIED.USCOURTS.GOV)**
Honorable Judith E. Levy
c/o Leslie Calhoun, Esq – Law Clerk to the Hon. Judith E. Levy
United States District Court – Eastern District of Michigan
Federal Building
200 East Liberty Street
Ann Arbor, Michigan 48104

    **RE:    FIFTH AMENDMENT PRIVILEGE – SELF-INCRIMINATION**

Dear Judge Levy:

    This communication addresses the Fifth Amendment issues raised by counsel for potential trial witnesses. On February 10, 2022, the Court requested the parties: (1) "identify deposition testimony (if any) where witnesses asserted that right;" and (2) prepare "to discuss whether witnesses who previously testified without asserting the Fifth Amendment have waived their right to do so at trial as to topics discussed during their depositions." *See* Mr. Duindam-Kazanjian email dated Feb. 10, 2022.

    The Court also informed the parties that witnesses who intend to assert the Fifth Amendment privilege at trial, will be "render[ed] [] 'unavailable'" pursuant to Federal Rule of Evidence 804(a)(1). *See* Mr. Duindam-Kazanjian email dated Feb. 2, 2022.

    On February 16, 2022, VNA submitted an uninvited letter brief, arguing that "waiver must be addressed on a case by case basis when a witness takes the stand and invokes the privilege with respect to particular questions;" a witness who intends to invoke the Fifth Amendment privilege "must do so in response to specific questions, and those questions must be asked in front of the jury;" and that "a party

may comment, or ask the jury to draw an adverse inference from, a witness's decision to invoke the Fifth Amendment privilege." [ECF No. 690].

Before addressing VNA's superfluous arguments, Plaintiffs respond to the questions specifically posed by the Court: First, none of the witnesses asserted or invoked the privilege during their depositions. Second, pursuant to Sixth Circuit jurisprudence, a non-party witness who previously testified in a deposition without asserting the privilege has not waived their right to do so as to topics discussed at the deposition. Although the Sixth Circuit has not addressed the question directly, its discussions related to the issue strongly suggest no waiver under these circumstances. In *Convertino v. United States DOJ*, 795 F.3d 587 (6th Cir. 2015), the court observed, in dicta, that an argument claiming a non-party witness waived the privilege because he had previously submitted an affidavit on the same subject matter would likely not succeed. *Id.* at 596. In support, the Court stated that:

> [C]ases distinguish between a criminal defendant or party to a case who testifies on their own behalf and an ordinary witness, who may pick the point beyond which he will not go, and refuse to answer any questions about a matter already discussed, even if the facts already revealed are incriminating, as long as the answers sought may tend to further incriminate him.

*Id.* (internal quotation marks and citations omitted).

Similarly, in *Sanford v. Tolbert*, No. 17-13062, 2019 U.S. Dist. LEXIS 237864, at *3 (E.D. Mich. May 20, 2019), a court in this District rejected the argument that a non-party witness had waived the right to assert the privilege during a continuation of his deposition as to matters on which he already testified. *Id.* at 10-13. In support of its reasoning, the court stated that the "argument fail[ed] to appreciate the well-established distinction between a witness who is a party, voluntarily testifying on his own behalf, and a non-party witness who is compelled to give evidence in a proceeding." *Id.* at *10 (citing *Convertino*, 795 F.3d at 596). Also, another court in this Circuit observed that the Sixth Circuit has not adopted the "minority view" that a "waiver of the assertion of a valid privilege in one proceeding constitutes a waiver of the privilege in all subsequent proceedings in response to the identical questions or the same general subject matter." *National Credit Union Administration v. Satka*, No. 12-cv-691, 2013 WL 12284601, at *1-3 (N.D. Ohio Nov. 12, 2013) (internal quotation marks and citation omitted).

Accordingly, the applicable Sixth Circuit case law strongly suggests that these non-party witnesses have not waived their right to assert the privilege at trial, even though they did not assert it during their depositions.

2

As to VNA's arguments, each should be viewed in the context of VNA's ultimate intention—to put witnesses on the stand for the sole purpose of asking questions that imply the witnesses were at fault, and to have the witnesses invoke their Fifth Amendment right in response.

VNA argues that whether the right has been waived "should be addressed on a case-by-case basis, when a witness takes the stand and invokes the privilege with respect to particular questions." [ECF No. 690]. Specifically, VNA asserts that "many courts have held that a witness who previously testified at a deposition without asserting the Fifth Amendment has waived [their] right to do so at trial as to topics discussed at the deposition," but that "courts have determined no waiver with respect to new topics not covered by the depositions." *Id.* VNA weaves this waiver distinction—between topics discussed at a deposition and those not discussed—in an attempt to convince the Court that the Fifth Amendment invocation must occur on the stand. But the assertion is misleading. Of the "many courts" to which VNA refers, not one is within this Circuit. *Id.* (citing cases from the Southern District of New York, Eastern District of New York, District of Maryland, and the Middle District of Florida). And none of the courts "determined" the waiver issue by expressly drawing a distinction between topics discussed and topics not discussed during a deposition. VNA ignores case law from this Circuit, which supports the premise that the witnesses have not waived their right even with respect to issues already discussed. Given VNA's misreading of the law from other jurisdictions, and the Sixth Circuit case law discussed above, the Court should not indulge VNA's request that the waiver issue be addressed on a case-by-case basis, on the stand, in response to individual questions.

Next, VNA argues that a witness who intends to invoke the privilege "must do so in response to specific questions, and those questions must be asked in front of the jury." [ECF No. 690]. It is true that "[t]he longstanding rule of [the Sixth Circuit] is that a defendant must take the stand and answer individualized questions in order to invoke his Fifth Amendment privilege." *United States v. Bates*, 552 F.3d 472, 475 (6th Cir. 2009). This rule stems from *In re Morganroth*, 718 F.2d 161 (6th Cir. 1983), where the Sixth Circuit held that: "A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions." *Id.* at 167; *see United States v. Mahar*, 801 F.2d 1477, 1495 (6th Cir. 1986) (citing to *Morganroth* for the assertion that a witness must take the stand to assert a Fifth Amendment claim).[1]

---

[1] Notably, although *Morganroth* is often cited in support of the proposition that a witness must take the stand to assert the Fifth Amendment privilege, there is tension within the Sixth Circuit as to whether this is an accurate

3

**But the Sixth Circuit has since modified this rule** allowing courts to make privilege rulings **without** putting the witness on the stand. *Bates*, 552 F.3d at 476 ("As this Court has since recognized … when a defendant has a clear entitlement to claim the privilege, forcing the defendant to take the stand is 'futile' and thus unnecessary.").

VNA argues that this practice—of ruling on privilege without putting the witness on the stand—is only permitted in "exceptional circumstances," [ECF No. 690], but again this is a misrepresentation crafted to advance its goal of having the jury observe the witnesses' invocations. Contrary to VNA's contention, exceptional circumstances are not required. *See United States v. McAllister*, 693 F.3d 572, 583-84 (6th Cir. 2012) (permitted when "danger of incrimination was apparent" and counsel advised the court that the witness would invoke the Fifth Amendment to questions pertaining to witness's relationship with party who committed fraud); *Bates*, 552 F.3d at 476 (permitted when witness's "lawyer made it clear that [the witness] intended to invoke his privilege" and discussion of witness's relationship to party would have tended to incriminate witness); *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993) (When witnesses were "adamant that they wished to invoke the Fifth Amendment with regard to any questions" a "particularized inquiry by the court would have been futile").

Indeed, most recently, the Sixth Circuit accepted this practice where a witness responded to a subpoena by moving to quash and simply informing the court that he was asserting his Fifth Amendment privilege. *United States v. Sile-Perez*, No. 16-6820, 2017 U.S. App. LEXIS 26305, at *2 (6th Cir. Dec. 21, 2017). Without compelling the witness to appear on the stand, the district court found that the witness was entitled to invoke the Fifth Amendment. *Id.* at *3. On appeal, the Sixth Circuit upheld the district court's decision to do this, reasoning that "[o]nce the district court had found that [the witness] was entitled to invoke the Fifth Amendment, it was not required to force [the witness] to take the stand." *Id.* at *12. This is the same situation presently before the Court. Although the witnesses have not moved to quash the subpoenas compelling them to testify, they have informed the Court that they intend to invoke the privilege at trial. As such, the Court would be well within its discretion to make its ruling without having the witnesses take the stand. *See United States v. Highgate*, 521 F.3d 590, 594 (6th Cir. 2008) (within trial court's discretion "to determine whether the blanket assertion [of privilege] has

---

representation of *Morganroth*'s holding. *See Davis v. Straub*, 430 F.3d 281, 289 (6th Cir. 2005) ("The issue resolved in *Morganroth*, however, was not whether the invocation of the privilege required that the witness take the stand.").

4

merit"). The Court should not place any credit on VNA's assertions that the witnesses **must** invoke the privilege on the stand.

Moreover, even if the Court determines that the invocation of privilege should happen on the stand in response to particular questions, this need not and should not happen in the presence of the jury.

VNA argues that the witnesses should be asked specific questions in front of the jury "because a witness's invocation of the privilege can be probative evidence of fault." [ECF No. 690]. This is once again a mischaracterization of the law and shows VNA's true intention—for the jury to hear witnesses invoke their right to the Fifth Amendment. What **might** be relevant to the jury[2] is **not the same** as whether the Sixth Circuit requires a witness to invoke the privilege, on the stand, in front of the jury.[3] The Sixth Circuit's (pre-modified) rule that a defendant must take the stand and answer individualized questions in order to invoke his privilege, is not premised on what might be relevant to the jury, but rather on the "common sense notion that a judge must know what the witness believes is incriminating in order to evaluate whether the witness invokes the privilege with 'reasonable cause.'" *Bates*, 552 F.3d at 475-76.

Courts in this Circuit have permitted privilege determinations to occur in separate hearings outside the presence of the jury. *See, e.g., United States v. Toney*, 599 F.2d 787, 789 (6th Cir. 1979) (claim of privilege and ruling happened "[o]ut of the presence of the jury"); *United States v. Norwood*, No. 12-CR-20287, 2015 U.S. Dist. LEXIS 62414, at *1, *10 (E.D. Mich. May 13, 2015) (same). To the extent the Court might require a witness asserting the privilege to take the stand, such should occur outside the presence of the jury, especially given that the witnesses are likely to take the stand solely for that purpose. *Cf. McGlown v. Hoffner,* No. 15-CV-11624, 2019 U.S. Dist. LEXIS 151721, at *20-22 (E.D. Mich. Sep. 6, 2019) (crediting state court ruling that: "Neither the prosecutor nor the defense may 'put a witness on the stand solely to have him assert his Fifth Amendment privilege in front of the jury,'

---

[2]  Plaintiffs dispute that the invocation of the privilege has any relevance whatsoever.

[3]  The cases that VNA provides do not stand for this proposition either. *See e.g.*, *Baxter v. Palmigiano*, 425 U.S. 308, 316-320 (1976) (holding that it was not a constitutional violation for prison officials to draw reasonable inference from an inmate's silence during prison disciplinary hearings); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999) (addressing relevance); *Encana Oil & Gas (USA), Inc. v. Zaremba Family Farms*, Inc., No. 1:12-cv-369, 2016 U.S. Dist. LEXIS 203736, at *15-16 (W.D. Mich. Apr. 11, 2016) (addressing relevance and adverse inference).

irrespective [of] whether the witness possesses a valid privilege against self-incrimination.") (citation omitted); *People v. Williams,* Nos. 286097, 291335, 2011 Mich. App. LEXIS 2131, at *31-33 (Ct. App. Dec. 1, 2011) (explaining, in a criminal context, that the invocation of witnesses' privilege "before the jury" is prejudicial and that a separate hearing may be appropriate).

Further, to the extent the Court might require a witness asserting the privilege to take the stand, it would serve the interests of efficiency for the Court to hold a separate hearing outside the presence of the jury to make all of the privilege determinations. The principle of judicial economy is paramount here. If the Court permits the invocation of the privilege, additional rulings will then become necessary and inevitably follow. The witness will become unavailable pursuant to Federal Rule of Evidence 804(a)(1). *See* Fed. R. Evid. 804(a)(1) (declarant is considered to be unavailable if the declarant "is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies."); *Toney*, 599 F.2d at 789 ("Once [witness's] claim of privilege had been sustained, he was "unavailable" under Rule 804(a)(1) of the Federal Rules of Evidence."); *United States v. Guzman*, No. 3:08-cr-00023-2, 2013 U.S. Dist. LEXIS 160666, at *8-9 (M.D. Tenn. Nov. 7, 2013)(explaining that declarant is deemed "unavailable" as a witness when the court accepts a witness' invocation of his Fifth Amendment right to silence."). At such time, Plaintiffs (and potentially Defendants) will likely move to admit the witnesses' prior deposition testimony, pursuant to Rule 804(b)(1). Presumably, this will cause the parties to make new arguments, which ultimately might produce additional rulings by the Court. Rather than subjecting the jury to a drawn-out squabble regarding the validity of the privilege, and then additional arguments about the admissibility of prior deposition testimony based on unavailability, it would better serve the interests of judicial economy to hold a separate hearing, outside the presence of the jury on <u>all of the</u> privilege issues.

VNA also asserts that a party may ask the jury to draw an adverse inference from a witness's decision to invoke the Fifth Amendment privilege and argues that: "The possibility of an adverse inference makes it all the more important that the Court require witnesses to take the stand and invoke the Fifth Amendment in response to particular questions." [ECF No. 690]. Through this argument, VNA finally comes closer to full transparency about what it actually seeks here—an adverse inference in its favor, with the hope of persuading the jury to exonerate it from liability.

But contrary to VNA's contention, parties are **not automatically entitled** to adverse inferences from a non-party's invocation of the Fifth Amendment. Rather, "the admissibility of a non-party's invocation of the [privilege] and the concomitant drawing of adverse inferences should be considered on a case-by-case basis."

*Encana Oil & Gas*, No. 1:12-cv-369, 2016 U.S. Dist. LEXIS 203736, at *15-16 (internal quotation marks and citations omitted); *see Garrish v. UAW*, 284 F. Supp. 2d 782, 797-98 (E.D. Mich. 2003) (applying four factor test to determine whether an inference can be drawn from a non-party's invocation of the Fifth Amendment); *Abington Emerson Capital, LLC v. Adkins*, No. 2:17-cv-143, 2021 U.S. Dist. LEXIS 30883, at *56-57 (S.D. Ohio Jan. 22, 2021) (same); *Eastman Chem. Co. v. SGS N. Am., Inc.*, No. 2:15-CV-344, 2019 U.S. Dist. LEXIS 231063 (E.D. Tenn. Feb. 4, 2019) (same); *Zertuche v. United States*, No. 2:15-cv-02284-JPM-dkv, 2017 U.S. Dist. LEXIS 215882, at *41-43 (W.D. Tenn. Sep. 13, 2017) (same); *In re Polyurethane Foam Antitrust Litig.,* 152 F. Supp. 3d 968, 993 (N.D. Ohio 2015) (same). Thus, VNA's argument that the possibility of (and the overt desire for) an adverse inference, should cause the Court to make any and all privilege determinations outside the presence of the jury.

Further, as a practical matter, the procedure VNA proposes would result in improper inferences and unfair prejudice. First, because the non-party witnesses are asserting the privilege, it is their attorneys – **not** Plaintiffs' counsel – who will be advocating a position in front of the jury. VNA seeks to create a circus of criminal defense lawyers appearing at this civil trial to argue about the privilege. The sideshow VNA seeks to manufacture should be avoided at all costs. Second, there is a clear distinction between cases implying that an adverse inference may be drawn from a non-party's invocation of the privilege, and this case. Here, liability of non-party witnesses may be before the jury at the close of evidence – an issue on which VNA (and LAN) has the burden of proof. *See* MCL § 600.2960(1). It is therefore completely improper for Defendants here to use non-party witnesses' (wholly proper) exercise of their Fifth Amendment right as proof (or a substitute for proof) to meet the burden. Finally, it is patently unfair for the plaintiffs to be prejudiced by a non-party's invocation of the privilege. While the adverse inference desired by VNA might be proper as to a non-party, it is clearly improper as to Plaintiffs here.

Sixth Circuit jurisprudence strongly suggests that the subject witnesses have not waived their right to assert the Fifth Amendment privilege at trial, and that the Court is well within its discretion to make any privilege determinations without requiring witnesses to take the stand, and also outside the presence of the jury.

Respectfully submitted,

LEVY KONIGSBERG, LLP

Corey M. Stern

7