UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

## ORDER DECLARING MISTRIAL

A jury trial in this case began on February 28, 2022, before the Honorable Judith E. Levy. The jury began deliberating on July 21, 2022. On three separate occasions during their deliberations, the jury provided the Court with notes stating that they were unable to reach a unanimous verdict. First, on July 28, 2022, the jury advised the Court, "The jury is hung. We believe further deliberation will not produce a unanimous decision." (ECF No. 905). The Honorable Judith E. Levy then, in open court, verbally instructed the jurors as follows:

> The Court has previously instructed you that it is your duty to determine the facts from evidence received in open court and to apply the law to the facts and in this way to decide the case. I'm going to now ask you to return to the jury room for further deliberations. And I refer you to page 40 of the jury instructions to review when you return to the jury room.
>
> In your deliberations, please reexamine the verdict form with regard and consideration for each other's opinions. You should listen to each other's arguments with open minds and make every reasonable effort to reach a verdict. If you have any further questions or communications, please send another note.

1

Following a number of days off due to preexisting juror scheduling conflicts, the jury returned to deliberations on August 9, 2022. Because Judge Levy became unavailable to preside over the continuing deliberations, on that same date, she (with the parties' consent) referred the responsibility to preside over the deliberations to the undersigned. (ECF No. 901). After an additional two days of deliberations, the jury provided another note on the morning of August 11, 2022, which said, "We believe the jury will not come to a unanimous decision even with additional deliberation." (ECF No. 906, PageID.54563). The Court then provided the jurors with an instruction that the parties had previously consented to, reminding the jurors "how important it is for [them] to reach unanimous agreement," and asking them to "talk with each other about the case; to listen carefully and respectfully to each other's views; and to keep an open mind as you listen to what your fellow jurors have to say." (*Id.*, PageID.54564). The jurors were instructed to essentially reconsider their own point of view and were told, "[n]one of you should hesitate to change your mind if, after reconsidering things, you are convinced that other jurors are right and that your original position was wrong." (*Id.*). Yet, ultimately, they were told, "Finally, remember this. Do not ever change your mind just because other jurors see things differently, or just to get the case over with. As I told you before, in the end, your vote must be exactly that--your own vote. As important as it is for you to reach unanimous agreement, it is just as important that you do so honestly and in good conscience." (*Id.*). The Court read the instruction to the jury in open court, and gave them a printed copy of it to take back with them into the jury room while they continued their deliberations.

Not much later that same morning, the jury provided the Court with another note in which they stated:

> For the physical and emotional health of the jurors, we don't believe we can continue with further deliberations. Further deliberations will only result in stress and anxiety with no unanimous decision without someone having to surrender their honest convictions, solely for the purpose of returning a verdict.

(*Id.*, PageID.56565).

The Court then held a hearing with the parties outside the presence of the jury to discuss their note. For the detailed reasons stated on the record, the Court declared a mistrial.

Dated: August 15, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2022.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager

3