**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Gaddy et al. v. Flint et al.*<br>*Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH
AMERICA, INC. AND VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC'S MOTION TO
SUPPLEMENT THE RECORD ON APPEAL**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to supplement the record for appeal pursuant to Federal Rule of Appellate Procedure 10(e) and the Court's inherent authority. Copies of the documents proposed to be added to the record are attached to this Motion (Exhibits A-Q) and include VNA's submissions and the Court's e-mail ruling on the Fifth Amendment, VNA's submission on Alternative Causes (as referenced in ECF No. 702), VNA's submission and the Court's February 14, 2022 e-mail chain ruling on the OIG and Task Force Reports, VNA's submission on the EPA Administrative Order, VNA's submission on the late-disclosed witnesses, and the various versions of the jury instructions and verdict forms.

VNA requests that these documents be added to the record to augment and complete statements and arguments made by the parties in their briefing so that they are part of the record on appeal. As grounds for its Motion, VNA states that the Court and the parties have frequently communicated during the trial via email, correspondence, and other informal means, without filing the communications on the docket maintained by the Clerk of the Court. While the Appeals Court has access to the district court's electronic record, which includes the papers and exhibits the parties filed with the district court, these other communications are not included in the docket so are not available to the Appeals Court as part of the record.

The district court has discretion to supplement the record to ensure its accuracy. *In re Fisher*, 296 F. App'x 494, 503 (6th Cir. 2008). Under Fed. R. App. 10(e), a district court is permitted to correct or supplement the record on appeal where "anything material to either party is omitted from or misstated in the record by error or accident." The purpose of the rule is to allow the district court to correct omissions from the record for appeal. *S & E Shipping Corp. v. Chesapeake & O.R. Co.*, 678 F.2d 636, 641 (6th Cir. 1983).

Here, VNA seeks to supplement the record to include communications and materials exchanged between the Court and VNA to ensure a complete record is available to the Appeals Court in the event the case is appealed. There is authority to support the supplementation of such material omitted from the record by error,

oversight or accident. *Hanson v. Parkside Surgery Center*, 872 F.2d 745 (6th Cir. 1989) (permitting district court to allow "for correction of the record . . . the contents of an unreported pretrial meeting held in chambers" to discuss the manner and selection of the jury, which later became an appellate issue despite objection by the plaintiffs-appellants).

Plaintiffs have previously proposed supplementing the record so that it accurately reflects what happened at the trial. *See* ECF 898. VNA raised no objection to Plaintiffs' request because it was appropriate to add the documents to the record for the purposes of appeal. Indeed, if this case were up on appeal, such a motion would be made to the Sixth Circuit since "appellate courts have generally prevented trial courts from developing supplemental findings after the notice of appeal has been filed." *Inland Bulk Transfer Co. v. Cummings Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003). However, since this case has not yet been appealed, such a motion is better made to the district court so that the omitted material can be filed on the docket while the case remains pending before the district court. *United States v. Barrow*, 118 F.3d 482, 486, 488 (6th Cir. 1997) (holding that district court did not err in supplementing trial record to include the parties' submissions regarding jury instructions, which "were submitted to and used by the court").

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this particular Motion and received no response.

VNA's request is made in good faith and for good cause to ensure the record is complete for appeal. To ensure that the record accurately reflects what happened at trial, VNA collected the communications and materials submitted to the Court and for filing on the docket, inviting the Court and the other parties to review them before they were filed. Accordingly, the Court should grant VNA's Motion and allow the supplementation.

WHEREFORE, VNA requests that the Court grant its Motion and supplement the record with the attached documents (Exhibits A-Q) to enable the Appeals Court to address with as much precision as possible any issue with respect to these matters which may be raised on appeal.

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  August 15, 2022