# EXHIBIT G

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Gaddy et al. v. Flint et al.*<br>*Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S SUPPLEMENTAL FILING IN OPPOSITION TO BELLWETHER PLAINTIFFS' MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE OF ALTERNATIVE CAUSES OF THEIR ALLEGED CONDITIONS**

### A. Evidence Of Alternative Causes Is Critical To Putting On A Defense In A Toxic-Tort Case

A "defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70 (11th Cir. 2014). Evidence of "potential" alternative causes is directly relevant to whether a plaintiff can prove that a defendant's conduct "more likely than not" caused his injuries. *Id.* at 1070; *Allen v. Brown Clinic, P.L.L.P.*, 531 F.3d 568, 574-75 (8th Cir. 2008); *Wilder v. Eberhart*, 977 F.2d 673, 676 (1st Cir. 1992). Expert opinions about potential alternative causes are admissible as long as they are based on some "credible evidence." *Wilder*, 977 F.2d at 676. As VNA has explained, there is "credible evidence" to support all of its experts' testimony regarding alternative causes. VNA Opp. 15-18, ECF No. 527, PageID.40097-40100. VNA's experts do not have to testify that those alternatives are more likely than not to have actually caused Plaintiffs' alleged injuries; that would impermissibly flip the burden of proof on causation. *Id.* at 5-7, PageID.40087-40089.

### B. The Opinions Of VNA's Experts Are Not Internally Inconsistent

Contrary to the Court's suggestion (Tr. 115:22-24, 118:18-119:8, ECF No. 646), the testimony of VNA's experts is not inconsistent or contradictory. The experts challenge two separate and distinct elements of Plaintiffs' case—injury and causation—simultaneously and in the alternative. On injury, VNA's experts opine that Plaintiffs were not injured. On causation, the experts opine that Plaintiffs' *alleged* injuries cannot be reliably attributed to lead exposure because, among other reasons, there are multiple alternative causes that Plaintiffs' experts did not consider or rule out. *See, e.g.*, Ex. 1, Thompson Report (D.W.) 4; Ex. 2, Thompson Dep. 69:16-70:21 (explaining that Thompson's opinions regarding injury and causation involve "two different questions"); Ex. 3, Putnam Report (A.T.) 15-16; Ex. 4, Putnam Dep. 68:5-69:4. VNA's experts do not opine that Plaintiffs *were not* injured, while simultaneously opining that they *were* injured by something other than exposure to lead-contaminated water.[1]

### C. There Is No Precedent Precluding An Expert From Offering Alternative Opinions

At the hearing, the Court asked VNA to supply precedent permitting experts to offer alternative opinions. Tr. 115:22-24, 120:5-12. But *Plaintiffs* bear the burden of proof with respect to their motions; they must show that VNA's expert testimony is "clearly inadmissible." *Gray v. City of Detroit*, 2021 WL 2885807, at *2 (E.D.

---

[1] Any ambiguity regarding the scope and nature of the opinions of VNA's experts can be resolved at trial, as Rule 26 contemplates. *See* Op. & Order 33-34, ECF No. 487, PageID.36896-36897.

1

Mich. July 9, 2021). Requiring VNA to identify case law establishing that its experts' testimony *is* admissible, rather than requiring Plaintiffs to identify case law establishing that it is *not*, incorrectly shifts Plaintiffs' burden to VNA.

In any event, there are many cases in which experts offered opinions in the alternative, without objection by the opposing party. *See, e.g.*, *Henderson v. Sheahan*, 196 F.3d 839, 852 (7th Cir. 1999) (expert disputed both that plaintiff was likely to suffer future injuries and that any alleged future injuries could be attributed to second-hand smoke); *Singleton v. Comm'r of Soc. Sec.*, 2013 WL 967602, at *4 (W.D. Mich. Mar. 12, 2013) (expert testified that plaintiff could still engage in her past work and that, if she could not perform her past work, other types of work were available despite her alleged disabilities). Although VNA has not identified any case in which a court affirmatively held that an expert may offer opinions in the alternative, the cited cases show that it is a common and accepted practice.

### D. The Testimony Of VNA's Experts Is Reliable

The Court expressed concerns about the reliability of VNA's expert testimony related to Plaintiffs' home environment and potential psychological traumas. Tr. 114:4-6, 119:9-15. As an initial matter, Plaintiffs' motion did not dispute the scientific bases for those opinions.[2] Regardless, VNA's experts explained that family environment is closely correlated with cognitive development. Ex. 4, Putnam Dep. 68:5-19; Ex. 3, Putnam Report (A.T.) 12 ("social and parenting factors" account for 40% or more of the observed variance in cognitive abilities); *see also* Ex. 5, Graziano Dep. 109:8-112:13 (discussing effect of home environment, including single-parent status, on cognitive development). VNA's experts supported their opinions with studies that measured the cumulative effect of childhood traumas such as parental substance abuse and domestic violence on the long-term physical and emotional health of children. Ex. 6, Thompson Report (A.T.) 6 (citing Felitti 1998). And as the Court has recognized, experts also can rely on their extensive clinical experience as a basis for their opinions. *See, e.g.*, Op. & Order. 21, ECF No. 456, PageID.36671 (allowing Dr. Krishnan to "further elaborate upon" her opinions and explain at trial how they are based on her "extensive clinical experience").[3]

---

[2] Because Plaintiffs did not challenge the scientific bases for these opinions, VNA did not have any occasion to explain the bases for them in its opposition to Plaintiffs' motion *in limine*. If the Court has any such concerns, it should permit VNA to file a supplemental brief to address them. *See Jahn v. Equine Servs., PSC*, 233 F.3d 382, 393 (6th Cir. 2000); *Perez v. K&B Trans., Inc.*, 967 F.3d 651, 656 (7th Cir. 2020).

[3] Family health and educational history also is relevant to Plaintiffs' damages claims, which is the subject of a separate motion in limine. *See* VNA Opp. 4-7, ECF No. 534, PageID.41376-41380.

                                      Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C** | **BUSH SEYFERTH PLLC** |
|---|---|
| /s/ James M. Campbell | /s/ Cheryl A. Bush |
| James M. Campbell | Cheryl A. Bush (P37031) |
| Alaina M. Devine | 100 W. Big Beaver Road, Suite 400 |
| 1 Constitution Wharf, Suite 310 | Troy, MI 48084 |
| Boston, MA 02129 | (248) 822-7800 |
| (617) 241-3000 | bush@bsplaw.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: January 28, 2022

3