UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Walters v. City of Flint et al., | No. 5:17-cv-10164 |
| | Hon. Judith E. Levy |

# PLAINTIFFS' OPPOSITION TO VNA'S MOTION TO SUPPLEMENT THE RECORD [ECF NO. 908]

**LEVY KONIGSBERG LLP**
605 THIRD AVE., 33RD FL. NEW YORK, NEW YORK 10158

**INTRODUCTION**

VNA's post-mistrial request to supplement the record should be denied because it is moot, premature and unwarranted, and wholly disregards the specific rulings set forth by the Court. VNA's request is also incomplete as it does not include the submissions from all of the parties on the subjects it intends to supplement the record with. Thus, if the Court allows VNA to supplement the record, then Plaintiffs respectfully request that the Court order VNA to include Plaintiffs' submissions as well.

**I.    VNA'S REQUEST IS MOOT IN LIGHT OF THE MISTRIAL**

As an initial matter, VNA's request to supplement the record is forcibly moot given the mistrial order entered by the Court on August 15, 2022. ECF No. 907. VNA claims that it seeks to "supplement the record to include communications and materials exchanged between the Court and VNA to ensure a complete record is available to the Appeals Court in the event the case is appealed." ECF No. 908, PageID.54570. However, the trial ended in mistrial and that is not an appealable order, therefore VNA's request to supplement the record is moot. *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 913 (E.D. Mich. 2003) (order granting a mistrial is not a final appealable decision).[1]

---

[1] Although it is plausible that the order could be appealed if it was certified for appeal pursuant to 28 U.S.C. § 1292(b), the Court need not consider this in its mootness analysis given that defendants have not moved for such relief. Rather, they

## II. VNA'S REQUEST IS PREMATURE AND UNWARRANTED

The request to supplement the record is premature and unwarranted. VNA argues that the Court should exercise its discretion pursuant to Fed. R. App. 10(e) to ensure that the record is accurate on appeal. Although Rule 10(e) does afford the district court such discretion, context matters. Rule 10(e) anticipates a district court record being corrected *at the time of an actual appeal*, not in anticipation of a possible hypothetical appeal. *See* Fed. R. App. 10(e); ECF No. 908, PageID.54570. (VNA: "in the event the case is appealed").

Indeed, none of the cases VNA cites are instances where a district court exercised its power under Rule 10(e) to supplement the record in anticipation of an appeal. Rather, they are instances where either the appellate court or the district court considered supplementing the record *during the pendency of an appeal*. *See S & E Shipping Corp. v. Chesapeake & O. R. Co.*, 678 F.2d 636, 641 (6th Cir. 1982) ("The district court accepted the stipulations pursuant to Fed.R.App.P. 10(e) **after S & E filed its notice of appeal.**) (emphasis added); *Hanson v. Parkside Surgery Ctr.*, 872 F.2d 745, 747 (6th Cir. 1989) (district court approved a statement on the evidence or proceedings and for correction of the record **after notice of appeal filed**); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1011 n.5 (6th Cir. 2003)

---

vaguely refer to an appeal as a hypothetical possibility. ECF No. 908, PageID.54570. ("in the event the case is appealed").

("Inland Bulk apparently filed contemporaneous and identical motions to supplement the record in [the Appellate Court] and in the district court below."). Therefore, VNA's request to supplement the record at this time is clearly premature.

Further, one of the cases VNA cites indicates that a record should only be supplemented to support issues relevant to *the issues actually raised on appeal*. *See In re Fisher*, 296 F. App'x 494, 503 (6th Cir. 2008) ("While there may be limited discretion to supplement the record under Fed. R. App. P. 10(e)(3), the documents do not support the defendants' [arguments on appeal re standing]."); *see also* Fed. R. App. P. 10(e)(3) (explicitly referring to documents that are "material to either party."). This case further supports that VNA's request is premature.

Moreover, if VNA does end up appealing, it will not be prejudiced by this Court's denial of this request in any way. This is because VNA will be permitted to reiterate its request to the Court of Appeals or seek agreement from the parties at the time of the appeal. *Inland Bulk Transfer Co.*, 332 F.3d at 1012 ("Rule 10(e) allows correction of the record either *by agreement of the parties*, by order of the district court, or *by order of the court of appeals*."). In fact, if VNA waits to request to supplement the record until the time of an appeal, they will actually be in a better position to present a request which includes documents that are material to the

4

appeal.² Accordingly, VNA's request to supplement the record is not only premature, but it is also unwarranted.

### III. VNA'S REQUEST DISREGARDS THE COURT'S PRIOR RULINGS AND SHOULD BE STRICKEN FROM THE DOCKET

VNA's request to supplement ignores the Court's rulings from the August 3, 2022, hearing. First, as a general matter, VNA's motion does not comply with the Court's request that VNA identify submissions that they think "should have been on the record that were not discussed in court" and "go back to the transcript, find out if [the Court] prohibited you from doing this or if [the Court] permitted it, and let [the Court] know based on that." Hearing Tr. at 58.³

Moving on to VNA's specific requests, VNA seeks to supplement the record with seventeen (17) exhibits (which Plaintiffs list here because VNA did not provide the Court with a list or index of exhibits in its filing):

A. 2022.02.16 LT Court from Campbell Re Fifth Amendment Privilege
B. 2022. 03.24 LT Court from Campbell Re Disclosure of 5th Amendment Witnesses
C. 2022.06.13 LT Court from Campbell Re 5th Amendment Gov. Witnesses
D. 2022.06.22 LT Court from Campbell Re 5th Amendment Invocation
E. 2022.06.22 VNA's Limited Questions for 5th Amendment Witnesses

---

² VNA's statement that "Plaintiffs have previously proposed supplementing the record so that it accurately reflects what happened at the trial" is misleading. As explained below in n.3, Plaintiffs only supplemented the record with one letter brief (that was not already on the docket) in response to the Court's specific request. *See* ECF No. 898 at 1.

³ The transcript of this hearing is sealed for reasons unrelated to VNA's request to supplement the record.

5

    F. 2022.06.28 Email from Court Re Snyder to Invoke the Fifth Amendment
    G. Supplemental filing in opposition to bellwether plaintiffs' motions in limine to exclude evidence of alternative causes of their alleged conditions
    H. 2022.02.02 LT Campbell to Court re Task force – this is new
    I. 2022.02.14 Email from Court Re Task force report
    J. 2022.07.06 LT Campbell Admissibility of the EPA's Emergency Administrative Order issued on January 21, 2016
    K. 2022.03.25 LT Court from Campbell Re Pl's Late-Disclosed Witnesses Exhibit 1 – Transcript of January 19, 2022 MIL Hearing
    L. Non-final Version of Jury instructions
    M. Non-final Version of Verdict form
    N. Non-final Version Jury instructions
    O. Non-final Version of Verdict form
    P. Non-final Version of Jury instructions
    Q. Non-final Version of Verdict form

As to the Fifth Amendment submissions (VNA Exhibits A-F), the Court already expressly denied this request, Tr. at 42, correctly reasoning that "we ha[ve] [] a robust and fulsome docket on this issue," including hearings, briefing, and even the opportunity to brief the issue at the Court of appeals (which attached and included the letter briefs submitted by the parties). Tr. at 42-45; s*ee* ECF No. 690; ECF No. 694; ECF No. 898.[4]

The Court made a similar ruling as to the different version of the jury instructions and verdict form (VNA Exhibits L-Q).[5] Specifically, the Court ruled

---

    [4] On June 28, 2022, the Court specifically asked the parties to file their letter briefs related to witnesses invoking the Fifth Amendment in front of the jury, Trial Tr. at 6381, and Plaintiffs did so, ECF No. 898. To that end, the only letter brief which VNA should be permitted to file on the docket is its one letter brief in response to the Court's specific request. (VNA Exhibit D).

that it was unnecessary to file the various versions of the jury instructions and the verdict form on the docket because all of the parties' objections and proposed revisions are already on the docket via the various hearings and briefing that the parties submitted. Hearing Tr. at 39-40, 42 ("And it is. Let me tell you how."); *see also* ECF No. 647 (proposed instructions); **ECF No. 852 (VNA Brief re Court's proposed instructions)**. VNA has not set forth any reasons whatsoever why the Court need revisit its rulings on these documents, and so, the Court should deny VNA's request in its entirety.

The remaining documents VNA seeks to supplement the record with relate to issues which were more than adequately—and in some cases exhaustively—discussed on the record during MIL hearings and/or at trial. Specifically, the Task Force Report (VNA Exhibits H, I); alternative causation for Plaintiffs' injuries (VNA Exhibit G); plaintiffs "late" disclosed witnesses (VNA Exhibit K); and EPA's Emergency Administrative Order (VNA Exhibit J). Moreover, at least some of the requests listed above include emails (VNA Exhibits I, F), which the Court already make abundantly clear **should not** be included on the docket. Tr. at 53. ("Well, I'm not – we're not docketing emails.").

---

[5] As an aside, because VNA did not provide an index or describe which versions of the jury instructions and verdict forms they attached to the present motion, it is difficult for Plaintiffs to verify whether these versions of the documents are the same versions that were submitted to or sent by the Court.

7

Not only has VNA disregarded the Court's prior rulings by reiterating these requests, it has also violated the Court's rulings regarding the propriety of filing these documents on the docket by attaching them to their present motion to supplement and nonetheless filing them on the docket. Accordingly, Plaintiffs respectfully request the Court strike VNA's exhibits (ECF No. 908-1–908-17) from the docket.

### IV. VNA'S REQUEST IS INCOMPLETE AND IF THE COURT CONSIDERS GRANTING IT, THEN PLAINTIFFS RELEVANT SUBMISSIONS SHOULD ALSO BE INCLUDED ON THE DOCKET

Finally, VNA's request is incomplete. It requests that the documents attached to their motion (VNA Exhibits A-Q) "be added to the record to augment and complete statements and arguments made by the parties in their briefing." ECF No. 908. However, the documents VNA seeks to attach do not include the submissions made by *the parties*; they only include the submissions made by VNA. To that end, if the Court is inclined to grant VNA's request, Plaintiffs respectfully request that the Court order VNA to include Plaintiffs' relevant submissions as well.

### CONCLUSION

The Court should deny VNA's request and if the Court chooses to grant the request, then Plaintiffs respectfully request the opportunity to supplement the record with their relevant submissions.

Dated: August 22, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　**LEVY KONIGSBERG LLP**

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Melanie Daly*
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MELANIE DALY
　　　　　　　　　　　　　　　　　　　　　　　MOSHE MAIMON
　　　　　　　　　　　　　　　　　　　　　　　COREY STERN
　　　　　　　　　　　　　　　　　　　　　　　**605 THIRD AVE., 33RD FL.**
　　　　　　　　　　　　　　　　　　　　　　　**NEW YORK, NEW YORK 10158**

## CERTIFICATE OF SERVICE

I, Melanie Daly, hereby certify that on August 22, 2022, the foregoing opposition brief was served on all counsel of record via the Court's ECF filing system.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Melanie Daly
　　　　　　　　　　　　　　　　　　　　　　　Melanie Daly