# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |
| This Document Relates To: <br> *Gaddy et al. v. Flint et al.* <br> *Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM <br> Case No. 5:17-cv-11165-JEL-MKM |

___

# DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO SUPPLEMENT

VNA seeks to ensure that the docket maintained by the Clerk of the Court contains a complete record of the Court's rulings and VNA's communications with the Court on issues that arose during the trial. Those issues include the government witnesses' attempts to invoke the Fifth Amendment privilege, the admissibility of key evidence and testimony, and the form and substance of the jury instructions and verdict form. Plaintiffs do not dispute that all of the material in VNA's motion is part of the record of the case, but they offer four reasons why that material should not be filed on the docket. Each is mistaken.

### A. The Mistrial Does Not Moot VNA's Motion

First, Plaintiffs argue that the mistrial has mooted VNA's motion. Pls. Br. 2. To the contrary, the mistrial has only increased the need for the motion. Most if not all of the issues covered by VNA's motion are likely to arise again in any retrial on Plaintiffs' claims, and also in other Flint water trials. Including all of the communications relating to those issues on the docket would greatly assist the Court, the parties in the retrial, as well as the parties in future trials.

In particular, some of the communications contain the Court's rulings and its reasoning, *see* VNA Mot. Exs. F & I, and having those communications on the docket will allow the Court and the parties to cite to those rulings directly. The remaining communications contain VNA's arguments on these important issues; the Court and the parties may find it useful to have ready access to those submissions.

1

And should the Court readopt one or more of its rulings during a retrial or during a future trial, the parties will want the docket to contain a complete record of all relevant communications for appeal.

### B. VNA's Request Is Not Premature

Second, Plaintiffs argue that VNA's motion is premature because there has not yet been an appeal. Pls. Br. 3-5. They say that VNA could make its motion if VNA were to take an appeal. But Plaintiffs do not offer any good reason for delay. Critically, they do not dispute that all of the material covered by VNA's motion is part of the record of this case—nor could they, as the material consists entirely of communications between the Court and the parties. On the contrary, they admit that VNA could file a motion under Federal Rule of Appellate Procedure 10(e) to have all of the material included in the record on appeal. *Id.* at 4.

So the only question is whether the material should be added to the docket now, as opposed to later, when ordered by the Sixth Circuit. Plaintiffs provide no persuasive reason to wait: VNA has teed up the issue, the Court's and the parties' recollections are still relatively fresh, and there currently are no other pressing matters in these cases. There would be no point to waiting until an appeal. To the contrary, waiting runs the risk that material could be missed or lost, particularly as the communications at issue were sent over email and therefore may be inadvertently

archived or erased. The material should be added now, while the parties have the material already compiled and ready to be filed.

### C. A Partial Record Is Not Adequate

Third, Plaintiffs argue that there is no need to add to the docket the material VNA identified because other documents related to the same issues already are filed on the docket. Pls. Br. 5-7. They provide no authority to support that argument, and it is mistaken. At the Court's request, VNA limited its motion to materials that are not sufficiently covered by the documents on the docket. For instance, the Court's February 14, 2022, email (VNA Mot. Ex. I) regarding the admissibility of selected portions of the Task Force Report and the EPA's OIG reports is the *only* communication from the Court in which the Court set out its reasoning on the admissibility of those excerpts. That reasoning should be filed on the docket, so that it is accessible to the parties in any future trial and for the court of appeals.

More fundamentally, Plaintiffs miss the point of VNA's motion. The public docket should contain the *complete* record of everything that occurred at a trial—both to facilitate appellate review and because "the open courtroom has been a fundamental feature of the American judicial system" since the founding. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983); *see Brown v. Crawford Cnty., Ga.*, 960 F.2d 1002, 1008 n.7 (11th Cir. 1992) ("[I]t is essential that communications between the trial court and the parties to an action . . . be shown

on the docket and contained in the record to afford complete review by [the court of appeals]."). The public, and the Sixth Circuit, may well wonder why Plaintiffs are so eager to keep these important communications between the Court and the parties hidden.[1]

Plaintiffs note that VNA's counsel addressed the substance of VNA's written submissions at the hearings on the topics at issue. Pls. Br. 6-7. But VNA's written submissions included additional material that was not covered at those hearings, such as case citations. *See, e.g.*, VNA Mot. Ex. D. Further, in one of the Court's written orders, the Court cited one of VNA's submissions. *See* Order 3, ECF No. 702, PageID.45664 (citing VNA Mot. Ex. G). Appellate arguments about waiver and forfeiture often turn on precisely what the parties presented to the trial court and when, so it is important that the record contain *everything* that VNA provided to the Court—not just the oral statements of its counsel at court hearings.

Anyway, even if VNA's written submissions would add comparatively little to the documents already on the docket, Plaintiffs have not identified any downsides to granting VNA's motion. As Wright & Miller explains, courts should "[r]esolve all doubts in favor of inclusion": "Aside from relatively minor costs, there is no

---

[1] As Plaintiffs note, many of the communications related to the Fifth Amendment issue are part of the Sixth Circuit record in the government witnesses' interlocutory appeals. Pls. Br. 6. It makes no sense for those communications to be excluded from the docket in the very case from which the appeals arose.

4

reason to exclude anything from the transmitted record that might be useful." 16A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3956.1 (5th ed. 2022) (internal quotation marks omitted).

### D. VNA Would Not Oppose Any Request By Plaintiffs To Add Their Own Submissions To The Docket

Finally, Plaintiffs note that VNA's motion does not include Plaintiffs' submissions on the topics covered by VNA's submissions. Pls. Br. 8. But VNA initially proposed filing both parties' submissions, and Plaintiffs would not agree. So VNA limited its motion to its own submissions. Consistent with its earlier proposal, VNA would not oppose any request by Plaintiffs to add their submissions to the Court to the docket. Indeed, VNA has readily acceded to Plaintiffs' previous requests of this nature, including their requests to add to the docket the deposition clip reports and Plaintiffs' Fifth Amendment submissions.

## CONCLUSION

The Court should grant VNA's motion to supplement the record.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

</td><td>

**BUSH SEYFERTH PLLC**

By: */s/ Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

</td></tr>
</table>

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  August 29, 2022

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: /s/ *James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com