July 27, 2022

7969

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
 2                   SOUTHERN DIVISION

 3   SHERROD, TEED, VANDERHAGEN and WARE,

 4                    Plaintiffs,
        -v-                           Case No. 17-10164
 5
     VNA and LAN,
 6
                     Defendants.
 7   _____/

 8                      JURY TRIAL

 9
              BEFORE THE HONORABLE JUDITH E. LEVY
10               UNITED STATES DISTRICT JUDGE

11                   JULY 27, 2022

12
     APPEARANCES:
13
     For the            Corey M. Stern
14   Plaintiffs:        Levy Konigsberg, LLP
                        605 Third Avenue, 33rd Floor
15                      New York, New York 10158

16                      Moshe Maimon
                        Levy Konigsberg, LLP
17                      605 Third Avenue, 33rd Floor
                        New York, New York 10158
18
                        Melanie Daly
19                      Levy Konigsberg, LLP
                        605 Third Avenue, 33rd Floor
20                      New York, New York 10158

21

22              (Appearances Continued on Next Page)

23
     TO OBTAIN A        JESECA C. EDDINGTON, RDR, RMR, CRR, FCRR
24   CERTIFIED          FEDERAL OFFICIAL COURT REPORTER
     TRANSCRIPT:        UNITED STATES DISTRICT COURT
25                      200 EAST LIBERTY STREET
                        ANN ARBOR, MICHIGAN 48104
```

```
 1    For the VNA        Daniel Stein
      Defendants:        Mayer Brown LLP
 2                       1221 Avenue of the Americas
                         New York, New York 10020
 3
                         Mark R. Ter Molen
 4                       Mayer Brown LLP
                         71 South Wacker Drive
 5                       Chicago, Illinois 60606

 6    For the LAN        David C. Kent
      Defendants:        Faegre Drinker Biddle & Reath LLP
 7                       1717 Main Street, Suite 5400
                         Dallas, Texas 75201
 8
                         Philip A. Erickson
 9                       Plunkett & Cooney
                         325 East Grand River Avenue, Suite 250
10                       East Lansing, Michigan 48823

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

July 27, 2022

7971

1                              **I N D E X**

2          WITNESSES                                    PAGE

3            (None)

4

5

6

7

8          EXHIBITS                          Marked    Admitted

9            (None)

10

11

12

13

14

15          MISCELLANY                                   PAGE

16          Proceedings................................7972
            Certificate................................7982
17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2              THE CLERK:  Calling Sherrod, Teed, Vanderhagen, and

 3    Ware vs VNA and LAN.

 4              MR. STERN:  Good morning, Judge.  It's nice to see

 5    everybody.

 6              Corey Stern and Moshe Maimon on behalf of the

 7    plaintiffs.

 8              THE COURT:  Thank you.

 9              MR. STEIN:  Good morning.

10              Daniel Stein and Mark Ter Molen for VNA.

11              MR. KENT:  David Kent and Phil Erickson for LAN.

12              THE COURT:  Good.  Thank you.  All right.  We will --

13    okay.  Let me -- all right.

14              So we have a jury question.  The jury would like

15    Exhibit 5018.

16              Does anybody know what that is?

17              MR. MAIMON:  Yes, Your Honor.

18              That is -- was marked for identification, although

19    not received in evidence.  It is the NSPE Code of Ethics.

20              THE COURT:  Oh.  That does seem to be what they're

21    focused on.

22              MR. MAIMON:  They love those learned treatises, don't

23    they?

24              THE COURT:  Yes.  Okay.  So we cannot give them that.

25              MR. MAIMON:  So I think that at this point, this is
```

1    -- it's understandable that they're asking for these things.

2    I think that it would be appropriate to instruct them, again,

3    that this, like the other -- like the articles can't be -- but

4    I think that if they want testimony, certain testimony about

5    them, that that's something that they could hear.

6         If there's a particular aspect of it that there was

7    subject to testimony, they could have that.

8         The Lead and Copper Rule is the same thing.

9         THE COURT:  Exactly.

10        MR. MAIMON:  And obviously, Engineering Code of

11   Ethics.  There were two that were marked for identification

12   but neither of which went into evidence.

13        The MDEQ report, August the 2015, we've identified

14   two documents that possibly and alternatively might qualify.

15   One is Plaintiff's Exhibit 692, which is the August 20, 2015,

16   Lead and Copper Rule result report.  It's on MDEQ stationary.

17   It was filled out by Michael Glasgow.

18        THE COURT:  Right.

19        MR. MAIMON:  But that would fit within what they've

20   asked for.

21        In addition, VNA Exhibit 1963 was the letter from the

22   MDEQ to -- I think it's Mr. Wright at the city instructing

23   them to put in a phosphate control by January of 2016.

24        THE COURT:  Okay.  Why don't we give them -- do you

25   agree, Mr. Stein?

7974

1           MR. STEIN:  Yes, we agree.

2           THE COURT:  That those two exhibits would be

3   responsive?

4           MR. KENT:  We agree.

5           MR. MAIMON:  We're fine sending both in, Your Honor.

6           THE COURT:  Okay.  I was asking Mr. Stein if he

7   agrees.

8           MR. STEIN:  Oh, yes.

9           THE COURT:  And Mr. Kent?

10          MR. KENT:  I thought you were looking at me when I

11  said it.  So, yes, we agree.

12          THE COURT:  Oh, okay.  I'm looking at everybody.

13          MR. MAIMON:  If we do send both in, Your Honor, I

14  also think that it would be appropriate to tell the jury, you

15  know, "Here are two documents that we've identified that could

16  be responsive" --

17          THE COURT:  Right.

18          MR. MAIMON:  -- "we've given you both.  If we've got

19  it wrong, let us know."

20          THE COURT:  Let us know.

21          Then with respect to the first three items, which are

22  not in evidence, not admitted as evidence, I can -- you know,

23  what I've been doing is knocking on the door, waiting until I

24  hear them say, "Come in."  Then I walk in and say, "Here are

25  the exhibits that we think are responsive."

```
 1           And I've said -- I've mentioned that certain things
 2    are not admitted as evidence.  I just say that to them.  I'd
 3    be happy to say that to them on the first three items and then
 4    follow up and just say, "If there's something else such as" --
 5    I hate to sort of suggest that they should be asking for
 6    testimony, but I don't know what else --
 7           MR. MAIMON:  I don't think it's a suggestion.  I
 8    think it's --
 9           THE COURT:  Is the Lead and Copper Rule part of an
10    exhibit anywhere?
11           MR. MAIMON:  No.  And it's probably too long to be
12    part of an exhibit.
13           THE COURT:  Right.  That's right.  Well, nothing
14    seems too long the way we've gone through paper here.
15           MR. KENT:  Your Honor, I would be hesitant to
16    suggest, even raise if you want some testimony, because
17    determining how many witnesses and which ones discussed which
18    things, that could really take some time.  Because it was
19    broached with multiple witnesses in different ways.
20           So I think you're opening a genie's bottle to the
21    extent you suggest, "Oh, if you want some testimony, let us
22    know."
23           THE COURT:  Okay.
24           MR. KENT:  I'd wait for them to make the request.
25           THE COURT:  Yeah.  I think that's right.  I will just
```

```
 1   say, "If there's anything else that you think might be
 2   helpful, let us know."  I'll just say, "anything else."
 3              MR. MAIMON:  And then I would tell them that we've
 4   identified two documents that --
 5              THE COURT:  Oh, yeah.  I'll do that.
 6              MR. MAIMON:  Let us know if --
 7              THE COURT:  If you need something else --
 8              MR. MAIMON:  Or if we got it wrong.
 9              THE COURT:  Yeah.  I will definitely do that.
10              MR. STERN:  Are you going to carry transcripts with
11   you when you tell them "anything else," or is it just going to
12   be --
13              THE COURT:  "If you need anything else."
14              Okay.  And I do want you to know that they put in
15   their lunch order.  So they're planning to work through lunch.
16              MR. STERN:  Where are we eating?
17              THE COURT:  We're eating always when they're open at
18   Afternoon Delight.  So this is good.  All right.
19              MR. STERN:  Thank you.
20              THE COURT:  Why don't you stay here, and I'll come
21   back and let you know if they have any question or anything
22   like that.
23              THE CLERK:  All rise.
24                        (Pause In Proceedings)
25              THE COURT:  Leslie -- we have another question.  Oh.
```

1    Do you want to get Mr. Stern and Ms. Daly?

2            Okay.  Our jury is working hard.  They're very --

3    everybody is engaged around the table.  There's no one off to

4    the side.  Everyone's engaged.  And when I told them that

5    these were not actually exhibits, they accepted that.

6            They said, "Okay.  Then we might as well ask you

7    this:  Are the expert reports exhibits?"  Because they were

8    pretty sure they were not.  And I told them they are not.

9            One juror said -- I said and the Lead and Copper Rule

10   is many, many, many pages long.  And she said, "We would take

11   ten at a time."  So they really are digging into this.

12           But then they -- a couple of jurors spoke right up

13   and said that they would like -- this is not -- every juror

14   doesn't have this question.

15           But they seem to have a dispute over what the word

16   "implementation" means on page 23, paragraph 5 of the jury

17   instructions.  Oh, right.  They want to know what the

18   "immediate implementation of orthophosphate corrosion

19   inhibitors," what does the word "implementation" mean there.

20           So I am going to -- this is plaintiffs' allegation.

21   So I'll start with asking -- but let me open a document to

22   write the answer.  I mean, I think if I try to understand "the

23   immediate implementation of," does that mean failure to --

24           MR. STEIN:  Your Honor, I think we go down a

25   dangerous path when we start trying to parse these words.

```
 1              THE COURT:  I think we do.
 2              MR. STEIN:  My suggestion would be that we advise --
 3    we understand their question.  But we advise the jury that
 4    it's up to them to decide these issues based on all of the
 5    instructions, including the instructions about, you know, the
 6    one on page 22 about the standard of care.
 7              MR. MAIMON:  So I disagree, Your Honor.  I think that
 8    when a jury asks for clarification about something, the
 9    response from the Court should not be, "Figure it out on your
10    own."
11              THE COURT:  Unless it has to be figure it out on your
12    own.
13              MR. MAIMON:  Unless it has to be.  But if it's words
14    that were chosen in a jury instruction, I think it's perfectly
15    appropriate.  I just opened up the first online dictionary
16    that I had, and it defines "implementation" as, "a noun, the
17    process of putting a decision or plan into effect."
18              THE COURT:  What about "put in place"?  I think the
19    immediate --
20              MR. STEIN:  I mean, if we were to say
21    "implementation" means putting a plan into effect.
22              Is that the language?
23              MR. STERN:  It's the process or putting a decision
24    or --
25              MR. MAIMON:  Or plan into effect.
```

July 27, 2022                                                    7979

```
 1          MR. STEIN:  I think if we were to say that's what the

 2   word "implementation" means.  But, again, we remind you to

 3   consider all of the Court's instructions in analyzing this

 4   issue.

 5          MR. MAIMON:  That's fine.

 6          THE COURT:  Okay.  That sounds good.  I am

 7   sympathetic to both what Mr. Stein and Mr. Maimon said in the

 8   sense that if we just start giving them dictionary definitions

 9   of words, I don't know how much that's going to help them.

10          But I did just say, "We can't give you those three

11   exhibits.  We can't give you the expert reports.  We will

12   answer your questions if you give us questions or have other

13   ways that you'd like to learn more about what was in those

14   exhibits."

15          I obviously didn't say anything about transcripts.

16          Okay.  "Thank you for your question regarding the

17   meaning of 'implementation' in the jury instruction on

18   page 23, paragraph 5."

19          Okay.  Now, will you dictate to me --

20   "implementation" means.

21          MR. STERN:  The process of putting a decision or plan

22   into effect.

23          THE COURT:  Do you agree, Mr. Stein?

24          MR. STEIN:  Yes.

25          MR. MAIMON:  Can we get an electronic version of
```

July 27, 2022

7980

1    this?

2              THE COURT:  Yes.

3              So, Leslie, I will give this to you by email to

4    print.  And then if you'll email the scanned after this.  And

5    then I'll sign it and give it back to them.

6              And they like the lunches a lot.  Okay.  So we'll

7    just go off the record.

8                        (Off The Record)

9              MR. STEIN:  Your Honor, I would ask that we also add

10   one sentence that says, "I remind you to consider all of the

11   Court's instructions in analyzing this issue."

12             THE COURT:  So I have, "Please remember to use all of

13   the Court's instructions in considering this issue."

14             That's a good catch.

15             MR. MAIMON:  So I think that in the general

16   introduction, which is page 2 of the instructions, I would

17   simply use the language that the Court had used in the

18   instruction.  And say, "I would remind you do not single out

19   one instruction, but consider the instructions as a whole."

20             THE COURT:  How about, "Please remember to use all of

21   the Court's instructions in considering this issue and do not

22   single" --

23             MR. MAIMON:  My problem is telling them what to

24   consider --

25             THE COURT:  Oh.

July 27, 2022

7981

```
1                    MR. MAIMON:  -- for this issue.
2                    THE COURT:  I see.
3                    MR. MAIMON:  If you're simply reminding them of a
4      general instruction, "I would remind you, do not single out
5      one instruction, but consider the instructions as a whole."
6      As opposed to telling them what they must consider on a
7      certain issue.
8                    MR. STEIN:  That's fine.
9                    THE COURT:  Is that okay?
10                   MR. STEIN:  Yes.
11                   THE COURT:  Where is that?  It's on general
12     introduction where?
13                   MR. MAIMON:  Yes.  It is --
14                   THE COURT:  Oh.  "Do not single out one instruction,
15     but consider the instructions as a whole."
16                   So, "Please remember not to single out one
17     instruction, but consider the instructions as a whole."
18                   MR. MAIMON:  I would -- and I would phrase it the way
19     Mr. Stein did.  "I would remind you," or, "as a reminder."
20                   THE COURT:  I just say, "please remember."
21                   MR. MAIMON:  Oh, that's fine.
22                   THE COURT:  Okay.  All right.  I'm going to send that
23     to Leslie.  Okay.  We will scan this -- just because I signed
24     it, we might as well have that one.
25                   It must be affirming for the jurors that if it took
```

July 27, 2022                                                    7982

1   them one minute to write this question that it took us this

2   long to answer it.  At least they must be affirmed that this

3   isn't all that easy, so.

4            MR. KENT:  Judge, are we still on the record at this

5   point?

6            THE COURT:  Oh, we can be off the record.

7                       (Off The Record)

8                    (Proceedings Concluded)

9                 -         -         -

10

11            CERTIFICATE OF OFFICIAL COURT REPORTER

12        I, Jeseca C. Eddington, Federal Official Court

13   Reporter, do hereby certify the foregoing 14 pages are a true

14   and correct transcript of the above entitled proceedings.

15   /s/ JESECA C. EDDINGTON____ _____        07/27/2022_
     Jeseca C. Eddington, RDR, RMR, CRR, FCRR         Date
16

17

18

19

20

21

22

23

24

25