```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2                        SOUTHERN DIVISION

 3   SHERROD, TEED, VANDERHAGEN and WARE,

 4                   Plaintiffs,
       -v-                                   Case No. 17-10164
 5
     VNA and LAN,
 6
                     Defendants.
 7   _____/

 8                          JURY TRIAL

 9
              BEFORE THE HONORABLE JUDITH E. LEVY
10                 UNITED STATES DISTRICT JUDGE

11                        JULY 28, 2022

12
     APPEARANCES:
13
     For the              Corey M. Stern
14   Plaintiffs:          Levy Konigsberg, LLP
                          605 Third Avenue, 33rd Floor
15                        New York, New York 10158

16                        Moshe Maimon
                          Levy Konigsberg, LLP
17                        605 Third Avenue, 33rd Floor
                          New York, New York 10158
18
                          Melanie Daly
19                        Levy Konigsberg, LLP
                          605 Third Avenue, 33rd Floor
20                        New York, New York 10158

21

22                        (Appearances Continued on Next Page)

23
     TO OBTAIN A      JESECA C. EDDINGTON, RDR, RMR, CRR, FCRR
24   CERTIFIED           FEDERAL OFFICIAL COURT REPORTER
     TRANSCRIPT:          UNITED STATES DISTRICT COURT
25                          200 EAST LIBERTY STREET
                          ANN ARBOR, MICHIGAN 48104
```

| | | |
|---|---|---|
| 1 | For the VNA Defendants: | Daniel Stein<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| | | Mark R. Ter Molen<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606 |
| 6 | For the LAN Defendants: | David C. Kent<br>Faegre Drinker Biddle & Reath LLP<br>1717 Main Street, Suite 5400<br>Dallas, Texas 75201 |
| | | Philip A. Erickson<br>Plunkett & Cooney<br>325 East Grand River Avenue, Suite 250<br>East Lansing, Michigan 48823 |

**I N D E X**

WITNESSES                                                         PAGE

  (None)


EXHIBITS                                              Marked    Admitted

  (None)




MISCELLANY                                                        PAGE

  Proceedings.................................7986
  Certificate.................................8001

**P R O C E E D I N G S**

       THE CLERK:  Calling Sherrod, Teed, Vanderhagen, and Ware vs VNA and LAN.

       THE COURT:  Could I have appearances, please.

       MR. STERN:  Sure.

       Corey Stern and Moshe Maimon for the plaintiffs.

       THE COURT:  Thank you.

       MR. STEIN:  Good afternoon, Your Honor.

       Daniel Stein and Mark Ter Molen for VNA.

       THE COURT:  Thank you.

       MR. KENT:  And David Kent and Phil Erickson for LAN.

       THE COURT:  Good.  Please be seated.

       We have a note from the jury that you all have.  It reads, "The jury is hung.  We believe further deliberation will not produce a unanimous decision."

       And it's signed by the jury foreperson.

       One of my jobs is to try to stay a little ahead of all of you when possible.  That's not easy.  And the jury.  So over the course of this week, I've been doing a little research on hung juries.  I'm sure you have, too.

       There are a couple of routes we can go.  There's the traditional Allen charge from the Sixth Circuit pattern jury instructions for criminal cases.

       And I'm not inclined to just modify that.  I started -- you know, it's all marked up.

1             But there is a civil -- Michigan Civil Jury
2    Instruction 60.02 that suggests that a slightly more brief
3    recitation to the jury might be appropriate.
4             And then what I have to do -- because I have a case
5    that Leslie provided to me, United States v. Brika. And what
6    I have to figure out is whether that's a case that endorses
7    this in a Sixth Circuit.
8             Have you all looked at that?
9             MR. MAIMON: No.
10            MR. STERN: No.
11            THE COURT: Okay. It's 416 F.3d 513, Sixth Circuit,
12   2005.
13            This is what the Michigan pattern instruction reads.
14   It says, "The Court has previously instructed you that it is
15   your duty to determine the facts from evidence received in
16   open court and to apply the law to those facts, and in this
17   way, decide the case.
18            "I am now instructing you to return to the jury room
19   for further deliberations. In your deliberations, you should
20   reexamine the questions submitted with a proper regard and
21   consideration for each other's opinions. You should listen to
22   each other's arguments with open minds and make every
23   reasonable effort to reach a verdict."
24            But then the instruction offers this, which I think
25   could be helpful, but I want to hear your thoughts.

1                "Because it appears that you are" -- you can say, "at
2     an impasse or in need of assistance, I invite you to list the
3     issues that either divide or confuse you so that I can see if
4     I can be of some assistance in clarifying the final
5     instructions."
6                Would that be of any help to us?
7                MR. MAIMON:  So --
8                MR. KENT:  My immediate reaction, Your Honor, is, no,
9     that it would invite --
10               THE COURT:  I know.
11               MR. KENT:  -- more division and confusion, frankly.
12               MR. STEIN:  And I would also add we want to be
13    careful to do anything that would invite them to reveal --
14               THE COURT:  The vote.
15               MR. STEIN:  The vote.  Exactly.
16               THE COURT:  I know.  I'm going to pull up U.S. v.
17    Brika right now.
18               So what do you all think I should do?
19               MR. MAIMON:  So I think that there are a couple of
20    things and different courts handle these types of situations
21    differently.
22               The Michigan Model Jury Instruction 60.02 is in line,
23    in my experience, with cases where this is an initial charge
24    that a Court might give before the traditional Allen charge,
25    commonly known or colloquially known as the dynamite charge by

1 some -- by some.

2 That is much more in line with 9.04 of the Sixth
3 Circuit's model charges. And I think that --

4 THE COURT: Right. I've got the Sixth Circuit's 9.04
5 deadlocked jury charge.

6 MR. MAIMON: Right. So I think that there are in
7 some ways maybe three steps that we should think about,
8 because we don't know. And it's a long verdict form.

9 But it may be that the jury has some confusion about
10 what it does in certain circumstances. I know we tried to be
11 as clear as we could with regard to the instructions. But if
12 upon further examination -- and I'm pointing to 9.03 of the
13 Sixth Circuit model charge recognizing that this isn't a
14 criminal --

15 THE COURT: 9.03?

16 MR. MAIMON: Partial verdicts.

17 THE COURT: Oh, partial.

18 MR. MAIMON: That if upon -- that if they look at it
19 and there is a partial verdict that they can return, this
20 charge tells them that they should -- you know, with
21 unanimity, of course, return that verdict and then continue
22 their deliberations as to something that they have not been
23 able to reach unanimity at.

24 That's 9.03 of the Sixth Circuit charge.

25 I think that passing that, the Michigan pattern

1 instruction is not bad with regard to a first attempt to speak
2 to the jury. But I don't think that it's in place of an Allen
3 charge when -- if they would come back and say, "We tried. We
4 can't do it now."
5      Because it does have the language that is
6 traditionally given by the courts, which is that, you know,
7 there's no reason to believe that the next jury of however
8 many will hear any different evidence, will be able to reach a
9 verdict better than you can.
10      It's a court-appointed charge. It's traditionally
11 given in situations such as this. So I'm not advocating going
12 straight to the traditional Allen charge. But I don't think
13 -- we would be opposed to giving the Michigan charge if that's
14 the end of the game.
15      THE COURT: What if we start with the Michigan charge
16 but none of this -- give me a list of issues. Because that's
17 a bad -- it seems like a bad idea. But it's in here, so I
18 wanted to discuss it.
19      What if I do that. But I want to read the partial --
20 I just have to get it up here -- the partial verdict
21 instruction.
22      "Members of the jury, you do not have to reach
23 unanimous agreement on all of the counts" -- we'll say instead
24 of "charges" -- "before returning a verdict on one of them.
25 If you have reached unanimous agreement on one of the counts"

```
 1   -- is it clear to them that there are two counts?
 2           MR. KENT:  I would say no.  There are clear there are
 3   two defendants.
 4           THE COURT:  Two defendants.
 5           So I could say -- "Members of the jury, you do not
 6   have to reach unanimous agreement with respect to both VNA and
 7   LAN.  Then if you have reached unanimous agreement regarding
 8   one of the defendants, you may return a verdict on that
 9   defendant and then continue deliberating on the other.
10           "You do not have to do this, but you can if you
11   wish"?  They do have to do it.  They do.  We are going to make
12   them go back and keep working.  So I'm going to take that out.
13           MR. MAIMON:  I think what they mean is you don't have
14   to give a partial verdict if you don't wish.
15           THE COURT:  Okay.
16           MR. MAIMON:  Because if you look at the next two
17   paragraphs, it makes -- it makes it clear.
18           MR. STEIN:  And I would just note here, they haven't
19   suggested that that's what's going on, that they've reached
20   decision on one defendant but not the other.  And I think this
21   instruction is more proper when a jury has indicated that.
22           THE COURT:  Okay.  Has said in some way that this
23   is --
24           MR. MAIMON:  Well , if you look at the use note
25   there.
```

```
 1              THE COURT:  Yeah.
 2              MR. MAIMON:  It says, "This instruction should be
 3   used if jurors ask about, attempt to, return, or otherwise
 4   indicate they may have reached a partial verdict."
 5              But then it goes on to say, "It may also be
 6   appropriate if the jury has deliberated for an extensive
 7   period of time."
 8              And all I'm saying is before we start telling them
 9   something else --
10              THE COURT:  What if I --
11              MR. MAIMON:  -- this can be given in conjunction with
12   the model jury Michigan charge.
13              THE COURT:  What if I do this?  What if I read the
14   Model Instruction 60.02.  And then say, "If you believe you
15   have reached a partial verdict, you may inform the Court
16   through a -- by sending a note"?
17              Just, "If you believe you have reached a partial
18   verdict" --
19              MR. MAIMON:  Because if you read the instructions
20   carefully, there's nothing in there that tells them that if
21   they're hung as to one defendant --
22              THE COURT:  Right.
23              MR. MAIMON:  -- then they can return a partial
24   verdict.
25              MR. KENT:  Your Honor, we don't tell them what a
```

1  partial verdict means --

2  THE COURT: I know.

3  MR. KENT: -- so that phrase is not very helpful to
4  them. I think that's likely to say, "Well, what does that
5  mean?"

6  THE COURT: Okay. Then we'll say, "A partial verdict
7  is a unanimous decision on one defendant and not the other."

8  How's that?

9  MR. MAIMON: I think that what a --

10  MR. KENT: It's got to be -- well -- yeah, I guess
11  that could --

12  MR. STEIN: And then maybe just say if you --

13  MR. KENT: You know, Judge, my reaction to all this
14  is that the best thing to do is to start with that first
15  paragraph of 60.02, see where that goes. Give everyone time
16  to really think and look through and parse through what is the
17  way you ask them about a partial verdict.

18  MR. STEIN: I agree with that.

19  MR. KENT: I agree with Mr. Maimon. One step at a
20  time. You don't do an Allen charge until you're forced to.

21  THE COURT: Yeah.

22  MR. KENT: And that first paragraph of 60.02 is good
23  enough.

24  THE COURT: Okay.

25  MR. MAIMON: If we're going to give 60.02, Your

1   Honor, then I think that even though -- I agree that we
2   shouldn't be asking them for a list.  But I do think that the
3   Court can, without asking for a list, give what's basically
4   the second part of that -- of that sentence, which says that,
5   "If you have any further questions or there's anything else
6   that we can provide to you, please send a note."
7               THE COURT:  That seems like a good --
8               MR. STEIN:  That seems reasonable to us.
9               THE COURT:  Mr. Kent?
10              MR. KENT:  Okay.  I think we can do that.
11              THE COURT:  Okay.  So read that to me.
12              MR. MAIMON:  I didn't read it from anywhere.
13              THE COURT:  "If there -- if you have any other
14  questions, please let us know -- please let me know."
15              MR. MAIMON:  Well, here it says, "If I can be of some
16  assistance or if we can be of some assistance in answering any
17  questions or providing any more exhibits, please let us know."
18              MR. KENT:  Again, Your Honor, that suggests, "Well,
19  let's go out and talk to the judge, and she can tell us what
20  to do."
21              THE COURT:  Yeah.
22              MR. KENT:  I don't think that --
23              THE COURT:  They want to do that.  I can feel it when
24  I go in the room.  They each want to talk to me, and I don't
25  talk to them, of course, but.

1                MR. KENT:  I'm glad you raised that, Your Honor,
2    because that has been a concern to us as to whether there's
3    any untoward effect, intended or not --
4                THE COURT:  Right.
5                MR. KENT:  -- from the judge talking to them as
6    opposed to the bailiff just handing them --
7                THE COURT:  Oh, there is no conversation.  Okay.
8                So I am going to say, "If you have any further
9    questions or communication, please send another note."
10               Do you want me to bring them into court to read this?
11   I'm happy to do that.  I think it is a solemn act to have them
12   here.
13               MR. MAIMON:  Yes, Your Honor, we would.
14               MR. STEIN:  That makes sense.
15               THE COURT:  Yeah.
16               MR. KENT:  Okay.
17               THE COURT:  It sort of reminds them -- you know, the
18   Allen charge will tell them there could be eight or ten other
19   people sitting where you're sitting.  How are they going to do
20   any better?
21               Okay.  So there was a word I wanted to change in
22   here.  This goes into the, "you should."
23               "I am now asking you to return to the jury room for
24   further deliberations.  In your deliberations" -- I'm going to
25   say, "I ask that you reexamine the questions submitted with"

1   -- instead of, "a proper regard and consideration for each
2   other's opinions," what is a proper regard?
3       Can we say, "a healthy regard"? Something? What
4   could we say?
5       MR. KENT: I'd just say "with regard."
6       THE COURT: "With regard." I like that. "With
7   regard and consideration for each other's opinions."
8       Okay.
9       MR. KENT: One of the hallmarks of an Allen charge or
10  any deliberation charge is to tell the jury you should not
11  give up your own conscientiously-held beliefs in this process.
12  I don't know if that's appropriate at this point.
13      THE COURT: I think I might want to say, "You should
14  listen to each other's arguments with open minds and make
15  every reasonable effort to reach a verdict, but remember" --
16  and I'm going to go to the Allen charge.
17      MR. STEIN: Or if the Court were to look at page 40
18  of the charge that you already gave, some of this language is
19  already there.
20      MR. MAIMON: I'm concerned with adding more to this
21  charge, Your Honor, than it does. And specifically in light
22  of the Brika case.
23      THE COURT: What does Brika say?
24      MR. MAIMON: So Brika, there were two Allen charges
25  given in the case. And the Sixth Circuit eventually reversed

1  finding that the phraseology of the -- I forget whether --
2  which one it was -- interfered too much with the jury.
3       I think that this charge -- and I have just one
4  question about it.  But I think this charge -- you know,
5  you're always safe with pattern jury instructions.  And the
6  longer you make it, the more you try and put into it, the more
7  potholes you create.
8       The question that I had is when it says, "In your
9  deliberations, you should reexamine the questions submitted,"
10 does that mean the questions on the verdict form, or does that
11 mean the questions that they have submitted?
12      And it might be that earlier in the model charges,
13 it's talking about, "We have submitted questions for you to
14 answer."  So it might be -- as a whole, it might be clear, but
15 I think this is talking about the verdict questions.
16      MR. KENT:  I agree.
17      THE COURT:  I think it is, too.
18      So what should we say?
19      MR. MAIMON:  I think we should just say, "In your
20 deliberations, you should examine the jury questions or the
21 verdict questionnaire or the verdict question" --
22      MR. STEIN:  The verdict form.
23      THE COURT:  The verdict form.
24      MR. MAIMON:  "The verdict form with a regard" -- I
25 don't care about taking "proper" out -- "with a regard and

1   consideration for each other's opinions.  You should listen to
2   each other's arguments with open minds, and make every
3   reasonable effort to reach a verdict."
4           Period.  And we should stop there.
5           THE COURT:  But the Brika case, it also -- I think
6   one of the mistakes that was made was that the jurors were not
7   reminded that they can hold on to their firmly held beliefs.
8           MR. MAIMON:  Yes.  But that was with the Allen
9   charge.
10          THE COURT:  Okay.
11          MR. MAIMON:  And that's word-for-word within the
12  Allen charge.
13          THE COURT:  Okay.
14          MR. STEIN:  Again, on page 40 of the charge, the last
15  paragraph on that page, we've already given them a similar
16  instruction.
17          MR. KENT:  Page 40 of the --
18          THE COURT:  Right.  "Do not make a decision simply
19  because other jurors think it is right or simply to reach a
20  verdict."
21          Okay.  I'll just --
22          MR. KENT:  Refer them back to your instructions.
23  Page 40.  If you want to.
24          THE COURT:  Why don't I do that.  Why don't I say,
25  "If you have any other questions or communications, please

1 send another note. And please review the instruction on
2 page 40 of the jury instructions."
3     MR. MAIMON: I would -- if we're going to put that
4 in, I would put that in earlier in the instruction.
5     THE COURT: Okay.
6     MR. MAIMON: I would put it in before you say, "I'm
7 now asking you -- I'm asking you to return to the jury room
8 for further discussions. I would refer you to page 40 of the
9 jury instructions. And also tell you that in your
10 deliberations, you should examine the questions -- the verdict
11 form that" -- you know, as the rest of the paragraph goes.
12     THE COURT: Okay. I like that.
13     Is that all right?
14     MR. STEIN: Yes.
15     MR. KENT: I agree.
16     THE COURT: I have so many edits to this. Okay. So
17 we will get the jury in.
18     I think that after returning to the jury room, we
19 should have a little bit of a scheduling conversation in light
20 of the email I sent.
21     And thank you, all, for your well wishes. I
22 appreciate it.
23     THE CLERK: All rise for the jury.
24     (Jury In)
25     THE COURT: All right. Welcome back. I'm used to

1    saying that to the jury.  Please be seated.
2            Okay.  We received your note regarding -- from your
3    jury foreperson letting me and, of course, I've let the
4    lawyers know where things stand right now.  So I have a
5    further instruction to provide to you.  And it reads as
6    follows:
7            The Court has previously instructed you that it is
8    your duty to determine the facts from evidence received in
9    open court and to apply the law to the facts and in this way
10   to decide the case.  I'm going to now ask you to return to the
11   jury room for further deliberations.  And I refer you to
12   page 40 of the jury instructions to review when you return to
13   the jury room.
14           In your deliberations, please reexamine the verdict
15   form with regard and consideration for each other's opinions.
16   You should listen to each other's arguments with open minds
17   and make every reasonable effort to reach a verdict.  If you
18   have any further questions or communications, please send
19   another note.  And that will be my instruction as of now.
20           Okay?
21           So we appreciate your hard work, and we'll just await
22   any further communication.  All right.
23           THE CLERK:  All rise for the jury.
24                       (Jury Out)
25           THE COURT:  Please be seated.

1     So now we'll have discussion off the record for now.

2 We can go on the record and put what we need on there.

3                    (Off The Record)

4                (Proceedings Concluded)

5         -     -     -

6

7        CERTIFICATE OF OFFICIAL COURT REPORTER

8     I, Jeseca C. Eddington, Federal Official Court

9 Reporter, do hereby certify the foregoing 19 pages are a true

10 and correct transcript of the above entitled proceedings.

11 /s/ JESECA C. EDDINGTON               07/28/2022
   Jeseca C. Eddington, RDR, RMR, CRR, FCRR     Date

12

13

14

15

16

17

18

19

20

21

22

23

24

25