# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sherrod, Teed, Vanderhagen and Ware,

    Plaintiffs,

v.

VNA and LAN,

    Defendants.

_____ /

Case No. 5:17-cv-10164-JEL-KGA

Hon. Judith E. Levy

Flint Water Cases Bellwether I

## ORDER TERMINATING POST-TRIAL MOTIONS AS MOOT [885, 886, 890]

On July 19, 2022, after the close of evidence in the Bellwether I trial, Defendants VNA and LAN filed motions for judgment under Federal Rule of Civil Procedure 50. (ECF Nos. 885, 886.) On July 20, 2022, closing arguments began. Also on July 20, 2022, Plaintiffs filed a motion for directed verdict. (ECF No. 890.)

On the record on July 21, 2022, the Court acknowledged receiving the parties' motions, stating: "I will take those under advisement, await the jury's verdict, and then work my way through them. So unless I hear otherwise from all of you, the briefing will follow the local rules on a

dispositive motion." (ECF No. 914, PageID.68916 (Tr. July 21, 2022; pp.7762).)

On August 9, 2022, the parties filed a stipulation regarding the briefing of their motions. (ECF No. 903, PageID.54557.) In their stipulation, the parties stated:

> Because the Court has submitted the case to the jury, the Parties agree— without waiving their right to be heard on the legal questions raised in the JMOL Motions—that responsive briefs on these motions will not be filed at this time.
>
> The Parties may renew their arguments that they are entitled to judgment as a matter of law by filing motions under FRCP 50(b), which may be combined with motions under FRCP 59, under a briefing schedule provided for by the Rules or agreed to by the Parties and approved by the Court.

(*Id.* at PageID.54558.) Federal Rule of Civil Procedure 50(b) states:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—*or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged*—the movant may file a renewed motion for judgment as a matter of law and may

2

include an alternative or joint request for a new trial under Rule 59.[1]

Fed. R. Civ. P. 50(b) (emphasis added).

A mistrial was declared in this case on August 11, 2022 and the jury was discharged on the same day. (*See* Case No. 17-10164, *Minute Entry,* dated August 11, 2022.) Twenty-eight days after August 11, 2022 was September 9, 2022. The parties did not file renewed motions before September 9, 2022, or otherwise stipulate to or seek an extension for the time to file such a motion. Accordingly, the motions are moot. The Court orders that the motions be terminated because they are no longer pending.

IT IS SO ORDERED.

Dated: September 14, 2022      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

---

[1] Rule 59 is inapplicable. It states "A motion for a new trial must be filed no later than 28 days after the entry of judgment." No judgment resulted from the trial ending on August 11, 2022.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 14, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
