# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

## ORDER UNSEALING IN PART AND REDACTING IN PART THE AUGUST 3, 2022 HEARING TRANSCRIPT

On August 3, 2022, the Court held a hearing in the above-named case. With the consent of all parties, the transcript was sealed at that time. One of the purposes of the hearing was to discuss my unexpected medical issue and its impact on the ongoing jury deliberations. Now that the jury has been discharged, I have reviewed the transcript of the proceedings on August 3, 2022 and I have determined that it need not remain under seal in its entirety. Accordingly, I have unsealed the transcript except for those portions directly related to my medical condition.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal.[1] "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Group* 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

---

[1] Although this issue is not brought before the Court on a motion, as is typical in evaluating requests to seal, the analysis remains the same.

As to factors one and two—why the interests in nondisclosure are compelling, and why the interests supporting access are less so—the information that remains redacted regards my personal health that has no relevance to the underlying case. There is no interest to the public in having access to this information. Accordingly, the first two *Shane Group* factors are met.

The third *Shane Group* factor, namely, why the seal itself is no broader than necessary, is also met. Rather than have the entire proceeding on August 3, 2022 remain sealed, I have unsealed large portions of it. Accordingly, the third *Shane Group* factor is met.

For the above reasons, the Court directs that the transcript of August 3, 2022 be unsealed in part and remain redacted in part.

IT IS SO ORDERED.

Dated: September 19, 2022           s/Judith E. Levy
Ann Arbor, Michigan                  JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
