UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____/ | |

**OPINION AND ORDER STRIKING PORTIONS OF VNA'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND DENYING IN PART THE REMAINDER [908], STRIKING CERTAIN OF VNA'S DOCKET ENTRIES AS IMPROPER, AND DENYING VNA'S MOTION TO COMPEL [916]**

On August 15, 2022, Defendants Veolia North America, Inc., Veolia North America, LLC, and Veolia North America Operating Services, LLC (together referred to as VNA) filed a motion to supplement the record on appeal. (ECF No. 908.) For the reasons set forth below, VNA's motion is stricken in part and the remainder is denied in part. Also on August 15, 2022, VNA filed several notices on the docket, which contained deposition transcript designations and rulings (known as deposition matrices) that were presented at the trial. For the reasons set forth below, certain of

these items are stricken. Finally, on September 2, 2022, VNA filed a motion to compel Plaintiffs to produce their closing argument demonstrative PowerPoint slides and to make the slides part of the trial record. (ECF No. 916.) For the reasons set forth below, the motion is denied.

## I. Background

On August 11, 2022, the Court declared a mistrial in the first bellwether Flint Water Crisis civil jury trial. The trial lasted for approximately 70 days (and consisted of over 260 hours). Because the jury was deadlocked, there is no verdict and no final judgment. The case is not on appeal and the outcome of the trial is not appealable.

During the trial, the Court established a process that the parties were required to follow if they sought a hearing outside the presence of the jury. First, the parties were required to attempt to resolve the dispute without court intervention. If they could not resolve it, then they were to jointly e-mail the Court's law clerk before 6:00 pm with a very brief

summary of the dispute and a request for a hearing the following morning.¹

On occasion, the Court granted leave for the parties to submit a more detailed summary of their dispute. These submissions became known as "letter briefs." Their purpose was to streamline the oral argument through a concise articulation of the disputed issue.²

In the morning hearings, the Court heard argument from all parties and often ruled on the issues from the bench. Occasionally, the Court took a dispute under advisement and issued a ruling later. Regardless of the timing of the Court's ruling, however, the parties were always afforded generous time to make a record of their positions. This fact is reflected at length within the 8,068 pages of the trial transcript.

On July 29, 2022, in keeping with the procedure set forth in the above paragraphs, VNA submitted a letter brief describing its request to

---

¹ This process was developed in the first week of trial and was refined in the following weeks once it became clear that the parties raised such disputes more often than not. Rather than keeping the jury waiting each morning, with this protocol disputes could be adjudicated as needed before the jury arrived for the day.

² On many occasions, the non-prevailing party requested leave to submit additional letter briefs *after* the Court's ruling. These second-chance arguments were, in essence, motions for reconsideration.

3

supplement the trial record. VNA's six-page letter listed 136 items that VNA wished to file on the docket. Plaintiffs indicated in a response email that they opposed VNA's requested relief. In reply, VNA submitted another letter brief in support of its position.

The Court held a hearing on August 3, 2022,[3] at which VNA thoroughly argued its position on supplementing the record. Counsel for all parties were heard. The Court's complete rulings and reasons for them were set forth on the record. In sum, the Court permitted VNA to file certain of its letter briefs pertaining to Fifth Amendment issues, as originally discussed on the record on June 28, 2022. The Court also told the parties to meet and confer regarding the best way to handle filing the deposition matrices and to decide together whether the designated transcript portions that were played to the jury should be filed. As to VNA's request that certain e-mails be filed on the docket, the Court

---

[3] The transcript of the August 3, 2022 hearing was initially sealed with the consent of all parties at the time of the hearing. On September 19, 2022, portions of the transcript were unsealed and the remainder remains sealed pursuant to the Court's Order. (*See* ECF No. 955.)

As of the August 3, 2022 hearing, the jury had not yet returned a verdict and the Court and parties had no reason to believe they would not do so. Some of the rulings that the Court made on August 3, 2022 presumed that a verdict would be reached and followed by an appeal. As we now know, no such events occurred.

4

reiterated several times: "We're not docketing e-mails." (*See* ECF No. 957, PageID.69522.) The Court held in abeyance a ruling on VNA's requests to file its letter briefs regarding what are known as the OIG and Task Force reports. The Court granted VNA leave to file a motion with a more robust argument about why those items should be placed on the docket. Rather than do so, however, VNA filed its motion to supplement, which not only included several items the Court already ruled should not be docketed, but also failed to set forth the reasons why VNA wanted its OIG and Task Force letter briefs filed. (*See* ECF No. 908.)

## II. Legal Standard

### A. The Record on Appeal

Federal Rule of Appellate Procedure 10 governs the record on appeal. VNA brings its motion under Rule 10(e), which states:

(e) Correction or Modification of the Record.

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

>> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.
>
> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Notably, the Federal Rules of Appellate Procedure "govern [the] procedure in the United States courts of appeals," and do not govern the procedure of district courts. Fed. R. App. P. 1(a)(1).

### B. The Court's Inherent Power to Manage its Docket

The Court has inherent power to set forth its protocol for raising disputes after court sessions have ended for the day. It has "inherent authority to manage" its docket and affairs "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases).

This authority also governs the Court's decisions regarding what is appropriate to file on the docket. Filings that fail to abide by the Court's rules may be stricken. As recognized by the Sixth Circuit, "a district court has broad discretion to manage its docket"—including by striking filings made improperly. *American Civil Liberties Union of Kentucky v.*

6

*McCreary County*, 607 F.3d 439, 451 (2010) (holding that "based on the district court's power to manage its own docket, the court had ample discretion to strike Defendants' late renewed motion for summary judgment"), citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); see also *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (affirming district court's order striking memorandum exceeding the 20-page limit set forth in local rule); *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) ("[A] district court has inherent power to 'protect[ ] the due and orderly administration of justice and ... maintain [ ] the authority and dignity of the court....' "), quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003) ("[T]rial courts have inherent power to control their dockets.").

### III. Discussion

#### A. VNA's Motion to Supplement

VNA's motion fails, in large part, to comply with the Court's August 3, 2022 rulings. VNA attached to its motion all, or nearly all, of the documents that it seeks permission to file on the docket. In doing so, VNA improperly circumvented the Court's role and essentially granted its own

request for relief. Accordingly, as set forth below, portions of VNA's exhibits that violate the Court's August 3, 2022 rulings are stricken.

Exhibits A through E to VNA's motion, which relate to the Fifth Amendment issues argued at the trial, are stricken. The Fifth Amendment issues in this case were heavily litigated and the record is robust in this Court and in the Sixth Circuit Court of Appeals. As set forth above, on June 28, 2022, the Court permitted the parties to docket limited information related to the Fifth Amendment issues not already set forth on the docket or in a hearing transcripts. On August 3, 2022, the Court reiterated its June 28, 2022 decision. VNA's motion fails to explain how the items in Exhibits A through E either fall under the Court's June 28, 2022 ruling or should otherwise be considered for docketing. The Court's own review of Exhibits A through E reveal that they were expressly excluded from filing on June 28, 2022. Accordingly, they are stricken.

Exhibits F and I are emails between the Court's staff and the parties. All of the information set forth in those communications were discussed many times on the record and are not a substitute for the Court's rulings. Additionally, Exhibits F and I violate the Court's August

3, 2022 ruling that "we're not docketing emails." Accordingly, they are stricken.[4]

Exhibit G is an item that VNA filed without any context or explanation in its motion, whatsoever. The item is dated January 28, 2022. Based on the Court's own review and analysis, it appears that this is the item referenced in the Court's Opinion and Order granting in part and denying in part one of VNA's motions in limine. (ECF No. 702, PageID.45664 (citing VNA Suppl. Br. At *1.).) Assuming the Court's conclusion is correct, then perhaps it makes good sense to docket this item. If VNA maintains that this item should be placed on the docket, it must set forth a short explanation of why it believes this document should be filed for the Court's consideration in the manner set forth below. Otherwise, the item will be stricken.

Exhibits H and J are VNA's OIG and Task Force letter briefs. As set forth above, these items were discussed at the August 3, 2022 hearing.

---

[4] Although some might suggest that courts should not be emailing with the parties, the undersigned has been sympathetic to the number of questions and issues that can arise between hearings and even between consecutive trial days that can be easily answered so the parties can use their time productively. However, if the parties to this case prefer to await the next regularly scheduled hearing date or trial date to communicate with the Court, email communication can certainly be prohibited for this specific case.

9

There, the Court explained that if VNA wished to docket these items, it should set forth a short explanation of its position in a motion. Specifically, VNA was required to explain whether anything is contained in these letter briefs that is not already recorded in the trial transcripts. VNA's motion contains no such explanation. This does not satisfy the Court's requirements and Exhibits H and J are therefore stricken.

Exhibit K is one of VNA's letter briefs, the contents of which were discussed in detail and argued extensively on March 25, 2022. The full argument is reflected in the trial transcript. VNA's motion does not explain how its letter brief adds to the discussion. The Court's own review yields that it does not. Accordingly, this item is stricken.

Exhibits L through Q are stricken. On August 3, 2022, the Court explicitly ruled that drafts related to the jury instructions and verdict form should not be placed on the docket. There is nothing in these drafts that was not extensively (and indeed, exhaustively) argued on the record over the course of multiple days. These drafts do not add anything to the discussion, other than, perhaps, creating confusion. The parties' proposed jury instructions were docketed in the ordinary course. (*See* ECF Nos. 852, 853, 854.) Accordingly, the Exhibits L through Q are stricken. The

final versions of the jury instructions and verdict form are already on the docket. (*See* ECF Nos. 894, 918.)

In conclusion, all of VNA's exhibits to its motion, except for Exhibit G, are stricken. As to Exhibit G, VNA is granted leave to file a maximum one-page explanation of its position no later than September 22, 2022. All other formatting requirements of E.D. Mich. LR 5.1(a) must be followed and no exhibits to the one-page explanation are permitted.

Even if the Court did not strike VNA's filings in its discretionary power and authority to manage the docket in this case, VNA's motion would still fail. The authority under which VNA moves, Federal Rule of Appellate Procedure 10(e), applies to appeals. This case is not on appeal. The general principles VNA expounds ("so that [the record] accurately reflects what happened at the trial," "to augment and complete statements and arguments made by the parties in their briefing so that they are part of the record on appeal") simply do not apply to this mistrial where there is no verdict on appeal.

11

## C. Deposition Transcripts and Matrices

Next, VNA filed five Notices with exhibits on the docket. (ECF Nos. 909, 910, 911, 912, and 913.) VNA filed the fifth item under seal. (ECF No. 913.) These filings are problematic for several reasons.

First, there is no reason why the first four Notices (ECF Nos. 909 to 912) were filed as four separate docket entries. Rather, they should have been combined into one docket entry. VNA is directed to review the Eastern District of Michigan polices and procedures regarding electronic filing, including R4 and R15.

ECF No. 909 contains the deposition matrices for Adam Rosenthal, Darnell Earley, Daugherty Johnson, David Gadis, Gerald Ambrose, Howard Croft, Jennifer Crooks, and Khadija Walker. Although the parties submitted designations and objections related to Khadija Walker to the Court for ruling during the trial, and the Court made rulings on them, Ms. Walker was not called as a witness. The Court's rulings on the Walker objections were rendered irrelevant when VNA decided not to call her as witnesses. Accordingly, the matrix of Khadija Walker is stricken.

ECF No. 910, which includes the deposition matrices for Marvin Gnagy, Miguel Del Toral, and Richard Snyder, may remain on the docket.

12

Though, again, there is no reason why they should not have been included in ECF No. 909.

ECF No. 911 appears to be a continuation or partial matrix of the Court's rulings on Richard Snyder's deposition objections. VNA failed to explain why it filed the matrix in this partial manner and separate from the remainder of Snyder's matrix. Regardless, it may remain on the docket.

ECF No. 912 contains the deposition matrices for Robert Nicholas, Theping Chen, and Wayne Workman. They may remain on the docket.

VNA's fifth Notice, ECF No. 913, is stricken. This docket entry is problematic for several reasons. First, under the Local Rules of the Eastern District of Michigan, a party must seek leave to file an item on the docket under seal. VNA did not do so. Although the Court discussed the possibility of filing certain deposition transcripts or portions of transcripts under seal during the August 3, 2022 conference, no specific rulings were made that could be reasonably interpreted as granting VNA leave to file these items under seal. Second, as set forth above, the Court directed the parties to meet and confer regarding the manner in which to file the deposition matrices, clip reports and/or abridged deposition

13

transcripts, and to jointly propose a manner in which those items should be placed on the docket. VNA's notice makes no mention of whether this meet and confer took place and what the result was.

### D. VNA and LAN's Motion to Compel

On September 2, 2022, VNA (together with LAN) filed a motion to compel Plaintiffs to produce their closing statement PowerPoint slides and to make the slides part of the record. (ECF No. 916.) VNA argues the PowerPoint slides are "necessary to ensure that there is a complete and accurate record of what occurred at trial." (ECF No. 916, PageID.65712.) Had the jury reached a verdict followed by an appeal, perhaps VNA could provide good reasons why demonstrative slides used during a closing argument (that was fully and accurately captured on the record without objection from VNA at that time) is inadequate. However, a verdict was not reached and the case is not on appeal. Accordingly, VNA's motion is denied.

### IV. Conclusion

For the reasons set forth above, the Clerk of the Court is directed to strike the following from the docket:

- ECF No. 908-1
- ECF No. 908-2;

14

- ECF No. 908-3
- ECF No. 908-4,
- ECF No. 908-5,
- ECF No. 908-6;
- ECF No. 908-8
- ECF No. 908-9;
- ECF No. 908-10;
- ECF No. 908-11;
- ECF No. 908-12;
- ECF No. 908-13;
- ECF No. 908-14;
- ECF No. 908-15;
- ECF No. 908-16;
- ECF No. 908-17;
- ECF No. 909-8;
- ECF No. 913 (in full).

IT IS SO ORDERED.

Dated: September 20, 2022      s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                              United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2022.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager