UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Filing Relates to:

WALTERS *et al.*, v. CITY OF FLINT *et al.*
Case No. 17-10164

MEEKS *et al.* v. UNITED STATES
Case No. 19-13359

---

## UNITED STATES OF AMERICA'S ANSWER TO COMPLAINT

---

### Introduction[1]

1.      This paragraph contains Plaintiffs' characterization of its action and conclusions of law to which no answer is required. To the extent an answer is required, this paragraph is denied.

2.      Denied.

3.      Denied.

---

[1] To assist the Court, this and all other headings in this answer have been copied verbatim from Plaintiffs' Complaint. To the extent these headings contain an allegation, the United States denies them.

4.      Admitted.

**Jurisdiction, Venue, Parties and Exhaustion of Administrative Remedies**

5.      Denied.

6.      Admitted.

7.      The United States admits that at least some of the acts and omissions alleged in Plaintiffs' Complaint occurred in this Judicial District.

8.      The United States admits that the EPA received claims for personal injuries related to the Flint Water Crisis from Plaintiffs' counsel between March 23, 2017, and June 2, 2017, but denies that these claims were submitted on behalf of 1078 individuals. The United States is without knowledge or information sufficient to form a belief as to the truth of where Plaintiffs reside.

9.      The United States admits that the complaint was filed more than six months after EPA last received FTCA administrative claims from Plaintiffs' counsel on June 2, 2017.

10.     The United States admits that the EPA has not made a final disposition of the FTCA administrative claims it received from Plaintiffs' counsel.

11.     The United States denies that all 1078 Plaintiffs have exhausted administrative remedies required to proceed with this action.

12.     Admitted.

**Statement of Facts**

13.     The United States admits that the underlying events have been referred to as the "Flint Water Crisis." The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

14.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

15.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

16.     The United States admits that the October 20, 2016, EPA Office of Inspector General report (October 2016 OIG Report) contains the quoted language excerpted in this paragraph.

17.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

18.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

19.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

20.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

21.     The United States admits that the Flint water system was re-connected to the DWSD system in October 2015.

22.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

23.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

24.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

25.     The United States admits that the City of Flint violated these MCLs for the months alleged. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Flint water users received and when, and therefore denies these allegations.

26.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

27.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

28.     The United States admits that the EPA's website allows persons to report potential violations and it informs submitters that their contact information may be shared.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

29.     The United States admits that, on or around October 14, 2014, Ms. Burgess submitted the complaint quoted in this paragraph.

30.     The United States admits that, on October 23, 2014, Ms. Crooks responded to Ms. Burgess and that Ms. Crooks' response included the quoted language excerpted in this paragraph, as well as additional information. The United

States denies the remaining allegations in this paragraph.

31.     The United States admits that EPA's Office of Inspector General met with Ms. Burgess on April 9, 2016. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

32.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

33.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

34.     Admitted.

35.     The United States admits that, on February 26, 2015, Ms. Crooks emailed MDEQ representatives Stephen Busch and Mike Prysby, copying EPA personnel, and that the email included the quoted language excerpted in this paragraph and the allegation paraphrased in the third sentence in this paragraph.

36.     The United States admits that, on February 26, 2015, Ms. Crooks again emailed MDEQ representatives Stephen Busch and Mike Prysby and that the email included the quoted language excerpted in this paragraph and the allegation paraphrased in the first sentence in this paragraph.

37.      The United States admits that Ms. Crooks' second February 26, 2015 email to MDEQ representatives Stephen Busch and Mike Prysby included the quoted language excerpted in this paragraph.

38.      Admitted.

39.      Admitted.

40.       The United States admits that, on February 27, 2015, Mr. Del Toral emailed MDEQ representative Mike Prysby, Ms. Crooks, and others and that the email included the quoted language excerpted in this paragraph. The United States denies the remaining allegations in this paragraph.

41.      The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

42.      The United States admits that the October 2016 OIG Report contains the quoted language excerpted in this paragraph.

43.      The United States admits that in March 2015, Ms. Walters received a lead test result of 397 ppb and that the SDWA action level for lead is 15 ppb.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

44.      The United States admits that, on March 18, 2015, Ms. Crooks emailed MDEQ representatives Stephen Busch, Mike Prysby, and Richard Benzie,

stating that Ms. Walters just informed Ms. Crooks of the 397 ppb result and asking

them the quoted language excerpted in this paragraph.

45.     Denied.

46.     The United States admits that Ms. Walters provided EPA with blood

lead level reports for one or more of her children. The United States is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph, and therefore denies them.

47.     The United States admits that Dr. Edwards shared results collected

from Ms. Walters' home with the EPA.  The United States is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph, and therefore denies them.

48.     Admitted.

49.     The United States admits that, on April 24, 2015, MDEQ

representative Patrick Cook replied that: "Flint is currently not practicing corrosion

control treatment at the WTP."

50.     The United States admits that, on April 25, 2015, Mr. Del Toral sent

MDEQ representative Patrick Cook an email, copying EPA personnel Andrea

Porter, Jennifer Crooks, and Thomas Poy, and that the email included the quoted

language excerpted in this paragraph.

51.     The United States admits the allegations in the first sentence of this

paragraph and admits that samples were collected from two homes near Ms. Walters' home.  The United States further admits that Mr. Del Toral's final November 2015 report concluded that the 25-foot city-owned lead service line and the lack of corrosion control "could have contributed" to the lead levels found at Ms. Walters' home and that it was "likely" that the galvanized iron pipe service line to Ms. Walters' home became "seeded with lead."

52.     The United States admits that Mr. Del Toral returned to Ms. Walters' home on May 6, 2015, but denies the remaining allegations in this paragraph.

53.     The United States admits that the October 2016 OIG Report contains the quoted language excerpted in this paragraph.

54.     The United States admits that, during the June 10, 2015 conference call, EPA Region 5 reiterated its offer of assistance from personnel at EPA's Office of Research and Development.

55.     Admitted.

56.     The United States admits that Rita Bair asked Mr. Del Toral this question in response to his Interim Report.

57.     Admitted.

58.     Admitted.

59.     The United States admits that Mr. Del Toral spoke with Mr. Guyette. The United States is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in this paragraph, and therefore denies them.

60.     The United States admits that Mr. Guyette contacted the City of Flint and that Mayor Dayne Walling thereafter asked EPA Region 5 Administrator Dr. Susan Hedman for "the same information that was shared with" Mr. Guyette.  The United States denies the remaining allegations in this paragraph.

61.     The United States admits that, on July 1, 2015, Dr. Hedman responded to Mayor Walling with an email that includes the quoted language excerpted in this paragraph and that she also recommended two EPA experts "to work with the Flint Advisory Committee." The United States denies the remaining allegations in this paragraph.

62.     The United States admits that, on July 2, 2015, Dr. Hedman responded to Mayor Walling with an email that includes the quoted language excerpted in the first sentence of this paragraph. The United States further admits that Dr. Hedman also stated that the report "was a preliminary draft and that it would be premature to draw any conclusions based on that draft."

63.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

64.     Admitted.

65.     The United States admits the allegations in the first sentence of this paragraph, but denies the remaining allegations in this paragraph.

66.     The United States admits that EPA and MDEQ representatives had a conference call on July 21, 2015, in which MDEQ argued immediate corrosion control treatment was not required and EPA disagreed for multiple reasons, including because of concerns with the sampling.  The United States denies the remaining allegations in this paragraph.

67.      The United States admits that, during the July 21, 2015 conference call, EPA and MDEQ reached agreement that Flint must "start corrosion control treatment as soon as possible" and MDEQ indicated that it provided the contact information for Darren Lytle and Mike Schock to Flint.  The United States denies the remaining allegations in this paragraph.

68.     Admitted.

69.     Admitted.

70.     Admitted.

71.     Admitted.

72.     The United States admits that, on August 31, 2015, Dr. Edwards posted online that 20% of the samples his team had analyzed were above 15 ppb lead and 42% were above 5 ppb lead.

73.     The United States admits that EPA and MDEQ had a conference call on August 31, 2015, regarding Flint drinking water.

74.     Denied.

75.     The United States admits that EPA and MDEQ had a conference call on August 31, 2015, regarding Flint drinking water and admits that the quoted language excerpted in this paragraph is from an email summarizing the call.

76.     The United States admits that EPA and MDEQ had a conference call on August 31, 2015, regarding Flint drinking water and admits that the quoted language excerpted in this paragraph is from an email summarizing the call.

77.     Denied.

78.     The United States admits that EPA issued a SDWA Section 1431 Emergency Administrative Order on January 21, 2016.  The United States denies the remaining allegations in this paragraph.

79.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

80.     The United States admits that, on September 9, 2015, Dupnack and Cassell exchanged emails that contained the quoted language excerpted in this paragraph, but denies the characterization of Cassell's statement as misleading.

81.     The United States admits that, on September 9, 2015, Dupnack and

Cassell exchanged emails that contained the quoted language excerpted in this paragraph, but denies that Cassell evaded Dupnack's question and also denies the allegations in the first sentence of the paragraph.

82.     The United States admits that, on September 9, 2015, EPA received a letter from Congressman Dan Kildee asking questions regarding Flint drinking water and Mr. Del Toral's report, including those summarized in (a), (c), and (d). The United States denies the remaining allegations in this paragraph.

83.     The United States admits that, on September 15, 2015, Dr. Hedman responded to Congressman Kildee's September 9, 2015 letter. The United States denies the remaining allegations in this paragraph.

84.     The United States admits that, on September 11, 2015, Ms. Crooks emailed MDEQ representatives and that the email contained the quoted language excerpted in this paragraph.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

85.     The United States admits that, on September 24, 2015, Ms. Baltazar wrote an email that contained the quoted language excerpted in this paragraph.

86.     Admitted.

87.     The United States admits that, on September 20, 2015, Dr. Edwards emailed EPA personnel, including Lytle and Schock, and that the email contained

the quoted language excerpted in this paragraph.  The United States is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph, and therefore denies them.

88.     The United States admits that, on September 20, 2015, Dr. Edwards

emailed EPA personnel, including Lytle and Schock, and that the email contained

the quoted language excerpted in this paragraph.

89.     The United States is without knowledge or information sufficient to

form a belief as to the truth of the allegations in this paragraph, and therefore

denies them.

90.     The United States is without knowledge or information sufficient to

form a belief as to the truth of the allegations in this paragraph, and therefore

denies them.

91.     The United States is without knowledge or information sufficient to

form a belief as to the truth of the allegations in this paragraph, and therefore

denies them.

92.     Admitted.

93.     The United States admits that, on September 21, 2015, Dr. Edwards

emailed EPA personnel and that the email contained the quoted language excerpted

in this paragraph and the information paraphrased in the second sentence of this

paragraph.

94.      The United States admits that, on September 22, 2015, Dr. Edwards emailed EPA personnel and that the email contained the quoted language excerpted in this paragraph.

95.      The United States admits the allegations in the first sentence of this paragraph.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

96.      Admitted.

97.      Admitted.

98.      The United States admits that, on October 1, 2015, the Genesee County Health Department issued an advisory entitled "Public Health Emergency Declaration for People Using the Flint City Water Supply with the Flint River as the Source."

99.       The United States admits that, on October 1, 2015, the Natural Resource Defense Council and others filed a petition with EPA to take action under 42 U.S.C. § 300i.

100.     Admitted.

101.     Admitted.

102.     The United States admits that the Governor declared a state of emergency in January 2016.

103.     Admitted.

104.     The United States admits that former EPA Administrator McCarthy testified before the House Oversight and Government Reform Committee on March 17, 2016, and that her testimony included the quoted language excerpted in this paragraph, with some transcription errors in the quoted language excerpted in this paragraph.

105.     The United States admits that the October 2016 OIG Report contains the quoted language excerpted in this paragraph.

## COUNT I
## Negligence: Failure to take mandatory actions required by SDWA

106.     The United States admits that 28 U.S.C. § 2674 states in pertinent part: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

107.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

108.     Denied.

109.     Denied.

110.     The United States admits that the Michigan Supreme Court has

accepted Section 324A of the Restatement of Torts, 2d.

111.      The United States admits that Section 324A contains the quoted

language excerpted in this paragraph.

112.      Denied.

### A. Failure to Issue § 1431 Emergency Order

113.      Denied.

114.      Admitted.

115.      Denied.

116.      Denied.

### B. Failure to Provide Technical Assistance, Obtain Compliance, and Commence Civil Action Under § 1414

117.      Denied.

118.      The United States admits that during the Fall of 2014, EPA personnel

learned that the Flint water system was not in compliance with certain

requirements of the Total Coliform Rule.  The United States denies the remaining

allegations in this paragraph.

119.      Denied.

### C. Negligent Undertaking Regarding Corrosion Control

120.      The United States admits that it responded to Ms. Walters, but denies

that it "rendered service," as that is defined for purposes of Section 324A, to

MDEQ.

121.     Denied.

122.     Denied.

123.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

124.     The United States admits that, in October 2014, Ms. Burgess reported floating particles in her water, but denies the remaining allegations in this paragraph.

125.     Denied.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

133.     Denied.

134.     The United States denies the allegations in the first sentence of this

paragraph. The United States further admits that, on July 21, 2015, MDEQ agreed to instruct Flint to implement corrosion control.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

135.     The United States admits that the EPA issued a SDWA Section 1431 Emergency Administrative Order on January 21, 2016, and admits the allegations in the final sentence of this paragraph.

136.     Denied.

137.     Denied.

138.     Denied.

**COUNT II**
**Negligent Performance of Undertaking Regarding Timely Investigations**

139.     The United States admits that EPA received complaints from Flint residents regarding poor water quality.

140.     Denied.

141.     Denied.

142.     Denied.

**COUNT III**
**Negligent Undertaking of the Duty to Warn the Public of Environmental Risks to Public Health**

143.        Denied.

144.        The United States denies the characterization of "environmental catastrophe," admits that Mr. Del Toral stated to some of his EPA colleagues that "the City should be warning residents about the high lead, not hiding it telling them that there is no lead in teh [sic] water," and admits the remaining allegations in this paragraph. The United States also incorporates by reference its response to paragraph 57.

145.        Denied.

146.        Denied.

147.        Denied.

**DAMAGES**

148.        Denied.

149.        Denied.

150.        Denied.

**<u>GENERAL DENIAL</u>**

The United States hereby generally denies each and every allegation contained in the Complaint, except as expressly admitted above.

20

## JURISDICTIONAL DEFENSES

Plaintiffs' claims are barred, in whole or in part, by principles of federal sovereign immunity, including but not limited to the provisions described below:

a. Plaintiffs' claims are barred by the discretionary function exception to the FTCA's limited waiver of sovereign immunity. 28 U.S.C. § 2680(a).

b. To the extent Plaintiffs' FTCA claims seek relief from the government, due, in whole or in part by alleged misrepresentation, concealment, or deceit, their claims are barred by the misrepresentation exception to the FTCA's limited waiver of sovereign immunity. 28 U.S.C. § 2680(h).

c. To the extent Plaintiffs' alleged injuries were caused, in whole or in part, by other alleged actions described in 28 U.S.C. § 2680(h), their claims fall outside the FTCA's limited waiver of sovereign immunity.

d. The FTCA does not provide subject-matter jurisdiction insofar as Plaintiffs' claims present no analogous private liability under the applicable law of the place where the act or omission occurred. 28 U.S.C. §§ 1346(b), 2674.

e. The FTCA does not provide subject-matter jurisdiction insofar as Plaintiffs failed to exhaust their administrative remedies. 28 U.S.C. § 2675(a), including the 350 adult Plaintiffs who did not file administrative claims on their own behalf.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, the United States avers as follows:

### FIRST DEFENSE

Plaintiffs' claims are barred by failure to exhaust the FTCA's administrative

claim process (including the 350 adult Plaintiffs who did not file administrative

claims on their own behalf) or the FTCA's statute of limitations. 28 U.S.C.

§§ 2675(a), 2401(b).

### SECOND DEFENSE

Plaintiffs' Complaint and each and every cause of action, allegation, and

claim therein, fails to state a claim upon which relief can be granted against the

United States.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the United States

did not owe an actionable duty to Plaintiffs.

### FOURTH DEFENSE

If it is found that the United States owed an actionable duty to Plaintiffs,

which the United States denies, the United States did not breach that duty.

### FIFTH DEFENSE

The United States and its employees exercised due care and diligence in the

conduct of its affairs.

## SIXTH DEFENSE

Plaintiffs' alleged injuries, harm and/or damages were not directly, actually, or proximately caused by any negligent or wrongful act or omission of any employee of the United States acting within the scope of his or her employment.

## SEVENTH DEFENSE

The alleged injuries, damages, or losses sustained by Plaintiffs are the direct and proximate result, in whole or in part, of negligence or other fault on the part of third parties and the United States is entitled to have any award or recovery against it barred or reduced accordingly. Mich. Comp. Laws § 600.2957.

## EIGHTH DEFENSE

Should Plaintiffs be adjudged to have been negligent, with their negligence causing or contributing to their claimed injuries, Plaintiffs' recovery must be reduced or barred in accordance with Michigan Compiled Laws § 600.2959.

## NINTH DEFENSE

Any alleged injuries, damages, or losses sustained by Plaintiffs were caused, in whole or in part, by an intervening or superseding cause or event.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to assert cognizable injuries or damages. If Plaintiffs are deemed to have

suffered cognizable damages, they cannot recover for damages they have failed to mitigate.

## ELEVENTH DEFENSE

If the United States is found liable (which is denied), the United States is entitled to an offset against damages for all amounts otherwise received by Plaintiffs from the United States from any sources, and also from all collateral sources.  Michigan Compiled Laws § 600.6303.

## TWELFTH DEFENSE

The United States hereby specifically preserves any and all other defenses, not currently known, which, through discovery, it learns may be applicable, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated: October 7, 2022

Respectfully submitted,

J. Patrick Glynn
Director, Torts Branch

Christina M. Falk
Assistant Director, Torts Branch

*s/ Eric Rey*
Eric Rey (DC Bar # 988615)
Michael L. Williams (DC Bar # 471618)
Trial Attorneys, Tort Branch
Environmental Tort Litigation
P.O. Box 340

Ben Franklin Station
Washington, DC 20004
Phone: 202-616-4224
eric.a.rey@usdoj.gov
michael.l.williams@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, the foregoing Answer to Plaintiffs'
Complaint was filed via the U.S. District Court's CM/ECF electronic filing system
and a copy thereof was served upon all counsel of record.

*s/ Eric Rey*
ERIC REY