UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Sherrod, Teed, Vanderhagen and Ware, | Case No. 5:17-cv-10164-JEL-KGA |
| Plaintiffs, | Hon. Judith E. Levy |
| v. | Flint Water Cases Bellwether I |
| VNA and LAN, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER DENYING VNA'S AMENDED EMERGENCY MOTION FOR SANCTIONS AND RELATED RELIEF [951]**

On September 13, 2022, Veolia Water North America Operating Services, Veolia North America, Inc., and Veolia North America, LLC (together, "VNA") moved for an order for sanctions and other relief. (ECF No. 951.) For the reasons set forth below, VNA's motion is denied.

**I. Background**

On September 13, 2022, VNA filed an Amended Motion for Sanctions and Related Relief. (ECF No. 951.) In its motion, VNA argues that Plaintiffs' counsel, Corey Stern, acted improperly and in violation of the Michigan Rules of Professional Conduct ("MRPC") when, after a

mistrial was declared on August 11, 2022, he made certain statements to the media. VNA's motion focuses on the following statements that appeared in the media, which were attributed to Mr. Stern. They are, that: (1) Plaintiffs were "only one juror shy from winning the case" (*id.* at PageID.69275); (2) counsel was "fired up for the next [trial]. I wish the judge would schedule it for Monday. I hated leaving the courthouse. You're an inch from the goal line after toting the ball for 99 yards" (*id.* at PageID.69277); (3) the trial "came down to one juror" (*id.* at PageID.69278); and (4) "[p]erhaps [VNA] is trying to dig in and determine why all eight members of the jury determined [it] was liable, despite not understanding that they could have come to a verdict on [VNA] even if they were not unanimous on the other trial defendant" (*id*).

VNA asks the Court to enter an order finding that Mr. Stern's statements violated the MRPC. VNA seeks relief that would: (1) prohibit Mr. Stern from violating the MRPC in the future; (2) award VNA attorney fees for bringing this motion for sanctions; and (3) schedule the retrial "sufficiently into the future" to help "cure th[e] prejudice" that Mr. Stern's comments cause VNA. (*Id.* at PageID.69282.)

Plaintiffs' response argues that VNA's motion is a "transparent attempt to shift the focus away from VNA's alleged misconduct, recently reported by [the] *Detroit News*, wherein one law and technology expert claims that there is 'clear circumstantial evidence that [VNA tried] to influence the outcome of the trial'" through the use of a digital media campaign geographically targeted toward the jury venire.[1] (ECF No. 963, PageID.69571.)

In response to VNA's arguments that Mr. Stern violated the MRPC and that his conduct is sanctionable, Plaintiffs argue that: (1) the comments published by the press are truthful based on Plaintiffs' counsel's interviews with the jurors after the mistrial; (2) there is no evidence—nor could there be—that Mr. Stern knew or should have known that his comments would "have a substantial likelihood of materially prejudicing an adjudicative proceeding," (*see* MRPC 3.6(a)(5)); (3) the MRPC expressly provide that an attorney may comment on the "result of

---

[1] *See* Kayla Ruble, *Company Sued Over Flint's Water Crisis Wages Digital PR War During Trial*, Detroit News, September 8, 2022 (https://perma.cc/P8NB-NFCM). The Court is aware that Plaintiffs' counsel has issued subpoenas in the Northern District of Illinois and elsewhere to determine the extent of the alleged digital media campaign targeted at the jury venire. (No. 16-10444, ECF No. 2213 (citing N.D. IL Case No. 1:22-cv-04810).)

any step in the litigation," which includes information learned from the jurors about their deliberations,[2] (*see* MRPC 3.6(a)(5)); and (4) VNA has not cited any cases in support of its position that the MRPC were violated and that sanctions are warranted. (*Id.* at PageID.69573–69575.) Plaintiffs request that the Court sanction VNA for filing its motion which, they argue, is "vexatious and harassing."[3] (*Id.* at PageID.69582.)

VNA replies that Mr. Stern's statements create a "virtual cheat sheet for future juries," on how to decide the case in Plaintiffs' favor.[4] VNA argues that this creates a "unique risk of prejudice" to VNA in the re-trial. (ECF No. 967, PageID.69654.) VNA argues that Mr. Stern's comments are the equivalent of a teacher: "telling a class how the smart kids in the last section unanimously answered the test after studying for six months, then pretending that answer won't float around in the back of the class's minds as they take the same test." (*Id.* at PageID.69655.)

---

[2] The Court expressly invited counsel to talk to the jurors after they were excused on the condition that the jurors themselves consented to be contacted.

[3] The Court cannot consider a motion made in a response brief. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

[4] This is a peculiar argument, because there is one simple way for a jury to find in favor of Plaintiffs, to wit: vote unanimously in their favor. Doing so would not require a script or a "cheat sheet."

4

VNA's reply brief ends with a charged personal challenge to Mr. Stern where it states: "If Mr. Stern believes VNA has made statements inconsistent with its well-established rights under the First Amendment, he should present them to the Court in a proper pleading rather than use them to deflect from his repeated public disclosure of non-public jury information." (*Id.* at PageID.69659.) This type of hyperbole is not necessary and not helpful to the ultimate resolution of this case. The Court has reviewed the *Detroit News* article that Mr. Stern references and has its own concerns about the type of digital media campaign described in that article. However, this opinion and order is limited to the pending motion for sanctions.

For the reasons set forth below, VNA's motion is denied.

## II. Legal Standard

### A. Governing Ethical Standards

The Eastern District of Michigan's Local Rules state that the MRPC apply to proceedings in this District:

> An attorney admitted to the bar of this court or who practices in this court as permitted by this rule is subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, and consents to the jurisdiction of this court and the Michigan Attorney

> Grievance Commission and Michigan Attorney Discipline Board for purposes of disciplinary proceedings.

E.D. Mich. LR 83.20(j).

VNA argues that Plaintiffs' counsel violated MRPC 3.6(a)(5). Rule 3.6 governs Trial Publicity. The subsection (a)(5) states:

> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter. A statement is likely to have a substantial likelihood of materially prejudicing an adjudicative proceeding when it refers to a civil matter triable to a jury, a criminal matter, or any other proceeding that could result in incarceration, and the statement relates to:

> (5) information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and that would, if disclosed, create a substantial risk of prejudicing an impartial trial;

MRPC 3.6(a)(5).

The "Trial Publicity" rule also sets forth what a lawyer participating in the litigation *may* publicly express. MRPC 3.6(b). This includes, "information contained in a public record," as well as "the . . . result of any step in the litigation." MRPC 3.6(b)(2), (4).

### B. Governing Standards for Imposing Sanctions

VNA seeks to have the Court exercise its inherent authority to impose sanctions on Plaintiffs' counsel. "Even if there are sanctions available under statutes or specific federal rules of procedure, . . . the 'inherent authority' of the court is an independent basis for sanctioning bad faith conduct in litigation." *King v. Whitmer*, 556 F. Supp. 3d 680, 706 (E.D. Mich. 2021) (Parker, J.) (citing *Dell, Inc. v. Elles*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49–50 (1991))). The Court's authority to impose sanctions for violations of MRPC 3.6(a) "is rooted in a court's fundamental interest in protecting its own integrity and that of the judicial process." *Maldonado v. Ford Motor Co.*, 476 Mich. 372, 389 (2006).

### III. Discussion

VNA's motion for sanctions is denied. As an initial matter, VNA's characterization of its motion as an "emergency" (*see* ECF No. 951) is not borne out by the facts. Mr. Stern made most of the comments at issue on or around August 11, 2022, and VNA did not make its "emergency" motion until September 13, 2022—over a month later.

VNA's belief that Mr. Stern's statements to a reporter on August 11, 2022, and September 7, 2022, have the power to influence a future 2023 jury is wholly unsupported. Undoubtedly, words can have power. To believe the notion that Mr. Stern's media statements could possibly manipulate or impact a future jury would require one to believe that tens of thousands of individuals in the jury venire read and remember Mr. Stern's statements, that these same individuals would conceal this fact during jury selection and voir dire, and that they would ultimately conclude that the first jury's purported vote against VNA is the only decision to adopt. This chain of reasoning is creative, but nonsensical. Mr. Stern's statements do not (and, in the absence of any support, *cannot*) create "a substantial likelihood of materially prejudicing an adjudicative proceeding when it refers to a civil matter triable to a jury." Rule 3.6(a)(5) does not apply.

VNA could have provided the Court with support for its motion through expert or other evidence. For example, early in the Flint Water Crisis litigation, on October 27, 2016, the Michigan Department of Environmental Quality ("MDEQ") moved for a change of venue. (*See Guertin v. State of Mich.*, Case No. 5:16-cv-12412 ("*Guertin*"), ECF No.

45.) In its motion, the MDEQ argued that the "local media's overwhelming and adverse publicity of this matter has made it nearly impossible for a fair and impartial jury to be empaneled in this Judicial District and, perhaps, the State of Michigan." (*Guertin*, ECF No. 45, PageID.223.) In support of this position, the MDEQ filed the declaration of Dr. Bryan Edelman, who it described as "a top expert on adverse publicity and juror bias." (*Id.* at PageID.224.) Dr. Edelman's declaration consisted of approximately 56 pages and two appendices. (*Guertin*, ECF No. 45-2.) The declaration provided details regarding Dr. Edelman's qualifications, the meaning of "cognitive bias" and its potential impact, an analysis of media coverage of the Flint Water Crisis, and results of a survey Dr. Edelman conducted related to juror bias. (*Id.*) VNA could have supported its motion with a similar declaration or cited to other reliable sources in support of its position, but it did not. Not only is the motion unsupported, but its logic is also too far-fetched to warrant further consideration.

VNA argues that the "lasting effects" of Mr. Stern's August 2022 statements call for, among other things, "the passage of significant time" to "cure that prejudice to the extent possible" by delaying the re-trial date

9

past February 2023. VNA's hyperbole is exemplified by the following excerpt:

> The temptation of any future jury, when courageously slogging through hundreds of hours of trial testimony, to defer to that first jury—especially if they think it was unanimous or close to it—will understandably be substantial. It's precisely because the jury's consensus would be compelling (if true) that Mr. Stern not only said it the day the verdict was handed down but repeated it four weeks later, upping the ante and claiming the count wasn't just 7-1, but 8-0.

(ECF No. 967, PageID.69655.)

VNA argues that Mr. Stern's statements are "false" and likely a violation of MRPC 4.1 ("a lawyer shall not knowingly make a false statement of material fact or law to a third person"). (No. 17-10164, ECF No. 951, PageID.69276.) VNA believes the question of Mr. Stern's veracity "warrants further investigation." (ECF No. 951, PageID.69283.) The Court disagrees. Ultimately, the jury did not reach a unanimous verdict, although the jury may have been near consensus at various stages of their deliberations. The bottom line is that whatever the jury may have told the lawyers or anyone else about their deliberations, they were, in the end, deadlocked. Mr. Stern's statements are not inconsistent with this fact.

10

VNA's reply brief makes a point of differentiating "lawyer speech" from "non-lawyer speech." (ECF No. 967, PageID.69658.) While the law and the ethical rules do indeed distinguish between lawyers' and non-lawyers' speech, this argument is not helpful here. Mr. Stern's "lawyer speech" is not a source of concern for the reasons set forth above.

## IV.     Conclusion

For the reasons set forth above, VNA's motion for sanctions is denied.

IT IS SO ORDERED.

Dated: October 26, 2022　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2022.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager