# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 28, 2022

Mr. Melvin Jones Jr.
1935 Hosler Street
Flint, MI 48503

          Re:  Case No. 22-1903, *Leanne Walters, et al v. City of Flint, MI, et al*
                Originating Case No. : 5:17-cv-10164

Dear Mr. Jones, Jr.:

The Court issued the enclosed Order today in this case.

                                                  Sincerely yours,

                                                  s/Amy E. Gigliotti
                                                  Case Management Specialist
                                                  Direct Dial No. 513-564-7012

cc:  Ms. Kinikia D. Essix

Enclosure

No mandate to issue

<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 22-1903

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> FILED
> Nov 28, 2022
> DEBORAH S. HUNT, Clerk

| | |
|---|---|
| In re: FLINT WATER CASES ) <br> ) <br> ——————————————————— ) <br> ) <br> LEANNE WALTERS, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> and ) <br> ) <br> MELVIN JONES, JR., ) <br> ) <br>     Interested Party - Appellant ) <br> ) <br> v. ) <br> ) <br> CITY OF FLINT, MI et al., ) <br> ) <br>     Defendants. ) <br> ) <br> ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

<u>O R D E R</u>

Before: GUY, SUHRHEINRICH, and STRANCH, Circuit Judges.

    This matter is before the court upon initial consideration of appellate jurisdiction.

    In November 2021, Melvin Jones, Jr., a pro se Michigan resident, began submitting numerous filings in the ongoing Flint Water Class Action. Eventually, the district court enjoined Jones from further filings absent leave of court. On August 23, 2022, the district court modified the injunction to exclude notices of appeal. The present appeal originates from Jones's notice of

appeal of two decisions by the district court: (1) a September 7, 2022 order denying a motion for an interlocutory appeal under 28 U.S.C. § 1292(b), and (2) a September 14, 2022 order terminating post-trial motions following a mistrial.

The district court's September 7, 2022 order denying a motion for an interlocutory appeal is not a final order that is immediately appealable. *See* 28 U.S.C. § 1291. Nevertheless, we have held that a district court's denial of § 1292(b) certification may be reviewed in a mandamus proceeding, *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 471 (6th Cir. 2006), and that we may treat a notice of appeal from such a denial as a petition for a writ of mandamus, *Hammons v. Teamsters Local No. 20*, 754 F.2d 177, 179 (6th Cir. 1985). Mandamus is a remedy "to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). This remedy may be appropriate if irreparable harm seems imminent from the denial of an immediate appeal. *Mischler v. Bevin*, 887 F.3d 271, 272 (6th Cir. 2018) (per curiam). Nothing in the record in this case suggests that Jones will suffer irreparable harm from the denial of an immediate appeal. Therefore, we **DENY** Jones permission to appeal the September 7, 2022 order.

In the September 14, 2022, order, the district court noted that, after the close of evidence in the "Bellwether I" trial, two defendants filed motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The plaintiffs also moved for a directed verdict. On August 11, 2022, a mistrial was declared. The parties did not renew their motions following the declaration of the mistrial, and the district court declared the motions to be moot.

Generally, this court's jurisdiction is limited to final decisions of district courts, 28 U.S.C. § 1291, and to interlocutory orders that are "sufficiently important and collateral to the merits that they should 'nonetheless be treated as final.'" *Will v. Hallock*, 546 U.S. 345, 347 (2006) (quoting *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see United States v. Martirossian*, 917 F.3d 883, 886 (6th Cir. 2019). An order is appealable under the collateral order doctrine if it "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final

No. 22-1903
- 3 -

judgment." *Will*, 546 U.S. at 349 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).

The district court's September 14, 2022 order is not a final order because it does not resolve the merits of any claims. *See Borg-Warner Corp. v. Whitney*, 121 F.2d 444, 444 (6th Cir. 1941) (dismissing an appeal from an order denying a renewed motion for a judgment as a matter of law after a mistrial because the order was not a final decision disposing of the case or terminating the litigation); *see also Gore v. Hansen*, 59 So.2d 538, 539 (Fla. 1952) ("Clearly, then, an order denying a motion for directed verdict after the case has gone to the jury, resulting in a mistrial, has not 'disposed of the pending action, leaving nothing further to be done but the execution of the judgment,' and is thus not appealable as a 'final judgment.'"). Further, because the district court dismissed the post-judgment motions as moot, the September 14, 2022 order is not appealable under the collateral order doctrine because it does not "conclusively determine the disputed question." *Will*, 546 U.S. at 349 (quoting *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 144).

We therefore **DISMISS** Jones's appeal for lack of appellate jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk