# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

## ORDER MODIFYING MELVIN JONES' ENJOINMENT ORDER, ENJOINING JONES FROM USING THE EASTERN DISTRICT OF MICHIGAN'S PRO SE PORTAL, AND DENYING HIS REQUEST TO PROCEED *IN FORMA PAUPERIS*

On November 15, 2022, non-party Melvin Jones filed a request for leave to file a document in the main Flint water case docket. (No. 16-cv-10444 ECF No. 2264.) Jones is a prolific filer in this and other Flint water cases. He is subject to an enjoinment order in this litigation applicable to all Flint water cases. (*See* Case No. 16-cv-10444, ECF No. 2062 (enjoinment

order), 2054 (excluding notices of appeal from enjoinment order).)

The Clerk of the Court properly struck Jones' filings from Case No. 16-10444 because he is an enjoined filer. The Clerk indicated that if Jones wishes to file documents in the Flint water cases, he must identify docket no. 22-mc-51723 only. (*See* Case No. 16-10444, ECF No. 2268.) Between November 15, 2022 and today, Jones has filed seven items on the docket in Case No. 22-mc-51723.

Jones has also made numerous filings in the Flint water case docket for the Bellwether I and other individual cases, Case No. 17-10164. (*See, e.g.*, Case No. 17-10164, ECF Nos. 956, 970, 973, 977, 982, 987, 991, 994, 996, 1000, 1002, 1003, 1009.) Jones is not a party to any of the Flint water litigation, and has no role

in the Bellwether cases (which involved four minor children and two engineering companies), whatsoever.[1]

This Order clarifies and reiterates that the enjoinment orders entered in Case No. 16-10444 are equally applicable to Case No. 17-10164 and all of the other Flint water cases. Accordingly, with the exception of notices of appeal, which this Court does not have jurisdiction to prohibit, see *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58–59 (1982), the Clerk of the Court is directed to strike Jones' filings in Case No. 17-10164.[2]

---

[1] It is the Court's understanding that Jones has submitted a claim in the partial settlement in these cases, however, he is not a party to the litigation.

[2] So far, the only filing in Case No. 17-10164 that Jones has not entitled "Notice of Appeal" is ECF No. 1002. The Clerk is directed to strike the filing in accordance with this Order and the enjoinment orders in Case No. 16-10444.

Notably, almost without exception, Jones' documents entitled "Notice of Appeal" fail to meet the criteria for a notice of appeal. For example, in Jones' latest filing, entitled "Corrected Notice of Appeal" he writes:

Again, the process and procedure that Jones must follow under this enjoinment order is: all items he submits for filing must contain the Case No. 22-mc-51723 or they will be rejected. The Court will periodically review the docket in Case No. 22-mc-51723. If the Court determines that Jones has satisfied the criteria for obtaining leave to file a particular item, the Court will direct the Clerk's office to place any such filings on the appropriate Flint water case docket. Otherwise, Jones' filings will remain on docket 22-mc-51723 only.[3]

---

> Here—here my question for Judge LEVY is that looking @ my filings . . . is it possible that the 6th Circuit Court of Appeals was TOO harsh in preventing me from sending a simple EMAIL so as to file my intended appeal briefs and such to the 6th Circuit Court of Appeals?

(17-10164, ECF No. 1009, PageID.70454.) This filing, which is mainly a question to the district court, cannot reasonably be construed as a notice of appeal of any district court order. However, because it is entitled "Notice of Appeal," this Court defers to the Court of Appeals to address the filing.

[3] Thus far, none of Jones' filings satisfy the criteria of the enjoinment order. The filings do not include the required certification, do not set forth a claim for relief or a basis for the same, and exceed the

Jones' history of repeated nonsensical and improper filings establishes that he is a vexatious litigant. This Court and the Sixth Circuit Court of Appeals has cautioned Jones regarding his conduct. (*See* October 21, 2022 Order, 6th Cir. Case No. 22-1540/1609.) The Sixth Circuit has prohibited Jones from using the pro se e-filing e-mail box in order to curtail his vexatious filings. (*Id.*) Curtailing Jones' filings is necessary in this Court, too. Accordingly, Jones is prohibited from using the pro se portal system in the Eastern District of Michigan.[4]

Finally, the Court will address Jones' request for in forma pauperis ("IFP") status. On November 15, 2022, the Sixth Circuit sent Jones a letter indicating that Jones has until December 15, 2022 to pay the $505.00 filing fee or file a motion

---

length limitation. (*See* Case No. 22-mc- 1723, ECF Nos. 1–7.) None warrant filing on any of the Flint Water case dockets.

[4] Under Eastern District of Michigan Administrative Order 22-AO-041, pro se filers "may file documents" either via regular mail or through pro se portal. Accordingly, if Jones wishes to file a document in Case No. 22-mc-51723, he may do so only via regular mail.

5

to proceed IFP. (6th Cir. Case No. 22-2042, Document: 1.) Jones filed a document in Case No. 16-10444 seeking IFP status (despite his appeal purporting to originate from Case No. 17-10164). The Clerk's Office properly struck Jones' filing and removed it to Case No. 22-mc-51723, where it resides as ECF No. 4.

28 U.S.C. § 1915 authorizes the Court to permit an appeal without prepayment of fees:

> by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The statute provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(c). Moreover, the statute states that: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the

6

case at any time if the court determines that—the . . . appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B). Additionally, Federal Rule of Appellate Procedure 4 sets forth the requirements for a motion to proceed IFP.

Jones' IFP application does meet the criteria set forth under 28 U.S.C. § 1915(a)(1) or Federal Rule of Appellate Procedure 4. Jones states that his financial status remains unchanged from the time he sought (and was granted) IFP status in Case No. 21-10937. (*See* Case No. 5:22-mc-51723, ECF No. 4, at PageID.53.) He seeks to have this Court grant him an "IFP 'continuing request.'" (*Id.* at PageID.55.) He does not cite any authority for a "continuing request" for this case.[5] While he

---

[5] 28 U.S.C. § 1915(a)(3) recognizes prior approval of IFP status in the same district court action on which the appeal is taken. But this statutory section is inapplicable here because Jones was granted IFP status in a separate case (21-10937) and not in the case he seeks to appeal (17-10164).

7

does demonstrate through a screen-photo of his bank account that he may qualify for IFP status based on his available assets, he does not otherwise qualify under the statute.

Jones' IFP motion describes certain health conditions that he suffers from and acknowledges that his previous appeals of the Bellwether cases have been dismissed. (*Id.* at PageID.55–58.) Jones states: "So – I thought I may NEED to pose 'situational' scenario question to you Judge Levy… so that I will KNOW when, [IF] at all… the your [sic] court will be willing to allow me to file NOTICE documents to you for example. So, here goes." None of this information is relevant to his IFP application.

Jones' filing does not set forth a basis for an appeal in law or in fact, and it is frivolous and malicious. Therefore, Jones' IFP request fails under 28 U.S.C. 1915(e)(2)(B). The subject matter set forth in Jones' IFP application overlaps largely with the content of previously-dismissed appeals. (*See id.*, ECF Nos. 4, 4-

8

4 (containing over 77 pages of attachments and discussion regarding Michigan's emergency financial manager laws and other issues that are unrelated to the Bellwether cases he purports to appeal).) Accordingly, the Court certifies under 28 U.S.C. § 1915(c) that the Jones' appeal is not taken in good faith. Accordingly, Jones' IFP request is denied.

In sum, the Court orders as follows:

- Any filings made by Jones related to the Flint Water Crisis litigation must contain Case No. 22-mc-51723 or they will be rejected by the Clerk's Office;

- Jones is enjoined from using the Eastern District of Michigan pro se portal; and

- Jones' IFP request in Case No. 22-mc-51723, ECF No. 4 is denied.

IT IS SO ORDERED.

Dated: December 2, 2022       s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

9

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
