**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re Flint Water Cases*
_____/

*Bellwether I Case No. 17-10164*
_____/                    *The Hon. Judith E. Levy*

*R.V., a minor v. LAN, Inc., et al.*
*Case No. 17-11166*
_____/

## <u>UNOPPOSED MOTION TO SEAL UNOPPOSED MOTION FOR APPROVAL OF INFANT PLAINTIFF'S SETTLEMENT</u>

COMES NOW, R.V., an Infant Plaintiff, through counsel, and moves this Court, unopposed, for leave pursuant to E.D. Mich. Local Rule 5.3(b) and this Court's Confidentiality Order in Case No. 16-cv-10444 (ECF No. 1162-3) to seal her Motion for Approval of Infant Settlement, in full, and inclusive of the exhibits attached thereto. Pursuant to Local Rule 5.3(b), Plaintiff sets forth the following.

1.    Per 5.3(b)(3)(A)(i), the specific documents Infant Plaintiff seeks to file under seal are the Motion for Approval of Infant Settlement and the exhibits attached thereto. Those exhibits include:

- Ex. 1, R.V. Birth Certificate;
- Ex. 2, Contract of Representation;
- Ex. 3, Appointment Order;
- Ex. 4, Proposed Settlement Agreement and Release;

- Ex. 5, Description of R.V.'s Settlement;
- Ex. 6, Annuity Information;
- Ex. 7, Report of Gary Crakes (Exhibit 2 to Report); and
- Ex. 8, Disbursement Detail.

2.   Per 5.3.(b)(3)(A)(ii), Plaintiff is unaware of any "non-party" or "third-party privacy interests that may be affected."

3.   Per 5.3.(b)(3)(A)(iii), under the Confidentiality Order entered in 16-cv-10444, as an attachment to the Fifth Amended Case Management Order, the proposed sealed material can be designated as "confidential" by way of this motion. ECF No. 1255-3, PageID.393967 (Confidentiality Order); *see also* ECF No. 1216, PageID.3824 (Hearing Tr., discussing procedure).

4.   Per 5.3.(b)(3)(A)(iv), for the reasons set forth in the accompanying brief, Plaintiff's request to seal satisfies controlling authority.

5.   Per 5.3.(b)(3)(A)(v), Plaintiff seeks to have these documents sealed in their entirety, and therefore has not attached redacted versions of the documents.

6.   Per 5.3.(b)(3)(A)(v), an unredacted version of the documents that are sought to be filed under seal is attached hereto as:

- Exhibit A (Plaintiff R.V.'s Motion for Approval of Infant Settlement);
- Ex. 1, R.V.'s Birth Certificate;
- Ex. 2, Contract of Representation;

- Ex. 3, Appointment Order;
- Ex. 4, Proposed Settlement Agreement and Release;
- Ex. 5, Description of R.V.'s Settlement;
- Ex. 6, Annuity Information;
- Ex. 7, Report of Gary Crakes (Exhibit 2 to Report); and
- Ex. 8, Disbursement Detail.

Wherefore, Infant Plaintiff R.V. respectfully requests that this Court grant her Unopposed Motion to Seal her Unopposed Motion for Approval of Infant Settlement.

Dated: December 9, 2022                                        Respectfully submitted,

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
605 Third Ave., 33rd Floor
New York, NY 10158
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re Flint Water Cases*
_____/


*Bellwether I Case No. 17-10164*
_____/          *The Hon. Judith E. Levy*


*R.V. a minor v. LAN, Inc., et al.*
*Case No. 17-11166*
_____/


**BRIEF IN SUPPORT OF INFANT PLAINTIFF'S MOTION TO SEAL**

## <u>CONCISE STATEMENT OF ISSUE PRESENTED</u>

Whether compelling reasons require a finding that the Settlement Agreement in this matter, and the pleadings and accompanying documents associated therewith, should be sealed from public disclosure, including in light of the best interests of a minor child, to protect said child from being exposed to predators, exploitation, unwarranted anger, jealousy, and attention from and within her community and/or from the public at large, especially in light of the fact that there is not a compelling public interest in dissemination of the information contained in the Settlement Agreement, the pleadings, accompanying documents associated therewith, and where no rational objections to the Settlement Agreement are anticipated.

*Plaintiff's Answer:*          *Yes*

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- Federal Rule of Civil Procedure 5.2

- Michigan Local Rule 5.3

- *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F. 3d 299 (6th Cir. 2016)

## LAW AND DISCUSSION

Infant Plaintiff seeks to seal her Unopposed Motion for Approval of Infant Settlement, including the exhibits to the motion, which are attached hereto as Exhibit A, and Exhibits 1 – 8. This Court has the power to do so as Plaintiff's request satisfies controlling authority.

Eastern District of Michigan Local Rule 5.3[1] explicitly permits the Court to order those documents containing private or sensitive information be filed under seal. The Court may grant a motion to seal "upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). The Court bases its decision on the following three factors:

1. "[W]hy the interests in support of nondisclosure are compelling[;]"

2. "[W]hy the interests supporting access are less so;" and

3. "[W]hy the seal itself is no broader than necessary[.]"

---

[1] The Court is also empowered by the Federal Rules of Civil Procedure. Federal Rule 5.2 provides that the name of an individual known to be a minor should be redacted from a public filing and replaced with the minor's year of birth or the minor's initials. *See* Fed. R. Civ. P. 5.2(a) ("[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . the minor's initials."). This rule recognizes the importance of protecting the best interests of minor children. If the *name* of a minor child must be redacted from a public filing to protect the minor's best interests, then it certainly follows that it is in the minor's best interests to seal all references to financial information related to that minor child.

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016) (internal citation omitted).

In addition to Local Rule 5.3's explicit grant of authority to seal, it is well settled that this Court "has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978). The Court also has "the discretion to decide issues regarding the sealing of the record, by balancing factors both for and against access." *Lemkins v. Bradley, No.* 07-CV-387-KSF, 2007 U.S. Dist. LEXIS 87082, at *3 (E.D. Ky. Nov. 21, 2007).

Turning to the merits, the interests in nondisclosure are compelling and the interests supporting access are far less so, if any exist at all. The Unopposed Motion for Approval of Infant Settlement and exhibits attached thereto contain private information of the Infant Plaintiff including her name, birthday, social security number, extremely sensitive health information, and extremely sensitive financial information. Courts in this Circuit recognize that "the strength of [a] minor child's privacy interests are strong." *Al Maqablh v. Heinz*, No. 3:16-CV-289-JHM, 2017 WL 1400591, at *3 (W.D. Ky. Apr. 13, 2017); *see also* Fed. R. Civ. P. 5.2(a) ("[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . the minor's initials."). And this

Court has explicitly recognized the same in the context of this litigation. *See* ECF 1330 (Or., "The interests in protecting the minor children's identities from disclosure is also compelling at this time. Sealing would result in keeping private, identifying information about minors from being publicly disseminated."); *see also* ECF No. 1224, PageID.38473 (July 29, 2020 Tr., permitting plaintiffs to seal "the name of the young four-year-old").[2]

An additional compelling interest is the risk that exposing any of this information, or information that would cause people to make certain assumptions about this information, will impose on the welfare of the infant children. The Infant Plaintiff is one among thousands who lived in Flint during the Flint Water Crisis. Many, if not most, have either filed a lawsuit related to the crisis, or still could (and may) based upon their age and the relevant statute of limitations. Further, at present, the undersigned is unaware of a single child who has received any monetary compensation flowing from the crisis. If the Infant Plaintiff is exposed for having settled part of a lawsuit, it will likely generate unwarranted anger, jealousy, and attention that could dramatically affect her and expose her to danger in the

---

[2] It appears other courts in this district have *sua sponte* sealed settlement agreements having to do with minors. *See Mohney v. USA Hockey, Inc.*, 300 F. Supp. 2d 556, 559 (N.D. Ohio 2004) (settlement agreement for infant and mother filed under seal); *Kinney v. Walters*, No. 16-cv-14042, 2019 U.S. Dist. LEXIS 85999, at *4 (E.D. Mich. May 22, 2019) (civil case that involved four minors)

community. Additionally, the Infant Plaintiff will be exposed to hundreds if not thousands of individuals now and throughout her lifetime who may not have her best interests in mind, and who may try to take advantage of or prey upon her based on their knowledge of the settlement. The above outlined risks, undoubtably constitute a compelling interest warranting *complete* sealing of the requested motions. *See Davis v. Alcoa, Inc*., No. 17-13658, 2019 U.S. Dist. LEXIS 132603, at *5 (E.D. Mich. June 10, 2019) ("The Court finds … that concern for the welfare of the minor … supplies a sufficiently compelling basis to warrant sealing of the terms of the settlement agreements in this instance.").

While *Shane* can and should be read as more protective of the public interest side of this issue, *Shane* was a wholly different case that has no similarities to this one. There, the sealed materials formed the basis for a settlement agreement that would determine the rights of literally millions of citizens. Clearly the public had a legitimate interest in that. Furthermore, *Shane* concerned a class action. Class members needed access to court filings, especially an expert report, to make a consequential judgment on the proposed settlement and the likelihood of success on their claims. Depriving unnamed class members access to the materials violated the objection process under Federal Rule of Civil Procedure (FRCP) 23(e).

Infant Plaintiff is not part of a class. Her settlement bears no connection to a class. And to date, she is one of only four individuals to have their civil cases tried

to a jury related to the Flint Water Crisis. And for that reason alone, her settlement cannot be said to bear on other individuals who have filed individual lawsuits, because none of those individuals went through the grueling process of a six-month trial. And it would be naïve for anyone outside of those four individuals to assume their individual cases are the same as the four if for no other reason but that.[3]

Here, there is not a single compelling reason and/or prevailing public concern or need for the information included in the subject motion or its corresponding exhibits. *See* ECF 1330 (Or., "Additionally, there is little or no interest to the public in revealing the names minor children, especially while the litigation is pending and the Court is still considering the merits of approving the proposed settlement agreement."). This is an **individual** settlement, for an **individual** child, who is not and has never been part of a class related to the Flint Water Crisis, who went through an exhaustive trial that ended in a hung jury, and whose case was reset for trial. The only interest in this settlement from anyone not associated with it directly would be rooted in selfishness, greed, gossip, and/or opportunity.

And even if there was some compelling public interest here, which there is not, the compelling interest of the Infant Plaintiff as outlined above would heavily

---

[3] The other three individuals have also reached individual settlements with the same defendant, and so it cannot be said that any one of them has any interest in a public filing of the subject settlement documents for the same reasons outlined herein. And each of the other three have or will file a motion like this one.

outweigh that interest. *See Nixon*, 435 U.S. 589 at 598 ("The common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal.") (Internal quotation marks and citations omitted.)

The seal sought here is no broader than necessary. *Shane Grp*., 925 F.3d at 306. The compelling concern discussed above regarding the child's welfare cannot be accomplished by any means lesser than sealing the entirety of the motion and its contents. And redacting will not provide adequate protection to the interests of the child sought to be protected. In fact, redactions here could create more, not less assumptions and baseless conclusions. This is especially true given the publicity surrounding the Flint litigation as a whole and the first Bellwether Trial specifically. Redacting certain portions of the subject documents, while permitting other portions to be public, could lead to an entire community – comprised of thousands of individuals – to speculate about the private interests of the child. And there exists the potential for internalizing that speculation, and using the emotion generated by that internalization in ways that are dangerous.

To date we have seen individuals who did not even reside in Flint spend hundreds of hours filing appeals in cases they are not parties to, related to a crisis they were not part of – many of which have been dominated by racial and ant-semitic rhetoric. We have seen Opinion Editorials published that contain false information

that could have (and may have been intended to) create chaos in and around Flint. We have seen numerous "reputable" publications willing to print them. And we have seen attorneys and experts characterized publicly in ways that no one wants to be, and that certainly has not been earned, because of a perception created by people in the community, and at times even their counsel and Council members, that those lawyers and experts were committing genocide through the prosecution of their cases.

Yet none of these efforts or attacks has once been directed at a child. Obviously, the making of this very motion draws attention to the Infant Plaintiff, but that is nothing compared to the unwarranted and potentially devastating and life-changing attention she will receive if the filings are not sealed.

Finally, the settling defendants do not object to filing the subject motion and its exhibits under seal. In fact, they strongly desire it as they included confidentiality as a condition for resolving the Infant Plaintiff's claims.

## <u>CONCLUSION</u>

Considering the foregoing, Infant Plaintiff asserts that compelling reasons require a finding that the subject motion and accompanying documents should be sealed from public disclosure.

Dated: December 9th, 2022                 Respectfully submitted,

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
Melanie Daly
605 Third Ave., 33rd Floor
New York, NY 10158
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com
mdaly@levylaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Corey Stern, hereby certify that on December 9th, 2022, the foregoing pleading was served on all counsel of record, via the Eastern District of Michigan's ECF portal.

**LEVY KONIGSBERG, LLP**

<u>/s/ COREY M. STERN</u>
Corey M. Stern
605 Third Ave., 33rd Floor
New York, NY 10158
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com
