UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Filing Relates to:

WALTERS *et al.*, v. CITY OF FLINT *et al.*
Case No. 17-10164

MEEKS *et al.* v. UNITED STATES
Case No. 19-13359

_____/

---

**United States of America's Motion to Dismiss, or in the Alterative for Judgment on the Pleadings or for Summary Judgment, for Failure to Satisfy the Federal Tort Claims Act's Exhaustion Requirement**

---

Pursuant to Section VII of the Scheduling Order for *Meeks v. United States* (ECF No. 976, PageID.69792), the United States of America moves this Court to dismiss the 350 adult *Meeks* Plaintiffs' claims for failing to exhaust administrative remedies as required by 28 U.S.C. § 2675(a). The Federal Tort Claims Act (FTCA) "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Claimants exhaust their FTCA administrative remedies in pertinent part by "first

1

present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). As detailed in the accompanying Memorandum in Support, the relevant administrative claims in this case were all submitted on behalf of minors (whose claims are not at issue in this motion) and not on behalf of the adult *Meeks* Plaintiffs. Therefore, the adult *Meeks* Plaintiffs' claims should be dismissed for failing to satisfy 28 U.S.C. § 2675(a).

Pursuant to Local Rule 7.1(a), the counsel for the United States conferred with the *Meeks* Plaintiffs' counsel regarding this Motion, including providing a draft of the Memorandum in Support. Plaintiffs' counsel responded that they would oppose the Motion.

Dated: December 12, 2022          Respectfully submitted,


                                  J. Patrick Glynn
                                  Director, Torts Branch

                                  Christina M. Falk
                                  Assistant Director, Torts Branch

                                  Eric A. Rey
                                  Michael L. Williams
                                  Jason T. Cohen
                                  Daniel C. Eagles
                                  Timothy B. Walthall
                                  Trial Attorneys, Torts Branch

*s/ Eric A. Rey*
ERIC A. REY (DC Bar # 988615)
Trial Attorneys, Torts Branch
Environmental Tort Litigation
175 N Street, N.E.
Washington, DC 20002
e-mail: eric.a.rey@usdoj.gov
phone: 202-616-4224

## CERTIFICATE OF SERVICE

I hereby certify that, on December 12, 2022, the foregoing and the accompanying Memorandum in Support, Declaration of Kenneth Redden, and Exhibits A – H were filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon all counsel of record.

*/s/ Eric Rey*
ERIC REY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases                                    Judith E. Levy
                                                             United States District Judge

_____/

This Filing Relates to:

WALTERS *et al.*, v. CITY OF FLINT *et al.*
Case No. 17-10164

MEEKS *et al.* v. UNITED STATES
Case No. 19-13359

_____/

_____

**United States of America's Memorandum in Support of its
Motion to Dismiss, or in the Alterative for Judgment on the Pleadings or for
Summary Judgment, for Failure to Satisfy the Federal Tort Claims Act's
Exhaustion Requirement**

_____

**STATEMENT OF ISSUE PRESENTED**

Should the Court dismiss the 350 adult *Meeks* Plaintiffs' claims for failing to

exhaust administrative remedies as required by 28 U.S.C. § 2675(a)?

## CONTROLLING OR MOST APPRORIATE AUTHORITIES

*Copen v. United States*, 3 F.4th 875 (6th Cir. 2021)

*Exec. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514 (6th Cir. 1974)

*Kellom v. Quinn*, No. 20-1003, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021)

*Kellom v. Quinn*, No. 17-11084, 2022 WL 2230447, at *12 (E.D. Mich. June 21, 2022)

*McNeil v. United States*, 508 U.S. 106, 113 (1993)

*Rucker v. United States Dep't of Labor*, 798 F.2d 891 (6th Cir. 1986)

28 U.S.C. § 2675(a)

## TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES......................... iii

TABLE OF AUTHORITIES ............................................................... v

EXHIBIT LIST ............................................................................ viii

INTRODUCTION .........................................................................1

FACTUAL BACKGROUND...............................................................2

PROCEDURAL BACKGROUND.........................................................4

STANDARD OF REVIEW ...............................................................5

    I.     Rule 12(h)(3) Motion to Dismiss .........................................6

    II.    Rule 12(c) Motion for Judgment on the Pleadings .............................7

    III.    Motion for Summary Judgment ..........................................9

ARGUMENT ..............................................................................10

    I.     The Adult *Meeks* Plaintiffs Failed to Satisfy 28 U.S.C. §2675(a)......10

    II.    Regardless of Whether 28 U.S.C. §2675(a) Is Jurisdictional, it is Mandatory Requirement that the Adult Plaintiffs Failed to Satisfy, And Therefore Their Claims Must Be Dismissed...............................15

CONCLUSION ............................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ................................................................................9

*Cohan v. MGM Hosp., Inc.,*
   No. 20-CV-10981, 2021 WL 4478744 (E.D. Mich. Sept. 30, 2021)...................6

*Copen v. United States,*
   3 F.4th 875 (6th Cir. 2021)........................................................... passim

*E.E.O.C. v. J.H. Routh Packing Co.,*
   246 F.3d 850 (6th Cir. 2001) ...................................................................7

*Exec. Jet Aviation, Inc. v. United States,*
   507 F.2d 508 (6th Cir. 1974) ..................................................................15

*Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.,*
   491 F.3d 320 (6th Cir. 2007) ...................................................................6

*Glarner v. U.S., Dep't of Veterans Admin.,*
   30 F.3d 697 (6th Cir. 1994) ........................................................... 11, 15

*Gonzalez v. Thaler,*
   565 U.S. 134 (2012) ..............................................................................17

*Gray v. United States,*
   723 F.3d 795 (7th Cir. 2013)..................................................................17

*In re Flint Water Cases,*
   482 F. Supp. 3d 601 (E.D. Mich. 2020) ..............................................6, 7

*In re Flint Water Cases,*
   584 F. Supp. 3d 383 (E.D. Mich. 2022) ..................................................9

*Johnson v. United States,*
   704 F.2d 1431 (9th Cir. 1983)................................................................12

*Kellom v. Quinn*,
No. 20-1003, 2021 WL 4026789 (6th Cir. Sept. 3, 2021) ........................... 15, 16

*Kellom v. Quinn*,
No. 17-11084, 2022 WL 2230447, at *12 (E.D. Mich. June 21, 2022) ......... 18

*McNeil v.United States*,
508 U.S. (1993) ....................................................................... 1, 10, 17

*Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*,
672 F.3d 396 (6th Cir. 2012) ...................................................................8

*Petronykoriak v. Equifax Info. Servs. LLC*,
No. 19-CV-10784, 2019 WL 4278171 (E.D. Mich. Sept. 10, 2019)....................7

*Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*,
95 F. App'x 132 (6th Cir. 2004) ...............................................................9

*Rahaman v. Am. Connect Fam. Prop & Cas Ins.*,
563 F. Supp. 3d 698 (E.D. Mich. 2021) ...................................................9

*Reed v. United States*,
No. 3:18-CV-201, 2022 WL 2132509 (E.D. Tenn. May 31, 2022)....................16

*Reyes-Trujillo v. Four Star Greenhouse, Inc.*,
513 F. Supp. 3d 761 (E.D. Mich. 2021) ...................................................8

*Riad v. United States*,
No. CIV.A. 11-7777, 2012 WL 986753 (E.D. Pa. Mar. 22, 2012)......................8

*Richmann v. Cuyahoga Valley Nat'l Park*,
No. 1:14 CV 928, 2014 WL 12597841, (N.D. Ohio Dec. 1, 2014)....................12

*Rote v. Zel Custom Mfg. LLC*,
816 F.3d 383 (6th Cir. 2016) ...................................................................6

*Rucker v. U.S. Dep't of Lab.*,
798 F.2d 891 (6th Cir. 1986).................................................... 1, 11, 12

*Sanders v. United States*,
     493 F. Supp. 3d 470 (D.S.C. 2020) ........................................................6

*Stewart v. United States*,
     458 F. Supp. 871 (S.D. Ohio 1978).....................................................12

*Street v. J.C. Bradford & Co.*,
     886 F.2d 1472 (6th Cir. 1989) ..............................................................9

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
     551 U.S. 308 (2007) ..........................................................................6, 8

*United States v. Ritchie*,
     15 F.3d 592 (6th Cir. 1994) ..................................................................7

*Wayside Church v. Van Buren County*,
     847 F.3d 812 (6th Cir. 2017) ................................................................7

*Webb v. Trader Joe's Co.*,
     999 F.3d 1196 (9th Cir. 2021) ..............................................................7

**Rules**

Fed. R. Civ. P. 12(c).................................................................................7

Fed. R. Civ. P. 12(h)(3).............................................................................5

Fed. R. Civ. P. 56(a).................................................................................9

**Statutes**

28 U.S.C. § 2675(a) ....................................................................... passim

## EXHIBIT LIST

Declaration of Kenneth Redden

Exhibit A (Plaintiffs' "Statement of Facts and Basis for Claim")

Exhibits B – H (Plaintiffs' 350 "Standard Form 95 (SF-95) Requirements")

## INTRODUCTION

The Federal Tort Claims Act (FTCA) "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Claimants exhaust their FTCA administrative remedies in pertinent part by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a).

In this case, the 350 adult *Meeks* Plaintiffs have not satisfied 28 U.S.C. § 2675(a), and therefore their FTCA claims should be dismissed.[1] Although these adult Plaintiffs were mentioned on claims presented to the U.S. Environmental Protection Agency (EPA), the Sixth Circuit Court of Appeals recently reaffirmed that "identifying a claimant's [family member] on a [FTCA claim form], *without more*, is not sufficient to fulfill the . . . requirement of 28 U.S.C. § 2675(a)." *Copen v. United States*, 3 F.4th 875, 884 (6th Cir. 2021) (quoting *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893 (6th Cir. 1986) (emphasis in the original).

For at least six independent reasons, these claims were all presented on behalf of minor children and not on behalf of the adult Plaintiffs themselves. For example, all the claims qualify the adults' role "as next friend and mother of" or "as next friend and father of" the minor children and, in contrast to the *Meeks*

---

[1] To be clear, the United States does not move to dismiss the minor *Meeks* Plaintiffs' claims on these grounds.

1

complaint, do not indicate that the adults are pursuing claims in their individual capacity. Moreover, all the claims provide the same responses to whether claimants are employed: "**Minor Child – No Employment**" or "**Minor Children – No Employment**." For these and other reasons detailed below, the adult Plaintiffs' claims were not presented as required by 28 U.S.C. § 2675(a), and therefore these claims should be dismissed.

## FACTUAL BACKGROUND

Between March and June 2017, EPA received FTCA administrative claims from counsel for the *Meeks* Plaintiffs relating to alleged exposure to contaminants in Flint's drinking water (hereinafter, "Claims"). Declaration of Kenneth Redden ("Redden Decl.") ¶ 2. These Claims all contained a three-page document entitled "Standard Form 95 (SF-95) Requirements," followed by a 20-page "Statement of Facts and Basis for Claim." *Id.* ¶ 4. The 20-page "Statement of Facts and Basis for Claim" is the same for all the Claims and contains no claimant-specific information, such as the claimant's name, address, date of alleged exposure, or specific injuries allegedly suffered. *Id.* ¶ 5; *id.*, Exh. A (Statement of Facts and Basis for Claim). Likewise, the three-page "Standard Form 95 (SF-95) Requirements" largely contains the same information, regardless of the claimant. *Id.* ¶ 7; *see also* Exh. B – H (containing the Standard Form 95 (SF-95) Requirements from all the Claims). For example, the "Date and Day of Accident"

2

(Paragraph 6), "Times of accident" (Paragraph 7), "Basis of Claim" (Paragraph 8), and "Witnesses" (Paragraph 11) are identical across all the Claims and none include claimant-specific information. *Id.* ¶ 7.

The "Standard Form 95 (SF-95) Requirements" documents do, however, contain claimant-specific information in Paragraphs 2, 3, 4, and 5 as shown in the example below:

2.    Claimant and Claimant's Representative: Aasiyah Meeks, as next of friend and mother of one minor child, A.M. ███████████, Flint, MI 48503, claimant's counsel can be contacted at 212-605-6200. Aasiyah Meeks has authorized the attorney and law firm listed on the attached SF-95, Exhibit 2, to represent her child and act on their behalf.

3.    Type of employment: Minor Children – No Employment

4.    Date(s) of Birth: A.M. – ████ 2013

5.    Marital Status: Single

Notably, the "Types of employment" paragraph for all the Claims state: "Minor Child – No Employment" or "Minor Children – No Employment," depending on whether one or more minors are mentioned in "Claimant and Claimant's Representative" (Paragraph 2). *Id.* ¶ 10. In addition, all of the "Date(s) of Birth" provided in the Claims are for minors. *Id.* ¶ 11.

Moreover, when one minor child was mentioned on the Claim, the "Nature and extent of each injury" (Paragraph 10) used the singular "Claimant," but when

more than one minor child was mentioned, the plural "Claimants" was used. *Id.* ¶ 12. Finally, the amount of personal injury damages specified in each Claim (Paragraph 12.C) was $2 million for each minor child mentioned in the Claim. *Id.* ¶ 13.[2]

## PROCEDURAL BACKGROUND

On June 5, 2020, the United States filed its motion to dismiss for lack of subject-matter jurisdiction based on lack of analogous private liability, as well as the FTCA's discretionary function and misrepresentation exceptions. ECF No. 300. On August 26, 2020, the Court denied the United States' motion to dismiss. ECF No. 318. On October 13, 2020, the United States moved for interlocutory appeal of the Court's denial of its motion to dismiss. ECF No. 320. On September 7, 2022, the Court denied the United States' motion for interlocutory appeal. ECF No. 917.

On October 7, 2022, the United States filed its answer to the *Meeks* complaint, noting that not all the *Meeks* plaintiffs exhausted administrative remedies, ECF No. 972, PageID.69697, and specifically pleading failure to exhaust

---

[2] For example, a Claim mentioning one minor child was for $2 million, whereas a claim mentioning two minor children was for $4 million and a claim mentioning three minor children was for $6 million. *Compare* Redden Decl., Exh. B at pp. 1 & 3 (seeking $2 million when one minor child listed), *with id.*, Exh C. at pp. 1 & 3 (seeking $6 million when three minor children listed).

as both a jurisdictional bar and an affirmative defense as to the 350 adult *Meeks* Plaintiffs' claims, *id.*, PageID.69716-69717.

The United States now files this motion pursuant to Section VII of the Scheduling Order for *Meeks v. United States*. ECF 976, PageID.69792.[3]

## STANDARD OF REVIEW

Although Sixth Circuit caselaw currently is unclear whether 28 U.S.C. § 2675(a) is a jurisdictional requirement or a claim-processing rule, compliance with Section 2675(a) remains mandatory. *See infra* at 15-18. This distinction— jurisdictional or a claims-processing rule—only impacts whether the Court dismisses the adult Plaintiffs' claims under: (1) Federal Rule of Civil Procedure (Rule) 12(h)(3) (lack of subject matter jurisdiction); or (2) Rules 12(c) (judgment on the pleadings) or 56 (summary judgment). Regardless of which standard is applied, the result remains the same: dismissal of the adult Plaintiffs' claims for failure to satisfy 28 U.S.C. § 2675(a)'s presentment requirement.

---

[3] *See* Scheduling Order for *Meeks v. United States*. ECF 976, PageID.69792 ("The United States contends that the 350 adult *Meeks* Plaintiffs failed to exhaust administrative remedies prior to filing suit, and therefore this Court lacks subject-matter jurisdiction over their claims. Within sixty (60) day[s] from entry of this Order, the United States may file a motion to dismiss on this issue and, if so, the Court will decide this issue before discovery commences with respect to the adult *Meeks* Plaintiffs' claims.").

## I.      Rule 12(h)(3) Motion to Dismiss

"A motion to dismiss brought under Rule 12(h)(3) is analyzed in the same manner as [one] under Rule 12(b)(1)." *Cohan v. MGM Hosp., Inc.*, No. 20-CV-10981, 2021 WL 4478744, at *1 (E.D. Mich. Sept. 30, 2021) ("The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.").

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *In re Flint Water Cases*, 482 F. Supp. 3d 601, 615 (E.D. Mich. 2020) (quoting *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). "A facial attack 'questions [ ] the sufficiency of the pleading.'" *Id.* (quoting *Rote v. Zel Custom Mfg. LLC,* 816 F.3d 383, 387 (6th Cir. 2016)). "While courts generally do not consider extrinsic evidence when considering a facial attack, they may consider 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Sanders v. United States*, 493 F. Supp. 3d 470, 482 (D.S.C. 2020) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

"A factual attack, by contrast, 'raises a factual controversy requiring the district court to weigh the conflicting evidence to arrive at the factual predicate that

subject-matter [jurisdiction] does or does not exist.'" *In re Flint Water Cases*, 482 F. Supp. 3d at 615 (quoting *Wayside Church v. Van Buren County*, 847 F.3d 812, 817 (6th Cir. 2017)). "In a factual attack on subject matter jurisdiction, there is no presumptive truthfulness that applies, and 'the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

## II.   Rule 12(c) Motion for Judgment on the Pleadings

A Rule 12(c) "motion for judgment on the pleadings is reviewed under the same standard as one brought under Rule 12(b)(6)." *Petronykoriak v. Equifax Info. Servs. LLC*, No. 19-CV-10784, 2019 WL 4278171, at *1 (E.D. Mich. Sept. 10, 2019) (Levy, J.) (quoting *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "That is, courts must 'construe the complaint in the light most favorable to the plaintiff' and 'accept all of the complaint's factual allegations as true.'" *Id.* (citation omitted).

"Because motions for judgment on the pleadings are functionally identical to Rule 12(b)(6) motions, when ruling on either type of motion 'courts must consider the complaint in its entirety, as well as other sources ..., in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir.

2021) (quoting *Tellabs*, 551 U.S. at 322) (cleaned up); *see also* Compl. ¶¶ 4, 8 (ECF No. 315-1, PageID.11836).

Moreover, since Plaintiffs' administrative claims are integral to Plaintiffs' ability to pursue this FTCA action, *see infra* at 10, the Court may consider the claims without converting this to a motion for summary judgment. *See, e.g.*, *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) ("documents integral to the complaint may be relied upon, even if [they are] not attached or incorporated by reference;" provided, *"*there exist no material disputed issues of fact regarding the relevance of the document") (cleaned up); *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F. Supp. 3d 761, 775 n.2 (E.D. Mich. 2021) (Levy, J.) ("Because the Four Star Job Order is integral to several of the claims alleged in the Complaint and there is no dispute over the validity of the document, the Court will rely on it where appropriate in evaluating this motion.") (citing *Mediacom Se.*, 672 F.3d at 400); *see also Thompson v. United States*, No. CV RDB-15-2181, 2016 WL 2649931, at *2 n.4 (D. Md. May 10, 2016) ("The [administrative claim] documents are thus integral to Plaintiff's present FTCA action"), *aff'd,* 670 F. App'x 781 (4th Cir. 2016); *Riad v. United States*, No. CIV.A. 11-7777, 2012 WL 986753, at *2 n.2 (E.D. Pa. Mar. 22, 2012) ("Including [the administrative claim] documents with the defendant's motion does not convert it into one for summary judgment because it is indisputably authentic and integral to

8

the complaint, as the denial of the plaintiff's administrative claim is required for

the Court to exercise jurisdiction under the FTCA.").

## III.  Motion for Summary Judgment

"Summary judgment is proper when 'the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law.'" *In re Flint Water Cases*, 584 F. Supp. 3d 383, 397 (E.D. Mich.

2022) (Levy, J.) (quoting Fed. R. Civ. P. 56(a)). "The Courts 'view[ ] the evidence,

all facts, and any inferences that may be drawn from the facts in the light most

favorable to the nonmoving party.'" *Id.* (quoting *Pure Tech Sys., Inc. v. Mt.*

*Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004)). "Once the moving party in

a summary judgment motion identifies portions of the record which demonstrate

the absence of a genuine dispute over material facts, the opposing party may not

then 'rely on the hope that the trier of fact will disbelieve the movant's denial of a

disputed fact,' but must make an affirmative evidentiary showing to defeat the

motion." *Rahaman v. Am. Connect Fam. Prop & Cas Ins.*, 563 F. Supp. 3d 698,

701–02 (E.D. Mich. 2021) (Levy, J.) (quoting *Street v. J.C. Bradford & Co.*, 886

F.2d 1472, 1479 (6th Cir. 1989)). "If the non-moving party cannot meet that

burden, summary judgment is proper." *Id.* (citing *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986)).

## ARGUMENT

## I.     The Adult *Meeks* Plaintiffs Failed to Satisfy 28 U.S.C. § 2675(a).

The FTCA "bars claimants from bringing suit in federal court until they

have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113; *see also*

*id.* at 112 ("The most natural reading of [28 U.S.C. § 2675(a)] indicates that

Congress intended to require complete exhaustion of Executive remedies before

invocation of the judicial process."). In *McNeil*, the U.S. Supreme Court elaborated

on the purpose of administrative exhaustion in FTCA cases and why courts must

enforce Section 2675(a)'s exhaustion requirement:

> Every premature filing of an action under the FTCA imposes some
> burden on the judicial system[] and on the Department of Justice which
> must assume the defense of such actions. Although the burden may be
> slight in an individual case, the statute governs the processing of a vast
> multitude of claims. The interest in orderly administration of this body
> of litigation is best served by adherence to the straightforward statutory
> command.

*Id.* (footnote omitted).

FTCA claimants exhaust their administrative remedies by "first present[ing]

the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). To present a

claim that satisfies Section 2675(a), a claimant must "give written notice of a claim

sufficient to enable the agency to investigate the claim." *Glarner v. U.S., Dep't of*

10

*Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994).[4] In this case, the 350 adult *Meeks* Plaintiffs did not give sufficient notice that the Claims were being submitted on their own behalf—as opposed to only on behalf of their minor children (whose claims are not at issue in this motion). Indeed, they expressly stated the contrary. *See supra* at 13 (all Claims submitted as "next friend" of minor child and not in the adults' individual capacity).

In the Sixth Circuit, "identifying a claimant's [family member] on a [FTCA claim form], *without more*, is not sufficient to fulfill the . . . requirement of 28 U.S.C. § 2675(a)." *Copen v. United States*, 3 F.4th 875, 884 (6th Cir. 2021) (quoting *Rucker v. U.S. Dep't of Lab.*, 798 F.2d 891, 893 (6th Cir. 1986)) (emphasis in the original). Accordingly, in *Rucker*, the Sixth Circuit held that plaintiff's wife did not present her own claim when only her name was included in plaintiff's claim. 798 F.2d at 893 (Although "Plaintiffs point out that Rucker's wife was clearly identified as such on Rucker's Standard Form 95," "[w]e agree with the district court that this is not substantial compliance, and we conclude, as have other courts that have addressed precisely this issue, that identifying a claimant's wife on a Standard Form 95, without more, is not sufficient to fulfill the jurisdictional requirement of 28 U.S.C. § 2675(a).") (citing *Johnson v. United*

---

[4] Section 2675(b) requires the claimant to "place a value (or 'sum certain') on the claim." *Glarner*, 30 F.3d at 700.

*States*, 704 F.2d 1431, 1442 (9th Cir. 1983) and *Stewart v. United States*, 458 F. Supp. 871, 872 (S.D. Ohio 1978)); *see also Richmann v. Cuyahoga Valley Nat'l Park*, No. 1:14 CV 928, 2014 WL 12597841, at *3 (N.D. Ohio Dec. 1, 2014) ("The only mention of Mrs. Richmann on Mr. Richmann's Administrative Claim form is her being listed as a witness. Per *Rucker*, this is not sufficient to satisfy the requirements of 28 U.S.C. § 2675(a).").

In contrast, in *Copen*, the Sixth Circuit held that the administrative claim at issue placed the agency on notice of a husband's claim because the form: (1) identifies the husband "as being involved in the accident . . . as the driver;" (2) "indicates both [the wife and husband] were injured in the accident, and that [the husband] was taken to the hospital;" and (3) states "that the extent of [the husband's] injuries was yet to be determined." 3 F.4th at 884. The *Copen* panel found that these three additional facts—beyond the inclusion of the husband's name on the form—were sufficient to notify the agency that both the wife and the husband were presenting claims. *Id.*

In this case, although the adult Plaintiffs' names were included in Paragraph 2 of the "Standard Form 95 (SF-95) Requirements" portion of the Claims, there is nothing "more" to indicate that the Claims were asserted on behalf of the adult Plaintiffs. *Copen*, 3 F.4th at 884 (quoting *Rucker*, 798 F.2d at 893). If anything, the

12

something more—*i.e.*, the context of each Claim—indicates in at least six different ways that the Claims were submitted only on behalf of the minor children.

First, all the Claims qualify the adults' role "as next friend and mother of" or "as next friend and father of" the minor children in Paragraph 2. Redden Decl. ¶ 9; *see, e.g.*, *supra* at 3. In contrast to the *Meeks* complaint's caption, the Claims do not indicate that the adults are pursuing claims in their individual capacity. *Compare* Meeks Compl. at pp. 1-21 (ECF No. 315-1, PageID.11814-11834).

Second, for "Type of employment" (Paragraph 3), all the claims contain the same response: "**Minor Child – No Employment**" or "**Minor Children – No Employment**." Redden Decl. ¶ 10 (emphasis added). This is another sure indication that the claims were presented only on behalf of minor children.

Third, for "Date(s) of Birth" (Paragraph 4), none of the adult Plaintiffs' birthdates are provided and only those of minor children are provided. *Id.* ¶ 11. Similar to the "Minor Child – No Employment" response in Paragraph 3, it is difficult to reconcile providing only the minor children's birthdates with the position that the adult Plaintiffs were presenting claims on their own behalf.

Fourth, for "Marital Status" (Paragraph 5), all the Claims contain the same response ("Single"), which seems unlikely if the adult Plaintiffs were presenting claims on their own behalf. *Id.* ¶ 7; *see, e.g.*, *supra* at 3.

Fifth, in "Nature and extent of each injury" (Paragraph 10), the claims use the singular "Claimant" when a single minor child is mentioned, but the plural if more than one minor child is mentioned. Redden Decl. ¶ 12. This appears to have been a purposeful change among Claims. If the adult Plaintiffs also were presenting claims on their own behalf, one would expect the plural "Claimants" always to have been used.

Finally, in the damages calculation (Paragraph 12), the Claims do not separately delineate damages per claimant. Instead, the aggregate damages amount always equals $2 million for each minor child mentioned in the claim. *Id.* ¶ 12; *see supra* at 4, n.2. If the adult Plaintiffs also were presenting claims on their own behalf, the damages calculation would have reflected their claims. Instead, the damages are tied exclusively to the number of minor children mentioned in the claim, as if the adult Plaintiffs were irrelevant.

In conclusion, the Claims confirm repeatedly that they are being presented only on behalf of the minor children—and not the adult—Plaintiffs. Consequently, the adult Plaintiffs did not provide sufficient notice of their FTCA claims to satisfy 28 U.S.C. § 2675(a), and therefore their individual claims should be dismissed.

**II.    Regardless of Whether 28 U.S.C. § 2675(a) Is Jurisdictional, it is a Mandatory Requirement that the Adult Plaintiffs Failed to Satisfy, And Therefore Their Claims Must Be Dismissed.**

For nearly fifty years, the Sixth Circuit Court of Appeals considered the FTCA exhaustion requirement to be jurisdictional. *See Kellom v. Quinn*, No. 20-1003, 2021 WL 4026789, at \*3 (6th Cir. Sept. 3, 2021); *see also Exec. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514 (6th Cir. 1974) ("the administrative claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional").[5] In July 2021, the *Copen* panel broke with this precedent (and other Circuit Courts of Appeals[6]) and "conclude[d] that the sum certain requirement [*i.e.*, Section 2675(b)] is a mandatory claims-processing rule." 3 F.4th at 882. A few months later, a panel of the Sixth Circuit Court of Appeals issued an unpublished decision

---

[5] *See also Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003) ("Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim."); *accord Miller v. United States*, 229 F.3d 1153, at \*2 (6th Cir. 2000) (table decision); *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994); *Carpenter v. Laxton*, 96 F.3d 1448, at \*4 (6th Cir. 1996) (table decision); *N. Shore Strapping Co. v. United States*, 992 F.2d 1217, at \*3 (6th Cir. 1993) (table decision); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).

[6] *E.g.*, *Mader v. United States*, 654 F.3d 794, 806–07 (8th Cir. 2011) ("we are convinced that although § 2675(a) may resemble a claim-processing rule, Congress has attached a jurisdictional label to the statute"); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010) ("Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional.").

in which it concluded that Section 2675(a)'s presentment requirement also was not

jurisdictional and remanded to the district court. *Kellom*, 2021 WL 4026789, at *3.

Since the *Kellom* panel's decision was unpublished (and therefore not

binding[7]), district courts have had to contend with whether to follow *Kellom* or

continue to consider Section 2675(a)'s presentment requirement jurisdictional.

*Compare Reed v. United States*, No. 3:18-CV-201, 2022 WL 2132509, at *2 (E.D.

Tenn. May 31, 2022) ("[T]he *Kellom* decision is not binding authority. . . . As

the *Kellom* court recognized, under 'long-standing Sixth Circuit precedent[,] ... the

FTCA's exhaustion requirement is jurisdictional.' [2021 WL 4026789,] at *3. This

Court cannot change that precedent, and the Sixth Circuit has not changed it."),

*with Robinson v. Memphis Health Ctr., Inc.*, No. 221CV02450TLPATC, 2022 WL

287931, at *3 (W.D. Tenn. Jan. 31, 2022) (following *Kellom*: "the administrative

filing requirement of 28 U.S.C. § 2675(a) is a mandatory claim-processing rule").

Although the United States maintains that Section 2675(a) is a jurisdictional

requirement,[8] even if this Court were to follow the *Kellom* panel's unpublished

decision, Section 2675(a)'s presentment requirement remains mandatory. *See*

---

[7] *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011) ("Unpublished decisions in
the Sixth Circuit are, of course, not binding precedent on subsequent panels, . . .
but their reasoning may be 'instructive' or helpful.") (citation omitted).

[8] *See supra* nn. 5 & 6 and accompanying text.

16

*McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of [28 U.S.C. § 2675(a)] indicates that Congress intended to *require* complete exhaustion of Executive remedies before invocation of the judicial process.") (emphasis added); *Kellom*, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021) ("The FTCA's provision *requiring* plaintiffs to first file an administrative claim") (emphasis added); *see also Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012) ("calling a rule nonjurisdictional does not mean that it is not mandatory or that a timely objection can be ignored"); *Copen*, 3 F.4th at 882 (although Section 2675(b) is non-jurisdictional, it "is a *mandatory* claims-processing rule") (emphasis added); *Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013) (noting for another statute: "While exhaustion of administrative remedies is not a jurisdictional prerequisite to suit, which would mean the requirement could not be waived and the courts would be required to raise the issue on their own initiative, exhaustion is still a statutory requirement for recovery . . . and a condition of the government's waiver of sovereign immunity. The government is entitled to insist on exhaustion.").

Consequently, courts that have interpreted Section 2675 as non-jurisdictional have still dismissed claims for failure to exhaust under Federal Rules of Civil

Procedure 12(b)(6)[9] or 56.[10] For example, on remand in *Kellom*, Judge Cox of the Eastern District of Michigan "re-affirm[ed] that the Government is entitled to summary judgment as to the FTCA claims for failure to exhaust." *Kellom v. Quinn*, No. 17-11084, 2022 WL 2230447, at *12 (E.D. Mich. June 21, 2022). The Court should likewise dismiss the adult *Meeks* Plaintiffs' claims for failure to exhaust, whether pursuant to Federal Rules of Civil Procedure 12(h)(3), 12(c), or 56.

## CONCLUSION

The Court should dismiss the 350 adult *Meeks* Plaintiffs' claims for failing to satisfy 28 U.S.C. § 2675(a) because the Claims repeatedly confirm that they were presented only on behalf of the *Meeks* Plaintiffs who are minor children.

Dated: December 12, 2022          Respectfully submitted,

                                  J. Patrick Glynn
                                  Director, Torts Branch

                                  Christina M. Falk
                                  Assistant Director, Torts Branch

---

[9] *E.g.*, *Copen v. United States*, No. 5:19-CV-01346, 2022 WL 4386862, at *2-3 (N.D. Ohio Sept. 22, 2022); *Robinson v. Memphis Health Ctr., Inc.*, No. 221CV02450TLPATC, 2022 WL 287931, at *3 (W.D. Tenn. Jan. 31, 2022).

[10] *E.g.*, *Kellom v. Quinn*, No. 17-11084, 2022 WL 2230447, at *12 (E.D. Mich. June 21, 2022); *Clayton v. United States*, 913 F. Supp. 2d 80, 91 (D.N.J. 2012).

18

Eric A. Rey
Michael L. Williams
Jason T. Cohen
Daniel C. Eagles
Timothy B. Walthall
Trial Attorneys, Torts Branch


*s/ Eric A. Rey*

ERIC A. REY (DC Bar # 988615)
Trial Attorneys, Torts Branch
Environmental Tort Litigation
175 N Street, N.E.
Washington, DC 20002
e-mail: eric.a.rey@usdoj.gov
phone: 202-616-4224