UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Filing Relates to:

WALTERS *et al.*, v. CITY OF FLINT *et al.*
Case No. 17-10164

MEEKS *et al.* v. UNITED STATES
Case No. 19-13359

_____/

## DECLARATION OF KENNETH REDDEN

Pursuant to 28 U.S.C. § 1746, I, Kenneth Redden, declare as follows:

1. I am the Claims Officer (Claims, Property & Appropriations Law Practice Group, Civil Rights & Finance Law Office, Office of General Counsel) for the U.S. Environmental Protection Agency (EPA), located at 1200 Pennsylvania Avenue, NW, Washington, DC 20460. I have served in this position since October 2022 and in an acting capacity since January 2016. In these positions, I have been responsible for the processing, monitoring, and resolution of all administrative claims presented to the EPA arising under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680, including the FTCA claims that EPA has received related to drinking

1

water in Flint, Michigan. I have personal knowledge of the matters stated in this Declaration.

2. EPA received six batches of claims from Mr. Corey Stern—counsel for the *Meeks* Plaintiffs—over the course of March 2017 – June 2017 (hereinafter, "Claims"). These Claims total over 8,000 pages.

3. I have reviewed all of these Claims.

4. All of these Claims consist of two parts: (a) a three-page document entitled "Standard Form 95 (SF-95) Requirements;" and (b) a 20-page "Statement of Facts and Basis for Claim."

5. The "Statement of Facts and Basis for Claim" is the same for all the Claims. Attached as **Exhibit A** is a true and correct copy of the "Statement of Facts and Basis for Claim" used for all the Claims.

6. Attached as **Exhibits B – H** is a true and correct copy of all the "Standard Form 95 (SF-95) Requirements" documents for all the Claims.

7. I have reviewed all the "Standard Form 95 (SF-95) Requirements" documents for all the Claims and found that the following paragraphs are identical for all the Claims: (a) "Appropriate Federal Agency" (Paragraph 1); (b) "Marital Status" (Paragraph 5); (c) "Date and Day of Accident" (Paragraph 6); (d) "Times of accident" (Paragraph 7); (e) "Basis of Claim" (Paragraph 8); and (f) "Witnesses" (Paragraph 11).

8. I also found that the following portions of the "Standard Form 95 (SF-95) Requirements" documents differ among the Claims: (a) "Claimant and Claimant's Representative" (Paragraph 2); (b) "Type of employment" (Paragraph 3); (c) "Date(s) of Birth" (Paragraph 4); (d) "Nature and extent of each injury" (Paragraph 10); and (e) damages (Paragraph 12).

9. For "Claimant and Claimant's Representative" (Paragraph 2), I found that all the Claims are asserted by "next friend and mother" or "next friend and father" of specified minors.

10. For "Type of employment" (Paragraph 3), I found that all the Claims state: "Minor Child – No Employment" or "Minor Children – No Employment," depending on whether one or more minors are mentioned, respectively, in "Claimant and Claimant's Representative" (Paragraph 2).

11. For "Date(s) of Birth" (Paragraph 3), I found that all the dates provided are those under the age of 18 at the time the Claim was submitted to EPA.

12. For "Nature and extent of each injury" (Paragraph 10), the only difference among the Claims is the use of "claimant" or "claimants," depending on whether one or more minors were mentioned, respectively, in "Claimant and Claimant's Representative" (Paragraph 2).

13. For damages (Paragraph 12), I found that the Claims only assert damages for personal injuries and that the amount specified for such damages followed a pattern. That pattern is that the damages amount always equaled $2 million for each minor child mentioned in "Claimant and Claimant's Representative" (Paragraph 2).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2022.

_____
Kenneth Redden