UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E.S., A.T., R.V., and D.W.,

    Plaintiffs,

v.

VNA and LAN,

    Defendants.

_____ /

Hon. Judith E. Levy

Flint Water Cases Bellwether I

Case Nos.
5:17-cv-10164 (*Walters v. City of Flint, et al*) (consol.)
5:17-cv-11165 (*Meeks v. City of Flint, et al*)
5:17-cv-11166 (*Gaddy v. City of Flint, et al*)

**ORDER GRANTING IN PART MOTIONS TO SEAL [*17-10164*: 1019, 1021, 1023, 1025] [*17-11165*: 102, 104, 106] [*17-11166*: 103]**

Before the Court are infant Plaintiffs E.S., A.T, R.V., and D.W.'s unopposed motions to seal. (Case No. 17-10164, ECF Nos. 1019, 1021, 1023, 1025; Case No. 17-11165 ECF Nos. 102, 104, 106 (duplicates of No. 17-10164 ECF Nos. 1021, 1023, 1025); Case No. 17-11166 ECF No. 103 (duplicate of No. 17-10164 ECF No. 1019).) For the reasons set forth below, Plaintiffs' motions are granted in part.

## I. Legal Standard

Motions to seal are governed by Eastern District of Michigan Local Rule 5.3. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II. Analysis

Plaintiffs seek to have the entirety of their motions for approval of four infant settlements and exhibits sealed. First, they argue that information regarding individual minor Plaintiffs including their names, birthdays, Social Security numbers, health information, and financial information is private. The privacy interests implicated by this information, particularly as it relates to minor children, is well-recognized. *See In re Flint Water Cases*, No. 16-10444, 2020 WL 8671924 (E.D. Mich. Nov. 30, 2020). Sealing this information from the public record is narrowly tailored and in accordance with applicable law. The Court orders that Plaintiffs and their Next Friends be identified by their initials only, and that their birthdays, Social Security numbers, health information, and financial information remain redacted or sealed.

Second, Plaintiffs argue that "[a]n additional compelling interest is the risk that exposing any of this information, or information that would cause people to make certain assumptions about this information will impose on the infant children." (ECF No. 1025, PageID.70780 (identical references in the remaining three Plaintiffs' motions are incorporated by reference).) Plaintiffs explain that they are four among thousands who

3

have filed a lawsuit or could file a lawsuit based on the events in the Flint Water Crisis. (*Id.*) They argue that, at present, there is not "a single child who has received any monetary compensation flowing from the crisis." (*Id.*) If any of these individual Plaintiffs are "exposed for having settled part of a lawsuit, it will likely generate unwarranted anger, jealousy, and attention that could dramatically affect [them] and expose [them] to danger in the community." (*Id.* at PageID.70780–70781.) There are people throughout these Plaintiffs' lifetimes that "may try to take advantage of or prey upon" these Plaintiffs based on their knowledge of the settlement. (*Id.* at PageID.70781.) Accordingly, Plaintiffs seek to have all their settlement-related motion documents and exhibits sealed. (*Id.*)

Plaintiffs argue that "there is not a single compelling reason and/or prevailing public concern or need for the information included in the subject motion or its corresponding exhibits," to justify their filing on the public docket. (*Id.* at PageID.70782.) Plaintiffs argue that this case is different from, for example, *Shane Group*, where the case was a class action, and the class members needed access to court filings and in which there was significant public interest. (*Id.* at PageID.70781.) In contrast,

4

the minor Plaintiffs here are "not part of a class," their individual settlements "bear no connection to a class," and they are the simply four individuals who have had a jury trial convened. *Id.* at 70781–70782.) Plaintiffs argue that the only interest to the public in the settlement "from anyone not associated with it directly would be rooted in selfishness, greed, gossip, and/or opportunity." (*Id.* at PageID.70782.)

Plaintiffs' assertion that there is no public interest or public concern about the fact of the settlement of claims involving the Flint Water Crisis is not entirely accurate. The first bellwether trial in the Flint water cases garnered significant public attention because it was the first trial in any of the Flint Water Cases. As Plaintiffs acknowledge, there was a good deal of "publicity surrounding the Flint litigation as a whole and the first Bellwether trial specifically." (*Id.* at 70783.) Additionally, due to pandemic restrictions on the number of people who could be in the courtroom, the trial was made publicly available via Zoom. Several dozen (and sometimes well-over one hundred) members of the public, press, and parties watched the trial every day for over six months.

5

The resolution of some of the claims in the first Bellwether case is of general interest because it involves a settlement of Flint Water crisis litigation. By definition,

> Bellwether trials enable the parties to test different theories of liability and defenses, observe the witnesses, and try out different messages and trial tactics in front of real juries. The juries' reactions to the evidence provide invaluable information on the value of the cases and what settlements may result. These results often dictate the ultimate outcome of the entire litigation.

Monique C.M. Leahy, *Use of Bellwether Trials in Mass Tort Litigation*, 156 Am. Jur. Trials 219 (originally published in 2018, updated Nov. 2022). The bellwether process serves to inform the parties to litigation about potential risks and outcomes. This can, in turn, lead to productive discussions regarding settlement in some cases. The fact that the first four Plaintiffs went to trial in the Flint Water litigation and one of the Defendants reached a settlement with those individuals is therefore a matter of public concern and public interest in general. But to the extent a member of the public desires to know the precise value of these minor Plaintiffs' recovery or apportionment of attorney fees, the Court agrees that any valid public interest is low or nonexistent.

6

The Court is, however, sympathetic to the minor Plaintiffs' and their families' compelling interests in their safety, privacy, and protection from potential predators who may seek to take advantage of them because they have settled their claims. Accordingly, Plaintiffs shall be identified by their initials only, and their birthdays, Social Security numbers, health information, and financial information shall remain private. The following shall also be sealed and/or redacted from the public record to protect Plaintiffs' privacy and identity:

- Names, addresses, phone numbers, residence and/or locations of Plaintiffs' and their parents and/or guardians, including whether the minor Plaintiff lives with their parent or guardian;
- Social security numbers, phone numbers, and other contact information for Plaintiffs' parents and/or guardians;
- Details regarding Plaintiffs' next friend appointments and appointment orders, where applicable;
- Summaries created for or proffered in support of settlement regarding Plaintiffs' alleged injuries and/or tax implications associated with settlement;
- Plaintiffs' birth certificates;

7

- Any information contained in Plaintiffs' Contract of Representation with their attorneys and/or in the Settlement Agreement and Release that has otherwise been ordered to be sealed as set forth in this Order.

For this reason, all exhibits to the Unopposed Motions to Approve Settlements will remain under seal.

Plaintiffs are ordered to file redacted versions of their Unopposed Motions for Approval of Infant Plaintiff Settlement on the appropriate dockets with redactions of all information approved for sealing as set forth in this Opinion. The redacted motions must be filed within five (5) days of entry of this Order.

IT IS SO ORDERED.

Dated: December 20, 2022      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8