UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E.S., A.T., R.V., and D.W.,

    Plaintiffs,

v.

VNA and LAN,

    Defendants.

_____/

Hon. Judith E. Levy

Flint Water Cases Bellwether I

Case Nos.
5:17-cv-10164 (*Walters v. City of Flint, et al*) (consol.)
5:17-cv-11165 (*Meeks v. City of Flint, et al*)

### ORDER GRANTING E.S.'S MOTION TO APPROVE SETTLEMENT [*17-10164*: 1026] [*17-11165*: 107]

Before the Court is Plaintiff E.S.'s Unopposed Motion to Approve Infant Plaintiff's Settlement. (Case No. 17-10164, ECF 1026 \*sealed\*; Case No. 17-11165, ECF No. 107 \*sealed\*.)

E.S. is a minor and E.S.'s mother, D.W., was appointed as Next Friend in the Genesee County Circuit Court soon after E.S. filed the subject lawsuit. The lawsuit arose out of certain alleged negligent acts or omissions by LAN between June 1, 2013, and October 31, 2016.

E.S., through D.W., sought monetary damages on account of personal and physical injuries arising out of alleged exposure to

contaminated water received from the Flint Water Treatment Plant between April 25, 2014 and October 31, 2016.

This Court presided over E.S.'s jury trial against LAN, which commenced on February 15, 2022, and ended with a hung jury on August 11, 2022. Now, E.S., through D.W., has reached a settlement with LAN.

The Court has carefully evaluated the settlement agreement and exhibits thereto. The Court has made an "independent determination that [the] settlement [is] in the minor's best interest." *Green v. Nevers*, 111 F.3d 1295, 1131 (6th Cir. 1997). Additionally, the Court has undertaken its obligations under Michigan Court Rule 2.420(B) to "pass on the fairness of the proposal." To the extent that Michigan Court Rule 2.420(B)(1) requires that the Court order E.S. to appear in court to allow this Court "an opportunity to observe the nature of the injury," the Court finds that there is good cause to excuse E.S.'s presence. The Court personally observed the six-month-long trial, which included detailed evidence and expert testimony regarding E.S.'s injuries.

Additionally, the Court has carefully evaluated E.S.'s counsel's fee and cost proposal. "When a court is called upon to approve the settlement as is in the best interest of the minor, it must consider and then

determine what constitutes fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise." *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988)

This Court, therefore, orders as follows.

- D.W. has E.S.'s best interests in mind in bringing and prosecuting E.S.'s claims;

- D.W., is appointed as Next Friend in this Court for purposes of the settlement pursuant to the Court's power under Federal Rule of Civil Procedure 17(c)(2). This Court also adopts the Genesee County Circuit Court's appointment of D.W. as Next Friend for E.S.;

- E.S.'s Unopposed Motion to Approve Infant Plaintiff's Settlement is fair and in the best interests of E.S.;

- The Court approves E.S. and LAN's settlement;

- E.S.'s counsel's fees and expenses in preparation for, associated with, and throughout the trial are fair and reasonable;

- The Court approves the repayment of E.S.'s share of the disbursements expended by E.S.'s counsel on E.S.'s behalf in the amount set forth in E.S.'s motion;

- The Court approves payment of E.S.'s attorney fees, in the amount set forth in E.S.'s motion; and

- The Court approves and Orders that all settlement payments be made consistent with the terms of the settlement agreement.

IT IS SO ORDERED.

Dated: December 20, 2022  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager