UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases _____ / | Case No.: 5:16-cv-10444-JEL-EAS<br><br>Case No.: 5:17-cv-10164- JEL-KGA<br><br>HON. JUDITH E. LEVY |

This Motion Relates to

ALL CASES

_____ /

### DEFENDANT JEFFREY WRIGHT, GENESEE COUNTY DRAIN COMMISSIONER'S MOTION TO ENTER A FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO MR. WRIGHT ONLY PURSUANT TO FED. R. CIV. P. 54(b) AND FED. R. CIV. P. 58(a)

Defendant Jeffrey Wright, Genesee County Drain Commissioner ("Wright"), through his attorneys, Gordon Rees Scully Mansukhani, moves for entry of a final judgment and order of dismissal with prejudice as to Mr. Wright only, as to all claims previously filed against him and dismissed by this Court in the Flint Water Cases. In support of this Motion, Wright states as follows:

1. The Flint Water Cases include class actions consolidated by this Court in *Waid, et al, v. Snyder, et al.,* Case No. 16-cv-10444-JEL-EAS, which was originally filed on February 8, 2016 (ECF No. 1), and individual Plaintiffs' cases, consolidated by the Court in *Walters v. Snyder*, et al, Case No. 5:17-cv-10164-JEL-

1

KGA, originally filed on January 18, 2017. (ECF1). *Waid* and *Walters* were each reassigned to this Court by orders entered May 16, 2017. (ECF No. 121 and ECF No. 69, respectively).

    2.    As to *Waid*:

    A.    On December 1, 2017, after multiple amendments to the original Complaint, Wright filed his first Motion to Dismiss Plaintiffs' Consolidated Amended Class Complaint asking this Court to dismiss all class claims against him pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 277).

    B.    On January 25, 2018, class Plaintiffs filed another Amended Complaint at the Court's direction (ECF No. 349), and on February 13, 2018, filed their Response to Wright's Motion to Dismiss (ECF No. 379), and to other Defendants' similar motions. Wright's Reply was timely filed March 20, 2018. (ECF No. 405).

    C.    After hearing oral argument, the Court issued its Opinion and Order on August 1, 2018, granting in part, and denying in part, Wright's Motion to Dismiss. (ECF No. 546). Wright filed a Motion for Reconsideration two weeks later. (ECF No. 560). The Court required Plaintiffs to respond to Wright's reconsideration request. (ECF No. 569). On November 9, 2018, the Court then vacated its August 1, 2018 Opinion and Order. (ECF No. 670).[1]

---

[1] Wright sought to certify this November 9, 2018 Order (ECF No. 670) for appeal, but the Court denied this request in mid-December of 2018. (ECF No. 710).

2

D. On April 1, 2019, the Court granted Wright's and other Defendants' renewed Motions to Dismiss. The Court dismissed, under Fed. R. C. P. 12(b)(6), all of the Plaintiffs' then pending and proposed claims against Wright. The Court reasoned that the class Plaintiffs had not pleaded any facts that could plausibly lead to Wright being liable to them:

> In contrast, plaintiffs failed to state a claim against Wright because they do not show how he either caused or prolonged their exposure to the contaminated water. First, plaintiffs do not plausibly allege that Wright caused their exposure because he had no oversight over Flint's transition to the Flint River.

(ECF No. 798, Page ID# 21200)(Attached as **Ex. 1**);

> Second, Wright did not prolong plaintiffs' exposure to the contaminated water. Plaintiffs do not plead that Wright took steps to deceive Flint residents about the safety of Flint's water following the transition, or that he otherwise played a role in any coverup.

(ECF No. 798, Page ID# 21201).

E. The Court also recognized that, "[i]n its vacated August 1, 2018 Opinion and Order, it had denied Defendant Wright's request to dismiss plaintiffs' bodily integrity claim." 329 F.Supp.3d at 407. Upon reviewing its earlier analysis, this Court reversed itself and dismissed class Plaintiffs' bodily integrity claim as to Wright. (ECF No. 798, Page ID# 21201, fn.22).

3. As to *Walters*:[2]

---

[2] Wright is filing this Motion in *Walters* as this was the case, along with *Sirls v. VNA, et al.,* Case No. 17-10342, in which the Court entered its August 2, 2019 Opinion

3

A. On April 30, 2018, after the individual Plaintiffs amended their original long and short-form Complaints, Wright filed his first Motion to Dismiss Plaintiffs' Short Form Complaint and Jury Demand requesting that this Court dismiss all individual Plaintiffs' claims against him pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 138).

B. On May 30, 2018, the individual Plaintiffs filed their response to Wright's motion (ECF No. 153), and to other Defendants' similar motions. Wright filed his reply on June 29, 2018. (ECF No. 162).

C. Thereafter, Plaintiffs sought to file a further Amended Complaint in December of 2018. In response, Wright and other Defendants renewed their requests for dismissal (ECF No. 202), with replies filed in March of 2019. (ECF No. 227).

D. On August 2, 2019, the Court entered its Opinion and Order on the Plaintiffs' Request to Amend their Complaint and Wright's Motion to Dismiss. The Court largely followed its reasoning in *Waid*, and dismissed all of Plaintiffs' individual claims against Wright pursuant to Fed. R Civ. P. 12(b)(6). (ECF No. 233, Page ID# 7210)(Attached as **Ex. 2**).

E. In so doing, the Court reasoned that the individual Plaintiffs had failed to plead anything that could plausibly lead to Wright being liable to them as it had

---

and Order that dismissed all of the individual Plaintiffs' claims against him. The Court later held that this Opinion and Order applied to all of the individual Plaintiffs' cases.

4

when it dismissed the class claims. (ECF No. 233, Page ID## 7184-7190; 7197-7200; 7201; 7208-7209)(**Ex. 2**).

> The amended master complaint contained insufficient factual matter from which it can be inferred that either Wright or Walling caused or prolonged their exposure to Flint's contaminated water. With Wright in particular, plaintiffs rely on the same contractual arrangement allegation to argue that he had control over the Flint water system. … For this reason, plaintiffs failed to state a bodily integrity claim against these defendants.
>
> (ECF No. 233, Page ID## 7199-7200).

4. Thereafter, Plaintiffs and the remaining Defendants commenced more than three years of discovery, which included production of thousands of documents and taking hundreds of depositions on oral examination. No information produced in this discovery challenged this Court's rationale for dismissing the claims against Wright.

5. On November 10, 2021, this Court granted final approval of a partial settlement between all Plaintiffs and all Defendants, other than Mr. Wright, the Veolia defendants, the LAN defendants and financial institution defendants underwriting the KWA bond issue. Plaintiffs' Complaint against the financial underwriters was dismissed on March 29, 2022. The remaining parties recently completed their first bellwether trial of their professional negligence claims against the Veolia and LAN defendants.

6. On March 3, 2022, this Court entered an Amended Final Judgment and Order of Dismissal with Prejudice as to other Defendants Implementing the Partial Settlement, pursuant to Fed. R. Civ. P. 54(b) and 58(a) (*Waid* ECF No. 2128; *Walters* ECF No. 722). This Amended Final Judgment is a final order as to all claims against the settling defendants, a group of which Wright was not apart.

7. There is no just reason for delay in entering a final judgment as to Wright because no prejudice will accrue to any party, because the Court's rationale for dismissing the claims against Wright is singular to him, and no other defendant can raise the issues in Wright's dismissal in a later appeal.

8. On January 5, 2023, counsel for Wright sought concurrence in writing, pursuant to Eastern District of Michigan L.R. 7.1(a), reasonably explaining the basis of this Motion and the nature of the relief requested. Counsel for Wright sought concurrence and/or a meet and confer on this Motion, but despite reasonable and timely efforts, counsel for Wright received no response or concurrence from Plaintiffs' counsel.

WHEREFORE, Defendant Jeffrey Wright requests that this Honorable Court grant his Motion for Entry of Final Judgment under Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a) and enter an Order of Final Judgment affirming the dismissal of all of class actions and the individual cases against him as listed on the proposed Final

Judgment attached as **Ex. 3** and provide him with any other relief the Court deems just and equitable in the premises.

By: /s/Matthew T. Wise

MATTHEW T. WISE
37000 Woodward Avenue, Ste 225
Bloomfield Hills, MI 48304
(313) 426-9815 / Fax: (313) 406-7373
mwise@grsm.com
(P76794)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases | Case No.: 5:16-cv-10444-JEL-EAS |
| | Case No.: 5:17-cv-10164- JEL-KGA |
| _____/ | HON. JUDITH E. LEVY |
| This Motion Relates to | |
| ALL CASES | |
| _____/ | |

**BRIEF IN SUPPORT OF DEFENDANT JEFFREY WRIGHT, GENESEE COUNTY DRAIN COMMISSIONER'S MOTION TO ENTER A FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE ONLY AS TO MR. WRIGHT PURSUANT TO FED. R. CIV. P. 54(b) AND FED. R. CIV. P. 58(a)**

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ………………………………………ii

STATEMENT OF ISSUES PRESENTED…………………………...iv

I. INTRODUCTION AND BACKGROUND……………………1

II. LAW AND ANALYSIS…………………………………….…..3

III. CONCLUSION…………………………………………………5

# INDEX OF AUTHORITIES

## **CASES**

*Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.,* 807 F.2d 1279, 1281 (6th Cir. 1996)……………………………………………………………2

*Sears, Roebuck & Co. v. Mackey*, 351 US. 427, 431 (1956)………………..2

*Grant v Wilson,* 2021 WL 3522438 (E.D. Ken. July 29, 2021)……………..4

*LeFever v. Ferguson,* 2013 WL 4605774, at *2 (S.D. Ohio Aug. 29, 2013)..4

## **RULES**

Rule 54(b)…………………………………………………………………...3, 6

Rule 58(a)……………………………………………………………………6

Rule 12(b)(6)………………………………………………………………..3, 4

## **STATEMENT OF ISSUE PRESENTED**

WHETHER A FINAL JUDGMENT SHOULD BE ENTERED BY THIS COURT AS TO ALL OF PLAINTIFFS' CLAIMS AGAINST DEFENDANT JEFFREY WRIGHT, GENESEE COUNTY DRAIN COMMISSIONER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AS ALL SUCH CLAIMS HAVE BEEN DISMISSED, AND THERE IS NO JUST REASON FOR DELAY TO ITS ENTRY?

Wright answers, "Yes".

Plaintiffs answer, presumably, "No".

## I.     INTRODUCTION AND BACKGROUND

The Flint Water Cases have been ongoing since early 2016. Now, over six years later, most of the Defendants in these cases have had final judgments entered in their favor. The only cases currently active are those against the Veolia and LAN Defendants and the EPA. A judgment has been entered dismissing the claims against the financial institutions underwriting the KWA bond issue as well. While this Court entered orders in 2019 dismissing all of the claims against Wright, a final judgment has not been entered in his favor. Mr. Wright, the Genesee County Drain Commissioner, remains named in the case as a party defendant. Mr. Wright asks this Court to enter a final judgment in his favor since there is no just reason to delay its entry.

As factual support for this relief, Wright primarily relies upon the facts and citations to the record set forth in his Motion, which include:

- The *Waid* lawsuit, a class action, was originally filed on February 8, 2016 (ECF No. 1), and all other class action Flint Water cases were consolidated with *Waid* on May 16, 2017;

- Wright initially moved to dismiss *Waid's* class claims against him under Rule 12(b)(6) in December 2017;

- This Court granted Wright's Motion to Dismiss the class claims in April 2019 (**Ex. 1**);

1

- The *Walters* lawsuit, an individual plaintiff's lawsuit, was originally filed on April 1, 2019. (ECF No. 1), and all other individual Plaintiffs' Flint Water Cases were consolidated with *Walters* on January 18, 2017;

- Wright initially filed a Motion to Dismiss the individual claims against him under Rule 12(b)(6) in April of 2018. (ECF No. 138);

- Amendments to the Plaintiffs' long-form Complaint continued into early 2019, and were completed in March 2019. (ECF No. 227); and,

- A few months later, on August 2, 2019, the court issued its Opinion and Order which dismissed all of individual Plaintiffs' pending and proposed claims against Wright based on Rule 12(b)(6)(**Ex. 2**).

"By utilizing Rule 54(b), a district court 'may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims…'" *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.,* 807 F.2d 1279, 1281 (6th Cir. 1996) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 US. 427, 431 (1956)). The Sixth Circuit has articulated a list of non-exhaustive factors that the district court should consider in ruling on Rule 54(b) motions:

> (1) the relationship between the adjudicated and unadjudicated claims (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;

2

> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Id.* at 1283.

When these factors weigh in favor of entering a final judgment, the Court may do so in its discretion.

## II. <u>LAW AND ANALYSIS</u>

The five factors articulated by the Sixth Circuit weigh heavily in favor of entry of a final judgment as to all of Plaintiffs' claims against Wright. First, to counsel's knowledge, the only unadjudicated claims in the cases are some of the professional negligence claims against two professional engineering companies, Veolia and LAN and negligence claims that may remain against the EPA. Neither class Plaintiffs nor individual Plaintiffs could possibly bring an unadjudicated professional negligence claim against Wright nor would they be able to pursue pending claims similar to those against the EPA against him. The adjudicated and unadjudicated claims are unrelated.

Second, appellate review will not be mooted in the district court in the future. Nothing concerning the scheduled bellwether trials or the EPA claims deals with the Plaintiffs' claims against Wright. If this Court's final judgment dismissing the claims

3

against Wright is appealed, nothing in the bellwether cases will eliminate or moot the basis for that appeal.

Third, the Final Judgment dismissing the other defendants against whom claims similar to those against Wright were made eliminates the possibility that the Sixth Circuit would have to review the same or similar issues again. The Settlement Agreement and Final Judgment eliminate the Plaintiffs' rights to appeal claims as to those defendants. Therefore, this factor also weighs in favor of entry of a final judgment.

Fourth, there are no claims, counterclaims, or anything else which could result in a set-off against the judgment because only the professional negligence claims and claims against the EPA remain. Indeed, where there are no counterclaims or set-offs involved in a case, this factor is largely irrelevant. See, e.g., *Grant v Wilson,* 2021 WL 3522438 (E.D. Ken. July 29, 2021).

Fifth, miscellaneous factors the Sixth Circuit sometimes considers, including economy, delay, frivolity of competing claims, also weigh in favor of entering a final judgment. It has been three years since the Court dismissed the claims against Wright. During that time, no basis to question this Court's rationale has been advanced. An entry of a final judgment will streamline any remaining process rather than causing further delay or multiple appeals. See, i.e., *LeFever v. Ferguson,* 2013

WL 4605774, at *2 (S.D. Ohio Aug. 29, 2013). Consideration of all of these factors render entry of a final judgment appropriate.

## III. CONCLUSION

For these reasons, Wright respectfully requests that this Court enter a Final Judgment and Dismissal with Prejudice in his favor as to all claims previously brought by Plaintiffs against him as listed on the Proposed Final Judgment (**Ex. 3**) and provide to him any such other relief the Court deems appropriate.

By: /s/Matthew T. Wise

MATTHEW T. WISE
Gordon Rees Scully Mansukhani
37000 Woodward Avenue, Ste 225
Bloomfield Hills, MI 48304
(313) 426-9815 / Fax: (313) 406-7373
mwise@grsm.com
(P76794)

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to all Attorneys and parties on record and I hereby certify that I have mailed by US Postal Service to the following non-ECF participants:  NONE.

                    By:   /s/Matthew T. Wise

MATTHEW T. WISE
Gordon Rees Scully  Mansukhani
37000 Woodward Avenue, Ste 225
Bloomfield Hills, MI 48304
(313) 426-9815 / Fax: (313) 406-7373
mwise@grsm.com
(P76794)