## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

No. 17-10164

_____/

## **ORDER DENYING MOTION FOR JOINDER [1028]**

On December 13, 2022, non-party Colleen Connors filed a "Motion for Joinder – in Opposition to the US EPA's Motion to Dismiss the 'Meeks' Plaintiffs." (ECF No. 1028, PageID.71978.) Connors does not set forth a legal or factual basis for joinder and her motion is denied for the reasons set forth below.

Connors' filing sets forth five points, none of which are understandable. The Court's interpretation of her arguments are that: (1) she lives within the zip code 48503 which, she states, is the same zip code where the lead Plaintiff in *Meeks* lives; (2) the U.S. EPA's pending motion to dismiss in *Meeks* seeks a harsh result; (3) two adults were exposed to poisoned water; (4) exceptions to statutory exhaustion

requirements are moot; and (5) the Court should permit joinder of two adults.

Federal Rules of Civil Procedure 18, 19, and 20 govern joinder of claims and parties. Though Connors does not cite a rule by which she seeks joinder, the Court liberally construes her pro se filing as seeking joinder under Rule 20(a)(1), which states:

> Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A)   they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)   any question of law or fact common to all plaintiffs will arise in the action.

Thus, when considering whether joinder should be permitted, the two-part test of Rule 20(a)(1) applies.

Connors' motion does not set forth facts in support of either element of Rule 20(a)(1). Nor is it clear that she is making her motion under Rule 20(a)(1) in the first place. Moreover, the action she wishes to join requires exhaustion of administrative remedies, and she has presented no evidence of exhaustion. *See* 28 U.S.C. § 2675(a); *and see McNeil v. United*

*States*, 508 U.S. 106, 113 (1993). Accordingly, Connors' motion for joinder is denied.

IT IS SO ORDERED.

Dated: February 10, 2023          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2023.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager