# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re Flint Water Cases

Judith E. Levy
United States District Judge

_____/

This Filing Relates to:

WALTERS *et al.*, v. CITY OF FLINT *et al.*
Case No. 17-10164

MEEKS *et al.* v. UNITED STATES
Case No. 19-13359

_____/

**PLAINTIFFS' OPPOSITION TO THE UNITED STATES OF AMERICA
ENVIRONMENTAL PROTECTION AGENCY'S MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION…………………………………………………………………….1

FACTUAL BACKGROUND…………………………………………………….....1

STANDARD OF REVIEW…………………………………………………………...3

ARGUMENT…………………………………………………………………………4

I. THE EPA RECEIVED MORE THAN SUFFICIENT NOTICE OF ADULT PLAINTIFFS'     CLAIMS     AND     SATISFIED     § 2675(A) ……………………………………………….………………………….........4

 II. SECTION 2675(a)'s NOTICE REQUIREMENT IS NOT A JURISDICTIONAL OR MANDATORY REQUIREMENT AND EVEN IF IT
WERE, PLAINTIFFS' HAVE SATISFIED IT HERE…………………………....10

CONCLUSION………………………………………………………………....12

# TABLE OF AUTHORITIES

**Cases**

*Arbaugh v. Y&H Corp.,* 546 U.S. 500, 515-16 (2006) ............................................ 10

*Blaszak v. United States*, No. 1:21-cv-1093, 2022 U.S. Dist. LEXIS 120364, at *4 n.4 (W.D. Mich. June 10, 2022) ............................................................................ 3

*Cancilla v Experian Info Solutions, Inc.*, Case No. 1:18-cv-13239, 2019 U.S. Dist. LEXIS 191811, at *5 (ED Mich., Aug. 6, 2019) ................................................... 3

*Carver v. United States*, No. 1:21-cv-869, 2022 U.S. Dist. LEXIS 41911, at *6 (W.D. Mich. Feb. 11, 2022) ................................................................................. 11

*Champagne v. United States*, 573 F. Supp. 488, 493 (E.D. La. 1983)…………….. 5

*Copen v. United States*, 3 F.4th 875, 884 (6th Cir. 2021) ................. 5, 6, 7, 8, 10, 11

*Glarner v United States*, 30 F.3d 697, 700 (6th Cir. 1994) ............................. 4, 5, 8

*Greene v. United States*, No. 21-5398, 2022 U.S. App. LEXIS 25630, at *11 (6th Cir. Sep. 13, 2022) ............................................................................................ 11

*Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)) ................................................. 11

*Kellom v. Quinn*, Case No. 20-1003/122, 2021 U.S. App. LEXIS 26749, at *6 (6th Cir. 2021) ................................................................................................ 3, 10, 11

*Locke v. United States*, 351 F. Supp. 185 (D. Haw. 1972) ...................................... 5

*Robinson v. United States*, No. 2:21-cv-02450-TLP-atc, 2021 U.S. Dist. LEXIS 254302, at *10 (W.D. Tenn. Oct. 7, 2021) ........................................................ 11

*Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002) ..................... 4, 8

*Williams v Huron Pines Condo Ass'n*, Case No.; 2022 U.S. Dist. LEXIS 48217, at *9 (ED Mich., Mar. 17, 2022) ........................................................................ 4, 8

# INTRODUCTION

The United States Environmental Protection Agency ("EPA") moves to dismiss three hundred and fifty (350) adult claims brought under the Federal Tort Claims Act ("FTCA"). In support, the EPA erroneously asserts that Plaintiffs failed to provide notice under 28 U.S.C. § 2675(a), because Plaintiffs did not provide separate claim forms for the adult and minor Plaintiffs.[1] This argument is wholly without merit. The EPA had more than adequate notice through the forms Plaintiffs provided and the detailed statement of facts provided therewith. And it cannot credibly argue that after years of litigation regarding the widespread Flint Water Crisis that the EPA did not have sufficient information to investigate the adult Plaintiffs' claims. For these reasons, the Court should deny the EPA's motion.

# FACTUAL BACKGROUND

In 2017, approximately two years after news of the Flint Water Crisis began to spread across the United States, undersigned counsel for 1,078 members of the Flint community filed FTCA claims with the EPA on their behalf, alleging negligent conduct against the agency's employees in their response to the crisis. Pursuant to the statutory requirements of 28 U.S.C. § 2675 and 28 C.F.R. § 14.2(a), Plaintiffs

---

[1] This motion has no bearing on the claims of seven hundred and twenty-eight (728) children, which is controlled by the Court's order denying the EPA's motion to dismiss on substantive grounds. *See, Walters v. City of Flint, et al.,* 5:17-cv-10164, ECF No. 318.

1

submitted written notice to the EPA of their claims through two documents: (1) a Standard Form 95 ("SF-95"); and (2) a detailed, 20-page Statement of Facts and Basis of Claim ("Statement"). *See Walters v. City of Flint, et al.,* ECF Nos. 1027-2, 1027-3, 1027-4, 1027-5, 1027-6, 1027-7, 1027-8, 1027-9.[2]

Thereafter, on November 13, 2019, Plaintiffs filed their complaint. *See Meeks v. USA,* 19-cv-13359, ECF No. 1. On April 29, 2020, this action was consolidated with *Walters v. City of Flint, et al.,* 5:17-cv-10164. *See Meeks,* ECF No. 21. On June 5, 2020, the EPA moved to dismiss for lack of subject-matter jurisdiction based on lack of analogous private liability, as well as the FTCA's discretionary function and misrepresentation exceptions. ECF No. 300. On August 26, 2020, the Court properly denied the motion. ECF No. 318. The EPA moved for interlocutory appeal of the Court's denial, which the Court denied. ECF No. 320; ECF No. 917.

On October 7, 2022, the EPA filed its answer to Plaintiffs' complaint, arguing that 350 adult Plaintiffs had not exhausted their administrative remedies, ECF No. 972, PageID.69697. A week later, the Court entered a scheduling order permitting the EPA to file a motion on the exhaustion issue. *See Scheduling Order for Meeks v. United States*. ECF 976, PageID.69792. Subsequent thereto, the EPA filed its motion

---

[2] Unless otherwise noted, ECF cites refer to *Walters v. City of Flint, et al.,* 5:17-cv-10164.

to dismiss the adult Plaintiffs' claims for failure to exhaust administrative remedies, ECF No. 1027, and this opposition followed.

## STANDARD OF REVIEW

The EPA seeks dismissal of the adult Plaintiffs' claims under Federal Rule of Civil Procedure 12(h)(3) (lack of subject matter jurisdiction); Rule 12(c) (judgment on the pleadings); and/or Rule 56 (summary judgment). To that end, Rule 12(h)(3) is inapplicable, in that it allows for dismissal based on lack of subject-matter jurisdiction. *Cancilla v Experian Info Solutions, Inc.*, Case No. 1:18-cv-13239, 2019 U.S. Dist. LEXIS 191811, at *5 (ED Mich., Aug. 6, 2019). Here the EPA moves to dismiss the adult *Meeks* Plaintiffs based on an alleged failure to exhaust the notice requirement of 28 U.S.C. § 2675(a). However, as set forth *infra* in Section II, a panel of the Sixth Circuit ruled that § 2675(a) is **not a jurisdictional** requirement. *Kellom v. Quinn*, Case No. 20-1003/122, 2021 U.S. App. LEXIS 26749, at *6 (6th Cir. 2021). Therefore, a motion premised on a lack of **subject matter jurisdiction is improper**. *See Blaszak v. United States*, No. 1:21-cv-1093, 2022 U.S. Dist. LEXIS 120364, at *4 n.4 (W.D. Mich. June 10, 2022) ("In the Sixth Circuit, an argument that a plaintiff failed to exhaust a FTCA claim is reviewed for failure to state a claim … rather than for lack of jurisdiction under Rule 12(b)(1), as the administrative claim requirement is considered a claims processing rule rather than a jurisdictional requirement.").

3

That leaves Rule 12(c) (judgment on the pleadings) or Rule 56 (summary judgment) as the possible bases upon which the instant motion may be considered. The standard of review for a Rule 12(c) motion is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." Courts must view the pleadings in the "light most favorable to the nonmoving party, may only presume the truth of all well-pleaded factual assertions, and draw every reasonable inference in the nonmoving party's favor." *Williams v Huron Pines Condo Ass'n*, Case No.; 2022 U.S. Dist. LEXIS 48217, at *9 (ED Mich., Mar. 17, 2022).

Regarding the EPA's Rule 56 argument, summary judgment is only proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Similar to a motion under Rule 12(c), the Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

## ARGUMENT

## I.   THE EPA RECEIVED MORE THAN SUFFICIENT NOTICE OF ADULT PLAINTIFFS' CLAIMS AND SATISFIED § 2675(A)

Plaintiffs have exhausted their FTCA administrative remedies under § 2675(a). A claimant exhausts her FTCA administrative remedies in pertinent part by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C.

§ 2675(a). To present a claim that satisfies § 2675(a), a claimant must "give written notice of a claim sufficient to enable the agency to investigate the claim." *Glarner v United States*, 30 F.3d 697, 700 (6th Cir. 1994).[3] The EPA argues that "the [] adult *Meeks* Plaintiffs did not give sufficient notice that the [c]laims were being submitted on their own behalf[.]" ECF No. 1027, PageID.70887. But this argument misrepresents the content of Plaintiffs' SF-95 forms and completely ignores the detailed, 20-page Statement submitted with each claim. *See* ECF No. 1027-1, PageID.7089 (¶4); ECF No. 1027-2, PageID.70900.

The SF-95 forms are sufficient to put the EPA on notice of both the minor Plaintiffs' ***and the adult Plaintiffs'*** claims. Although the adult Plaintiffs did not file their own separate SF-95 form, an individual form is "not necessary" to satisfy the notice requirements of § 2675(a). *Glarner*, 30 F.3d at 700. Indeed, the Sixth Circuit has recognized that courts are extremely hesitant to "have claims fail for lack of individual forms." *Copen v. United States*, 3 F.4th 875, 884 (6th Cir. 2021); *see also Locke v. United States*, 351 F. Supp. 185 (D. Haw. 1972) (allowing a claim to proceed as to children not listed as claimants on father's administrative claim form); *Champagne v. United States*, 573 F. Supp. 488, 493 (E.D. La. 1983) ("Neither the statute nor the regulations specifically require a separate form for each claimant.").

---

[3] The EPA does not contend that Plaintiffs failed to meet the requirements of § 267(b), which requires the claimant to "place a value (or 'sum certain') on the claim." *Glarner*, 30 F.3d at 700.

And thus, the Sixth Circuit has "authorized flexibility with the formalities of filing, as long as the agency receives notice." *Copen*, 3 F.4th at 884.

The Sixth Circuit evidenced hesitancy and exercised flexibility in *Copen*, where it ruled that an agency (the United States Post Office) **was on notice** of both a daughter's and father's claims regarding a car accident with a USPS driver, even though the father did not file a separate SF-95 form, and the only form filed was by his daughter – naming her as the sole claimant. *Id.* at 878, 883-884. In so ruling, the court explained that although merely identifying another party on a SF-95 "*without more* [] is not sufficient to fulfill*" the notice requirement of § 2675(a), there *was* more information on the [daughter's] SF 95 as to [the father]." *Id.* at 884 (internal quotation marks and citation omitted) (emphasis in original). This "more" was as follows: (1) the father was "specifically named, though not in the box labeled 'Claimant[];'" and (2) the form noted that he "had been involved in the accident, that he had gone to [the] Hospital, and that the extent of his injuries was yet to be determined." [4] *Id.*

---

[4] The EPA argues that *Copen* is distinguishable from the present circumstances. Its analysis is not only flawed for the reasons described above but it is also haphazard in that the EPA did not even take the time to properly summarize the facts of the case. The EPA asserts that *Copen* involved claims by a husband and wife, ECF No. 1027, PageID.70888, but it was actually about a father and daughter's claims (making it even more analogous to Plaintiffs' claims here).

Here, the Court can easily apply *Copen* to the present circumstances to find that Plaintiffs have met the notice requirement. Plaintiffs SF-95 forms present the EPA with virtually identical additional information to that which the Sixth Circuit found to be the sufficient ("something more") in *Copen.* First, (as the EPA concedes), the adult Plaintiffs' names were specifically included on the SF-95 form.[5] *See, e.g.,* ECF No. 1027-3, PageID. 70922. Second, like the father in *Copen,* who was listed as being involved and injured in the underlying accident, Plaintiffs' SF-95 form explains that the underlying accident—"a massive environmental violation" —affected the entire community and each member of the household. Specifically, the description of the "accident" explains that it occurred in the "town of Flint," and was affecting entire households, members of which "were becoming physically ill from the exposure to … water … from [the] tap." ECF No. 1027-3, PageID.70940 (¶6). Also, the "Nature and extent of injury" section explains that "claimants have experienced physical injury by ingesting water contaminated with lead [and other contaminants]." ECF No. 1027-3, PageID.70941 (¶10). Thus, like the father in *Copen*, the S-95 form provides notice to the EPA that the adult Plaintiffs were injured from the same occurrence as their minor children.

---

[5] The EPA argues that including the role of "next friend and [parent] of" indicates that the adult Plaintiffs were not pursuing the claims in their individual capacity. ECF No. 1027, PageID. 70889. But this paragraph actually captures the legal authorization of ***both*** the minor ***and*** adult Plaintiffs. ECF No. 1027-3, PageID. 70922 (¶2) (authorizing counsel to "represent her child and act on **their** behalf.").

The EPA weakly attempts to distinguish *Copen*, by wholly ignoring the clear similarities set forth above, and arguing that "the context of each [c]laim—indicates in at least six different ways that the [c]laims were submitted only on behalf of the minor children." ECF No. 1027, PageID.70888-708889. But the inquiry at this stage is not whether the EPA can point to *context clues* which can be construed in *its favor*. *Williams,* Case No.; 2022 U.S. Dist. LEXIS 48217, at *9 (On a Rule 12(c) motion, courts must draw inferences in the nonmoving part's favor.); *Skouse.*, 305 F.3d at 526 (On a Rule 56 motion, courts must draw inferences in the nonmoving part's favor.) Rather, it is whether the information provided to the EPA "gave the agency adequate notice to investigate the claim[.]" *Glarner*, 30 F.3d at 700. Here, there was more than sufficient information in the SF-95 form from which the EPA could  (and should) "easily have investigated what they needed to know" about the adult Plaintiffs' claims. *Id.*

The EPA also conveniently ignores another crucial point: Not only did the SF-95 provide the EPA with the same "something more" as the Sixth Circuit found adequate in *Copen*, but the EPA was provided with even more "something more" by way of the detailed, 20-page Statement of Facts, attached to each claim. *See, e.g.,* ECF No. 1027-2, PageID.70901-70920. The Statement is ripe with information giving the EPA adequate notice of the adult Plaintiffs' claims against it. It generally **and specifically** describes the complained of actions giving rise to the "widespread"

"public health crisis" in Flint's contaminated drinking water. *Id.* (¶38, 39, 45, 55, 82, 102). Indeed, the negligence section, which sets forth the basis for Plaintiffs' claims against the EPA, specifically alleges that the EPA failed to "protect the health and safety of ***the public***" and "[w]arn ***the [p]ublic*** of [e]nvironmental [r]isks to ***[p]ublic [h]ealth***." *Id.* (¶82; ¶C) (emphasis added).

Moreover, there is nothing in the Statement which indicates that the "claimants" are limited to the minors. *Id.* (¶¶94-96, 99-100, 105-106). Rather, the Statement makes clear that the claims against the EPA encompass all of the citizens of Flint and the public at large, which includes the adult Plaintiffs. *Id.* (¶105). The Statement's negligence section states that the EPA's "failure to warn **claimants and the citizens of Flint** of the environmental disaster and ensuing cover-up significantly **increased the harm to the Citizens of Flint** for which the EPA is responsible." *Id.* (¶105) (emphasis added). The Statement's damages section identifies "claimants" who suffered "physical injury, illness, lead poisoning, dermatological disorders, loss of hair, gastrointestinal disorders, out of pocket economic losses … pain and suffering, emotional distress, and deprivation of a quality of life." *Id.* at (¶106). These injuries encompass damages beyond that of children poisoned by lead. [6]

---

[6] To the extent the Court is moved by the EPA's arguments regarding "context clues," it is noteworthy that EPA has seemingly ignored the plural word for "claimant," which is "claimants," and which was clearly used in the Statement.

Taken as a whole and in the light most favorable to Plaintiffs, this information was more than adequate to put the EPA on notice of the adult Plaintiffs' claims. It also clearly serves the purpose of the notice provision: "[T]o give the agenc[y] 'a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation.'" *Copen*, 3 F.4th at 882 (quoting *McNeil v. United States*, 508 U.S. 106, 111-112 (1993)). And given that the Flint Water Crisis litigation has been ongoing for both children ***and adults*** since as early as 2016, the agency has had ample time and opportunity to investigate and settle these claims.

## II.   SECTION 2675(a)'s NOTICE REQUIREMENT IS NOT A JURISDICTIONAL OR MANDATORY REQUIREMENT AND EVEN IF IT WERE, PLAINTIFFS' HAVE SATISFIED IT HERE.

The EPA argues that the Court should disregard the Sixth Circuit's panel decision in *Kellom*, which held that failure to satisfy the notice requirement of § 2675(a) **does not** deprive a court of jurisdiction (because it is not a jurisdictional requirement) and **does not** warrant mandatory dismissal if it is not properly invoked. *Kellom v. Quinn*, No. 20-1003/1222, 2021 U.S. App. LEXIS 26749, at *9 (6th Cir. Sep. 3, 2021). However, the EPA does not present a compelling argument and this time overlooks crucial facts and law.

For example, the EPA ignores that *Kellom* relied **on binding** Sixth Circuit and Supreme Court authority in coming to its decision that § 2675(a)'s notice provision

was not jurisdictional or mandatory. *Id.* at \*8 (relying on and applying *Copen,
Arbaugh v. Y&H Corp.,* 546 U.S. 500, 515-16 (2006), and *Henderson v. Shinseki*,
562 U.S. 428, 435 (2011)).

Moreover, the EPA does not acknowledge that "it is notable that even before
*Copen* and *Kellom*, several district courts within the Sixth Circuit relied on Supreme
Court precedent to conclude "that the exhaustion requirement in Section 2675(a) is
a claim processing rule that does not implicate a federal court's jurisdiction." *Carver
v. United States*, No. 1:21-cv-869, 2022 U.S. Dist. LEXIS 41911, at \*6 (W.D. Mich.
Feb. 11, 2022) (citing cases).

The EPA also ignores that a Sixth Circuit panel and other courts in this Circuit
have since followed and endorsed *Kellom's* ruling as controlling law. *See Greene v.
United States*, No. 21-5398, 2022 U.S. App. LEXIS 25630, at \*11 (6th Cir. Sep. 13,
2022) ("The presentment requirement is not jurisdictional; instead, it is a mandatory
claims-processing rule."); *Robinson v. United States*, No. 2:21-cv-02450-TLP-atc,
2021 U.S. Dist. LEXIS 254302, at \*10 (W.D. Tenn. Oct. 7, 2021) (The Court is
bound by the decision in *Copen* and is persuaded by *Kellom*'s application of its
holding.").

Nevertheless, the Court need not determine this issue here or now. As set forth
above, Plaintiffs have satisfied § 2675(a)'s notice requirement and therefore the
Court can swiftly and decisively deny the EPA's motion on that basis alone.

## CONCLUSION

Considering the forgoing, Plaintiffs respectfully request that the Court deny the EPA's motion to dismiss in its entirety.

Dated:          February 22, 2023.                    Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/Corey M. Stern
Corey M. Stern
Melanie Daly
605 Third Ave., 33rd Floor
New York, New York 10158
(212)605-6200
cstern@levylaw.com
mdaly@levylaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023 I electronically filed this document

and its referenced exhibits with the Clerk of the Court using the ECF System, which

will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Melanie Daly
Melanie Daly