UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Flint Water Cases                     Judith E. Levy
                                            United States District Judge

_____/

This Filing Relates to:

WALTERS *et al.*, v. CITY OF FLINT *et al.*      ORAL ARGUMENT NOT
Case No. 17-10164                               REQUESTED

MEEKS *et al.* v. UNITED STATES
Case No. 19-13359

_____/

_____

**Reply in Support of United States of America's Motion to Dismiss, or in the
Alternative for Judgment on the Pleadings or for Summary Judgment, for
Failure to Satisfy the Federal Tort Claims Act's Exhaustion Requirement**

_____

## INTRODUCTION

The United States moved to dismiss the 350 adult *Meeks* Plaintiffs' Federal Tort Claims Act (FTCA) claims for failure to satisfy the FTCA's administrative exhaustion requirement (28 U.S.C. § 2675(a)) because, for six different reasons, the claims repeatedly described the claimants as only minors, including all the claims describing the claimants' employment as "**Minor Child – No Employment**" or "**Minor Children – No Employment**." Plaintiffs' Opposition (Opp'n; ECF No. 1059) offers no rebuttal to these six reasons.

Instead, Plaintiffs cast a wide net in search of other allegations in the administrative claims that they argue could be construed to identify the adult Plaintiffs. But Plaintiffs only identify allegations that describe the entire Flint population and neither mention any of the adult Plaintiffs by name nor describe their individual circumstances. Such generally applicable allegations did not provide notice of the adult Plaintiffs' claims, especially given the claims' multiple, more specific provisions limiting the claimants to minors. The Court should give effect to these more specific provisions and dismiss the adult Plaintiffs' FTCA claims pursuant to 28 U.S.C. § 2675(a).

## ARGUMENT

The parties agree that, in the Sixth Circuit, "identifying a claimant's [family member] on a [FTCA claim form], *without more*, is not sufficient to fulfill" the

1

FTCA's administrative exhaustion requirement. *Compare* Mot. at 11 (ECF No. 1027, PageID.70887) (quoting *Copen v. United States*, 3 F.4th 875, 884 (6th Cir. 2021), *with* Opp'n at 6 (ECF No. 1059, PageID.72400) (same).

Plaintiffs try to analogize this case to *Copen*,[1] in which the Sixth Circuit Court of Appeals held that the following additional information in a daughter's administrative claim was sufficient to put the Government on notice that the father also was asserting a claim: (1) it identifies the father "as being involved in the accident . . . as the driver;" (2) it "indicates both [the father and daughter] were injured in the accident, and that [the father] was taken to the hospital;" and (3) it states "that the extent of [the father's] injuries was yet to be determined." 3 F.4th at 884.[2] But *Copen* is readily distinguishable for two reasons: (1) Plaintiffs only identify generally applicable allegations that are nothing like the claimant-specific allegations that provided sufficient notice in *Copen*; and (2) Plaintiffs expressly and repeatedly limited the claims to the minor children.

---

[1] Plaintiffs also argue that the adult Plaintiffs did not need to file their own administrative claim to satisfy the FTCA's administrative exhaustion requirement. Opp'n at 5 (ECF No. 1059, PageID.72399). This is a non sequitur and does not respond to the question at hand. The United States did not move to dismiss the adult Plaintiffs' claims for failure to file separate administrative claims, but because the claims that were filed repeatedly and explicitly limited themselves to being on behalf of only children. Mot. at 13-14 (ECF No. 1027, PageID.70889-90).
[2] The United States' opening motion mistakenly referred to the *Copen* plaintiffs as a husband-wife and not a father-daughter. The United States otherwise correctly summarized the facts and the *Copen* panel's decision did not hinge on the nature of the plaintiffs' relationship.

2

I.      **Generally Applicable Allegations that Apply to All Flint Residents Did Not Provide Notice of the Adult Plaintiffs' FTCA Claims.**

In contrast to *Copen*, Plaintiffs rely upon allegations applicable to all Flint residents that neither mention any of the adult Plaintiffs by name nor describe their individual circumstances. Specifically, Plaintiffs argue the following allegations provided notice that the adult Plaintiffs were asserting FTCA claims:

1.  The "'accident' . . . occurred in the 'town of Flint;'"[3]

2.  Ms. LeeAnne Walters and her family—who are not *Meeks* Plaintiffs—were "becoming physically ill from the exposure" to Flint's drinking water (there are no similar allegations for any of the adult *Meeks* Plaintiffs);[4]

3.  "[C]laimants have experienced physical injury by ingesting water contaminated with lead [and other contaminants];"[5] and

4.  Allegations of a "widespread" "public health crisis" on behalf of "all the citizens of Flint and the public at large."[6]

Aside from these generally applicable allegations being nothing like the claimant-specific allegations that provided sufficient notice in *Copen*, there are several problems with Plaintiffs' reliance on these allegations. For one, these allegations do not define who is a "claimant," which is instead answered by the

---

[3] Opp'n at 7 (ECF No. 1059, PageID.72401) (quoting ECF No. 1027-3, PageID.70940 (¶6)).

[4] *Id.*

[5] *Id.* (quoting ECF No. 1027-3, PageID.70941 (¶10)).

[6] *Id.* at 8-9 (ECF No. 1058, PageID.72402-03) (quoting ECF No. 1027-2, PageID.70901-20).

3

claimant-specific information in the SF-95 Requirements that repeatedly defines claimants as the minor children. Mot. at 13-14 (ECF No. 1027, PageID.70889-90); *cf. Tabernacle-The New Testament Church v. State Farm Fire & Cas. Co.*, 616 F. App'x 802, 811 (6th Cir. 2015) ("A specific contract provision generally controls over a related but more general contract provision.").

In addition, Plaintiffs' position now conflicts with their position when they submitted the administrative claims. As Plaintiffs acknowledge, their position now requires the Court to construe the claims as providing notice on behalf of every Flint resident.[7] Yet, Plaintiffs submitted 350 different administrative claim forms rather than just one. *See* ECF Nos. 1027-3 to 1027-9. That is because the claims were only intended to provide notice of the minor children specifically identified (including by their dates of birth) in each of the 350 administrative claims.

Finally, Plaintiffs' expansive interpretation would have the practical effect of providing no notice of who of the approximately 100,000 Flint residents was in fact asserting a claim, contradicting 28 U.S.C. § 2675(a)'s purpose. *E.g.*, *Reed v. United States*, No. 3:18-CV-201, 2022 WL 601924, at *11 (E.D. Tenn. Feb. 28, 2022) ("If the Court were to find that the Individual Plaintiffs met the notice and presentment requirement of the FTCA as to the failure-to-warn claim [despite the

---

[7] *Id.* at 9 (ECF No. 1059, PageID.72403) ("Rather, the Statement makes clear that that claims against the EPA encompass all of the citizens of Flint and the public at large, which includes the adult Plaintiffs.").

administrative claims not mentioning any facts or allegations regarding such a claim], then the requirement of 28 U.S.C. § 2675(a) has no real meaning."); *see also Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994) (Section 2675(a) requires a claimant to "give written notice of a claim sufficient to enable the agency to investigate the claim"); *see also* Mot. at 10 (ECF No. 1037, PageID.70886) (explaining the purpose of the FTCA's administrative exhaustion requirement).

## II. Plaintiffs Cannot—and Do Not—Explain How Multiple Provisions Expressly Limiting the Administrative Claims to the Minor Children Provided Notice of the Adult's Claims.

Unlike *Copen*, the administrative claims in this case repeatedly described the claimants only as children in the following six ways:

1. Limiting the adults' role as "next friend and mother of" or "next friend and father of" specified minor children instead of the adults asserting their own claims;

2. Describing the claimants' employment information as: "Minor Child – No Employment" or "Minor Children – No Employment;"

3. Including only the children's dates of birth;

4. Listing all claimants' marital status as "Single"—an improbable fact if the adults Plaintiffs were asserting claims on their own behalf;

5. Using the singular "Claimant" when a single minor child is mentioned and the plural only if more than one minor child is mentioned—an unnecessary distinction if the adult Plaintiffs were asserting their own claims; and

6. Tying the damages sought only to the number of minor children involved.

Mot. at 13-14 (ECF No. 1027, PageID.70889-90). These were not mere scrivener errors (and Plaintiffs do not contend that they were), but rather they were the result of multiple, purposeful decisions to provide notice of only the minors' claims.

In fact, Plaintiffs offer no explanation for how the Court can read these six provisions (individually or collectively) to include the adult Plaintiffs.[8] *Cf. Diversified Energy, Inc. v. Tennessee Valley Auth.*, 223 F.3d 328, 339 (6th Cir. 2000) ("Under settled principles of construction, this contract must be read as a whole so as to give meaning and effect to all of its provisions."). That is because the simplest and most straightforward explanation is that they cannot—these administrative claims were only intended to be asserted on behalf of the minor children and that is why the claims repeatedly and consistently include language describing the claimants as minor children. *See Hill v. Mitchell*, 842 F.3d 910, 929 n.7 (6th Cir. 2016) (defining Occam's Razor as: "[O]f two competing theories, the simpler explanation ... is to be preferred.") (citation omitted).

---

[8] The closest Plaintiffs come is to argue, in a footnote, that the use of the word "their" in Paragraph 2 of SF-95 indicates that the claims were asserted on behalf of the children and adult. Opp'n at 7 n.5 (ECF No. 1059, PageID.72401). But the use of "their" in this context is entirely consistent with the adults' role being limited to a "next friend" (as stated in the claim) and does not provide notice that the adults are asserting their own claim.

## CONCLUSION

For the reasons set forth above and in the United States' opening motion, the Court should dismiss the 350 adult *Meeks* Plaintiffs' claims for failing to satisfy the FTCA's administrative exhaust requirement (28 U.S.C. § 2675(a)) whether pursuant to Federal Rules of Civil Procedure 12(h)(3), 12(c), or 56. *See* Mot. at 15-18 (ECF No. 1027, PageID.70891-94).

Dated: March 15, 2023                     Respectfully submitted,


                                          J. Patrick Glynn
                                          Director, Torts Branch

                                          Christina M. Falk
                                          Assistant Director


                                          *s/ Eric A. Rey*
                                          Eric A. Rey (DC Bar # 988615)
                                          Michael L. Williams
                                          Jason T. Cohen
                                          Daniel C. Eagles
                                          Timothy B. Walthall
                                          Trial Attorneys, Torts Branch
                                          Environmental Tort Litigation
                                          175 N Street, N.E.
                                          Washington, DC 20002
                                          e-mail: eric.a.rey@usdoj.gov
                                          phone: 202-616-4224

## CERTIFICATE OF SERVICE

I hereby certify that, on March 15, 2023, the foregoing was filed via the

U.S. District Court's CM/ECF electronic filing system and a copy thereof was

served upon all counsel of record.

*/s/ Eric Rey*
ERIC REY

8