# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Case No. 16-cv-10444
(consolidated)

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

Walters, *et al.* v. City of Flint, *et al.*
Case No. 17-10164

Meeks, *et al.* v. United States,
Case No. 19-13359

_____/

## OPINION AND ORDER GRANTING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO ADULT PLAINTIFFS [1027]

This is one of many cases collectively referred to as the Flint Water Cases. Before the Court is Defendant the United States' motion to dismiss 350 adult Plaintiffs for failure to provide adequate notice of their claims before filing this lawsuit, as required under 28 U.S.C. § 2675(a). (ECF No. 1027.) Plaintiffs filed their response to the United States' motion on February 22, 2023. (ECF No. 1059.) The United States filed its reply brief on March 15, 2023. (ECF No. 1060.)

For the reasons set forth below, the Court grants Defendant's motion and the 350 adult Plaintiffs are dismissed.

## I.   BACKGROUND

### A. The FTCA and Its Notice Requirement

Before Congress passed the Federal Tort Claims Act ("FTCA"), sovereign immunity barred individuals from suing the federal government for tort claims. *See Millbrook v. United States*, 569 U.S. 50, 52 (2013). Congress passed the FTCA to allow individuals "easy and simple access to the federal courts for torts within its scope." *Dalehite v. United States*, 346 U.S. 15, 25 (1953), *rev'd on other grounds by Rayonier, Inc. v. United States*, 352 U.S. 315, 377 (1957).

Congress included a provision in the FTCA requiring claimants to present their claim to the appropriate federal agency before filing suit. 28 U.S.C. § 2675(a). The provision states, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

If the claimant is not satisfied with the agency's decision, the claimant may file a lawsuit.[1] *Id.*

At the heart of the FTCA's notice requirement are two principles: "efficiency and fairness." *Copen v. United States,* 3 F.4th 875, 882 (6th Cir. 2021). The notice requirement of § 2675(a) was intended to "'reduce congestion of federal courts' dockets and to speed fair treatment of those asserting claims against the federal government.'" *Id.* (quoting *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)). The notice requirement in § 2675(a) was also intended to provide federal agencies with "'a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation.'" *Id.* (quoting *McNeil v. United States*, 508 U.S. 106, 111–12 (1993).

## B. *Meeks* Procedural Background

The *Meeks* Plaintiffs consist of 1,078 Flint residents, 728 of whom are minor children ("Minor Plaintiffs") and the remaining 350 are adult parents and next friends of Minor Plaintiffs ("Adult Plaintiffs"). (*See* ECF

---

[1] An agency's failure to issue a final disposition within six months of filing is also considered a final denial under § 2675(a). 28 U.S.C. § 2675(a).

No. 1059, PageID.72395–72396). All Plaintiffs allege that they suffered harm from exposure to contaminated drinking water during what is now known as the Flint Water Crisis.

Before filing this case, from March through June 2017, Plaintiffs' counsel sent six batches of FTCA claims (totaling over 8,000 pages) to the Environmental Protection Agency ("EPA") seeking compensation on behalf of claimants. (ECF No. 1027-1, PageID.70897.) Plaintiffs made these submissions pursuant to 28 U.S.C. § 2675(a), described above.

On November 13, 2019, the *Meeks* Plaintiffs filed their complaint against the EPA. (Case No. 19-13359, ECF No. 1; Case No. 17-10164, ECF No. 315-1.[2]) The complaint clearly states that each Adult Plaintiff is pursuing a claim on their own behalf and on behalf of their minor children. (*Id*.) On June 5, 2020, the United States filed a motion to dismiss the complaint for lack of subject matter jurisdiction. (Case No.

---

[2] In 2020, the Court consolidated the *Meeks* case with *Walters v. City of Flint*, No. 17-10164. Thereafter, all *Meeks* filings were made on the *Walters* docket. (Case No. 17-10164, ECF No. 294.) More recently, the Court consolidated all Flint Water Cases, requiring all filings to be made on the docket in Case No. 16-10444. (*See* Case No. 16-10444, ECF No. 2308.) The United States filed this motion in Case No. 17-10164, and, for the sake of docket clarity, the Court enters this Order in both Case No. 17-10164 and in Case No. 16-10444.

17-10164, ECF No. 300.) In its 2020 motion to dismiss, the United States set forth three jurisdictional arguments.[3]

On August 26, 2020, the Court denied the United States' motion for the reasons set forth in that Opinion and Order. (Case No. 17-10164, ECF No. 318.) Then, on October 13, 2020, the United States moved for certification of an interlocutory appeal of the Court's August 26, 2020 Opinion and Order under 28 U.S.C. § 1292(b) (Case No. 17-10164, ECF No. 320) and on September 7, 2022, the Court denied the motion. (Case No. 17-10164, ECF No. 917.)

Thereafter, on October 7, 2022, the United States filed an answer to Plaintiffs' complaint (Case No. 17-10164, ECF No. 972) and asserted that Plaintiffs failed to comply with § 2675(a). (*Id.* at PageID.69697, 69716, 69717.) On October 13, 2022, the Court entered a scheduling order

---

[3] The United States made three arguments in its motion to dismiss. First, it argued that Plaintiffs' claims fell within the discretionary function exemption to the limited waiver of sovereign immunity under the FTCA, 28 U.S.C. § 2680(a). This exception to liability, the United States argued, barred Plaintiffs' claims. Second, it argued that Plaintiffs' claims failed because they did not correspond to an analogous tort claim against a private individual under Michigan law. And third, it argued that the FTCA's misrepresentation exception barred Plaintiffs' claims predicated on their alleged reliance on EPA's misrepresentations. (ECF No. 300, PageID.8526.)

applicable to *Meeks v. United States*. (Case No. 17-10164, ECF No. 976.)

In that Order, the Court stated:

> The United States contends that the 350 adult *Meeks*
> Plaintiffs failed to exhaust administrative remedies prior to
> filing suit, and therefore this Court lacks subject-matter
> jurisdiction over their claims. Within sixty (60) day[s] from
> entry of this Order, the United States may file a motion to
> dismiss on this issue and, if so, the Court will decide this issue
> before discovery commences with respect to the adult *Meeks*
> Plaintiffs' claims.

(*Id*. at PageID.69792.)

Then, on December 12, 2022, the United States filed this motion.
(Case No. 17-10164, ECF No. 1027.) In its motion, the United States
argues that the Adult Plaintiffs failed to comply with the pre-suit notice
requirement of § 2675(a). (Case No. 17-10164, ECF No. 1027.)

## II.   LEGAL STANDARD

The United States seeks dismissal of the Adult Plaintiffs' claims
under Federal Rules of Civil Procedure 12(h)(3), 12(c), or 56. If the FTCA
notice requirement is a jurisdictional rule, then the Court applies Rule
12(h)(3) to its analysis. Rule 12(h)(3) governs subject matter jurisdiction,
and states: "If the court determines at any time that it lacks subject-

6

matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

If the FTCA notice requirement is non-jurisdictional (also known as a claim-processing rule) then the Court cannot apply Rule 12(h)(3), and instead must apply either Rules 12(c) or 56. Rule 12(c) governs motions for judgment on the pleadings and Rule 56 governs motions for summary judgment.

The Court will apply Rule 56 because the analysis considers matters outside the pleadings, specifically, the claimants' submissions to the FTCA and EPA employee Kenneth Redden's affidavit. *See Heinrich v. Waiting Angels Adoption Servs, Inc.*, 668 F.3d 393, 405 (6th Cir. 2012) ("A district court generally may only consider matters outside the pleadings if they treat the motion "'as one for summary judgment under Rule 56."' (quoting Fed. R. Civ. P. 12(d) [4])).

---

[4] Rule 12(d) states that: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

## III.  ANALYSIS

### A. The FTCA Notice Requirement is Jurisdictional

The United States argues that § 2675(a)'s notice requirement is jurisdictional. (Case No. 17-10164, ECF No. 1027.) In the alternative, the United States argues that, even if the Court were to find that the notice requirement is not jurisdictional, it is still a mandatory requirement that the Adult Plaintiffs failed to comply with. The United States argues that the Adult Plaintiffs' claims are subject to dismissal whether or not the Court finds the notice requirement to be a jurisdictional prerequisite. (*Id.*)

Plaintiffs argue that the notice rule is neither jurisdictional nor mandatory, and in any event, the United States was on notice of the Adult Plaintiffs' claims before the suit was filed. (Case No. 17-10164, ECF No. 1059.) In other words, they argue that the Court need not determine whether the FTCA's notice requirement is jurisdictional or not because the Adult Plaintiffs satisfied all pre-suit filing requirements. (*Id.*)

The Sixth Circuit has long considered § 2675(a) to be a jurisdictional requirement. *See Exec. Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514–15 (6th Cir. 1974) (finding the entirety of § 2675 to be "jurisdictional" and stating that as a result, its requirements "cannot be

8

waived by the Government."); *Glarner v. United Sates Dep't of Veterans Admin.*, 30 F.3d 697, 698 (6th Cir. 1994) (upholding the district court's dismissal of the lawsuit because the plaintiff's failure to provide pre-suit notice of his negligence claim "failed to satisfy the jurisdictional requirements of the Federal Tort Claims Act."); *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) ("Plaintiffs failed to exhaust their administrative remedies in a timely fashion in accordance with the Federal Tort[] Claims Act ('FTCA') prior to bringing the instant claim against the government, which deprived the district court of jurisdiction to entertain their claims.").

More recently, the Sixth Circuit held that a different aspect of the FTCA's exhaustion requirement—that a plaintiff specify the dollar amount they seek to recover in their administrative claim before filing suit—is a non-jurisdictional claim-processing rule. *Copen*, 3 F.4th at 880–81. The dollar specification requirement in the FTCA is set forth in § 2675(b)—not § 2675(a), which is at issue here. Therefore, *Copen* did not change the jurisdictional holding regarding the remainder of § 2675 under *Exec. Jet*, *Glarner,* and *Blakeley*.

The Sixth Circuit recently determined that § 2675(a)'s notice requirement is a non-jurisdictional claim-processing rule in an unpublished, non-binding decision. *Kellom v. Quinn*, No. 20-1003/1222, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021). The Sixth Circuit's decision in *Kellom* is consistent with the Supreme Court's "clear statement rule." Under the clear statement rule, the Court will "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Wilkins v. United States*, 598 U.S. ---, 143 S. Ct. 870, 876 (2023) (citing *Boechler v. Comm'r*, 596 U.S. ---, 142 S. Ct. 1493, 1497 (2022) (slip op., at 3) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006))); *and see Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (stating that a statutory condition requiring a party to take an action before filing a lawsuit is "not automatically a *jurisdictional* prerequisite to suit." (emphasis in original) (internal citations omitted); and see *MOAC Mall Holdings LLC v. Transform Holdco LLC,* 598 U.S. ---, 2023 WL 2992693 at *2 (April 19, 2023) (stating that "important and mandatory preconditions to suit, "like exhaustion requirements" are not, in themselves, "jurisdictional."). *Kellom*, though not binding, is instructive and consistent with both the published decision in *Copen*, discussed

above, and the direction that the Supreme Court is taking with respect to pre-suit notice requirements in other statutes.

Jurisdictional rules cannot be waived. *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). Claim-processing rules, even mandatory and important ones, can be waived. If *Kellom* had been a published and therefore binding decision, then § 2675(a) would be a non-jurisdictional claim-processing rule, and the United States might have waived this argument when it failed to raise it in its 2020 motion to dismiss. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020) (finding that the administrative exhaustion requirement of the Prison Litigation Reform Act, 18 U.S.C. § 3582, governing motions for compassionate release, is mandatory but not jurisdictional, and therefore the government can waive this argument if it fails to properly or timely invoke it). However, that issue is not before the Court today. Under binding precedent, § 2675(a) remains jurisdictional, though this may not be the case for much longer.

## B. Adequate Notice Under § 2675(a)

Having found § 2675(a)'s notice requirement to be jurisdictional, the Court will analyze whether the Adult Plaintiffs provided adequate

notice to the EPA regarding their claims before filing their lawsuit. For the reasons set forth below, the Court finds that the Adult Plaintiffs' notices were inadequate.

### 1. Adequacy Standard

To comply with § 2675(a)'s notice requirement, a claimant must provide "written notice of a claim sufficient to enable the agency to investigate the claim." *Glarner,* 30 F.3d at 700. One method for a claimant to submit a notice to an agency is to use a three-page form titled Standard Form 95 ("SF-95"). Claimants in this case used SF-95s as a portion of their submissions to the EPA. They also included another document entitled "Statement of Facts and Basis for Claim." The contents of both are discussed further below. (*See* ECF No. 1027-1, PageID.70897.)

The Sixth Circuit discussed the adequacy of a § 2675(a) notice in *Copen v. United States*. In *Copen*, an individual, Kelly Copen, and her father, were involved in a car collision with a U.S. Postal Services vehicle. *Copen*, 3 F.4th at 878. Ms. Copen submitted a single SF-95. *Id.* Ms. Copen included her father's name on the form but did not name her father explicitly in the portion of the SF-95 labeled "claimant." Rather, in that

portion of the form, only Ms. Copen's name appears. *Id.* at 884. Regarding her father, Ms. Copen explained on the form that her father was the driver of the vehicle in the collision, that he had been hospitalized, and that the extent of his injuries were yet to be determined. *Copen*, 3 F.4th at 884.

The Sixth Circuit concluded that both Ms. Copen and her father provided adequate notice of their claims to the government on their shared SF-95 form. Even though Ms. Copen's father's name was not listed on the form as a "claimant," the explanation of his injuries included on the form provided the government with enough information to satisfy the notice requirement as it related to him. *Id.*

In contrast, the Sixth Circuit found that the plaintiff's pre-suit notice in *Rucker v. United States Dep't of Lab.*, 798 F.2d 891 (6th Cir. 1986) did not comply with the requirements of § 2675(a). In *Rucker*, the plaintiff, Kenneth Rucker, fell down a stairway in a government-owned building. *Id.* at 892. He submitted an SF-95 to the government agency. *Id.* He included his wife's name on the SF-95 form and he identified her as his wife. *Id.* at 893. However, he did not provide any other details regarding his wife's involvement or injuries.

When analyzing the adequacy of Mr. Ruker's wife's notice, the Sixth Circuit found that her notice was inadequate and held that "identifying a claimant's wife on a Standard Form 95, without more, is not sufficient to fulfill the jurisdictional requirement of 28 U.S.C. § 2675(a)." *Id.*

The United States argues that the Adult Plaintiffs, like Mr. Rucker's wife in *Rucker*, merely placed their names on form SF-95 without more, which does not comply with the requirements of § 2675(a). (ECF No. 1027, PageID.70887). Plaintiffs argue that the forms and information they provided to the EPA are more akin to that provided in *Copen*, and therefore the government was on notice of the Adult Plaintiffs' claims and requested damages. (ECF No. 1059, PageID.72399.)

## 2. Discussion

The United States submitted an affidavit with its motion. The affidavit is from Kenneth Redden, who is the Claims Officer for the EPA and is responsible for processing, monitoring, and resolving all administrative claims presented to the EPA under the FTCA. Mr. Redden attests that he has reviewed all of the claims that Plaintiffs' counsel submitted and, "the following paragraphs are identical for all the Claims:

14

(a) 'Appropriate Federal Agency' (Paragraph 1); (b) 'Marital Status' (Paragraph 5); (c) 'Date and Day of Accident' (Paragraph 6); (d) 'Times of [A]ccident' (Paragraph 7); (e) 'Basis of Claim' (Paragraph 8); and (f) 'Witnesses' (Paragraph 11)." (ECF No. 1027-1, PageID.70897.)

Mr. Redden also sets forth that the following portions of the SF-95s differ among the claimants: "(a) 'Claimant and Claimant's Representative' (Paragraph 2); (b) 'Type of [E]mployment' (Paragraph 3); (c) 'Date(s) of Birth' (Paragraph 4); (d) 'Nature and [E]xtent of [E]ach [I]njury' (Paragraph 10); and (e) [']D]amages['] (Paragraph 12)." (*Id.* at PageID.70898.)

The following are Mr. Redden's additional observations, which correspond with the claim forms the United States attached as exhibits to its motion. (ECF Nos. 1027-4, 1027-5, 1027-6, 1027-8, and 1027-9.)

- In Paragraph 2, for "Claimant and Claimant's Representative," counsel listed adults' names. However, in the same paragraph, the adults qualify their role as "next friend and mother of" or "next friend and father of" the minor child or children listed. (*Id.* at PageID.70898.) The adults do not state that they are seeking relief individually or on behalf of themselves. (*See, e.g.*, ECF No. 1027-3, PageID.70922, 70925.) Paragraph 2 also states that the adults "ha[ve] authorized the attorney and law firm listed

on the attached SF-95, Exhibit 2, to represent [her/his] child[ren] and act on their behalf."[5] (*Id.*)

- In paragraph 3 for "Type of Employment," depending on whether there is one child listed or multiple children listed in paragraph 2, claimants state either "Minor Child – No Employment" or "Minor Children – No Employment." (ECF No. 1027-1, PageID.70898.) There is no employment information listed for any of the adults.

- In paragraph 4 for "Date of Birth," claimants set forth only the birthdays of the minors, and not the birthdays of any of the adults. (*Id.*)

- In paragraph 5 for "Marital Status," all SF-95s state "single." (*See, e.g.*, ECF No. 1027-3, PageID.70922, 70925.)

- In paragraph 10 for "Nature and Extent of Each Injury," claimants use the singular "Claimant" when a single child is listed on the form and "Claimants" when more than one minor child is mentioned. (ECF No. 1027-1, PageID.70898.)

- In paragraph 9 for "Property Damage," all of the forms state "none." And in paragraph 10 for "Nature and Extent of Each Injury," the forms describe physical injuries "caused by ingesting water contaminated with lead, copper,

---

[5] The parties dispute whether the word "their" in the phrase "act on their behalf" refers to both Adult and Minor Plaintiffs listed in paragraph two, or just the Minor Plaintiffs listed in paragraph two. (*Compare* ECF No. 1059, PageID.72401, n.5 (the word "their" authorizes Plaintiffs' counsel to represent both Minor and Adult Plaintiffs), *with* ECF No. 1060, PageID.72414, n.8 ("[T]he use of "their" in this context is entirely consistent with adults' role being limited to a "next friend" . . . .")). Plaintiffs consistently use the word "their" whether there is one child listed or multiple children listed. (*E.g.,* ECF No. 1027-3, PageID.70922, 70991.)

and other toxic materials." (ECF No. 1027-3, PageID.70922.)

- In paragraph 12 for "Personal Injury Damage Claim," Mr. Redden notes that a pattern appears: The aggregate amounts in each form add up to $2 million per child listed in paragraph 2. (ECF No. 1027-1, PageID.70899.)[6]

In the Statement of Facts and Basis for Each Claim, which Plaintiffs' counsel submitted along with the SF-95 information, the Plaintiffs set forth the events surrounding the Flint Water Crisis. (ECF No. 1027-2, PageID.70901–70920.) They include some facts related to Jan Burgess, a Flint homeowner and water user, who turned to the EPA for help regarding her poor water quality. (*Id.* at PageID.70902.) Ms. Burgess reported a violation to the EPA regarding the water's color and smell, and she stated that the water was causing fear for the people of Flint. (*Id.*) The Statement of Facts also includes some facts regarding LeAnn Walters, who called the EPA and reported that "she and her

---

[6] In their complaint, Plaintiffs allege damages of $1,456,000,000.00. (ECF No. 315-1, PageID.11867, ¶ 149–150.) This amount comes to $2 million for each of the 728 Minor Plaintiffs. Assuming the Plaintiffs intended for their compensation to be $2 million per child, the amounts for damages and compensation for Adult Plaintiffs is $0 in the Complaint.

family members were becoming physically ill from exposure to the water coming from her tap." (*Id*. at PageID.70904.)

The Statement of Facts also discusses EPA employees Jennifer Crooks, Miguel Del Toral, Susan Hedman, and Rita Blair. It also includes Ms. Walters' contact with Dr. Marc Edwards of Virginia Tech University and Mr. Del Toral's contact with Curt Guyette, an investigative reporter. It identifies City and State officials', along with EPA representatives', reactions to these contacts. It includes Dr. Mona Hanna-Attisha's "dramatic" position that "every child in Flint is presumed to have ingested lead and has been harmed by this toxic metal." (*Id*. at PageID.70914.)

The Statement of Facts lists the claims against the EPA as follows. Count 1(a): negligent performance of an undertaking regarding corrosion control; Count 1(b): negligent performance of an undertaking regarding timely investigations; and Count 1(c): negligent undertaking of duty to warn the public of environmental risks to public health. (*Id*. at PageID.70916–70920.)

In the portion of the Statement of Facts describing damages, claimants state:

> As a result of the EPA's negligence, claimants have experienced and will continue to experience physical injury, illness, lead poisoning, dermatological disorders, loss of hair, gastrointestinal disorders, out of pocket economic losses; claimants have experienced and will continue to experience pain and suffering, emotional distress, [and] deprivation of [] quality of life.

(*Id.* at PageID.70920.)

Analyzing the SF-95 forms and the Statement of Facts together, the Court concludes that there is not a question of fact regarding whether the Adult Plaintiffs provided notice to the EPA of their individual claims prior to filing suit. The adults' claims fail to provide notice in the following ways:

- In paragraph 2, adults are named on the forms, but only as next friend, mother, or father of the minor children. To put the EPA on notice of their claims, the adults would have needed to use language after stating their names such as "individually and as next friend/mother/father of" their children. Indeed, this is what they set forth in the caption of the later-filed complaint. (*See* Case No. 17-10164, ECF No. 315-1.)

- In paragraph 3, no adult claimants listed their employment under the employment paragraph of the form. While it is possible that some parents and next friends of the minor children are not employed, it is not probable that *all* of them are unemployed. Additionally, the form specifies that the "no employment" description applies to "Minor Children" only and is silent as to the adults.

- In paragraph 5, no adult claimants listed their marital status. Rather, all of the claims state that the claimants' marital status is single. It is not likely that all of the parents and next friends of over 700 minor children are single.

- Although a smaller issue, in paragraph 10, where there is an adult and one child listed on the form, the term "claimant" is singular. To put the EPA on notice of their claims, at a minimum, the adult claimants could have used the plural "claimants" on all SF-95 forms and not just those with more than one minor child.

- In paragraph 12, Mr. Redden concludes that the claimants were seeking damages in the amount of $2 million per child. This assertion is unopposed by Plaintiffs. No adult claimant specified an additional amount they were seeking on their own behalf. For example, a form with one child claimant seeks $2 million, and a form with two children seeks $4 million. Without more, the EPA was not on notice that the adult claimants were seeking relief for themselves.

Plaintiffs respond that, because of the massive scale of the Flint Water Crisis, the United States has been on notice all along that adults in Flint, along with their children, were exposed and injured by contaminated municipal water. They also argue that the information set forth in their Statement of Facts provides adequate notice if the EPA was not already on notice from the events of the crisis itself. Plaintiffs do not cite to any case law to support the notion that a catastrophic environmental event in a community provides adequate notice of an

20

individual's claim against the government. Moreover, the Statement of Facts states that 30,000 people were exposed to corrosive water. (*See* ECF No. 1027-2, PageID.70901.) If the Court were to find that the Statement of Facts provided adequate notice, the EPA would then be required to investigate the potential claims, including the degree of exposure and type of damages suffered by every adult and child, in the City of Flint. There is no caselaw to support this expansive theory of how adequate notice of individual claims can be provided to a federal agency.

In sum, the claims submitted to the EPA did not provide notice to the federal agency that the named adults were submitting claims on their own behalf. Neither the Statement of Facts nor SF-95s, when read separately or together, comply with the notice requirement of § 2675(a). In reaching this conclusion, the Court is mindful that, as the Sixth Circuit explained in *Copen*, the goal of § 2675 is not to place procedural hurdles on plaintiffs. Nor is it intended to provide the government a mechanism to win on a technicality. *See Copen*, 3 F.4th at 882. Rather, the policy rationale of § 2675 is to "facilitate early dispositions of claims." *Id*. And here, the EPA did not have enough information to facilitate early dispositions of the Adult Plaintiffs' claims.

21

## IV.   CONCLUSION

For the reasons set forth above, the United States' motion for summary judgment is granted and the 350 Adult Plaintiffs' claims are dismissed without prejudice.

IT IS SO ORDERED.

Dated: May 4, 2023                    s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                      United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2023.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager